| | |
|---|---|
| George J. Gigounas (CA Bar No. 209334) | Adam Baas (CA Bar No. 220464) |
| george.gigounas@us.dlapiper.com | adam.baas@us.dlapiper.com |
| **DLA PIPER LLP (US)** | **DLA PIPER LLP (US)** |
| 555 Mission Street, Suite 2400 | 555 Mission Street, Suite 2400 |
| San Francisco, CA 94105 | San Francisco, CA 94105-2933 |
| Tel:   415.836.2500 | Tel:   415.836.2500 |
| Fax:   415.836.2501 | Fax:   415.836.2501 |
| | |
| *Attorney for Defendant* | *Attorney for Defendant* |
| *Michelin North America, Inc* | *Hankook Tire America Corp.* |
| | |
| Gwendolyn Keyes Fleming (Admitted *Pro Hac Vice*) | Susan E. Smith (CA Bar No. 329539) |
| | ssmith@bdlaw.com |
| Gwen.KeyesFleming@us.dlapiper.com | **BEVERIDGE & DIAMOND PC** |
| **DLA PIPER LLP (US)** | 456 Montgomery Street, Ste. 1800 |
| 500 8th Street, NW | San Francisco, CA  94104 |
| Washington, DC 20004 | Tel:    415.262.4023 |
| Tel:    202.799.4000 | |
| Fax:   202.799.5000 | *Attorneys for Defendants* |
| | *Bridgestone Americas Tire   Operations, LLC;* |
| *Attorney for Defendant* | *Continental Tire the Americas, LLC; GITI Tire* |
| *Kumho Tire U.S.A., Inc.* | *(USA), Ltd.; The Goodyear Tire & Rubber* |
| | *Company, individually and as successor in* |
| | *interest to Cooper Tire & Rubber Company;* |
| | *Nokian Tyres Inc.; Nokian Tyres U.S.* |
| | *Operations, LLC; Pirelli Tire LLC; Sumitomo* |
| | *Rubber North America, Inc.; Sumitomo;* |
| | *Rubber USA, LLC; Toyo Tire Holdings of* |
| | *Americas, Inc.; and Yokohama Tire* |
| | *Corporation.* |

(Additional Counsel on Signature Page)

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>                    Plaintiffs,<br><br>     v.<br><br>BRIDGESTONE AMERICASTIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA), LTD.; THE GOODYEAR TIRE & RUBBER | CASE NO. 3:23-cv-05748-JD<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>DATE: May 16<br>TIME: 10:00 A.M.<br>COURTROOM: 11, 19TH Floor<br>JUDGE: Hon. James Donato |

| | |
|---|---|
| CO.; COOPER TIRE & RUBBER CO.; HANKOOK TIRE AMERICA CORP.; KUMHO TIRE U.S.A., INC.; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, INC.; TOYO TIRE HOLDINGS OF AMERICAS INC.; and YOKOHAMA TIRE CORP., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

1  Pursuant to Fed. Rule of Evid. 201(b), Defendants Bridgestone Americas Tire Operations,
2  LLC, Continental Tire the Americas, LLC, Giti Tire (USA), Ltd., The Goodyear Tire & Rubber
3  Co., Cooper Tire & Rubber Co., Hankook Tire America Corp., Kumho Tire U.S.A., Inc., Michelin
4  North America, Inc., Nokian Tyres, Pirelli Tire LLC, Sumitomo Rubber North America, Inc.,
5  Toyo Tire Holdings of Americas Inc., and Yokohama Tire Corp. (collectively, "Defendants")
6  respectfully request that the Court take judicial notice of the following documents cited in the
7  Memorandum of Points and Authorities in support of their Motion to Dismiss all claims asserted
8  by Plaintiffs in their First Amended Complaint for Declaratory and Injunctive Relief (the "FAC").
9  Defendants' request is supported by the Declaration of George J. Gigounas ("Gigounas
10  Declaration") filed concurrently herewith.
11  For the reasons set forth below, Defendants request the Court take judicial notice of the
12  following documents:
13  1. The August 1, 2023, Citizen Petition to the U.S. Environmental Protection Agency
14  (EPA) under Section 21 of the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2620,
15  submitted by Earthjustice on behalf of the Yurok Tribe, the Port Gamble S'Klallam Tribe, and the
16  Puyallup Tribe of Indians, to establish regulations prohibiting the manufacturing, processing, use,
17  and distribution of 6PPD for and in tires (TSCA Petition), which is publicly available on EPA's
18  website at https://www.epa.gov/system/files/documents/2023-
19  08/TSCA%20Section%2021%20Petition%20to%20EPA%20re%206PPD%20in%20tires.pdf. A
20  true and correct copy is attached to the Gigounas Declaration as **Exhibit A.**
21  2. November 2, 2023, EPA Final Decision Granting TSCA Petition submitted by
22  Earthjustice on behalf of Yurok Tribe, the Port Gamble S'Klallam Tribe, and the Puyallup Tribe
23  of Indians, which is publicly available on EPA's website at
24  https://www.epa.gov/system/files/documents/2023-11/pet-001845_tsca-
25  21_petition_6ppd_decision_letter_esigned2023.11.2.pdf. A true and correct copy is attached to the
26  Gigounas Declaration as **Exhibit B.**
27  3. Washington State Department of Ecology (Ecology) proposed Water Quality
28  Standards for Surface Waters of the State of Washington under WAC 173-201A-240, which is

1  publicly available on Washington Ecology's website at https://ecology.wa.gov/regulations-
2  permits/laws-rules-rulemaking/rulemaking/wac-173-201a-aquatic-life-toxics-criteria. True and
3  correct copies of Washington Ecology's proposal notice and proposed regulation are attached to
4  the Gigounas Declaration as **Exhibits C and D.**

5       4.     Memorandum of Agreement between the EPA, U.S. Fish and Wildlife Service
6  (USFWS) and National Marine Fisheries Service Regarding Enhanced Coordination Under the
7  Clean Water Act and Endangered Species Act, 66 Fed. Reg. 11202 (Feb. 22, 2001) (MOA), which
8  is publicly available at https://www.govinfo.gov/content/pkg/FR-2001-02-22/pdf/01-2170.pdf. A
9  true and correct copy of the MOA is attached to the to the Gigounas Declaration as **Exhibit E.**

10       5.     EPA Chemical Research Webpage for 6PPD-quinone, which is publicly available
11  on EPA's website at https://www.epa.gov/chemical-research/6ppd-quinone. A true and correct
12  copy of EPA's 6PPD-quinone webpage (last visited March 7, 2024) is attached to the to the
13  Gigounas Declaration as **Exhibit F.**

14       6.     Washington State Legislature Substitute Senate Bill 5931 (2023-24), "*An Act*
15  *Relating to addressing 6PPD in motorized vehicle tires through safer products for Washington*,"
16  which is publicly available on the Washington State Legislature website at
17  https://app.leg.wa.gov/billsummary?billnumber=5931&year=2024. A true and correct copy is
18  attached to the Gigounas Declaration as **Exhibit G.**

19       7.     *San Jerardo Cooperative, Inc. v. State Water Resources Control Board*, Petition for
20  Writ of Mandate (Cal. Superior Ct. Oct. 27, 2023). A true and correct copy of the petition for writ
21  of mandate, without its exhibits, is attached to the Gigounas Declaration as **Exhibit H.**

22       8.     USFWS, *Guidance on trigger for an incidental take permit under section*
23  *10(a)(1)(B) of the Endangered Species Act where occupied habitat or potentially occupied habitat*
24  *is being modified* (Apr. 26, 2018), which is publicly available at
25  https://www.fws.gov/sites/default/files/documents/guidance-on-when-to-seek-an-incidental-take-
26  permit.pdf. A true and correct copy of the petition for writ of mandate is attached to the Gigounas
27  Declaration as **Exhibit I.**

28

I.   **LEGAL STANDARD**

The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Shaw v. Ocwen Loan Serv., LLC*, 2016 WL 7048979, at *2 (N.D. Cal. Dec. 5, 2016) (Donato, J.). Judicial notice is therefore proper for "undisputed matters of public record." *Perez v. Mortg. Elec. Registration Sys.*, 2018 WL 3109599, at *1 (N.D. Cal. June 25, 2018) (Donato, J.) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001))."Documents published on government-run websites are proper for judicial notice given their reliability." *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021); *accord Javaheri v. JPMorgan Chase Bank N.A.*, 561 F. App'x 611, 611 (9th Cir. 2014) (a "document [that is] available from the agency on its website . . . is not reasonably subject to dispute" and properly judicially noticed). "In general, websites and their contents may be judicially noticed." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). Courts may also take judicial notice of facts within a judicially noticeable document. *See Love v. Omni Hotels Management Corp.*, 2021 WL 7286027, at *2 (N.D. Cal. July 12, 2021). Indeed, courts "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added).

Additionally, courts may take judicial notice of court filings as matters of public record which are "readily verifiable and, therefore, the proper subject of judicial notice." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *accord Cupp v. Straley*, 2015 WL 4735212, at *1 n.1 (N.D. Cal. Aug. 10, 2015) (Donato, J.) (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)). A court may take judicial notice of a filing in state court without any reliance on disputed facts it might contain. *Plichcik v. Safeco Ins.*, 2024 WL 497138, at *2 n.2 (N.D. Cal. Feb. 8, 2024) (Donato, J.) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)).

Finally, "federal courts are required to take judicial notice of the Federal Register." *Biodiversity Leg. Foundation v. Badgley*, 309 F.3d 1166, 1179 (9th Cir. 2002) (citing 44 U.S.C. § 1507).

**II.     JUDICIAL NOTICE OF EXHIBITS A THROUGH I IS PROPER.**

Each of the Declaration Exhibits A through I is properly subject to judicial notice because its contents can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed.

**A. The Court May Take Judicial Notice of Exhibits A–E, G and I, Which are Published on Government-Run Websites and Whose Accuracy Cannot Reasonably be Questioned.**

Judicial notice of Exhibits A, B, C, D, E, G and I is warranted because federal courts routinely take notice of documents and publications made available through government websites. *Eidmann*, 522 F. Supp. 3d at 642 ("Documents published on government-run websites are proper for judicial notice given their reliability."); *Javaheri*, 561 F. App'x at 611 (a "document [that is] available from the agency on its website . . . is not reasonably subject to dispute" and properly judicially noticed). *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of . . . information . . . made publicly available by government entities."). Such materials qualify as "undisputed matters of public record." *Perez*, 2018 WL 3109599, at *1.

Exhibits A and B are copies of a petition letter filed with the EPA under TSCA and letter granting the petition, both of which are readily available on EPA's website and not reasonably subject to dispute regarding their authenticity. Similarly, Exhibit I is a FWS memorandum published on the agency's website. Exhibit E has been formally published in the U.S. Federal Register, making judicial notice mandatory. *Biodiversity Leg. Foundation*, 309 F.3d at 1179. Finally, Exhibits C, D, and G are publications or pending legislation available via the Washington Ecology or Washington State Legislature websites and appropriate for judicial notice for the same reasons.

**B. Judicial Notice Is Also Proper for Government Webpages.**

Judicial notice of Exhibit F, an EPA chemical research webpage dedicated to 6PPD-quinone, is also appropriate, not for the truth of the individual matters contained on the page, but for the fact that EPA published the page to provide public notice regarding research, funding, and regulatory actions concerning 6PPD-quinone. *Silbersher v. Valeant Pharms. Int'l, Inc.*, 445 F. Supp. 3d 393,

400 (N.D. Cal. 2020) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)); *Threshold Enterprises*, 445 F. Supp. 3d at 146 ("In general, websites and their contents may be judicially noticed.")

### C. Judicial Notice is Proper for Pleadings Filed in State Court

Finally, the Court should take judicial notice of Exhibit H because it is a state court record that is "readily verifiable." *Reyn's Pasta Bella*, 442 F.3d at 746 n.6; *accord Cupp*, 2015 WL 4735212, at *1 n.1. Further, judicial notice is warranted based on the nature of the claims asserted, not the truth of any disputed facts contained therein. *See Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (taking judicial notice "[t]o determine what issues were actually litigated in" a relevant court proceeding); *also Plichcik v. Safeco Ins.*, 2024 WL 497138, at *2 n.2 (recognizing judicial notice does not require "reliance on disputed facts" contained in court filing).

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of each and every exhibit to the Gigounas Declaration and the judicially noticeable contents of those documents, as identified herein.

Respectfully submitted,

Dated: March 8, 2024                                **DLA PIPER LLP (US)**

By: /s/ *George Gigounas*
GEORGE GIGOUNAS
CAROLINE LEE
PAUL WIERENGA (*Admitted Pro Hac Vice*)
Attorneys for Defendant
Michelin North America, Inc.

| | | |
|---|---|---|
| 1 | Dated: March 8, 2024 | **DLA PIPER LLP (US)** |
| 2 | | |
| 3 | | By: /s/ *Gwendolyn Keyes Fleming* <br> GWENDOLYN KEYES FLEMING <br> (*Admitted Pro Hac Vice*) |
| 4 | | JUSTIN PARK <br> DONGHYUN KIM |
| 5 | | Attorneys for Defendant <br> Kumho Tire U.S.A., Inc. |
| 6 | | |
| 7 | Dated: March 8, 2024 | **DLA PIPER LLP (US)** |
| 8 | | By: /s/ *Adam Baas* <br> ADAM BAAS <br> ALLEXANDERIA BINGHAM |
| 9 | | |
| 10 | | Attorneys for Defendant <br> Hankook Tire America Corp. |
| 11 | Dated: March 8, 2024 | **BEVERIDGE & DIMOND PC** |
| 12 | | By: /s/ *Susan E. Smith* <br> SUSAN E. SMITH |
| 13 | | LOREN DUNN (*Admitted Pro Hac Vice*) <br> W. PARKER MOORE (*Admitted Pro Hac Vice*) |
| 14 | | |
| 15 | | Attorneys for Defendants <br> Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; The Goodyear Tire & Rubber Company, individually and as successor in interest to Cooper Tire & Rubber Company; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Pirelli Tire LLC; Sumitomo Rubber North America, Inc.; Sumitomo; Rubber USA, LLC; Toyo Tire Holdings of Americas, Inc.; and Yokohama Tire Corporation. |