**EARTHJUSTICE**
ELIZABETH B. FORSYTH (CA Bar 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (Pro Hac Vice)
jbrimmer@earthjustice.org
NOORULANNE JAN (Pro Hac Vice)
njan@earthjustice.org
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar 336427)
sstern@earthjustice.org
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

Counsel for Plaintiffs

**BEVERIDGE & DIAMOND PC**
SUSAN E. SMITH (CA Bar 329539)
ssmith@bdlaw.com
456 Montgomery Street, Ste. 1800
San Francisco, CA  94104
Tel: (415) 262-4023

LOREN R. DUNN *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA  98101
Tel: (206) 315-4810

W. PARKER MOORE *(pro hac vice)*
pmoore@bdlaw.com
1900 N. Street NW, Ste. 100
Washington, D.C. 20036
Tel: (202) 789-6028

Counsel for Defendants *Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; The Goodyear Tire & Rubber Company, individually and as successor in interest to Cooper Tire & Rubber Company; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Pirelli Tire LLC; Sumitomo Rubber North America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire Holdings of Americas Inc.; and Yokohama Tire Corporation.*

(additional counsel on signature page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, <br><br> Plaintiffs, <br><br> vs. <br><br> BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, | Case No. 23-cv-05748-JD <br><br> **DEFENDANTS' OBJECTION AND PARTIES' JOINT STATEMENT RE ARTICLE III JURISDICTION AND STANDING** |

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD

1
2
3
4
5
6
7

LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR
TIRE & RUBBER Company, individually and as
successor in interest to COOPER TIRE & RUBBER
Company; HANKOOK TIRE AMERICA Corp.;
KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH
AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN
TYRES U.S. OPERATIONS LLC; PIRELLI TIRE
LLC; SUMITOMO RUBBER NORTH AMERICA,
Inc.; SUMITOMO RUBBER USA, LLC; TOYO
TIRE HOLDINGS OF AMERICAS Inc.; and
YOKOHAMA TIRE Corporation.

8

Defendants.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      REPORT OF CONFERENCE

The Parties have met and conferred regarding Defendants' objection to this Court's subject-matter jurisdiction under Article III due to Plaintiffs' lack of standing, pursuant to the Court's Minute Order dated February 15, 2024.  Dkt. 106.  The Parties did not reach a resolution of the Defendants' concerns regarding standing.

## II.      REQUEST FOR RELIEF

Defendants request leave to file a Rule 12(b)(1) motion to dismiss for lack of standing so that they may adequately expound the points briefly described below. Defendants' 12(b)(1) motion to dismiss will assert that (1) Plaintiffs' alleged injury is not "fairly traceable" to the challenged activities of Defendants, and (2) Plaintiffs' alleged injury cannot be redressed with a favorable decision in this litigation. Plaintiffs do not believe a motion to dismiss is appropriate or meritorious.

## III.      PROCEDURAL POSTURE

During the Court's February 15th case management conference, the Court inquired about Defendants' concerns regarding its Article III subject matter jurisdiction for this case.  Upon hearing that the issues related to Plaintiffs' standing, the Court discouraged Defendants from addressing those concerns through their forthcoming motion to dismiss.  The Court subsequently issued a Minute Order directing the parties to "meet and confer with an eye toward resolving any objections defendants may have to plaintiffs' standing to sue."  Dkt. 106.

The Court's Minute Order also requires that the parties, "if a standing objection is not resolved," file a joint statement identifying the objection(s) and "what they would like the Court to decide."  Dkt. 106.  The Minute Order further directed Defendants that, "[t]o the extent standing issues are discussed pursuant to the [meet and confer], they may not be re-argued in the motion to dismiss."  *Id.*

The Parties have conferred pursuant to the Court's Minute Order and did not reach a resolution of Defendants concerns regarding standing.  This filing is the Parties' joint statement.

## IV.      DEFENDANTS' STATEMENT OF THE ISSUES

### A.      Article III Standing.

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 1

1    To establish Article III standing, a plaintiff must show (1) it has suffered an "injury in

2  fact"; (2) the injury is "fairly traceable" to the challenged action of the defendant; and (3) it is

3  likely that the injury will be redressed by a favorable decision.  *Ass'n of Irritated Residents v.*

4  *EPA*, 10 F.4th 937, 943 (9th Cir. 2021).  "[S]tanding is not a static determination, and the

5  plaintiff "bears the burden of proof to establish standing 'with the manner and degree of

6  evidence required at the successive stages of the litigation.'"  *Id*. (citing *Lujan v. Defs. of*

7  *Wildlife*, 504 U.S. 555, 561 (1992)).  Defendants contend that Plaintiffs cannot satisfy either the

8  "fairly traceable" or the "redressability" requirements for standing.

9    **B.    The claimed injuries are not "fairly traceable" to Defendants' actions.**

10    Defendants assert that Plaintiffs cannot demonstrate a fairly traceable causal connection

11  between the Defendants' actions and the complained of "take" of salmonids.

12    To satisfy this standing requirement, the Plaintiffs "must demonstrate a causal connection

13  between the injury and the conduct complained of—the injury had to be fairly traceable to the

14  challenged action of the defendant, and not the result of the independent action of some third

15  party not before the court."  *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220,

16  1227 (9th Cir. 2008) (citing *Lujan*, 504 U.S. at 560-61).  "The causal connection put forward for

17  standing purposes cannot be too speculative, or rely on conjecture about the behavior of other

18  parties, but need not be so airtight . . . as to demonstrate that plaintiffs would succeed on the

19  merits."  *Ocean Advocates v. U.S. Army Corps of Engineers*, 402 F.3d 846, 860 (9th Cr. 2005).

20    Plaintiffs contend that Defendants include 6PPD in the tires that they manufacture and

21  distribute, and that such action unlawfully "takes" twenty different listed salmonid species.  Dkt.

22  19, at 6-31.  This contention rests on an extraordinarily attenuated chain of causation, and

23  maintains that Defendants, rather than all of the other intervening actions and actors (including

24  other tire manufacturers that Plaintiffs did *not* sue), are singularly responsible for taking

25  protected salmonids.  That chain of causation includes:

26    • Defendants manufacture and distribute tires that contain 6PPD, a critical safety and

27       durability component in tires;

28

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Automotive manufacturers, dealers, wholesalers, and retailers purchase or receive the tires and install them on automobiles;

- Individuals, businesses, and government organizations operate automobiles on private, municipal, state, and Federal roadways and parking lots;

- The roads and other surfaces upon which drivers operate their automobiles have been sited, designed, built, and maintained by the private and government entities that own them so that precipitation and runoff drains from them, typically with appurtenant stormwater collection, treatment, and discharge infrastructure;

- Individuals, businesses, and government organizations operate automobiles on private, municipal, state, and Federal roadways, parking lots, and other surfaces;

- When used, tires form road wear particles, including worn rubber containing 6PPD, that shed onto those roads and driving surfaces;

- Interaction of 6PPD with ozone and oxygen transforms it into 6PPD-q, which then is present in the shed roadway particles on roads and other driving surfaces;

- During precipitation events, these particles are entrained in stormwater, which the roads and other driving surfaces drain off, typically into stormwater systems owned and operated by private and government entities;

- State and federal statutes require regulatory agencies to regulate collection, treatment, and discharge of stormwater to surface waters and to develop and administer water quality criteria, including for protection of aquatic life, and require parties that discharge stormwater to obtain permits authorizing such discharges from the regulatory agencies (though Plaintiffs concede that those statutory requirements are not being met, Dkt. 19, ¶ 95);

- Private parties and government agencies discharge stormwater containing 6PPD-q into rivers and streams.

Plaintiffs' Complaint ignores the extraordinarily attenuated chain of causation here and fails to account for the independent actions of countless third parties and other intervening

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 3

1    forces.  Defendants contend that their actions as manufacturers and distributors are not "fairly

2    traceable" to the claimed injuries.

3           **C.      Plaintiffs' claimed injuries are not redressable.**

4           Defendants contend that even a favorable decision in this matter could not redress

5    Plaintiffs' alleged injury because the limited injunctive relief available under Section 11 of the

6    ESA could not prevent, or materially reduce, the claimed injury.

7           "[R]edressability analyzes the connection between the alleged injury and requested

8    judicial relief." *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013).  Plaintiffs

9    must be able to "show that there would be a 'change in legal status'" as a consequence of a

10   favorable decision "and that a 'practical consequence of that change would amount to a

11   significant increase in the likelihood that plaintiff would obtain relief that directly redresses the

12   injury suffered.'" *Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012) (citing *Utah v. Evans*,

13   536 U.S. 452, 464 (2002)).  "There is no standing if, following a favorable decision, whether the

14   injury would be redressed would still depend on 'the unfettered choices made by independent

15   actors not before the courts.'" *Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting

16   *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989)).

17          Plaintiffs have asked that this Court "[e]njoin Defendants from continuing the

18   unauthorized take of ESA-protected coho salmon, Chinook salmon, and steelhead trout."  Dkt.

19   19, at 24.  Injunctive relief is the only relief available to the Plaintiffs.  No injunctive relief

20   available against Defendants can redress Plaintiffs' claimed injuries.  No injunction—whether

21   prohibiting manufacture and distribution of 6PPD-containing tires or requiring Defendants to

22   seek an incidental take permit under Section 10 of the ESA—would prevent the alleged injury

23   from occurring for years into the future, if ever.

24          There are over one billion tires currently in use in the United States.  Depending on

25   service and storage conditions, tires can remain in use for ten years, or even longer.  The length

26   of this time is not within Defendants' control.[1]  Over 171 million tires were in use in California

27   in 2020 alone, and only a portion of those were sold or manufactured by Defendants.  Dkt. 19, at

28

---

[1] https://www.nhtsa.gov/vehicle-safety/tires

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 4

1    29 n.1.  No injunctive relief available against Defendants can address the hundreds of millions of

2    tires that are already on the road and are not within Defendants' custody or control.  Under

3    Plaintiffs' allegations, the claimed take would continue for years after an injunction mandating

4    the cessation of manufacture and distribution of tires containing 6PPD (which is every tire

5    manufactured and sold nationwide and for which there is no alternative).

6          Defendants also cannot seek and obtain an "incidental take" permit for several reasons,

7    including that these activities would not meet the Endangered Species Act's (ESA) statutory

8    permit issuance criteria.  *See* 16 U.S.C. 1539(a)-(b).  Among other things, Defendants do not

9    control the stormwater discharges that Plaintiffs claim lead to the take of protected salmonids.

10   50 C.F.R. § 222.307.  Defendants do not discharge 6PPD or 6PPD-q into salmonid streams.  Dkt.

11   19, at ¶¶ 74-75, 92.  Defendants have no legal authority or ability to obtain discharge permits on

12   behalf of the dischargers or to institute or implement stormwater controls for the millions of

13   "streets, roads, highways, parking lots, and alleys" from which they discharge stormwater [Dkt.

14   19, at ¶¶ 78-79] every time it rains.  *See, e.g.*, 33 U.S.C. § 1342(p)(3) (establishing the Clean

15   Water Act permitting requirements for stormwater discharges from municipal storm sewers); *N.*

16   *Plains Res. Council v. Fid. Exploration & Dev. Co.*, 325 F.3d 1155, 1160 (9th Cir. 2003) ("[t]he

17   CWA prohibits the discharge of any pollutant from a point source into navigable waters of the

18   United States without an NPDES permit."); *see also Nw. Env't. Advocates v. EPA*, 537 F.3d

19   1006, 1010 (9th Cir. 2008); *Nw. Env't Def. Ctr. v. Brown*, 640 F.3d 1063, 1070 (9th Cir. 2011),

20   *rev'd and remanded sub nom. Decker v. Nw. Env't Def. Ctr.*, 568 U.S. 597 (2013).  For these

21   reasons, an incidental take permit is unavailable under the plain language of ESA §10.

22          **D.     Defendants ask for leave to file a motion to dismiss on Article III issues.**

23          Defendants have complied with the Court's Minute Order requiring a conference with the

24   Plaintiffs regarding standing issues.  In compliance with the Minute Order, Defendants have

25   refrained from including the issues discussed above in their Motion to Dismiss which was filed

26   on March 8th.  Defendants now ask the Court's leave to file a Motion to Dismiss on Article III

27   standing issues.

28

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 5

1

### V.      PLAINTIFFS' STATEMENT OF THE ISSUES

2      Plaintiffs do not agree that this case suffers from the alleged defects described in the

3 Defendants' Statement of the Issues. Plaintiffs have properly pled Article III standing, and the

4 "glancing" assertions in Defendants' Statement of the Issues fail to "seriously contest plaintiffs'

5 standing to sue." *Ecological Rts. Found. v. Fed. Emergency Mgmt. Agency*, 384 F. Supp. 3d

6 1111, 1120 (N.D. Cal. 2019). Moreover, Defendants' arguments regarding standing are

7 inextricably intertwined with the merits of this case, and therefore inappropriate to decide at this

8 juncture. *Mecinas v. Hobbs*, 30 F.4th 890, 896 (9th Cir. 2022) ("where the jurisdictional issue

9 and substantive issues are so intertwined that the question of jurisdiction is dependent on the

10 resolution of factual issues going to the merits, the jurisdictional determination should await a

11 determination of the relevant facts on either a motion going to the merits or at trial"). Plaintiffs

12 therefore oppose Defendants' request for leave to file a Motion to Dismiss on standing issues.

13      "For purposes of ruling on a motion to dismiss for want of standing," trial courts "accept

14 as true all material allegations of the complaint and must construe the complaint in favor of the

15 complaining party." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Warth*

16 *v. Seldin*, 422 U.S. 490, 501 (1975)). "At the motion to dismiss stage, Article III standing is

17 adequately demonstrated through allegations of 'specific facts plausibly explaining' why the

18 standing requirements are met,'" *Strojnik v. 574 Escuela, LLC*, No. 3:18-CV-06777-JD, 2020

19 WL 1557434, at *2 (N.D. Cal. Mar. 31, 2020) (quoting *Barnum Timber Co. v. EPA*, 633 F.3d

20 894, 899 (9th Cir. 2011)). Here, Plaintiffs have alleged specific facts establishing that Plaintiffs,

21 who include the largest trade organization of commercial fishing families on the West Coast and

22 whose members have been devastated by declines in salmon harvests, have been injured by

23 Defendants' inclusion of 6PPD in tires, which has been linked to such declines. First Am.

24 Compl. ("FAC") ¶¶ 12–23 (Dkt. 19). Plaintiffs have also alleged these injuries are fairly

25 traceable to Defendants' inclusion of 6PPD in tires because this chemical's inclusion in tires

26 foreseeably harms and kills salmon. *Id.* ¶¶ 97, 105–106. Finally, Plaintiffs have alleged this

27 Court can redress Plaintiffs' injuries by ordering Defendants to either cease including this

28 chemical in tires or obtain a permit that would require them to minimize and mitigate such harm

1    to the maximum extent practicable. *See* FAC ¶¶ 23, 108–109. These allegations are sufficient to

2    support standing at this stage. Plaintiffs are prepared to support these allegations with member

3    declarations at the appropriate stage. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)

4    (explaining that such declarations are not necessary until summary judgment).

5            **A.       Plaintiffs' injuries are "fairly traceable" to Defendants' actions.**

6            Defendants' assertions regarding the "fairly traceable" element of standing are without

7    merit. To meet this element, Plaintiffs have properly alleged "'a causal connection between the

8    injury and the conduct complained of,' showing that the injury is the product of 'the challenged

9    action of the defendant.'" *Brill v. Chevron Corp.*, No. 15-CV-04916-JD, 2017 WL 76894, at *2

10   (N.D. Cal. Jan. 9, 2017) (quoting *Bennett v. Spear*, 520 U.S. 154, 167 (1997)). Notably, Plaintiffs

11   need not "demonstrate that defendants' actions are the 'proximate cause' of plaintiffs' injuries. It

12   is sufficient to 'establish a line of causation between defendants' action and their alleged harm

13   that is more than attenuated,' and a causal chain 'does not fail simply because it has several

14   links, provided those links are not hypothetical or tenuous and remain plausible.'" *Id*. at *3

15   (quoting *Maya*, 658 F.3d at 1070). Even a "rather thin chain of causation" can be sufficient to

16   meet the fairly traceable element. *Id*.; *see also Env't Def. Ctr. v. EPA*, 344 F.3d 832, 867 (9th

17   Cir. 2003) (a causal chain must be merely "probable," not "definitively established").

18           Here, the chain of causation is clear. Plaintiffs have alleged that "Defendants' use of

19   6PPD in tires . . . causes prespawn mortality and harmful sublethal effects in salmonids," which

20   constitutes unlawful "taking" prohibited by Section 9 of the Endangered Species Act. FAC ¶ 19;

21   *see also id*. ¶¶ 101–03. Plaintiffs have alleged that Defendants include 6PPD in all of the tires

22   they manufacture and/or distribute, *see id*. ¶¶ 25–54, 77, and that precipitation transports this

23   6PPD (and its transformation product, 6PPD-q) "into aquatic environments," *id*. ¶¶ 79, 96.

24   Indeed, Plaintiffs have alleged that "the source of 6PPD-q in aquatic environments is from tires."

25   *Id*. ¶ 84. Plaintiffs have additionally alleged that in aquatic environments 6PPD-q causes the

26   deaths of protected salmonids. *See id*. ¶¶ 76–79, 81–85. Thus, Plaintiffs' complaint establishes a

27   clear causal link tracing the unlawful harm and harassment (i.e., "take") of protected salmonids

28   to Defendants' inclusion of 6PPD in tires. *See id*. ¶¶ 105–07.

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 7

1     This chain of causality is simple—indeed, it is the paradigmatic chain of causality present

2     in virtually all cases in which a private polluter causes downstream harm to the environment.

3     Plaintiffs are under no obligation to trace the 6PPD from Defendants' tires to the death of

4     protected salmonids with any greater particularity. Indeed, in the context of water pollution the

5     Ninth Circuit has held "the threshold requirement of traceability does not mean that plaintiffs

6     must show to a scientific certainty that [a] defendant's effluent caused the precise harm suffered

7     by the plaintiffs in order to establish standing. To satisfy this requirement, rather than

8     pinpointing the origins of particular molecules, a plaintiff must merely show that a defendant

9     discharges a pollutant that causes or contributes to the kinds of injuries alleged in the specific

10    geographic area of concern." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 995 (9th

11    Cir. 2000) (cleaned up); *see also Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141,

12    1151 (9th Cir. 2000).

13    Nor does it matter that other actors play some role in stormwater management and

14    transportation. "Current stormwater management practices are nonexistent to insufficient to

15    remove 6PPD-q from hard surfaces and stormwater runoff or to prevent it from entering aquatic

16    environments. No state currently regulates the presence of 6PPD or 6PPD-q in stormwater."

17    FAC ¶ 95. In any event, causality does not require that Defendants' actions be the sole source of

18    injury, and Plaintiffs "need not eliminate any other contributing causes to establish its standing."

19    *Barnum Timber Co.*, 633 F.3d at 901. In fact, plaintiffs in Section 9 "take" cases, such as this

20    case, can show causality "even though the actions or inactions of those 'third parties not before

21    the court' may be another 'cause of the harm.'" *Loggerhead Turtle v. Cnty. Council of Volusia*

22    *Cnty.*, 148 F.3d 1231, 1253 (11th Cir. 1998) (quoting *Strahan v. Coxe*, 939 F. Supp. 963, 978 (D.

23    Mass. 1996); *see also Wild Fish Conservancy v. Thom*, No. C20-417-RAJ-MLP, 2021 WL

24    8445587, at *9 (W.D. Wash. Sept. 27, 2021) (finding causality even where "there are several

25    environmental and third-party factors that have contributed to the population decrease for . . .

26    Chinook salmon," because more Chinook "would otherwise be available" to Plaintiffs "absent"

27    Defendants' conduct); *Coho Salmon v. Pac. Lumber Co.*, 61 F. Supp. 2d 1001, 1013 (N.D. Cal.

28    1999) (rejecting argument that plaintiffs lacked standing to challenge logging project on the basis

1   that "that the reduction of coho salmon is attributable to a variety of factors other than

2   [defendant's] logging operations, including intervening and superseding ecological and man-

3   made occurrences").

4         In short, because Plaintiffs have alleged that Defendants' inclusion of 6PPD in tires

5   amounts to at least a "substantial factor" in causing the take of protected salmonids, *see Juliana*

6   *v. United States*, 947 F.3d 1159, 1169 (9th Cir. 2020), Plaintiffs have established causality.

7         **B.     Plaintiffs' injuries are redressable.**

8         Defendants' assertions regarding the redressability element of standing are also without

9   merit. To meet this element, Plaintiffs need only show that their asserted injury "would be

10   reduced to some extent" by the requested relief. *Massachusetts v. EPA*, 549 U.S. 497, 526

11   (2007). Redressability does not require a plaintiff "to solve all roadblocks simultaneously"—

12   rather, a plaintiff may seek "to tackle one roadblock at a time." *Ibrahim v. Dep't of Homeland*

13   *Sec.*, 669 F.3d 983, 993 (9th Cir. 2012); *see also Larson v. Valente*, 456 U.S. 228, 243 n.15

14   (1982) (for purposes of redressability, a plaintiff "need not show that a favorable decision will

15   relieve his *every* injury" (emphasis in original)); *Sierra Club v. Franklin Cnty. Power of Ill.,*

16   *LLC*, 546 F.3d 918, 927–28 (7th Cir. 2008) (environmental plaintiff's injury would be redressed

17   by favorable decision requiring more stringent emissions controls, even though defendant would

18   likely be allowed to continue polluting); *Cal. Sea Urchin Comm'n v. Bean*, 239 F. Supp. 3d

19   1200, 1206 (C.D. Cal. 2017) (environmental plaintiff's injury would be redressed if "a favorable

20   verdict will constitute a meaningful step towards remedying the alleged harm"); *Coal. for a*

21   *Sustainable Delta v. Koch*, No. 1:08-CV-00397-OWW-GSA, 2009 WL 2151842, at \*15 (E.D.

22   Cal. July 16, 2009) ("Even a small improvement to the Listed Species' survival would be

23   sufficient."). Moreover, a plaintiff need only show that such redress would "likely" result from a

24   favorable court order, "not that a favorable decision will inevitably redress his injury." *Beno v.*

25   *Shalala*, 30 F.3d 1057, 1065 (9th Cir. 1994) (emphasis omitted).

26         Here, Plaintiffs have alleged that their injuries "are redressable by this Court, because this

27   Court has the authority to enjoin Defendants' continued unlawful take of endangered and

28   threatened salmonids." FAC ¶ 23. Were this Court to award the injunctive relief that Plaintiffs

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 9

1   seek—an order enjoining Defendants to eliminate 6PPD from the tires they manufacture and

2   distribute and/or to obtain a permit that minimizes and mitigates such harm to the maximum

3   extent practicable, *see id.* ¶ 109—the quantity of 6PPD and 6PPD-q that is transported by runoff

4   into aquatic environments would fall significantly, reducing the harm and harassment that

5   protected salmonids are continuing to suffer. *See Nat. Res. Def. Council*, 236 F.3d at 995 ("A

6   plaintiff who seeks injunctive relief satisfies the requirement of redressability by alleging a

7   continuing violation or the imminence of a future violation of an applicable statute or standard

8   . . . Because they sought an injunction to halt those continuing violations, Plaintiffs satisfied the

9   requirement of redressability."). Indeed, because Defendants' tires make up the overwhelming

10  majority of the domestic U.S. tire market, *see* FAC ¶ 24, and because each Defendant includes

11  6PPD in all of their tires, *see id*. ¶¶ 25–54, 77, the injury to the protected salmonids (and thus to

12  Plaintiffs' economic and aesthetic interests in these salmonids) would be substantially remedied

13  if this Court compelled Defendants to stop using 6PPD in tires or otherwise minimize and

14  mitigate such harm to the maximum extent practicable.

15        This is sufficient redressability for Article III standing, even if some tires containing

16  6PPD could remain in use in the United States. "Because of the enormity of the potential

17  consequences associated with" Defendants' continued inclusion of 6PPD in tires, "the fact that

18  the effectiveness of a remedy might be delayed during the (relatively short) time it takes for a

19  new motor-vehicle fleet to replace an older one is essentially irrelevant." *Massachusetts*, 549

20  U.S. at 525. Nor does it matter that Plaintiffs' requested relief will not immediately restore all

21  imperiled salmonid populations. *See Coho Salmon v. Pac. Lumber Co.*, 30 F. Supp. 2d 1231,

22  1243 (N.D. Cal. 1998) (rejecting defendants' claim that plaintiffs' asserted injuries are not

23  redressable because a favorable court order "is not certain to 'result in the increased coho salmon

24  population.'"). "While it is without question that plaintiffs would like to see increased coho

25  salmon populations in the watersheds at issue, at root, the organizations seek only to . . . halt[]

26  the illegal 'takes' caused by [Defendants'] activities." *Id.* at 1244.

27        In sum, Plaintiffs' allegations are sufficient to establish standing, and the Court should

28  deny Defendants' request to allow a further motion to dismiss on this issue.

1    Respectfully submitted this 15th day of March, 2024.

2                                          **Beveridge & Diamond P.C.**

3
                                    By: */s/ Loren R. Dunn*
4                                        Loren R. Dunn, *(pro hac vice)*
                                         ldunn@bdlaw.com
5                                        600 University Street, Ste. 1601
                                         Seattle, WA  98101
6                                        P: 206-315-4810

7
                                         Susan E. Smith, (CA Bar No. 329539)
8                                        ssmith@bdlaw.com
                                         456 Montgomery Street, Ste. 1800
9                                        San Francisco, CA  94104
                                         P: 415-262-4023
10

11                                       W. Parker Moore *(pro hac vice)*
                                         pmoore@bdlaw.com
12                                       1900 N. Street NW, Ste. 100
                                         Washington, D.C.  20036
13                                       P: 202-789-6028

14
                                         **DLA Piper LLP (US)**
15

16                                  By: */s/ George J. Gigounas*
                                         George J. Gigounas (Bar No. 209334)
17                                       george.gigounas@us.dlapiper.com
                                         555 Mission Street, Suite 2400
18                                       San Francisco, CA 94105
                                         P: 415-836-2500
19

20                                       *Counsel for Defendant Michelin North America, Inc.*

21
                                    By: */s/ Adam P. Baas*
22                                       Adam P. Baas (Bar No. 220464)
                                         adam.baas@us.dlapiper.com
23                                       555 Mission Street, Suite 2400
                                         San Francisco, CA 94105
24                                       P: 415-615-6015

25
                                         *Counsel for Defendant Hankook Tire America Corp.*
26

27

28

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 11

1

2

3

4

5

                    By: */s/ Justin Park*
                        Justin Park (Bar No. 250220)
                        Justin.Park@us.dlapiper.com
                        Gwen Keyes Fleming (*Pro Hac Vice*)
                        Gwen.KeyesFleming@us.dlapiper.com
                        500 8th Street, NW
                        Washington, DC 20004
                        P: 202-799-4000

6

7

                        *Counsel for Defendant Kumho Tire U.S.A., Inc.*

8

                        **Earthjustice**

9

                    By: */s/ Elizabeth B. Forsyth*

10

                        ELIZABETH B. FORSYTH (CA Bar No. 288311)
                        eforsyth@earthjustice.org

11

                        JANETTE K. BRIMMER (Pro Hac Vice)
                        jbrimmer@earthjustice.org

12

                        NOORULANNE JAN (Pro Hac Vice)
                        njan@earthjustice.org

13

                        810 3rd Ave #610
                        Seattle, WA 98104

14

                        P: 206-343-7340

15

                        GREGORY C. LOARIE (CA Bar No. 215859)

16

                        gloarie@earthjustice.org
                        SCOTT W. STERN (CA Bar No. 336427)

17

                        sstern@earthjustice.org
                        50 California Street #500

18

                        San Francisco, CA 94111

19

                        P: 415- 217-2000

20

                        *Counsel for Plaintiffs Institute for Fisheries Resources*

21

                        *Pacific Coast Federation of Fishermen's Associations*

22

23

24

25

26

27

28

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 12

1

2

**CERTIFICATE OF SERVICE**

3          I hereby certify that on the below date, I caused to be served a true and correct copy of the

4    foregoing, which was served on all counsel of record using the Court's CM/ECF system.

5

6          DATED March 15, 2024.

7

8                                                    */s/Natasha Johnston*
                                                     Natasha Johnston, Legal Assistant
9                                                    on behalf of Loren R. Dunn

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT ON STANDING - Case No. 23-cv-05748-JD
Page 13

17941816v1  BDFIRM 021604