1 | George J. Gigounas (CA Bar No. 209334) | Adam Baas (CA Bar No. 220464)
2 | george.gigounas@us.dlapiper.com | adam.baas@us.dlapiper.com
  | **DLA PIPER LLP (US)** | **DLA PIPER LLP (US)**
3 | 555 Mission Street, Suite 2400 | 555 Mission Street, Suite 2400
  | San Francisco, CA 94105 | San Francisco, CA 94105-2933
4 | Tel:   415.836.2500 | Tel:   415.836.2500
  | Fax:   415.836.2501 | Fax:   415.836.2501
5 |
  | *Attorney for Defendant* | *Attorney for Defendant*
6 | *Michelin North America, Inc* | *Hankook Tire America Corp.*

7 | Gwendolyn Keyes Fleming (Admitted *Pro Hac Vice*) | Susan E. Smith (CA Bar No. 329539)
8 | | ssmith@bdlaw.com
  | Gwen.KeyesFleming@us.dlapiper.com | **BEVERIDGE & DIAMOND PC**
9 | **DLA PIPER LLP (US)** | 456 Montgomery Street, Ste. 1800
  | 500 8th Street, NW | San Francisco, CA  94104
10 | Washington, DC 20004 | Tel:   415.262.4023
  | Tel:   202.799.4000 |
11 | Fax:   202.799.5000 | *Attorneys for Defendants*
  | | *Bridgestone Americas Tire  Operations, LLC;*
12 | | *Continental Tire the Americas, LLC; GITI Tire*
  | *Attorney for Defendant* | *(USA), Ltd.; The Goodyear Tire & Rubber*
13 | *Kumho Tire U.S.A., Inc.* | *Company, individually and as successor in*
  | | *interest to Cooper Tire & Rubber Company;*
14 | | *Nokian Tyres Inc.; Nokian Tyres U.S.*
15 | | *Operations, LLC; Pirelli Tire LLC; Sumitomo*
  | | *Rubber North America, Inc.; Sumitomo;*
16 | | *Rubber USA, LLC; Toyo Tire Holdings of*
17 | | *Americas, Inc.; and Yokohama Tire*
  | (Additional Counsel on Signature Page) | *Corporation.*
18 |

19 |                   **UNITED STATES DISTRICT COURT**

20 |                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, | CASE NO. 3:23-cv-05748-JD |
| 22 | **DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| 23   Plaintiffs, | |
| 24   v. | |
| 25  BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA), LTD.; THE GOODYEAR TIRE & RUBBER CO.; COOPER TIRE & RUBBER CO.; HANKOOK TIRE AMERICA CORP.; KUMHO | |
| 26 | |
| 27 | DATE: May 16  TIME: 10:00 A.M.  COURTROOM: 11, 19TH Floor  JUDGE: Hon. James Donato |
| 28 | |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | TIRE U.S.A., INC.; MICHELIN NORTH           )<br>AMERICA, INC.; NOKIAN TYRES; PIRELLI   )<br>TIRE LLC; SUMITOMO RUBBER NORTH       )<br>AMERICA, INC.; TOYO TIRE HOLDINGS OF )<br>AMERICAS INC.; and YOKOHAMA TIRE       )<br>CORP.,                                                                  )<br>                                                                                  )<br>                            Defendants.                              )<br>                                                                                  ) |

Pursuant to Fed. Rule of Evid. 201(b), Defendants Bridgestone Americas Tire Operations, LLC, Continental Tire the Americas, LLC, Giti Tire (USA), Ltd., The Goodyear Tire & Rubber Co., Cooper Tire & Rubber Co., Hankook Tire America Corp., Kumho Tire U.S.A., Inc., Michelin North America, Inc., Nokian Tyres, Pirelli Tire LLC, Sumitomo Rubber North America, Inc., Toyo Tire Holdings of Americas Inc., and Yokohama Tire Corp. (collectively, "Defendants") respectfully request that the Court take judicial notice of the following additional documents in support of their Reply to Plaintiffs' Opposition to the Joint Motion to Dismiss. Defendants' request is supported by the Supplemental Declaration of George J. Gigounas ("Supp. Gigounas Declaration") filed concurrently herewith.

For the reasons set forth below, Defendants request the Court take judicial notice of the following documents:

1. The March 27, 2024 EPA press release, EPA Announces $12M to Protect Salmon by Reducing Toxic Tire Dust, Other Pollutants in Stormwater, which is publicly available on EPA's website at https://www.epa.gov/newsreleases/epa-announces-12m-protect-salmon-reducing-toxic-tire-dust-other-pollutants-stormwater. A true and correct copy of EPA's press release (last visited March 29, 2024) is attached to the Supp. Gigounas Declaration as **Exhibit J**.[1]

2. The March 26, 2024 EPA proposed rule titled Certain Existing Chemicals; Request To Submit Unpublished Health and Safety Data Under the Toxic Substances Control Act (TSCA), 89 Fed. Reg. 20918 (March 26, 2024) ("Proposed Rule"), which is published in the Federal Register and publicly available at https://www.govinfo.gov/content/pkg/FR-2024-03-26/pdf/2024-06303.pdf. A true and correct copy of the Proposed Rule is attached to the Supp. Gigounas Declaration as **Exhibit K**.

3. The January 30, 2024 EPA press release, EPA Develops 6PPD-q Water Testing Method for Widespread Use, with a quotation from the EPA Region 10 Regional Administrator, which is publicly available on EPA's website at https://www.epa.gov/newsreleases/epa-develops-

---

[1] Defendants' Supplemental Request for Judicial Notice and Gigounas Declaration continues the exhibit lettering from Defendants' initial Request for Judicial Notice (ECF 111-1) and the Gigounas Declaration (ECF 111-2), which had included Exhibit A through I.

1   6ppd-q-water-testing-method-widespread-use. A true and correct copy of EPA's press release (last

2   visited Marh 29, 2024) is attached to the Supp. Gigounas Declaration as **Exhibit L**.

3         4.      The Center for Biological Diversity's ("CBD") June 15, 2023 60-Day Notice of

4   Intent to Sue the California Department of Transportation, U.S. Department of Transportation,

5   Oregon Division of the Federal Highway Administration, National Marine Fisheries Service, and

6   U.S. Secretary of Commerce: Violations of the Endangered Species Act Regarding Toxic

7   Stormwater Runoff in Oregon and Northern California sent to various state and federal agencies for

8   actions related to 6PPD, which is publicly available on CBD's website at

9   https://www.biologicaldiversity.org/programs/oceans/pdfs/23-06-14-Tire-Leachate-Reinitiation-

10  of-Consultation-NOI.pdf. A true and correct copy of CBD's notice letter is attached to the Supp.

11  Gigounas Declaration as **Exhibit M**.

12  **I.    LEGAL STANDARD**

13        As established in Defendants' initial Request for Judicial Notice in Support of the Joint

14  Motion to Dismiss (ECF 111-1),[2] the Court may take judicial notice of facts that "can be accurately

15  and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

16  Evid. 201(b)(2); *Shaw v. Ocwen Loan Servicing, LLC*, No. 15-CV-01755-JD, 2016 WL 7048979,

17  at *2 (N.D. Cal. Dec. 5, 2016). Judicial notice is therefore proper for "undisputed matters of public

18  record." *Perez v. Mortg. Elec. Registration Sys., Inc.*, No. 3:17-CV-04880-JD, 2018 WL 3109599,

19  at *1 (N.D. Cal. June 25, 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.

20  2001)). "Documents published on government-run websites are proper for judicial notice given their

21  reliability." *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021); *accord Javaheri*

22  *v. JPMorgan Chase Bank N.A.*, 561 F. App'x 611, 611 (9th Cir. 2014) (a "document [that is]

23  available from the agency on its website . . . is not reasonably subject to dispute" and properly

24  judicially noticed). "In general, websites and their contents may be judicially noticed." *Threshold*

25  *Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting

26  cases). Courts may also take judicial notice of facts within a judicially noticeable document. *See*

27

28  ---
[2] Plaintiffs did not oppose this initial Request for Judicial Notice.

*Love v. Omni Hotels Mgmt. Corp.*, No. 20-CV-07690-HSG, 2021 WL 7286027, at *2 (N.D. Cal. July 12, 2021). Indeed, courts "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added).

Further, "federal courts are required to take judicial notice of the Federal Register." *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1179 (9th Cir. 2002) (citing 44 U.S.C § 1507).

Finally, courts may take judicial notice of pre-suit letters of intent to sue when their authenticity cannot be questioned. *City of Rialto v. United States Dep't of Def.*, No. EDCV0400079VAPSGLX, 2004 WL 7333703, at *5 (C.D. Cal. Apr. 15, 2004) (granting judicial notice of letter of intent to sue when its accuracy was not questioned); *Sullins v. Exxon/Mobil Corp.*, No. C 08-04927 CW, 2009 WL 2779172, at *5 n.4 (N.D. Cal. Sept. 2, 2009) (granting judicial notice of notice of letter of intent to sue); *San Francisco Herring Ass'n v. Pac. Gas & Elec. Co.*, 81 F. Supp. 3d 847, 856 n.2 (N.D. Cal. 2015) (granting judicial notice of letter of intent to sue as a matter of public record).

## II. JUDICIAL NOTICE OF EXHIBITS J THROUGH M IS PROPER

Each of the Supplemental Gigounas Declaration Exhibits J through M are properly subject to judicial notice because their contents can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed, and for the following additional reasons.

### A. The Court Must Take Judicial Notice of Exhibit K, which is Published in the Federal Register and on a Government-Run Website and Whose Accuracy Cannot Reasonably be Questioned.

Judicial notice of Exhibit K is not only proper, but mandatory, because it is a proposed federal rule of the EPA formally published in the U.S. Federal Register. *Biodiversity Legal Found.*, 309 F.3d at 1179. Judicial notice of Exhibit K is also warranted for the independent reason that it is a document made available through a government website, of which courts routinely take judicial notice. *Eidmann*, 522 F. Supp. 3d at 642 ("Documents published on government-run websites are proper for judicial notice given their reliability."); *Javaheri*, 561 F. App'x at 611 (a "document [that is] available from the agency on its website . . . is not reasonably subject to dispute" and properly judicially noticed); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of . . . information . . . made publicly available by government

entities."). Such materials qualify as "undisputed matters of public record." *Perez*, 2018 WL 3109599, at *1.

### B. Judicial Notice of Exhibits J and L, Press Releases from a Government Webpage, is Also Proper.

Defendants request judicial notice of Exhibits J and L, EPA press releases available on its website announcing (1) development of a 6PPD-q water testing method, and (2) $12,000,000.00 in new funding to address the presence of 6PPD and other pollutants in stormwater, not for the truth of the individual matters contained in the press releases, but for the fact that EPA published them to provide public notice regarding the new testing method and that the EPA Region 10 Regional Administrator was quoted concerning the speed of EPA's action, as well as the new funding, respectively. Judicial notice of Exhibits J and L is accordingly proper. *Silbersher v. Valeant Pharms. Int'l, Inc.*, 445 F. Supp. 3d 393, 400 (N.D. Cal. 2020) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)); *Threshold Enterprises*, 445 F. Supp. 3d at 146 ("In general, websites and their contents may be judicially noticed.").

### C. The Court Should Take Judicial Notice of Exhibit M, as its Accuracy Cannot be Disputed.

The Court should take judicial notice of Exhibit M, which is relevant to this lawsuit because it threatens legal action against various state and federal agencies under the Endangered Species Act based on the recipients' maintenance and management (or failure thereof) of 6PPD-q in stormwater runoff from roads and highways affecting coho and chinook salmon and their habitat in California and Oregon. The accuracy of Exhibit M cannot reasonably be disputed, as it is publicly available on CBD's own website. *City of Rialto*, 2004 WL 7333703, at *5; *Sullins*, 2009 WL 2779172, at *5 n.4; *San Francisco Herring Ass'n,* 81 F. Supp. 3d at 856 n.2 (N.D. Cal. 2015).

///

///

///

///

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that, in addition to Exhibits A through I in the initial Request for Judicial Notice, the Court also take judicial notice of Exhibits J through M in this Supplemental Request as supported by the Supplemental Gigounas Declaration.

Respectfully submitted,

Dated:  March 29, 2024    **DLA PIPER LLP (US)**

By:  /s/ *George Gigounas*
GEORGE J. GIGOUNAS
CAROLINE LEE
PAUL WIERENGA (*Admitted Pro Hac Vice*)
Attorneys for Defendant
Michelin North America, Inc.

Dated:  March 29, 2024    **DLA PIPER LLP (US)**

By:  /s/ *Gwendolyn Keyes Fleming*
GWENDOLYN KEYES FLEMING
(*Admitted Pro Hac Vice*)
JUSTIN PARK
DONGHYUN KIM
Attorneys for Defendant
Kumho Tire U.S.A., Inc.

Dated:  March 29, 2024    **DLA PIPER LLP (US)**

By:  /s/ *Adam Baas*
ADAM BAAS
ALLEXANDERIA BINGHAM
Attorneys for Defendant
Hankook Tire America Corp.

| | | |
|---|---|---|
| 1 | Dated: March 29, 2024 | **BEVERIDGE & DIAMOND PC** |
| 2 | | By: /s/ *Susan E. Smith* |
| 3 | | SUSAN E. SMITH<br>LOREN DUNN (*Admitted Pro Hac Vice*) |
| 4 | | W. PARKER MOORE (*Admitted Pro Hac Vice*) |

Attorneys for Defendants Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; The Goodyear Tire & Rubber Company, individually and as successor in interest to Cooper Tire & Rubber Company; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Pirelli Tire LLC; Sumitomo Rubber North America, Inc.; Sumitomo; Rubber USA, LLC; Toyo Tire Holdings of Americas, Inc.; and Yokohama Tire Corporation.

I, George J. Gigounas, hereby attest pursuant to Civil Local Rule 5-1(i)(3) that all other signatories listed, and on whose behalf the filing is submitted, concur in the contents of this filing and have authorized it.

Dated: March 29, 2024     **DLA PIPER LLP (US)**

By: /s/ *George Gigounas*
    GEORGE J. GIGOUNAS