ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
NOORULANNE JAN (*Pro Hac Vice*)
njan@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

*Counsel for Plaintiffs Institute for Fisheries Resources*
*& Pacific Coast Federation of Fishermen's Associations*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, | Case No. 23-cv-05748-JD |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO MOTION TO STRIKE** |
| v. | |
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation. | |
| Defendants. | |

## INTRODUCTION

Defendants' motion to strike Plaintiffs' standing declarations is meritless. This Court, as do all courts, considers standing declarations solely in determining whether it has jurisdiction to hear the case, *not* in deciding the case on its merits. Rules of evidence are applied accordingly, and district courts are well-equipped to review these declarations only for the purpose for which they were submitted—and no more. Plaintiffs' standing declarants appropriately demonstrate their standing: describing how they have suffered concrete and particularized injuries; articulating how, in each declarant's view, those injuries are "fairly traceable" to Defendants' inclusion of a fish-killing chemical in their tires; and discussing how their injuries likely would be redressed by a court order enjoining Defendants to comply with the law.

In similar circumstances, courts far and wide have rejected similar motions to strike standing declarations. In fact, multiple courts have rejected nearly identical motions to strike standing declarations from one of the declarants on whom Plaintiffs rely here. *See Am. Rivers, Inc. v. NOAA Fisheries*, No. CV-04-0061-RE, 2006 WL 1455629, at *11–12 (D. Or. May 23, 2006) (denying motion to strike standing declaration from Glen Spain); *Pac. Coast Fed'n of Fishermen's Ass'ns v. Bureau of Recl.*, 138 F. Supp. 2d 1228, 1229, 1251 (N.D. Cal. 2001) (same). By contrast, Defendants cite not one case in which a court granted a motion to strike standing declarations on the bases raised in Defendants' motion. As one judge bluntly put it, "these motions to strike are a waste of time." *Bartell Ranch LLC v. McCullough*, No. 3:21-cv-00080-MMD-CLB, 2022 WL 16951221, at *4 (D. Nev. Nov. 15, 2022), *aff'd sub nom. W. Watersheds Project v. McCullough*, No. 23-15259, 2023 WL 4557742 (9th Cir. July 17, 2023). This Court should find likewise and reject Defendants' motion.

## LEGAL STANDARD

A plaintiff must have standing to bring a case in federal court, meaning they must present an injury fairly traceable to the defendant's challenged conduct, which is likely to be redressed (at least in part) by a favorable ruling. *Dep't of Com. v. New York*, 588 U.S. 752, 766 (2019). The plaintiff bears the burden of establishing standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). Because standing is necessary for federal subject matter jurisdiction and

objections thereto can be raised at any time, *see Laub v. Dep't of Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003), a plaintiff must make a full record supporting standing. *See Pennell v. City of San Jose*, 485 U.S. 1, 8 (1988) ("strongly suggest[ing]" that parties "take pains to supplement the record in any manner necessary to enable us to address with as much precision as possible any question of standing that may be raised"). Courts allow plaintiffs to submit declarations in support of their standing. *See Sierra Club v. EPA*, 762 F.3d 971, 976 & n.4 (9th Cir. 2014) (accepting declarations in support of petitioners' standing); *Nw. Env't Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997) (same); *Env't Prot. Info. Ctr. v. Blackwell*, 389 F. Supp. 2d 1174, 1220–21 (N.D. Cal. 2004) (same in support of plaintiff's standing).

Standing declarations appropriately contain "members' reasonable concerns about the effects of" defendants' actions on their interests. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 183–84 (2000). General factual allegations are sufficient to show standing at the motion-to-dismiss stage. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Courts "do not question" plaintiffs' declarations asserting their interests. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 25–26 (2008); *see also Or. Nat. Desert Ass'n v. Rasmussen*, 451 F. Supp. 2d 1202, 1209 (D. Or. 2006) ("Courts assume the truth of the evidence proffered by plaintiffs solely for the purpose of establishing standing." (internal quotation marks omitted)).

## ARGUMENT

### I.   DEFENDANTS FUNDAMENTALLY MISCONSTRUE THE ROLE OF STANDING DECLARATIONS.

This Court should deny Defendants' motion because it is fundamentally misguided. In asking the court to strike Plaintiffs' standing declarations as improper, *see* Mot. to Strike 3, ECF No. 129, Defendants misapprehend the role of standing declarations. Courts in the Ninth Circuit do not consider standing declarations to resolve the merits of a case, but rather to determine the preliminary question of whether a party can satisfy a requirement for jurisdiction. *See Bonneville Power*, 117 F.3d at 1527–28; *cf. Souza v. Cal. Dep't of Transp.*, No. 13-cv-04407-JD, 2014 WL 1760346, at *7 n.1 (N.D. Cal. May 2, 2014) (Donato, J.) (finding that a court can "properly consider the declaration not for the merits of Plaintiffs' claims but for the limited purpose of

assessing irreparable harm"). Plaintiffs provided standing declarations to support standing, not as evidence to the merits (or for any other reason). Pls. Resp. to Mot. to Dismiss 1 n.1, ECF No. 128.

District courts are wholly capable of reviewing these declarations for the purpose for which they were submitted. *See Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin.*, 99 F. Supp. 3d 1033, 1045 n.3 (N.D. Cal. 2015) (denying motion to strike standing declarations because the Court considered the declarations only for the issue of standing). "If any information is deemed irrelevant to standing issues that may arise, the district or appellate court may simply decline to consider the extraneous information." *Pawnee Nation of Okla. v. Bureau of Indian Affairs*, No. 16-CV-697-JHP-JFJ, 2020 WL 91498, at *3 (N.D. Okla. Jan. 8, 2020); *see also U.S. Magnesium, LLC v. EPA*, 690 F.3d 1157, 1164–65 (10th Cir. 2012) (considering extra-record declaration "for the sole purpose of determining whether [plaintiff] has standing to bring this challenge."); *Del. Riverkeeper Network v. Del. River Basin Comm'n*, No. 21-CV-01108 (RBK), 2023 WL 2728802, at *7 (D.N.J. Mar. 31, 2023) ("[T]his Court will deny the motion to strike the declarations. This Court will consider the declarations only to the extent that they are offered in support of Plaintiffs' standing."); *Bartell Ranch*, 2022 WL 16951221, at *4 (denying motion to strike because the court "will not consider any improper merits arguments offered in the challenged declarations").

Plaintiffs do not intend to rely on their standing declarations for any reason other than standing.[1] Courts faced with motions to strike standing declarations have overwhelmingly rejected these motions where the declaration is submitted for nothing other than standing and accordingly considered only regarding standing. *See Env't Prot. Info. Ctr. v. Blackwell*, 389 F.

---

[1] Given the nature of Defendants' objections and claims in their Motion to Strike, it bears repeating that it is not Plaintiffs' obligation to prove any merits claim at the standing stage of the litigation. Plaintiffs are not required to prove the merits of their case in order to get into court—where they must, after all, prove the merits of their case. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). Rather, at this jurisdictional challenge stage, Plaintiffs need only plausibly allege why their injuries are attributable to Defendants and why this Court can likely redress such injuries. *Strojnik v. 574 Escuela, LLC*, No. 3:18-CV-06777-JD, 2020 WL 1557434, at *2 (N.D. Cal. Mar. 31, 2020).

Supp. 2d 1174, 1221 (N.D. Cal. 2004) (denying motion to strike a standing declaration that contains "expert-like" testimony because the court "expressly disavows reliance on the declarations except as they are relevant to standing"); *Or. Nat. Desert Ass'n*, 451 F. Supp. 2d at 1209 (denying motion to strike standing declaration allegedly containing "expert opinions [declarant] is not qualified to offer" because the court "will consider the declaration in its entirety only for the purpose of establishing [plaintiff's] standing"); *see also Mont. Wildlife Fed'n v. Bernhardt*, No. 4:18-cv-69-BMM, 2021 WL 4865257, at *1 (D. Mont. June 21, 2021) (denying motion to strike standing declarations where "Plaintiffs agreed that the Declarations at issue could only be used for standing purposes"); *Pawnee Nation of Okla.*, 2020 WL 91498, at *3 ("Plaintiffs disavowed any reliance on the declarations in support of their merits position, and the declarations will not be considered for that purpose."); *Idaho Conservation League v. U.S. Forest Serv.*, No. 1:16-CV-0025-EJL, 2016 WL 3814021, at *6 (D. Idaho July 11, 2016) (denying motion to strike because "these Declarations are appropriate for purposes of satisfying the Plaintiffs' jurisdictional burden to show Article III standing in this case and the Court will consider them only for that purpose"); *Klamath Siskiyou Wildlands Ctr. v. BLM*, No. 1:12-cv-1558-CL, 2014 WL 525116, at *5 (D. Or. Feb. 6, 2014) (declining to strike challenged paragraphs from standing declaration that were offered only to support standing and disavowing reliance on the declarations except as they are relevant to standing); *Wash. Env't Council v. Sturdevant*, 834 F. Supp. 2d 1209, 1220 (W.D. Wash. 2011), *order vacated on other grounds by Wash. Env't Council v. Bellon*, 732 F.3d 1131 (9th Cir. 2013) ("The 'standing' declarations are submitted for the purpose of satisfying Article III and jurisprudential standing requirements. To the extent they are submitted to support the Court's jurisdiction, the Court DENIES Defendants' motion to strike the standing declarations." (internal citation omitted)); *Nat'l Wildlife Fed'n v. Souza*, No. 08-14115-CIV, 2009 WL 3667070, at *2 (S.D. Fla. Oct. 23, 2009) ("The Court finds it unnecessary to strike Plaintiffs' declarations . . . . [I]t has not considered these declarations in considering the parties' motions for summary judgment as Plaintiffs agree that they were only submitted for the purpose of establishing their standing[.]"); *Nat. Res. Def. Council, Inc. v. U.S. Forest Serv.*, 634 F. Supp. 2d 1045, 1053 (E.D. Cal. 2007) (declining to strike declarations

because even if they "could be used in support of other arguments, the court has not relied upon them, and plaintiffs have indicated that they do not intend the declarations be used for any other purpose than establishing standing").

As noted above, courts have even rejected motions to strike declarations from one of Plaintiff's declarants in this case, Glen Spain. In *American Rivers, Inc. v. NOAA Fisheries*, for instance, plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources submitted Spain's declaration "solely for the purpose of establishing plaintiffs' standing to sue." 2006 WL 1455629, at *11. As in this case, the declarants (including Spain) "identif[ied] their interests and involvement in those organizations, their specific interests in the survival and recovery of listed salmon . . . and their opinions regarding the species' decline and what needs to be done to reverse the situation." *Id*. As in this case, the defendants sought to strike the opinions, claiming that the declarants are not qualified as experts. *Id*. The court concluded: "For purposes of establishing standing, these declarants do not need to prove they qualify as experts regarding the state of salmon in the Columbia River Basin. Accordingly, I deny [defendants'] motion to strike the Sedivy, Spain, and Barton declarations." *Id*. at *12; *see also Pac. Coast Fed'n of Fishermen's Ass'ns*, 138 F. Supp. 2d at 1251 (denying motion to strike standing declaration of Glen Spain because "[t]he Court did not rely, in reaching its [summary judgment] decision, on any of the [declarations]"). The Court should reach the same result here.

## II.   PLAINTIFFS' DECLARATIONS ARE PROPERLY BEFORE THE COURT UNDER BOTH APPLICABLE CASE LAW AND THE RULES OF EVIDENCE.

Plaintiffs' standing declarations satisfy all requirements for consideration by this Court in resolving the standing issue. Plaintiffs' standing declarations appropriately contained their members' "reasonable concerns about the effects" of Defendants' use of 6PPD on their interests, based upon the declarants' own knowledge and understanding. *Friends of the Earth*, 528 U.S. at 183–84. Each declarant properly discussed the elements of standing: the injuries they have suffered; how, in their view and based upon their understanding, those injuries are fairly traceable to Defendants' use of 6PPD; and how their injuries would likely be redressed by compliance with the law. Each declarant made the declaration based on personal knowledge and

swore to its truth as required by 28 U.S.C. § 1746. *See* Declaration of Sarah Jane Bates ("Bates Decl.") ¶ 1 & p.4, ECF No. 128-4; Declaration of David Bitts ("Bitts Decl.") ¶ 1 & p.4, ECF No. 128-3; Declaration of Joel Kawahara ("Kawahara Decl.") ¶ 1 & p.4, ECF No. 128-2; Declaration of Glen Spain ("Spain Decl.") ¶ 1 & p.10, ECF No. 128-1. To the extent Defendants wish to challenge any particular statement in the declarations, the dispute goes to the weight given to the statement rather than its admissibility, an assessment the district court is fully empowered and competent to make. *See United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018); *see also Bartell Ranch*, 2022 WL 16951221, at \*4 ("The Court does not wish to, and will not, evaluate declarations submitted only to establish standing paragraph-by-paragraph to selectively strike their contents[.]").

Defendants' claim that the declarations contain "improper" scientific, technical, or specialized assertions regarding the effects of 6PPD/6PPD-Q on salmonids is meritless. The challenged declarations are not "expert" declarations. They contain no "expert opinions" to support any issue in dispute in the merits of the case. Rather, each declarant first identified themselves as fishing for a living, with a history of doing so and/or working with and in the fishing industry. *See* Bates Decl. ¶ 3; Bitts Decl. ¶ 5; Kawahara Decl. ¶¶ 3–5; Spain Decl. ¶¶ 2, 8. As such, they identified their familiarity with fishing conditions and regulation of their work on the west coast from direct personal knowledge. *See* Bates Decl. ¶¶ 4–8; Bitts Decl. ¶¶ 8; Kawahara Decl. ¶¶ 7–8, 11; Spain Decl. ¶¶ 16–17. Each declarant stated, based on their personal understanding, that 6PPD is in tires and is harmful to fish, including the fish they catch for a living, as well as fish whose status affects the regulation of those they are trying to catch. *See* Bates Decl. ¶¶ 10–11; Bitts Decl. ¶¶ 9–10; Kawahara Decl. ¶¶ 12–13; Spain Decl. ¶¶ 12–14. Notably, the declarants made such statements in service of articulating their understanding of their injuries and the source of those injuries; no declarant purported to offer expert testimony. As the Supreme Court noted in *Friends of the Earth*, members' "reasonable concerns"— concerns expressed here based upon their understanding of 6PPD in tires—are appropriate and adequate to the task of demonstrating standing. 528 U.S. at 183–84. Such statements can and should be considered by the Court in assessing standing.

This Court is capable of assessing the statements without regard to the merits. *See Or. Natural Desert Ass'n*, 451 F. Supp. 2d at 1209; *Coho Salmon v. Pac. Lumber Co.*, 61 F. Supp. 2d 1001, 1014 & n.4 (N.D. Cal. 1999) (relying on standing declarations despite defendant objections to declarants positing a "connection between [defendant's] timber harvesting operations and the downstream effects on the coho salmon population and habitat based on Fed. R. Evid. 702 and 802 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993)"). Standing declarations are akin to evidence introduced in a bench trial, where the requirements of Federal Rule of Evidence 702 are "relaxed," there being no need to protect a jury. *See Flores*, 901 F.3d at 1165. In *American Canoe Association v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003), a case similar to this one, the court found standing based on declarations asserting that a decrease in fish populations could be traced to "the pollution [one declarant] believes comes from [defendants'] facility"; that "pollutants from the defendants' farms are responsible, in part" for dead fish and thus a declarant's "diminished use of the creek"; and that defendants' discharges are having a harmful impact on fish. *Id.* at 518–20; *see also U.S. Pub. Int. Rsch. Grp. v. Crawford*, No. CIV. 00-150-B-C, 2001 WL 987441, at *5 (D. Me. Aug. 28, 2001) (finding standing based on declarant asserting that he "believes that [defendant's] operations pose a great risk to endangered Atlantic salmon" because the fish that defendants farm "escape and interbreed with the wild population and because the development of more virulent bacteria strains in [defendant's] salmon pens have the potential to injure the wild population"). As in these cases, there is no improper assertion of expert opinion in Plaintiffs' standing declarations.

Defendants' claim that the declarations are based on "opinion, speculation, or conjecture" is equally meritless. Mot. to Strike 10. The declarants lay adequate foundation for their understanding and concerns based upon their occupations and years of commercial fishing work and experience. *See* Bates Decl. ¶¶ 3–4, 8; Bitts Decl. ¶¶ 5, 8; Kawahara Decl. ¶¶ 3–5, 7–8, 11; Spain Decl. ¶¶ 2, 8, 16–17. Defendants fail to identify any claim that is improper for inclusion in a standing declaration. For instance, Defendants object to Spain's assertion that "fish harvesters may face harm if the salmon they catch and deliver to market are contaminated with 6PPD-Q (or

merely if the public fears such contamination)," Mot. to Strike 4, yet this is an acceptable articulation of Spain's *perception. See N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., LLC*, 278 F. Supp. 2d 654, 664 (E.D.N.C. 2003) (finding standing based on declarant "express[ing] concerns that pollution in the Stump Sound Area will impair his ability to market 'Stump Sound' oysters"). Likewise, Defendants object to Bates's declaration that 6PPD could lead "federal officials . . . to . . . close salmon fisheries altogether," Mot. to Strike 6, yet this too is offered as Bates's understanding. *See also N.C. Shellfish Growers Ass'n*, 278 F. Supp. 2d at 664 (finding standing based on plaintiffs' "claim that the state may close the entire management area more often as a result of" defendants' challenged conduct). Defendants also object to Spain's lack of expertise concerning "various forms of redress," including green infrastructure and stormwater management, Mot. to Strike 4–5, yet once again this is an appropriate statement. *See United States v. Ameren Mo.*, No. 4:11-CV-77-RWS, 2019 WL 1384607, at *3 (E.D. Mo. Mar. 27, 2019) (finding standing based on declaration asserting "[m]y concerns would be alleviated if Ameren were required to . . . install appropriate pollution control equipment").

Moreover, declarants' statements are admissible even if viewed as opinion testimony. Non-expert opinions are admissible where (a) "rationally based on the witness's perception," (b) helpful to understand their testimony, and (c) not based on scientific or technical knowledge within the scope of Rule 702. *See* Fed. R. Evid. 701. The declarants appropriately articulated the source of their perception regarding 6PPD, a perception that is rational and helps explain why they believe the Defendants' use of a fish-killing chemical is killing fish; no declarant purported to possess scientific expertise. *See* Bates Decl. ¶¶ 10–11; Bitts Decl. ¶¶ 9–10; Kawahara Decl. ¶¶ 12–13; Spain Decl. ¶¶ 12–14.

Defendants' argument that the declarations contain "irrelevant assertions" once again betrays a foundational misunderstanding of the role of standing declarations. Mot. to Strike 11. As noted, courts "simply decline to consider extraneous information" contained in standing declarations, so "*any* information [that] is deemed irrelevant to standing issues" can easily be disregarded. *Pawnee Nation of Okla.*, 2020 WL 91498, at *3 (emphasis added). Further, because objections to standing can be raised at any time (including sua sponte by the court itself), it is

appropriate for Plaintiffs to demonstrate their ability to satisfy such elements as "injury-in-fact or cause-in-fact" in the standing declarations. Mot. to Strike 11.

Finally, Defendants' objections on the grounds of hearsay, *see id.*, are supported by neither case law nor the Rules of Evidence. "'Hearsay' means a statement that . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Here, the declarants are *not* offering their statements to prove the truth of the matter, but rather to articulate the sources, contents, and contours of their "reasonable concerns about the effects" of Defendants' use of 6PPD. *Friends of the Earth*, 528 U.S. at 183–84. Their statements are not being submitted to a jury, are not being submitted as evidence to the merits, and serve to meet the requirements of causation and redressability. *See Rhodes v. Sutter Health*, 940 F. Supp. 2d 1258, 1266 n.7 (E.D. Cal. 2013).

No part of Plaintiffs' declarations should be stricken on any evidentiary grounds.

## III.   DEFENDANTS' ARGUMENT REGARDING A FACTUAL CHALLENGE TO THE DECLARATIONS IS INACCURATE AND DOES NOT DICTATE STRIKING DECLARATIONS HERE.

Defendants make much of their claim to have "presented a *factual* challenge" to Plaintiffs' standing, *see* Mot. to Strike 3 (emphasis added); *see also* Mot. to Dismiss 5, ECF No. 127, but Defendants misunderstand the challenge they have mounted and its significance to the standing inquiry and this motion to strike. The mere act of presenting evidence does not necessarily transform a facial challenge into a factual one; rather, a factual challenge is one that asserts that Plaintiff's allegations "are not true as a matter of fact." *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). By contrast, a facial challenge asserts that Plaintiffs' allegations "are insufficient . . . as a matter of law." *Id*. Defendants' motion to dismiss was facial. Defendants have not put forward *any* evidence rebutting Plaintiffs' claims that Defendants include 6PPD in their tires; that 6PPD migrates to the surface of tires, where it transforms into 6PPD-Q; that this 6PPD-Q is transported via runoff into aquatic environments, where it kills protected salmonids; and that the elimination of 6PPD from tires would substantially redress the

deaths of those salmonids (and the economic consequences of such die-offs). Neither do Defendants claim that the research mentioned by Plaintiffs' declarants shows otherwise.

Instead, Defendants' traceability arguments relied on purely legal claims, *see* Mot. to Dismiss 6 (arguing that Plaintiffs' causal chain "is not actionable because it rests on speculation and the independent behavior and actions of many other actors"), and the only external evidence they invoked was to support Defendants' claim that the causal chain "is simply too attenuated" and ignores "intervening . . . stressors." *Id*. at 7 & n.2. Defendants' argument against the availability of equitable relief was also facial, *see id*. at 9 (claiming that redress "would still depend on the unfettered choices made by independent actors" (cleaned up)), as was their argument as to their "ineligibility" for Incidental Take Permits, *see id*. at 10 (interpreting statutory text to argue that unlawful activity is ineligible). Even though Defendants introduced factual evidence purportedly suggesting that the U.S. Fish and Wildlife Service would deny their Incidental Take Permit applications if submitted, *see id*. at 11 (quoting former official), this evidence was irrelevant to—and does not defeat—Plaintiffs' standing. Even if Defendants were ineligible for Incidental Take Permits, that would not deprive Plaintiffs of standing because injunctive relief compelling Defendants to cease take remains available. *See* Pls. Resp. to Mot. to Dismiss 8. Indeed, even if Defendants' challenge *were* factual, factual disputes must still be resolved in favor of Plaintiffs at the motion-to-dismiss stage. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016).

Further, even if Defendants had created a genuine factual dispute by presenting evidence, this would counsel in favor of deferring consideration of standing until the merits and denying the motion to strike as moot. In the recent case of *Chandler v. California Department of Corrections and Rehabilitation*, No. 1:21-cv-01657-JLT-HBK, 2024 WL 2153890 (E.D. Cal. May 14, 2024), the court did just this, because defendants' "factual challenge" amounted to a challenge to "the actual *merits*" of Plaintiffs claim, thus "intertwin[ing] the inquiry regarding the Court's jurisdiction for this claim." *Id*. at *8 (denying motion to strike as moot); *see also Mecinas v. Hobbs*, 30 F.4th 890, 896 (9th Cir. 2022) ("where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the

1  resolution of factual issues going to the merits, the jurisdictional determination should await a

2  determination of the relevant facts on either a motion going to the merits or at trial").

3       Given the overwhelming weight of standing case law and the distinct role of standing

4  declarations, Defendants' purported "factual attack" fails to meaningfully redraw the battle lines.

5  As noted, Defendants cite not a *single case* where a court has granted a motion to strike standing

6  declarations on the bases claimed by Defendants.

7  **CONCLUSION**

8       Plaintiffs' declarations are properly submitted in support of standing—and nothing else.

9  Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike in its entirety.

10       DATED this 18th day of July, 2024,

11

12                                            /s/ Scott W. Stern

SCOTT W. STERN (CA Bar No. 336427)

sstern@earthjustice.org

GREGORY C. LOARIE (CA Bar No. 215859)

gloarie@earthjustice.org

Earthjustice

50 California Street #500

San Francisco, CA 94111

Tel: (415) 217-2000

ELIZABETH B. FORSYTH (CA Bar No. 288311)

eforsyth@earthjustice.org

JANETTE K. BRIMMER (*Pro Hac Vice*)

jbrimmer@earthjustice.org

NOORULANNE JAN (*Pro Hac Vice*)

njan@earthjustice.org

Earthjustice

810 3rd Ave #610

Seattle, WA 98104

Tel: (206) 343-7340

*Counsel for Plaintiffs Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations*