| | |
|---|---|
| Susan E. Smith (CA Bar No. 329539) | George J. Gigounas (CA Bar No. 209334) |
| ssmith@bdlaw.com | george.gigounas@us.dlapiper.com |
| **BEVERIDGE & DIAMOND PC** | **DLA PIPER LLP (US)** |
| 456 Montgomery Street, Ste. 1800 | 555 Mission Street, Suite 2400 |
| San Francisco, CA 94104 | San Francisco, CA 94105 |
| Tel:   415.262.4023 | Tel:   415.836.2500 |
| *Attorneys for Defendants* | *Attorney for Defendant* |
| *Bridgestone Americas Tire Operations, LLC;* | *Michelin North America, Inc* |
| *Continental Tire the Americas, LLC; GITI* | |
| *Tire (USA), Ltd.; The Goodyear Tire &* | Gwendolyn Keyes Fleming (Admitted *Pro* |
| *Rubber Company, individually and as* | *Hac Vice*) |
| *successor in interest to Cooper Tire & Rubber* | Gwen.KeyesFleming@us.dlapiper.com |
| *Company; Nokian Tyres Inc.; Nokian Tyres* | **DLA PIPER LLP (US)** |
| *U.S. Operations, LLC; Pirelli Tire LLC;* | 500 8th Street, NW |
| *Sumitomo Rubber North America, Inc.;* | Washington, DC 20004 |
| *Sumitomo Rubber USA, LLC; Toyo Tire* | Tel:   202.799.4000 |
| *Holdings of Americas, Inc.; and Yokohama* | *Attorney for Defendant* |
| *Tire Corporation.* | *Kumho Tire U.S.A., Inc.* |

Adam Baas (CA Bar No. 220464)
adam.baas@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:   415.836.2500
*Attorney for Defendant*
*Hankook Tire America Corp.*

(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; | Case No. 23-cv-05748-JD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DECLARATIONS OF G. SPAIN [DKT. 128-1], J. KAWAHARA [DKT. 128-2], D. BITTS [DKT. 128-3], AND S. BATES [DKT. 128-4].**<br><br>Note on Motion Calendar:<br>July 25, 2024 |

KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.

                Defendants.

**I.       The Companies asserted a factual attack on subject matter jurisdiction.**

"[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989), *cert. denied,* 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989).  The Companies' Rule 12(b)(1) Motion to Dismiss does so with the support of the Declarations of Susan Smith (Smith Decl.) and Leopoldo Miranda-Castro (Miranda Decl.).  Dkts. 127, 127-1, 127-2.

Plaintiffs' assert that the Companies' tires discharge 6PPD and 6PPD-q to receiving waters, resulting in injury to salmonids.  The Companies have introduced evidence showing that Plaintiffs' assertion is false.  The Companies do not own the tires.  The tires do not discharge to receiving waters.  Plaintiffs intentionally omit the actions of multiple other parties -- intervening causes – from their recitation of the core facts of their case.  These facts go directly to the issue of traceability.

The Smith Declaration specifically puts these facts at issue.  It details how stormwater pollutants such as chemicals and particulates from tires are deposited on road surfaces, washed away during storm events, and transported into receiving waters, in part due to highway design practices that direct stormwater runoff away from roads.  Smith Decl. ¶ 4, Ex. C at 38-41 and at ¶ 5, Ex. D at 800-2.  The Declaration shows that, contrary to Plaintiffs' allegations, the Companies' inclusion of 6PPD is not fairly traceable to the alleged injuries.  An extraordinarily attenuated chain of events separates the two. Dkt. 127 at 6:11-7:4.  The alleged injuries occur only after a minimum twelve-step sequence of events, ten of which involve independent actions by third parties that take place long after the tires leave the Companies' possession, custody and control.  The Companies' recounting of this causal chain has not been disputed, much less refuted.  The ten independent steps taken by the actions of independent actors cannot be fairly traced to the Companies' alleged conduct.

The Miranda-Castro Declaration shows that the Companies could not receive approval for a habitat conservation plan (HCP) or obtain incidental take permits (ITPs), even if ordered by

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE
Case No. 23-cv-05748-JD **-** Page 3

this Court to do so.  Plaintiffs' allegation that the alleged injuries are redressable by way of an order requiring the Companies obtain an ITP is not true; that remedy is not available.  The Smith Declaration also shows that there is no known replacement for 6PPD, that there were over one billion extant tires in the United States in 2021, and that Americans purchases roughly 260 million replacement tires each year.  Smith Decl. at ¶ 2, 3, Ex. A, B.  The allegation that Companies could replace 6PPD is not true; that remedy is not available.  Nor would halting tire manufacture remove 6PPD from the stream of commerce.  Again, most importantly, Plaintiffs have failed to rebut each of these factual assertions which challenge core components of Plaintiffs claim of standing.

The Companies' Rule 12(b)(1) motion shifted the burden to Plaintiffs to "present affidavits or any other evidence necessary to satisfy [their] burden of establishing that the court, in fact, possesses subject matter jurisdiction".  *St. Clair*, 880 F.2d at 201.  They have not done so.  The merit of Plaintiffs' claims is not at issue for the Motion to Dismiss.  The truthfulness of their allegations in support of standing is.  Plaintiffs' declarations do not meaningfully address matters relevant to the Companies' Rule 12(b)(1) motion, and their Response fails to establish a proper evidentiary foundation.

**II.     The proffered declarations do not meet Civil L.R. 7-5(b).**

Plaintiffs' Declarations do not set forth any admissible facts to prove that the alleged injuries are fairly traceable to the Companies' inclusion of 6PPD in tires.  The declarations do not even speak to matters relevant to fair traceability.  The declarants' perception of, or "reasonable concerns about the effects" of the Companies' use of 6PPD on their interests is irrelevant, as is their "personal understanding, that 6PPD is in tires and is harmful to fish." Dkt. 136 at 6:22-24 and 7:19-20.  The issue at hand is whether the allegations put forth to demonstrate fair traceability are truthful, where the Companies have presented evidence showing that the allegations are not, in fact, true.  Plaintiffs focus on the end points (inclusion of 6PPD at the point of manufacture and distribution on one end, and discharge to protected salmonid habitats, on the other) but fail to describe or acknowledge the attenuated sequence of events needed to

connect the two, most of which are substantially driven by the independent actions of third parties long after the Companies' products leave their custody and control.  Smith Decl. ¶ 4, Ex. C at 38-41; ¶ 5, Ex. D at 800-2.  Plaintiffs' allegations are false by the intentional omission of other critical facts addressing the mechanism for the complained of injuries.

Plaintiffs also fail to offer any admissible evidence to prove redressability.[1]  The Declarations speculate, but do not present any admissible facts to demonstrate that there is a form of injunctive relief that is "(1) substantially likely to redress their injuries; and (2) within the district court's power to award."  *Juliana v. U.S*., 947 F.3d 1159, 1170 (9th Cir. 2020).  And the speculation Plaintiffs offer about various forms of redress does not rise to the level of showing that any form of remedy is at least highly likely to redress the alleged harm (*e.g*., feasible, effective, "narrowly tailored", and legally permissible).

**III.     Plaintiffs do not contest the evidentiary issues raised in the Motion to Strike.**

The Companies challenged the admissibility of dozens of specific statements in Plaintiffs' Declarations on the basis that the statements constituted improper expert or lay opinion testimony.  Dkt. 129 at 8:15-9:23.  Plaintiffs concede that "the declarations are not 'expert' declarations" and "contain no 'expert opinions'".  Dkt. 136 at 7:13-14.  But they are attempting, instead, to pass off lay opinions as a substitute for admissible expert testimony.

Questions on toxicity and impact on salmonid populations require specialized knowledge and education beyond the ken of most laymen.  Plaintiffs do not even attempt to establish a proper foundation under Fed. R. Evid. 701 for the declarants' statements regarding the toxicity of 6PPD-q, whether it has affected salmonid populations, or that any proposed mitigation effort is feasible and highly likely to be effective.  Plaintiffs state only that the declarants work in the fishing industry and are familiar with fishing conditions and related regulations. Plaintiffs do not explain how that experience serves as a basis to offer opinions regarding the matters at issue in

---

[1] Plaintiffs' reliance on *Strojnik v. 574 Escuela, LLC*, No. 3:18-CV-06777-JD, 2020 WL 1557434, at *2 (N.D. Cal. Mar. 31, 2020) is misplaced.  Dkt. 136 at 3, fn 1.  *Strojnik* was a *facial*, not factual attack on jurisdiction.  2020 WL 1557434 at * 1.  The Companies' attack is factual.

1  the Motion to Dismiss.  The challenged statements necessarily require scientific, technical, or
2  other specialized knowledge.  They are not suitable for lay opinion testimony under Fed. R.
3  Evid. 701.  The Fed. R. Evid. 702 foundation is absent.[2]  The challenged opinions do not comply
4  with Civil Local Rule 7-5(b).

5  The Companies challenged the admissibility of the declarants' statements regarding (1) any link between stormwater runoff and Coho mortality, (2) the nature of 6PPD and 6PPD-q and their fate and transport in the environment, (3) a relationship between 6PPD, 6PPD-q and impacts to salmonids or fisheries, (4) that 6PPD or 6PPD-q caused the alleged harms to PCFFA, IFR or their individual members, (5) the potential benefits of various forms of injunctive relief proffered by the declarants, and (6) the potential for Defendants to obtain an ESA Section 10 permit and the hypothetical requirements of such a permit.  Dkt. 129 at 9:24-10:14.  Plaintiffs do not offer any facts to demonstrate that the declarants have personal knowledge of such matters, or any information that would support an inference of personal knowledge.[3]  Personal knowledge of fishing conditions and regulations is irrelevant.  [Dkt. 136 at 7:17-18.] "Personal understandings" are pure speculation and do not suffice.  [Dkt. 136 at 19-20] *Milton H. Green Archives, Inc. v. CMG Worldwide, Inc*., 04-2200 WL 11334030 at *17 (C.D. Cal., March 17, 2008).  The bare assertion that the declarant possesses personal knowledge also does not suffice. "Conclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient." *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir. 1993).  The only discernable sources of information about each of these matters are inadmissible hearsay and speculation.

---

[2] Plaintiffs' citation of *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003) is distinguishable.  There, the court reversed the district court's standing determination.  The lay testimony, however, regarded *injury*.  More importantly, plaintiffs submitted *expert* testimony stating that plaintiff's geographic area was affected, thus establishing causation.  326 F.3d at 520.

[3] Plaintiffs suggest that a court's previous denial of a motion to strike a declaration of Glen Spain is persuasive, citing *Pac. Coast Fed'n of Fishermen's Ass'ns v. U.S. Bureau of Reclamation*, 138 F. Supp. 2d 1228 (N.D. Cal. 2001).  Dkt. 136 at 1:15-17.  However, the court in that instance only denied the motions to strike as moot because Plaintiffs' claim was not ripe for review.  *Pac. Coast Fed'n*, 138 F. Supp. 2d at 1251.

The Companies challenged the admissibility of specific statements in the Declarations which rely on inadmissible hearsay. Dkt. 129 at 11:13-12:7. The Plaintiffs do not address the Companies' hearsay objections. Instead, they argue that the hearsay is immaterial because the Declarations are not offered to prove the truth of the matters asserted. Dkt. 136 at 10:5-8. If so, the challenged statements serve no relevant, proper purpose. The Companies' Rule 12(b)(1) motion placed the truth of the allegations regarding fair traceability and redressability in issue. In response, the Plaintiffs provided statements in declarations which are <u>not offered for their truth</u>. Statements not offered for their truth do not rebut the Companies' factual challenge to Article III standing.

Instead of attempting to demonstrate the truth of the allegations in support of standing with admissible evidence presented by competent witnesses, Plaintiffs offer declarations "to articulate the sources, contents, and contours of their 'reasonable concerns about the effects' of Defendants' use of 6PPD". Dkt. 136 at 10:5-8. Plaintiffs' "reasonable concerns" are irrelevant to the question presented. Such matters might possibly be relevant if the Companies were challenging the injury-in-fact element of Article III standing. See *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc*, 528 U.S. 167, 169 (2000). But they are not.

Rather than defend the admissibility of the challenged statements, Plaintiffs have invited this Court to ignore them or assign them little weight. Dkt. 136 at 4:4-18 and 7:5. The Court could do so, but because the declarations do not comply with Civil Local Rule 7-5(b), an order striking the declarations is warranted. *Mulato*, 76 F. Supp. 3d at 946 (striking "substantial potions" of affidavits as conclusory, argumentative, and not based on personal knowledge, in violation of Civil Local Rule 7-5(b)); *see also Juarez v. Jani-King of Cal., Inc.*, No. 09–3495, 2010 WL 3766649, at *1-2 (N.D. Cal., Sept. 24, 2010) (striking portions of declarations as argumentative, conclusory, and not based on personal knowledge, in violation of Civil Local Rule 7-5(b)).

**IV. Conclusion.**

The Companies ask that the Court grant their Motion to Strike Declarations of G. Spain, J. Kawahara, D. Bitts, and S. Bates and enter an order striking Paragraphs 4, 7, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26, and Exs. A, B, C, E, F, G of the Spain Decl. [Dkt. 128-1]; Paragraphs 7, 8, 9, 11, 12, 13, 14 of the Kawahara Decl. [Dkt. 128-2]; ¶¶ 6, 7, 9, 10, and 11 of the Bitts Decl. [Dkt. 128-3]; and Paragraphs 4, 5, 6, 7, 8, 9, 10, 11, and 12 of the Bates Decl. [Dkt. 128-4].

Dated: July 23, 2024

**BEVERIDGE & DIAMOND PC**

By: */s/ Susan E. Smith*
SUSAN E. SMITH
LOREN DUNN (*Admitted Pro Hac Vice*)
W. PARKER MOORE (*Admitted Pro Hac Vice*)
*Attorneys for Defendants Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; The Goodyear Tire & Rubber Company, individually and as successor in interest to Cooper Tire & Rubber Company; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Pirelli Tire LLC; Sumitomo Rubber North America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire Holdings of Americas, Inc.; and Yokohama Tire Corporation.*

Dated: July 23, 2024

**DLA PIPER LLP (US)**

By: */s/ George Gigounas*
GEORGE GIGOUNAS
CAROLINE LEE
PAUL WIERENGA (*Admitted Pro Hac Vice*)
*Attorneys for Defendant Michelin North America, Inc.*

| | | |
|---|---|---|
| Dated: July 23, 2024 | | **DLA PIPER LLP (US)** |
| | By: | */s/ Gwendolyn Keyes Fleming* |
| | | GWENDOLYN KEYES FLEMING |
| | | (*Admitted Pro Hac Vice*) |
| | | JUSTIN PARK |
| | | DONGHYUN KIM |
| | | *Attorneys for Defendant* |
| | | *Kumho Tire U.S.A., Inc.* |
| Dated: July 23, 2024 | | **DLA PIPER LLP (US)** |
| | By: | */s/ Adam Baas* |
| | | ADAM BAAS |
| | | ALLEXANDERIA BINGHAM |
| | | *Attorneys for Defendant* |
| | | *Hankook Tire America Corp.* |

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

Dated: July 23, 2024

*/s/Natasha Johnston*
Natasha Johnston, Legal Assistant
on behalf of Loren R. Dunn

18590693v1  BDFIRM 021604