# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.<br><br>Defendants. | Case No. 23-cv-05748-JD<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. James Donato<br>Court: Courtroom 11 – 19th Floor |

## 1. PURPOSES AND LIMITATIONS

Discovery requests served in this action have sought production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal

[PROPOSED] STIPULATED PROTECTIVE ORDER - Case No. 23-cv-05748-JD **-** Page 1

principles. The Parties further acknowledge, as set forth in Paragraph 14.3, below, that this Stipulated Protective Order does not automatically entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

**2. DEFINITIONS**

    2.1    <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

    2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other confidential, non-public information, or includes material protected by federal, state, or foreign data protection laws, or other statutes or other privacy obligations.

    2.3.    <u>"HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" Information or Items</u>: any document, information, or tangible item that the Designating Party reasonably and in good faith believes contains business or technical information which is of such a commercially or competitively sensitive nature that disclosure to the Parties in this litigation who are Competitors could reasonably be expected to have a significant effect on current or future business strategies or decisions, product plans or development, or intellectual property rights, or result in injury. A Party that designates material as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" may require that such material be maintained and accessed only through a secure electronic data room. The Parties shall mutually agree in writing to the specific vendor and terms of access.

    2.4    <u>Competitor</u>: any manufacturer, distributor, and affiliates involved in the distribution of tires, including but not limited to the defendants named in this litigation.

    2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>House Counsel</u>: attorneys who are employees of a Party as well as their support staff. House Counsel does not include Outside Counsel or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party and includes Discovery Counsel (counsel that has been engaged to consult in discovery but has not entered appearances in the action).

2.11 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," including any summaries, digests, notes, recordings, copies, or other versions of such information, however maintained or transmitted. Protected Material must be stored and maintained by each Receiving Party in a secure manner that ensures that access is limited to the persons authorized by this Order.

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party. Receiving Parties are responsible for ensuring that Discovery Material distributed to non-parties is handled in accordance with the provisions of this Stipulated Protective Order.

## 3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to

limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY

1    CONFIDENTIAL-ATTORNEY'S EYES ONLY." After the inspecting Party has identified the
2    documents it wants copied and produced, the Producing Party must determine which documents, or
3    portions thereof, qualify for protection under this Order. Then, before producing the specified
4    documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY
5    CONFIDENTIAL-ATTORNEY'S EYES ONLY" legend to each page that contains Protected
6    Material. If only a portion or portions of the material on a page qualifies for protection, the
7    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
8    markings in the margins).

(b) For testimony given in deposition or in other pretrial or trial proceeding, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that portion of the testimony may qualify for protection, the Designating Party will have up to thirty (30) days from the date of receipt of the final transcript to identify the specific portions of the testimony for which protection is sought and to specify the level of protection being asserted. Until that 30-day period expires, the entire transcript shall be treated as subject to the full protections of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" status. Only those portions of the testimony that are appropriately designated for protection within the 30 days will be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards that the entire transcript must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify

the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Corrections are to be made as follows:

(a) Any correction shall be made by means of a written notice of the correction, or, if made orally, shall be confirmed in writing within three (3) days thereafter. The notice of correction shall be sent to counsel of record for all Parties and shall be accompanied by substitute copies of each item, marked in accordance with Paragraph 5.2 of this Order, as to which a new designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" is being made. Any Party receiving such a notice may, within fifteen (15) days after having received the notice, object to the late designation by sending written notice of its objection via e-mail to counsel of record for all other Parties, stating in concise but meaningful fashion the basis for the objection.

(b) If no timely objection is interposed, all Receiving Parties shall destroy or return to Outside Counsel for the Producing Party all previously received copies of the newly designated Protected Material, including copies that were supplied to clients, Experts and Professional Vendors; except that no Party is required to destroy or return transcripts or audiovisual recordings of depositions or other testimony.

(c) If an objection has been interposed in accordance with Paragraph 5.2(b), the provisions of Paragraph 6 (CHALLENGING CONFIDENTIAL DESIGNATIONS) shall govern.

(d) The obligation to treat late-designated Protected Material in accordance with this Order is prospective only. Persons who reviewed late-designated Protected Material before the late designation became effective shall, after receiving notice of the late designation, abide by the provisions of this Order in all future use and disclosures of the Protected Material.

5.4 <u>Redaction</u>. A Party may redact or withhold responsive information, documents, or

portions of responsive documents only on the grounds of (1) attorney-client privilege, (2) common interest/joint defense privilege, (3) protection under the work-product doctrine, (4) the document contains personal health information (PHI) as defined 45 C.F.R. § 160.103, or personal identifiable information (PII) or is subject to federal, state, or foreign data protection laws or other statutes or other privacy obligation, including without limitation: the Directive 95/46/EC of the European Parliament and the Council of 24 October 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data (the "EU Data Protection Directive") and Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data ("General Data Protection Regulation"), or (5) the document contains irrelevant internal, business or technical information that would be subject to designation under this Protective Order of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" if produced. For information redacted pursuant to this provision, the Parties agree to limit redaction to that information that meets the description set forth in items (1) through (5) above. The Parties agree not to withhold entire documents under this paragraph, unless the substance of the entire document meets the description set forth in items (1) through (5) above.

Nothing herein precludes any Party from redacting entirely nonresponsive information, including irrelevant or unnecessary competitively sensitive business or technical information, from an otherwise responsive documents on a case-by-case basis, provided that the Party clearly communicates its reasons for redaction to facilitate challenges to the redaction, if any, by the Receiving Parties. The process for challenging the designation of redactions shall be the same as the process for challenging the designation of Protected Material. If counsel for the Producing Party agrees that information initially redacted should not be redacted or should receive alternative treatment, or if the Court orders the same, and the material is subsequently produced in unredacted form, all affected pages shall bear the legend applicable to the confidentiality designation made by the Producing Party and shall continue to be treated in accordance with that confidentiality

designation.

The Producing Party shall provide a privilege log for information redacted due to an attorney-client privilege, common interest/joint-defense protection, work-product protection, or other privilege or immunity in accordance with requirements set forth in the Joint Stipulation and Order Regarding E-Discovery entered in this case. Communications and work product about this litigation that post-date the issuance of Sixty-Day Notice of Violations on August 15, 2023 that are between a Producing Party and/or its in-house legal team and/or its Outside Counsel, consultants or other persons providing assistance to outside trial counsel, need not be placed on a privilege log. Communications and work product may be identified on a privilege log by category, rather than individually, if appropriate.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner as set forth in the section on Safeguards for Confidential Documents and Information of the Stipulated Order Re: Discovery of Electronically Stored Information, and that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this

Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3. Disclosure of Protected Material Designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY". No document or information that is designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this Stipulated Protective Order, or extracts or summaries therefrom, shall be disclosed or shown to any person except a Party's Outside Counsel, without further agreement of the Producing Party, which shall not be unreasonably withheld.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY", that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) Any discovery requests, including subpoenas and deposition notices, propounded to a Non-Party must be accompanied by a copy of this Stipulated Protective Order. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 If information subject to a claim of attorney-client privilege, the common interest privilege, work product protection, or other legally cognizable privilege or immunity is inadvertently produced, the disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or other protection that the Producing Party would otherwise be entitled to assert with respect to said material. **The Parties intend that this provision shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2), and that this provision shall constitute an Order under Fed. R. Evid. 502(b).**

11.2 If a Producing Party becomes aware that it has inadvertently produced Disclosure or Discovery Material, the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production. Within 10 business days of receipt of such notice, each Receiving Party to which such notice is directed: (a) must return or destroy the inadvertently produced Disclosure or Discovery Material and any copies; (b) must not use or disclose it until the claim is resolved; (c) must take reasonable steps to recall it if the Receiving Party disclosed it before being notified; and (d) must provide a written certification of counsel that all such material has been returned or destroyed. Any notes or summaries referring or relating to any such inadvertently produced Disclosure or Discovery Material shall be destroyed within the 10 business days provided for.

11.3    If a Receiving Party receives Disclosure or Discovery Material that reasonably appears to be subject to an attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

11.4    Within ten (10) business days of the notification that inadvertently produced Disclosure or Discovery Material within the scope of Paragraph 11.3 has been returned, sequestered or destroyed, the Producing Party asserting the privilege shall produce a privilege log setting forth all of the information required under Fed. R. Civ. P. 26(b)(5)(A)(ii) as to all such material.

11.5    Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, the common interest privilege, work product protection, or other privilege or immunity designation by submitting a challenge to the Court for judicial determination pursuant to Fed. R. Civ. P. 26(b)(5)(B).

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court. In no instance shall a Receiving Party's request to file Protected Material under seal disclose in whole or in part any Discovery Material designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY".

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material (including all copies of Protected Material provided to the Receiving Party's Experts). As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party and its Experts have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, designated as "CONFIDENTIAL". Any such archival materials containing Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be removed (through redaction), returned, or destroyed in accordance with this paragraph. Any such archival copies that

contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (Duration).

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 29, 2024

                              */s/Janette Brimmer*
                              *Attorney for Plaintiff*

Dated: July 29, 2024

                              */s/George J. Gigounas*
                              *Counsel for Defendant Michelin North America, Inc.*

Dated: July 29, 2024

                              */s/Justin Park*
                              *Counsel for Defendant Kumho Tire U.S.A., Inc.*

Dated: July 29, 2024

                              */s/Adam P. Baas*
                              *Counsel for Defendant Hankook Tire America Corp.*

Dated: July 29, 2024

                              */s/Loren R. Dunn*
                              *Counsel for Defendants Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; The Goodyear Tire & Rubber Company, individually and as successor in interest to Cooper Tire & Rubber Company; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Pirelli Tire LLC; Sumitomo Rubber North America, Inc.; Sumitomo; Rubber USA, LLC; Toyo Tire Holdings of Americas, Inc.; and Yokohama Tire Corporation.*

      **IT IS ORDERED** that the forgoing Stipulated Order is approved.

Dated:

                              UNITED STATES DISTRICT/MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated July 29, 2024　　　　**BEVERIDGE & DIAMOND P.C.**

By: */s/ Loren R. Dunn*
　　Loren R. Dunn, *(pro hac vice)*
　　ldunn@bdlaw.com
　　600 University Street, Ste. 1601
　　Seattle, WA 98101
　　P: 206-315-4810

　　Susan E. Smith, (CA Bar No. 329539)
　　ssmith@bdlaw.com
　　456 Montgomery Street, Ste. 1800
　　San Francisco, CA 94104
　　P: 415-262-4023

　　W. Parker Moore *(pro hac vice)*
　　pmoore@bdlaw.com
　　1900 N. Street NW, Ste. 100
　　Washington, D.C. 20036
　　P: 202-789-6028