1 | M. Elizabeth O'Neill (CA Bar No. 257448)
elizabeth.oneill@wbd-us.com
301 S. College Center
301 S. College Street, Suite 3500
Charlotte, NC 28202-6050
P: 704-350-6310

Keith Casto (CA Bar No. 141279)
keith.casto@wbd-us.com
1279 Oakmead Parkway
Sunnyvale, CA 94085
P: 408-720-3472

*Counsel for Defendant The Goodyear Tire & Rubber Company, individually and as successor in interest to Cooper Tire & Rubber Company*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.<br><br>Defendants. | Case No. 23-cv-05748-JD<br><br>**THE GOODYEAR TIRE & RUBBER COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

THE GOODYEAR TIRE & RUBBER COMPANY'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - Case No. 23-cv-05748-JD - Page 1

Defendant The Goodyear Tire & Rubber Company ("Goodyear") hereby Answers the First Amended Complaint for Declaratory and Injunctive Relief [Dkt. 19] ("FAC") submitted by Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations ("Plaintiffs"). Goodyear provides its response in the numbered paragraphs below, which correspond to the numbered paragraphs in the FAC. In the responses below, Goodyear replicates the headings from the FAC. Goodyear's duplication of these headings does not constitute an admission or response regarding any allegation contained in the headings. Except as expressly admitted herein, Goodyear denies each and every allegation in Plaintiffs' FAC and denies that Plaintiffs are entitled to any relief.

## ANSWER

## INTRODUCTION

1. Goodyear denies that it causes unlawful "take" of any ESA-protected species of coho salmon (*Onchorhynchus kisutch*), steelhead trout (*Oncorhynchus mykiss*), and Chinook salmon (*Oncorhynchus tshawytscha*) by including N-(1, 3-dimethylbutyl)-N'-phenyl-p-phenylenediamine ("6PPD") in the tires it manufactures and/or distributes. To the extent the allegations of Paragraph 1 characterize the FAC, that document speaks for itself and is the best evidence of its contents.

2. Goodyear denies the allegations of Paragraph 2.

3. Goodyear denies the allegations of Paragraph 3.

4. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies them.

5. Paragraph 5 states conclusions of law which cannot be admitted or denied but to the extent the Court requires a response, Goodyear denies the allegations of Paragraph 5.

6. Goodyear denies the allegations of Paragraph 6 and further affirmatively asserts that the allegations in the FAC ignore multiple factors Plaintiffs and others historically asserted

1  have adverse impacts on salmonid mortality and the commercial salmon fishing industry,
2  including but not limited to climate change and damming of waterways.

3   7. Goodyear admits only that the tires it manufactures for on-road usage contain
4  6PPD.  All other allegations of Paragraph 7 are denied.

**JURISDICTION AND VENUE**

6   8. Goodyear avers that the allegations of Paraph 8 constitute legal conclusions which
7  cannot be admitted or denied but to the extent the Court requires a response, Goodyear denies
8  that the Court has jurisdiction over this matter for the reasons set forth in its Rule 12(b)(1)
9  Motion to Dismiss and Reply, [Dkts. 127 and 131]

10   9. Goodyear admits only that on or about August 15, 2023, Plaintiffs sent Goodyear
11  correspondence directed to Goodyear and others titled "Sixty-Day Notice of Violations of
12  Endangered Species Act for Take of Protected Coho Salmon, Chinook Salmon and Steelhead
13  Trout" and that more than sixty days passed from the date of that correspondence to the date of
14  the FAC.  All remaining allegations of Paragraph 9 state conclusions of law which cannot be
15  admitted or denied, but to the extent the Court requires a response, Goodyear denies the
16  allegations.

17   10. Paragraph 10 states conclusions of law which cannot be admitted or denied, but to
18  the extent the Court requires a response and that Paragraph 10 contains allegations directed at
19  Goodyear, Goodyear denies them.  For all other allegations, Goodyear lacks knowledge or
20  information sufficient to form a belief as to the truth of allegations regarding the residency of
21  Plaintiffs' members and therefore denies them.

**DIVISIONAL ASSIGNMENT**

23   11. Paragraph 11 states conclusions of law which cannot be admitted or denied but to
24  the extent the Court requires a response, Goodyear denies the allegations.

**PARTIES**

12. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.

14. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.

15. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies those allegations.

16. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies those allegations.

17. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies those allegations.

18. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies those allegations.

19. Paragraph 19 lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny those allegations.

20. Goodyear denies the allegations contained in Paragraph 20.

21. Goodyear denies the allegations of Paragraph 21.

22. Upon information and belief, Goodyear admits only that the members of PCFFA and IFR have an interest in the survival and recovery of endangered and threatened salmonoids and that "fishing cannot survive as a way of life in the absence of fish" but denies all other allegations of Paragraph 22.

23. Paragraph 23 states conclusions of law, to which no response is required. Goodyear further states that Plaintiffs' alleged injuries are not redressable. *See* Defendants' Rule 12(b)(1) Motion to Dismiss and Reply at Dkts 127, 131.

24. Goodyear admits that it is a tire company in the United States. Upon information and belief, Goodyear further admits that Defendants are among the largest tire companies in the United States and that collectively the tires of all named defendants make up approximately 80% of the domestic United States tire market.

25. The allegations of Paragraph 25 are not directed at Goodyear and, as such, no response is required.

26. The allegations of Paragraph 26 are not directed at Goodyear and, as such, no response is required.

27. The allegations in Paragraph 27 are not directed at Goodyear and, as such, no response is required.

28. The allegations in Paragraph 28 are not directed at Goodyear and, as such, no response is required.

29. The allegations in Paragraph 29 are not directed at Goodyear and, as such, no response is required.

30. The allegations in Paragraph 30 are not directed at Goodyear and, as such, no response is required.

31. Goodyear denies that it may formerly be, or is, known as, doing or did business as Dunlop Tyres, The Kelly Springfield Tire Company, Cooper Tire & Rubber Company and/or Douglas Tires. Goodyear admits the remaining allegations of Paragraph 31.

32. Goodyear admits the allegations contained in Paragraph 32.

33. Goodyear admits only that Goodyear acquired Cooper Tire & Rubber Company in or around June 2021, that Goodyear is a successor in interest to Cooper Tire & Rubber Company whose headquarters were in Findlay, Ohio, and that Cooper Tire & Rubber and its national and international subsidiaries manufactured both new and replacement tires for passenger cars, light trucks and sport utility vehicles. Goodyear denies all remaining allegations in Paragraph 33.

1   34.   Goodyear admits the allegations in Paragraph 34.

2   35.   The allegations in Paragraph 35 are not directed at Goodyear and, as such, no
3   response is required.

4   36.   The allegations in Paragraph 36 are not directed at Goodyear and, as such, no
5   response is required.

6   37.   The allegations in Paragraph 37 are not directed at Goodyear and, as such, no
7   response is required.

8   38.   The allegations in Paragraph 38 are not directed at Goodyear and, as such, no
9   response is required.

10   39.   The allegations in Paragraph 39 are not directed at Goodyear and, as such, no
11   response is required.

12   40.   The allegations in Paragraph 40 are not directed at Goodyear and, as such, no
13   response is required.

14   41.   The allegations in Paragraph 41 are not directed at Goodyear and, as such, no
15   response is required.

16   42.   The allegations in Paragraph 42 are not directed at Goodyear and, as such, no
17   response is required.

18   43.   The allegations in Paragraph 43 are not directed at Goodyear and, as such, no
19   response is required.

20   44.   The allegations in Paragraph 44 are not directed at Goodyear and, as such, no
21   response is required.

22   45.   The allegations in Paragraph 45 are not directed at Goodyear and, as such, no
23   response is required.

24   46.   The allegations in Paragraph 46 are not directed at Goodyear and, as such, no
25   response is required.

26

27

28   THE GOODYEAR TIRE & RUBBER COMPANY'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - Case No. 23-cv-05748-JD - Page 6

1  |  47. The allegations in Paragraph 47 are not directed at Goodyear and, as such, no response is required.

2  |  48. The allegations in Paragraph 48 are not directed at Goodyear and, as such, no response is required.

3  |  49. The allegations in Paragraph 49 are not directed at Goodyear and, as such, no response is required.

4  |  50. The allegations in Paragraph 50 are not directed at Goodyear and, as such, no response is required.

5  |  51. The allegations in Paragraph 51 are not directed at Goodyear and, as such, no response is required.

6  |  52. The allegations in Paragraph 52 are not directed at Goodyear and, as such, no response is required.

7  |  53. The allegations in Paragraph 53 are not directed at Goodyear and, as such, no response is required.

8  |  54. The allegations in Paragraph 54 are not directed at Goodyear and, as such, no response is required.

## LEGAL BACKGROUND

55. Paragraph 55 purports to characterize the Endangered Species Act ("ESA") and quote *Tenn. Valley Auth. v. Hill*, 437 U.S. 153 (1978), both of which speak for themselves and are the best evidence of their contents, and Goodyear denies the allegations of Paragraph 55 to the extent they are inconsistent with the ESA or the *Tenn. Valley* decision.

56. Goodyear affirmatively avers that the ESA constitutes the best evidence of its content and denies the allegations of Paragraph 56 to the extent they are inconsistent with the ESA.

57. Paragraph 57 constitutes conclusions of law which cannot be admitted or denied, but to the extent the Court requires a response, Goodyear affirmatively avers that the ESA

constitutes the best evidence of its content and denies the allegations of Paragraph 57 to the extent they are inconsistent with the ESA.

58. Paragraph 58 constitutes conclusions of law which cannot be admitted or denied, but to the extent the Court requires a response, Goodyear affirmatively avers that the ESA constitutes the best evidence of its content and denies the allegations of Paragraph 58 to the extent they are inconsistent with the ESA.

59. Paragraph 59 constitutes conclusions of law which cannot be admitted or denied, but to the extent the Court requires a response, Goodyear affirmatively avers that the ESA constitutes the best evidence of its content and denies the allegations of Paragraph 59 to the extent they are inconsistent with the ESA.

60. Paragraph 60 constitutes conclusions of law which cannot be admitted or denied, but to the extent the Court requires a response, Goodyear affirmatively avers that the ESA constitutes the best evidence of its content and denies the allegations of Paragraph 60 to the extent they are inconsistent with the ESA.

61. Paragraph 61 constitutes conclusions of law which cannot be admitted or denied, but to the extent the Court requires a response, Goodyear affirmatively avers that the ESA and the regulations of the National Marine Fisheries Service ("NMFS") constitute the best evidence of their content and denies the allegations of Paragraph 61 to the extent they are inconsistent with the ESA and/or the NMFS.

62. Paragraph 62 constitutes conclusions of law which cannot be admitted or denied, but to the extent the Court requires a response, Goodyear affirmatively avers that the ESA and NMFS regulations constitute the best evidence of their content and denies the allegations of Paragraph 62 to the extent they are inconsistent with the cited preambles to the NMFS regulations associated with them, and/or the ESA.

63. Paragraph 63 constitutes conclusions of law which cannot be admitted or denied, but to the extent the Court requires a response, Goodyear affirmatively avers that the ESA

constitutes the best evidence of its content and denies the allegations of Paragraph 63 to the extent they are inconsistent with the ESA.

64. Paragraph 64 constitutes conclusions of law which cannot be admitted or denied, but to the extent the Court requires a response, Goodyear affirmatively avers that the ESA constitutes the best evidence of its content and denies the allegations of Paragraph 64 to the extent they are inconsistent with the ESA.

**FACTUAL BACKGROUND**

I. COHO SALMON, CHINOOK, AND STEELHEAD TROUT

65. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and, therefore, Goodyear denies the same.

66. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and, therefore, Goodyear denies the same.

67. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and, therefore, Goodyear denies the same.

68. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and, therefore, Goodyear denies the same.

69. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and, therefore, Goodyear denies the same.

70. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and, therefore, Goodyear denies the same.

71. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and, therefore, Goodyear denies the same.

II. ESA-PROTECTED SALMONIDS

72. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and, therefore, Goodyear denies the same.

73. Goodyear admits only that the NMFS has listed populations of salmonids as threatened or endangered under the ESA but denies all allegations of Paragraph 73 that are inconsistent with NMFS regulations and/or the ESA. Goodyear lacks information and belief as to purpose or intent, if any, for the distinct population segments ("DPS") and/ or the evolutionary significant units ("ESU") in the ESA and therefore denies all allegations of Paragraph 73 regarding the same. All allegations of Paragraph 73 not specifically admitted are denied.

74. Goodyear avers that the ESA-protected populations are set forth in NMFS's listing decision promulgated as an agency regulation and that constitutes the best evidence of its content and therefore Goodyear denies the allegations of Paragraph 74, including but not limited to sub-parts (a)–(x) that are inconsistent therewith.

75. Goodyear avers that the NMFS regulations and agency declarations constitute the best evidence of their content and Goodyear denies the allegations of Paragraph 75 to the extent they are inconsistent therewith. Goodyear further denies the implicit allegation that stormwater run-off in all aquatic habitats identified in Paragraph 74(a)-(x) contains 6PPD-q.

III. 6PPD-Q IN AQUATIC ENVIRONMENTS

76. Goodyear admits only that for decades it has used 6PPD in tires as an antidegradant, protecting the components of tires designed for on-road usage from attack by ozone, oxygen, thermal degradation, and mechanical fatigue. Goodyear further admits that the total amount of 6PPD in a tire can decrease over the life of the tire. Goodyear otherwise denies the allegations of Paragraph 76.

77. To the extent the allegations of this Paragraph pertain to Goodyear, Goodyear admits the allegations of Paragraph 77.

78. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies them.

79. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies them.


80. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and therefore denies them. To the extent the allegations in Paragraph 80 are based on or derived from unidentified documents, those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 80 inconsistent therewith.

81. Goodyear lacks knowledge or information sufficient to form a belief as to the truther of the allegations of Paragraph 81 and therefore denies them. To the extent the allegations in Paragraph 81 are based on or derived from unidentified documents, Goodyear affirmatively avers those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 81 inconsistent therewith.

82. The allegations of Paragraph 82 are too vague and ambiguous for Goodyear to form a belief as to the truth of the allegations and Goodyear therefore denies the allegations on that basis.

83. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and avers that the 2020 study referenced in Paragraph 83 constitutes the best evidence of its content and denies all allegations of Paragraph 83 inconsistent therewith. Goodyear further affirmatively avers that the 2020 study referenced in Paragraph 83 did not involve testing water or salmonids in any of the aquatic habitats identified in Paragraph 74 subparts (a)-(x) or anywhere else in the FAC.

84. The allegations of Paragraph 84 are too vague and ambiguous for Goodyear to form a belief as to the truth of the allegations and Goodyear therefore denies the allegations on that basis. To the extent the allegations of Paragraph 84 are based on or derived from unidentified documents, Goodyear affirmative avers that those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 84 inconsistent therewith.

85. The allegations of Paragraph 85 are too vague and ambiguous for Goodyear to form a belief as to the truth of the allegations and Goodyear therefore denies the allegations on that basis. To the extent the allegations of Paragraph 85 are based on or derived from unidentified documents, Goodyear affirmatively avers those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 85 inconsistent therewith.

86. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and denies the allegations on that basis. To the extent the allegations of Paragraph 86 are based on or derived from unidentified documents, Goodyear avers that those documents constitute the best evidence of their contents and Goodyear denies the allegations of Paragraph 86 to the extent inconsistent therewith.

87. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and therefore denies them. To the extent the allegations of Paragraph 87 are based on or derived from unidentified documents, Goodyear affirmatively avers that those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 87 inconsistent therewith.

88. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and therefore denies them. To the extent the allegations of Paragraph 88 are based on or derived from unidentified documents, Goodyear affirmatively avers that those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 88 inconsistent therewith.

89. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore denies them. To the extent the allegations of Paragraph 89 are based on or derived from unidentified documents, Goodyear affirmatively avers that those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 89 inconsistent therewith.

90. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and therefore denies them.

91. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and therefore denies them.  To the extent the allegations of Paragraph 91 are based on or derived from unidentified documents, Goodyear affirmatively avers that those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 91 inconsistent therewith.

92. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and therefore denies them.

93. Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and therefore denies them.  To the extent the allegations of Paragraph 93 are based on or derived from unidentified documents, Goodyear affirmatively avers that those documents constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 93 inconsistent therewith.

94. Goodyear denies the first sentence of Paragraph 94.  Goodyear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 94 and therefore denies them.  To the extent the remaining allegations of Paragraph 94 are based on or derived from unidentified documents, Goodyear affirmatively avers that those documents would constitute the best evidence of their contents and Goodyear denies all allegations of Paragraph 94 inconsistent therewith.

95. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 95 and, therefore, Goodyear denies the same.  The second sentence of Paragraph 95 contains a conclusion of law to which no response is required.

96. Goodyear admits only that Goodyear includes 6PPD in its tires as part of the manufacturing process to increase tire safety.  All other allegations of Paragraph 96 are denied.

97. Paragraph 97 states conclusions of law to which no response is required but, to the extent the Court requires a response, the allegations are denied.

98. Goodyear denies the allegations of Paragraph 98.

99. Goodyear admits that it does not have "a permit under ESA Section 10, 16 U.S.C. § 1539(a), to lawfully incidentally 'take' ESA-listed coho salmon, Chinook salmon, or steelhead trout" and further specifically denies that it would be eligible to apply for such a permit.

100. Goodyear admits only that on or about August 15, 2023, Plaintiffs sent Goodyear correspondence directed to Goodyear and others titled "Sixty Day Notice of Violations of the Endangered Species Act for Take of Protected Coho Salmon, Chinook Salmon and Steelhead Trout" and affirmatively avers that the letter constitutes the best evidence of its contents. Goodyear specifically denies all allegations asserted against it in that correspondence, including but not limited to any implicitly alleged within Paragraph 100. The second sentence of Paragraph 100 states conclusions of law to which no response is required, but to the extent the Court requires a response, the allegations are denied.

101. Goodyear denies that it has in the past or is now engaged in an unauthorized take of coho salmon, Chinook salmon and/or steelhead trout and denies all other allegations of Paragraph 101.

**CLAIM FOR RELIEF – VIOLATION OF SECTION 9 OF THE ESA**

102. Goodyear incorporates by reference as if fully stated herein its responses to Paragraphs 1-101 of this Answer.

103. Goodyear affirmatively asserts that the ESA constitutes the best evidence of its content and denies the allegations of Paragraph 103 to the extent that they are inconsistent with the ESA.

104. Goodyear affirmatively avers that the NFMS regulations constitute the best evidence of their content and scope and denies the allegations of Paragraph 104 to the extent that they are inconsistent therewith.

105. Goodyear denies the allegations of Paragraph 105.

106. Goodyear denies the allegations of Paragraph 106.

107. Goodyear denies the allegations of Paragraph 107.

**REQUEST FOR RELIEF**

108. Goodyear denies that Plaintiffs are entitled to the relief requested in Paragraph 108.

109. Goodyear denies that Plaintiffs are entitled to the relief requested in Paragraph 109.

110. Goodyear denies that Plaintiffs are entitled to the relief requested in Paragraph 110.

111. Goodyear denies that Plaintiffs are entitled to any relief whatsoever from Goodyear.

**GENERAL DENIAL**

112. Except where allegations in the FAC Complaint are specifically, expressly admitted above, Goodyear denies each and every allegation stated in the First Amended Complaint for the reason that such allegations are untrue or otherwise because Goodyear is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiffs lack Article III standing.

2. Plaintiffs do not have prudential standing.

3. Plaintiffs fail to state a claim because there is no proximate cause under the ESA.

4. The Court lacks jurisdiction over the remedies sought by Plaintiffs.

5. Plaintiffs have failed to join an indispensable party.

6. Plaintiffs' claims are barred because of the doctrine of primary jurisdiction.

7.      Plaintiffs have failed to state a claim upon which relief may be granted because inclusion of a chemical as part of the manufacturing process does not constitute a "take."

8.      Goodyear reserves the right to amend this answer in order to add additional defenses or affirmative defenses as further information about the nature and extent of Plaintiffs' claims may be developed during litigation.

**PRAYER FOR RELIEF**

Consistent with the Answer, General Denial, and Affirmative Defenses stated above, Goodyear requests that this Court:

1.      Dismiss Plaintiffs' First Amended Complaint with prejudice or otherwise deny all of Plaintiffs' causes of action and requests for relief as against Goodyear; and

2.      Grant any other relief that the Court determines to be just and reasonable.

Respectfully submitted this 15th day of October, 2024.

**Womble Bond Dickinson (US) LLP**

By: /s/ *M. Elizabeth O'Neill*
M. Elizabeth O'Neill (CA Bar No. 257448)
elizabeth.oneill@wbd-us.com
301 S. College Center
301 S. College Street
Suite 3500
Charlotte, NC  28202-6050
P:  704-350-6310

Keith M. Casto (CA Bar No. 141279)
keith.casto@wbd-us.com
1279 Oakmead Parkway
Sunnyvale, CA 94085
P: 408-341-3000

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 15th day of October, 2024.

/s/ Debbie Brockman
Debbie Brockman, Legal Practice Assistant
on behalf of M. Elizabeth O'Neill