ADAM BAAS (CA Bar No. 220464)
adam.baas@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 836-2500
Fax: (415) 836-2501

ALLEXANDERIA V. BINGHAM (CA Bar No. 292672)
allexanderia.bingham@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-4735
Tel: (310) 595-3000
Fax: (310) 595-3300

*Attorneys for Defendant*
HANKOOK TIRE AMERICA CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER CO., individually and as successor in interest to COOPER TIRE & RUBBER CO.; HANKOOK TIRE AMERICA CORP.; KUMHO TIRE U.S.A., INC.; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES INC.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS INC.; and YOKOHAMA TIRE CORPORATION,<br><br>Defendants. | Case No. 3:23-cv-05748-JD<br><br>**DEFENDANT HANKOOK TIRE AMERICA CORP.'S RESPONSE TO FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. James Donato<br><br>Complaint Filed: November 8, 2023<br>First Amended Complaint Filed: December 6, 2023 |

Defendant Hankook Tire America Corp. ("Defendant"), by and through its undersigned counsel, responds to Plaintiffs Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations ("Plaintiffs") First Amended Complaint ("FAC") as follows:

## INTRODUCTION

1. With respect to Paragraph 1, this Paragraph includes characterizations of Plaintiffs' action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. As to the remaining allegations, Defendant lacks sufficient information to form a belief as to their truth and, on that basis, denies them.

2. With respect to Paragraph 2, Defendant denies that it includes 6PPD in tires.

3. With respect to Paragraph 3, Defendant denies the allegations in this Paragraph.

4. With respect to Paragraph 4, Defendant lacks information sufficient to form a belief as to the truth of allegations in Paragraph 4 and, on that basis, denies them.

5. With respect to Paragraph 5, this paragraph comprises legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

6. With respect to Paragraph 6, Defendant denies that it includes 6PPD in tires.

7. Defendant denies the factual allegations in Paragraph 7, including that Defendant includes 6PPD in tires. The remaining allegations comprise legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## JURISDICTION AND VENUE

8. Paragraph 8 contains legal argument concerning the Court's jurisdiction, and no response is required. To the extent a response is required, the law speaks for itself.

9. Defendant admits that Plaintiffs provided a letter to Defendant dated August 15, 2023. Defendant lacks sufficient information to form a belief as to the truth of the allegation that Plaintiffs submitted a notice of intent to sue letter to the Secretary of Commerce or other defendants. All other allegations in Paragraph 9 comprise legal argument and no response is required. The Endangered Species Act (ESA) is a federal statute that speaks for itself and

Defendant denies any allegation that is inconsistent with the plain language, meaning, and context of the ESA.

10. With respect to Paragraph 10, this Paragraph contains legal conclusions to which no response is required. Defendant lacks sufficient information to form a belief as to the truth of the factual allegations in Paragraph 10 and, on that basis, denies them.

## **DIVISIONAL ASSIGNMENT**

11. With respect to Paragraph 11, Assignment to the San Francisco Division is not contested.

## **PARTIES**

### PLAINTIFFS

12. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies them.

13. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies them.

14. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies them.

15. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies them.

16. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies them.

17. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies them.

18. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19. Defendant denies the allegations in Paragraph 19.

20. With respect to Paragraph 20, Defendant denies the allegations in this Paragraph.

21. With respect to Paragraph 21, Defendant denies the allegations in this Paragraph.

22. With respect to Paragraph 22, Defendant denies that it includes 6PPD in tires.

23. With respect to Paragraph 23, Defendant denies the allegations in this Paragraph.

DEFENDANTS

24. With respect to Paragraph 24, Defendant admits that it is a tire distribution company. As to the remaining allegations in this Paragraph, Defendant lacks sufficient information to form a belief as to their truth and, on that basis, denies them.

25. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies them.

29. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

32. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies them.

33. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies them.

34. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35. With respect to Paragraph 35, Defendant denies that it manufactures passenger, light truck, SUV, medium truck, or bus tires. Defendant admits the remaining allegations in this Paragraph.

36. With respect to Paragraph 36, Defendant denies that it manufactures tires containing 6PPD. Defendant admits that it distributes tires in California and the United States. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 36 and, on that basis, denies them. Defendant denies all factual allegations not expressly admitted here.

37. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

39. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48. Defendant lacks knowledge or sufficient information to form a belief as to the truth

of the allegations in Paragraph 48 and, on that basis, denies them.

49. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

## **LEGAL BACKGROUND**

55. Defendant admits the quoted words contained in Paragraph 55 are accurate. All other allegations in Paragraph 55 are denied. The ESA is a federal statute that speaks for itself.

56. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 56 that is inconsistent with the plain language, meaning, and context of the ESA.

57. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 57 that is inconsistent with the plain language, meaning, and context of the ESA.

58. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 58 that is inconsistent with the plain language, meaning, and context of the ESA.

59. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 59 that is inconsistent with the plain language, meaning, and context of the ESA.

60. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 60 that is inconsistent with the plain language, meaning, and context of the ESA.

61. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 61 that is inconsistent with the plain language, meaning, and context of the ESA.

62. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 62 that is inconsistent with the plain language, meaning, and context of the ESA.

63. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 63 that is inconsistent with the plain language, meaning, and context of the ESA.

64. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in Paragraph 65 that is inconsistent with the plain language, meaning, and context of the ESA.

**FACTUAL BACKGROUND**

I. COHO SALMON, CHINOOK, AND STEELHEAD TROUT

65. Defendant admits the listed species have ecological, economic, and cultural significance on the West Coast. Defendant denies all other allegations of Paragraph 65.

66. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71. Defendant lacks sufficient information to form a belief as to the truth of the other allegations in Paragraph 71 and, on that basis, denies them.

II. ESA-PROTECTED SALMONIDS

72. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73. Defendant admits that certain populations of Coho salmon, Chinook salmon, and steelhead are listed as threatened or endangered under the ESA, and that NMFS has administratively grouped steelhead and salmon populations into distinct population segments or

-7-
HANKOOK TIRE AMERICA CORP.'S RESPONSE TO FIRST AMENDED COMPLAINT
CASE NO. 3:23-CV-05748-JD

"evolutionary significant units". As to the remaining allegations in Paragraph 73, the ESA is a federal statute that speaks for itself. Defendant denies any allegation that is inconsistent with the plain language, meaning, and context of the ESA. Paragraph 73 also includes legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

74. The allegations in Paragraph 74, including subparagraphs (a) through (x), seem to pertain to, although Paragraph 74 does not cite, the ESA and NMFS regulations, which are a federal statute and federal regulations that speak for themselves and constitute the best evidence of their contents. To the extent a response is required, Defendant denies any allegation that is inconsistent with the plain language, meaning, and context of the ESA and these regulations. To the extent the allegations in Paragraph 74, including subparagraphs (a) through (x), constitute factual allegations, Defendant lacks sufficient information to form a belief as to the truth of the factual allegations in Paragraph 74 and, on that basis, denies them.

75. Defendant lacks sufficient information to form a belief as to the truth of the factual allegations in Paragraph 75 and, on that basis, denies them.

III. 6PPD-Q IN AQUATIC ENVIRONMENTS

76. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies them.

77. With respect to Paragraph 77, Defendant denies that it includes 6PPD in the tires it distributes. Defendant denies that it manufactures tires.

78. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

79. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

80. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

81. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

82. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

83. Defendant admits that in 2020 research investigating ozonation or oxidation of 6PPD identified a quinone structure for $C_{18}H_{22}N_2O_2$. Defendant lacks sufficient information to form a belief as to the truth of all other allegations in Paragraph 83 and, on that basis, denies them.

84. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, denies them.

85. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, denies them.

86. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies them.

87. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies them.

88. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

89. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies them.

90. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, denies them.

91. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies them.

92. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies them.

93. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, denies them.

94. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies them.

95. Defendant denies that no state currently regulates the presence of 6PPD or 6PPD-q in stormwater. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 95 and, on that basis, denies them.

96. Defendant denies that it adds 6PPD to the tires it distributes. With respect to the allegations in Paragraph 96 consisting of legal argument and legal conclusions, no response is required. To the extent a response is required, Defendant denies those allegations. With respect to the remaining factual allegations in Paragraph 96, Defendant lacks sufficient information to form a belief as to the truth of those allegations and, on that basis, denies them.

97. Defendant denies the allegations in this Paragraph 97.

98. Defendant denies the allegations in this Paragraph 98.

99. Defendant admits that it does not possess a permit under ESA Section 10 pertaining to coho salmon, Chinook salmon, or steelhead trout. Defendant lacks sufficient information to form a belief as to the truth of all other allegations in Paragraph 99 and, on that basis, denies them.

100. Defendant admits that Plaintiffs provided a letter to Defendant dated August 15, 2023. Defendant lacks sufficient information to form a belief as to the truth of the allegation that Plaintiffs submitted a notice of intent to sue letter to the Secretary of Commerce or other defendants. All other allegations in Paragraph 100 comprise legal argument and no response is required. The Endangered Species Act (ESA) is a federal statute that speaks for itself and Defendant denies any allegation that is inconsistent with the plain language, meaning, and context of the ESA.

101. Defendant denies the allegations in Paragraph 101.

## **CLAIM FOR RELIEF**

### VIOLATION OF SECTION 9 OF THE ESA

102. Defendant realleges and incorporates by reference each and every admission and denial set forth above.

103. The allegations in Paragraph 103 comprise legal claims to which no response is required.

-10-
HANKOOK TIRE AMERICA CORP.'S RESPONSE TO FIRST AMENDED COMPLAINT
CASE NO. 3:23-CV-05748-JD

104. The allegations in Paragraph 104 comprise legal claims to which no response is required.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies that it includes 6PPD in tires. The remaining allegations in Paragraph 106 comprise legal claims to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

107. Defendant denies that it includes 6PPD in tires. The remaining allegations in Paragraph 107 comprise legal claims to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**REQUEST FOR RELIEF**

108. The allegations in Paragraph 108 include the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that Plaintiffs are not entitled to relief.

109. The allegations in Paragraph 109 include the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that Plaintiffs are not entitled to relief.

110. The allegations in Paragraph 110 include the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that Plaintiffs are not entitled to relief.

111. The allegations in Paragraph 111 include the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that Plaintiffs are not entitled to relief.

**GENERAL DENIAL**

Except where allegations in the Complaint are specifically, expressly admitted above, Defendant denies each and every allegation stated in the Complaint for the reason that such allegations are untrue or otherwise because Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

**AFFIRMATIVE DEFENSES**

Without admitting any of Plaintiffs' allegations, or agreeing that Defendant bears any burden of proof, Defendant asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

(No Subject Matter Jurisdiction—No Injury-in-Fact)

The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate an injury-in-fact.

**SECOND AFFIRMATIVE DEFENSE**

(No Subject Matter Jurisdiction—Causation)

The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate the cause(s) of Plaintiffs' alleged injuries are fairly traceable to Defendant's actions or omissions.

**THIRD AFFIRMATIVE DEFENSE**

(No Subject Matter Jurisdiction—Redressability)

The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate that Plaintiffs' alleged injuries are redressable by this Court.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim Upon Which Relief Can Be Granted—"Take")

Plaintiffs fail to state a claim under the ESA because they fail to plead a "take" of listed species by Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim Upon Which Relief Can Be Granted – Proximate Cause)

Plaintiffs fail to state a claim under the ESA because they fail to plead their alleged injuries were proximately caused by Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Join a Necessary or Indispensable Party)

Plaintiffs have failed to join numerous necessary or indispensable parties to its action whose participation is required to resolve their claim, including, without limitation, government

agencies, entities or individuals responsible for the design, construction or maintenance of streets, roads, highways, parking lots, alleys or other hard surfaces on which motor vehicles are driven or parked and government agencies or other entities authorized to treat, manage, and/or otherwise control discharges of stormwater into habitats of species or population units subject to Plaintiffs' claims.

## SEVENTH AFFIRMATIVE DEFENSE

(Intervening or Supervening Cause)

Plaintiffs' alleged damages were caused in whole or in part by the superseding intervention of causes outside Defendant's control.

## EIGHTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

Plaintiffs' claims are appropriately dismissed under the exercise of the doctrine of primary jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

(Comparative Fault of Third Parties)

Plaintiffs' alleged damages were caused in whole or in part by the acts or omissions of persons other than Defendant over whom Defendant had no control.

## TENTH AFFIRMATIVE DEFENSE

(Undue Hardship – Prohibiting Use of 6PPD in Tires)

The relief Plaintiffs request would cause undue hardship to the public by preventing Defendants from using a critical safety constituent in tires before a cost-effective viable alternative has been identified, making tires sold in the United States less safe, less durable, and/or more expensive for consumers.

## ELEVENTH AFFIRMATIVE DEFENSE

(Undue Hardship—Requiring Defendants to Manage Stormwater)

The relief Plaintiffs request would cause undue hardship to Defendants by improperly requiring them to perform public agency stormwater management functions.

## TWELFTH AFFIRMATIVE DEFENSE

(Wrong Party)

As to certain or all harm alleged, Plaintiffs have filed suit against the wrong party. Defendant does not manufacture tires and neither controls nor has knowledge of tire formulas or design decisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Compliance with Applicable Product Safety Regulations)

Defendant at all times complied with all applicable product safety statutes and administrative regulations, including, without limitation, the Federal Motor Vehicle Safety Standards (FMVSS) promulgated by the National Highway Traffic Safety Administration. Plaintiffs' claims are barred or preempted, in whole or in part, by federal legislation and regulations governing tires, including, without limitation, the FMVSS. The FMVSS prescribe certain performance standards for tires sold in the United States. The tires alleged to be the subject of this action met or exceeded all applicable performance standards prescribed by NHTSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Uncertainty/Speculative Nature of Relief Requested)

The relief Plaintiffs request is remote, speculative and contingent.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations/Repose)

Plaintiffs' claim is barred by the applicable statute of limitations and/or repose.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

Plaintiffs' claim is barred in whole or in part by the doctrines of comparative and/or contributory fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Right to Add Additional Affirmative Defenses)

Defendant intends to rely upon other affirmative defenses as they become available or apparent during the course of discovery and reserves the right to amend its answer to assert any such defenses.

### **DEFENDANT'S REQUEST FOR RELIEF**

Wherefore, Defendant prays that the Court:

1. Dismiss Plaintiffs' Amended Complaint with prejudice.
2. Deny all relief requested by Plaintiffs.
3. Grant Defendants their costs and fees herein.
4. Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: October 15, 2024     **DLA PIPER LLP (US)**

By: */s/ Adam Baas*
    ADAM BAAS
    ALLEXANDERIA BINGHAM

Attorneys for Defendant
Hankook Tire America Corp.

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper LLP (US), 555 Mission Street, 24th Floor, San Francisco, California 94105. On October 15, 2024, I served a copy of the within document(s):

**DEFENDANT HANKOOK TIRE AMERICA CORP.'S RESPONSE TO FIRST AMENDED COMPLAINT**

☒ **[VIA EMAIL]** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Janette K. Bimmer – jbrimmer@earthjustice.org
Noorulanne Jan – njan@earthjustice.org
Gregory C. Loarie – gloarie@earthjustice.org
Aurora Janke – ajanke@earthjustice.org
Adam Hinz – ahinz@earthjustice.org
Jessica Hann – jhann@earthjustice.org
Henessa Gumiran – hgumiran@earthjustice.org
Susan E. Smith – ssmith@bdlaw.com
Loren Dunn – ldunn@bdlaw.com
W. Parker Moore – pmoore@bdlaw.com
David Fotouhi – dfotouhi@gibsondunn.com
Michael Murphy – mmurphy@gibsondunn.com
Rafe Petersen – rafe.petersen@hklaw.com;

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 15, 2024, at Novato, California.

_Denise Elder_
Denise Elder