Gwendolyn Keyes Fleming (admitted *Pro Hac Vice*)
Gwen.KeyesFleming@us.dlapiper.com
Justin Park (Bar No. 250220)
Justin.Park@us.dlapiper.com
**DLA PIPER LLP (US)**
500 8th Street, NW
Washington, DC 20004
Tel:    202.799.4000
Fax:    202.799.5000

Donghyun Kim (Bar No. 253600)
DK.Kim@us.dlapiper.com
**DLA PIPER LLP (US)**
1201 West Peachtree Street
Suite 2900 Atlanta, GA 30309
Tel:    404 736 7800
Fax:    404 682 7800

*Attorneys for Defendant*
KUMHO TIRE U.S.A., INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, | Case No. 3:23-cv-05748-JD |
| Plaintiffs, | **DEFENDANT KUMHO TIRE U.S.A., INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | Judge:  Hon. James Donato |
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER CO., individually and as successor in interest to COOPER TIRE & RUBBER CO.; HANKOOK TIRE AMERICA CORP.; KUMHO TIRE U.S.A., INC.; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES INC.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS INC.; and YOKOHAMA TIRE CORPORATION, | Complaint Filed:  November 8, 2023<br>First Amended Complaint Filed: December 6, 2023 |
| Defendants. | |

Defendant Kumho Tire U.S.A., Inc. ("Defendant") hereby answers the First Amended Complaint (ECF 19) filed by Plaintiff Institute for Fisheries Resources, et al. on December 6, 2023, as follows:

## **INTRODUCTION**

1. This Paragraph contains characterizations of Plaintiffs' action and legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

2. Defendant denies the allegations in this Paragraph.

3. Defendant denies the allegations in this Paragraph.

4. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

5. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

6. Defendant lacks knowledge or sufficient information to form a belief as to the truth of these allegations in this Paragraph and therefore denies them.

7. Defendant denies the factual allegations contained in the first sentence of this Paragraph. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## **JURISDICTION AND VENUE**

8. This Paragraph contains legal conclusions concerning the Court's jurisdiction to which no response is required. To the extent a response is required, the law speaks for itself.

9. Defendant admits only that Plaintiffs provided a letter to Defendant dated August 15, 2023. Defendant lacks sufficient information to form a belief as to the truth of the allegation that Plaintiffs submitted a notice of intent to sue letter to the Secretary of Commerce or other defendants. All other allegations in this Paragraph contain legal argument to which no response is required.

1    10.    This Paragraph contains legal conclusions to which no response is required. To the

2  extent a response is required, Defendant lacks sufficient information to form a belief as to the truth

3  of the allegations in this Paragraph and therefore denies them.

4                              **DIVISIONAL ASSIGNMENT**

5    11.    This Paragraph contains legal conclusions to which no response is required. To the

6  extent a response is required, Defendant denies the allegations of this Paragraph.

7                                      **PARTIES**

8                                     PLAINTIFFS

9    12.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

10  of the allegations in this Paragraph and therefore denies them.

11    13.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

12  of the allegations in this Paragraph and therefore denies them.

13    14.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

14  of the allegations in this Paragraph and therefore denies them.

15    15.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

16  of the allegations in this Paragraph and therefore denies them.

17    16.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

18  of the allegations in this Paragraph and therefore denies them.

19    17.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

20  of the allegations in this Paragraph and therefore denies them.

21    18.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

22  of the allegations in this Paragraph and therefore denies them.

23    19.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

24  of the allegations in this Paragraph and therefore denies them.

25    20.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

26  of the allegations in this Paragraph and therefore denies them.

27    21.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

28  of the allegations in this Paragraph and therefore denies them.

22.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

23.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

<u>DEFENDANTS</u>

24.     Defendant admits only that it is a distributor of tires in the United States.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

25.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

26.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

27.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

28.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

29.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

30.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

31.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

32.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

33.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

34.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

35.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

36.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

37.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

38.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

39.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

40.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

41.     Defendant admits only that it is a distributor of tires in the United States, that its headquarters are located in Atlanta, Georgia, and that it is registered to do business in California. Defendant denies the remaining allegations of this paragraph.

42.     Defendant admits only that it is a distributor of tires in the United States. Defendant denies that it manufactures tires. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

43.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

44.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

45.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

46.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

47.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

48. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

49. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

50. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

51. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

52. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

53. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

54. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

## LEGAL BACKGROUND

55. The ESA and cases interpreting it constitute federal law and speak for themselves. Defendant denies any allegation in this Paragraph that is inconsistent with the ESA.

56. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in this Paragraph that is inconsistent with the  ESA.

57. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in this Paragraph that is inconsistent with the ESA.

58. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in this Paragraph that is inconsistent with the ESA.

59. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in this Paragraph that is inconsistent with the ESA.

60. The ESA is a federal statute that speaks for itself. Defendant denies any allegation in this Paragraph that is inconsistent with  the ESA.

1    61.    The ESA is a federal statute that speaks for itself. Defendant denies any allegation in

2    this Paragraph that is inconsistent with the ESA.

3    62.    The ESA is a federal statute that speaks for itself. Defendant denies any allegation in

4    this Paragraph that is inconsistent with  the ESA.

5    63.    The ESA is a federal statute that speaks for itself. Defendant denies any allegation in

6    this Paragraph that is inconsistent with the ESA.

7    64.    The ESA is a federal statute that speaks for itself. Defendant denies any allegation in

8    this Paragraph that is inconsistent with the ESA.

9    **FACTUAL BACKGROUND**

10    I.    COHO SALMON, CHINOOK, AND STEELHEAD TROUT

11    65.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

12    of the allegations in this Paragraph and therefore denies them.

13    66.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

14    of the allegations in this Paragraph and therefore denies them.

15    67.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

16    of the allegations in this Paragraph and therefore denies them.

17    68.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

18    of the allegations in this Paragraph and therefore denies them.

19    69.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

20    of the allegations in this Paragraph and therefore denies them.

21    70.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

22    of the allegations in this Paragraph and therefore denies them.

23    71.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

24    of the allegations in this Paragraph and therefore denies them.

25    II.    ESA-PROTECTED SALMONIDS

26    72.    Defendant lacks knowledge or sufficient information to form a belief as to the truth

27    of these allegations in this Paragraph and therefore denies them

28

73.     The allegations of this Paragraph concerning the listing of certain populations of salmon and/or steelhead as endangered or threatened under the ESA constitute conclusions of law to which not response is required.  To the extent a response is required, Defendant denies the such allegations.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining factual allegations in this Paragraph and therefore denies them.

74.     The allegations of this Paragraph and its subparts concerning the listing and/or protection of certain populations of salmon and/or steelhead under the ESA constitute conclusions of law to which not response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.

75.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of these allegations in this Paragraph and therefore denies them.

III.     6PPD-Q IN AQUATIC ENVIRONMENTS

76.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of these allegations in this Paragraph and therefore denies them.

77.     Defendant denies that it manufacturers tires.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

78.     Defendant admits that motor vehicles are generally operated on streets, roads, highways, parking lots, alleys, and similar surfaces.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

79.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

80.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

81.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

82.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

83.     Defendant admits only that in 2020 research investigating ozonation or oxidation of 6PPD identified a quinone structure for $C_{18}H_{22}N_2O_2$. Defendant lacks sufficient information to form a belief as to the truth of all other allegations in Paragraph 83 and, on that basis, denies them.

84.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

85.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

86.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

87.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

88.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

89.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

90.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

91.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

92.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

93.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

94.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

95. Defendant denies that no state currently regulates the presence of 6PPD or 6PPD-q in stormwater. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

96. Defendant denies that it adds 6PPD to the tires it distributes. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

97. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph concerning foreseeability and therefore denies them.

98. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph concerning what constitutes a "take" under the ESA and therefore denies them.

99. Defendant admits that had never applied for, or obtained, an ESA Section 10 incidental take permit from NMFS. Defendant denies that such a permit was required for its distribution of tires.

100. Defendant admits that Plaintiffs provided a letter to Defendant dated August 15, 2023. Defendant lacks sufficient information to form a belief as to the truth of the allegation that Plaintiffs submitted a notice of intent to sue letter to the Secretary of Commerce or other defendants. The remaining allegations of this Paragraph contain legal argument to which no response is required.

101. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that its conduct constitutes a "take" of protected species under the ESA.

## CLAIM FOR RELIEF

### VIOLATION OF SECTION 9 OF THE ESA

102. Defendant realleges and incorporates by reference each and every admission and denial set forth above.

103.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph concerning foreseeability and therefore denies them.

104.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph concerning foreseeability and therefore denies them.

105.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph concerning foreseeability and therefore denies them.

106.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph concerning foreseeability and therefore denies them.

107.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph concerning foreseeability and therefore denies them.

## REQUEST FOR RELIEF

108.     This Paragraph alleges the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that Plaintiffs are not entitled to relief.

109.     This Paragraph alleges the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that Plaintiffs are not entitled to relief

110.     This Paragraph alleges the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that Plaintiffs are not entitled to relief.

111.     This Paragraph alleges the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, Defendant denies the allegations and asserts that Plaintiffs are not entitled to relief.

## GENERAL DENIAL

Except where allegations in the Complaint are specifically, expressly admitted above, Defendant denies each and every allegation stated in the Complaint for the reason that such allegations are untrue or otherwise because Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiffs' allegations, or agreeing that Defendant bears any burden of proof, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

(No Subject Matter Jurisdiction—No Injury-in-Fact)

The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate an injury-in-fact.

### SECOND AFFIRMATIVE DEFENSE

No Subject Matter Jurisdiction—Causation)

The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate the cause(s) of Plaintiffs' alleged injuries are fairly traceable to Defendant's actions or omissions.

### THIRD AFFIRMATIVE DEFENSE

(No Subject Matter Jurisdiction—Redressability)

The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate that Plaintiffs' alleged injuries are redressable by this Court.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can Be Granted—"Take")

Plaintiffs fail to state a claim under the ESA because they fail to plead a "take" of listed species by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can Be Granted – Proximate Cause)

Plaintiffs fail to state a claim under the ESA because they fail to plead their alleged injuries were proximately caused by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Join a Necessary or Indispensable Party)

Plaintiffs have failed to join numerous necessary or indispensable parties to its action whose participation is required to resolve their claim, including, without limitation, government agencies, entities or individuals responsible for the design, construction or maintenance of streets, roads, highways, parking lots, alleys or other hard surfaces on which motor vehicles are driven or parked and government agencies or other entities authorized to treat, manage, and/or otherwise control discharges of stormwater into habitats of species or population units subject to Plaintiffs' claims.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Intervening or Supervening Cause)

Plaintiffs' alleged damages were caused in whole or in part by the superseding intervention of causes outside Defendant's control.

### EIGHT AFFIRMATIVE DEFENSE

#### (Primary Jurisdiction)

Plaintiffs' claims are appropriately dismissed or stayed under the exercise of the doctrine of primary jurisdiction.

### NINTH AFFIRMATIVE DEFENSE

#### (Comparative Fault of Third Parties)

Plaintiffs' alleged damages were caused in whole or in part by the acts or omissions of persons other than Defendant over whom Defendant had no control.

### TENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship – Prohibiting Use of 6PPD in Tires)

The relief Plaintiffs request would cause undue hardship to the public by preventing Defendants from using a critical safety constituent in tires before a cost-effective viable alternative has been identified, making tires sold in the United States less safe, less durable, and/or more expensive for consumers.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Undue Hardship—Requiring Defendants to Manage Stormwater)

The relief Plaintiffs request would cause undue hardship to Defendants by improperly requiring them to perform public agency stormwater management functions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Wrong Party)

Defendant asserts that it is not the proper party to this action. The claims alleged in the complaint are directed at a party other than the Defendant. Defendant states that it functions only as a distributor of tires in the United States and does not conduct manufacturing activities with regard to the tires it distributes.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (False Claims)

Defendant asserts that the claims made by Plaintiffs are false and without merit. The allegations in the complaint are based on incorrect or misleading information.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Applicable Statutes and Regulations)

Plaintiffs' claims are barred, preempted, superseded, or otherwise displaced in whole or in part, by applicable federal legislation and regulations, including, without limitation, Toxic Substances Control Act and the Federal Motor Vehicle Safety Standards.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty/Speculative Nature of Relief Requested)

The relief Plaintiffs request is remote, speculative and contingent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations/Repose)

Plaintiffs' claim is barred by the applicable statute of limitations and/or repose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches/Waiver/Estoppel)

Plaintiffs' claim is barred by the doctrines of laches, waiver, and/or estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

To the extent Plaintiffs seek injunctive relief, their claim is barred because they have an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claim is barred in whole or in part by the doctrines of comparative and/or contributory fault.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Right to Add Additional Affirmative Defenses)

Defendant intends to rely upon other affirmative defenses as they become available or apparent during the course of discovery and reserves the right to amend its answer to assert any such defenses.

## DEFENDANT'S REQUEST FOR RELIEF

Wherefore, Defendant prays that the Court:

1. Dismiss Plaintiffs' Amended Complaint with prejudice.

2. Deny all relief requested by Plaintiffs.

3. Grant Defendants their costs and fees herein.

4. Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: October 15, 2024        **DLA PIPER LLP (US)**

By: */s/ Justin Park*_____
GWENDOLYN KEYES FLEMING
JUSTIN PARK
DONGHYUN KIM

Attorneys for Defendant
Kumho Tire U.S.A., Inc.

I, the undersigned, declare:

I am a citizen of the United States and employed in San Francisco, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is DLA Piper LLP (US), 555 Mission Street, 24th Floor, San Francisco, California 94105.  On October 15, 2024, I served a copy of the within document(s):

**DEFENDANT KUMHO TIRE U.S.A., INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

☒ **[Via Email]** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Janette K. Bimmer – jbrimmer@earthjustice.org

Noorulanne Jan – njan@earthjustice.org

Gregory C. Loarie – gloarie@earthjustice.org

Aurora Janke – ajanke@earthjustice.org

Adam Hinz – ahinz@earthjustice.org

Jessica Hann – jhann@earthjustice.org

Henessa Gumiran – hgumiran@earthjustice.org

Susan E. Smith – ssmith@bdlaw.com

Loren Dunn – ldunn@bdlaw.com

W. Parker Moore – pmoore@bdlaw.com

David Fotouhi –  dfotouhi@gibsondunn.com

Michael Murphy – mmurphy@gibsondunn.com

Rafe Petersen – rafe.petersen@hklaw.com;

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 15, 2024, at Novato, California.

_____
Denise Elder

DLA Piper LLP (US)
Attorneys at Law
Austin

- 1 -