1  Susan E. Smith, (CA Bar No. 329539)
   ssmith@bdlaw.com
2  456 Montgomery Street, Ste. 1800
   San Francisco, CA  94104
3  P: 415-262-4023

4
   Loren R. Dunn, *(pro hac vice)*
5  ldunn@bdlaw.com
   600 University Street, Ste. 1601
6  Seattle, WA  98101
   P: 206-315-4810
7

8  W. Parker Moore *(pro hac vice)*
   pmoore@bdlaw.com
9  1900 N. Street NW, Ste. 100
   Washington, D.C.  20036
10 P: 202-789-6028

11
   *Counsel for Defendants Bridgestone Americas Tire*
12 *Operations, LLC; Continental Tire the Americas, LLC;*
   *GITI Tire (USA), Ltd.; The Goodyear Tire & Rubber*
13 *Company, individually and as successor in interest to*
   *Cooper Tire & Rubber Company; Nokian Tyres Inc.;*
14 *Nokian Tyres U.S. Operations, LLC; Pirelli Tire LLC;*
   *Sumitomo Rubber North America, Inc.; Sumitomo*
15 *Rubber USA, LLC; Toyo Tire Holdings of Americas*
   *Inc.; and Yokohama Tire Corporation.*
16

17
                 **UNITED STATES DISTRICT COURT**
18              **NORTHERN DISTRICT OF CALIFORNIA**

19 INSTITUTE FOR FISHERIES RESOURCES; and
   PACIFIC COAST FEDERATION OF
20 FISHERMEN'S ASSOCIATIONS,                          Case No. 23-cv-05748-JD

21             Plaintiffs,
                                                       **BRIDGESTONE AMERICAS**
22                                                     **TIRE OPERATIONS, LLC**
                                                       **ANSWER TO PLAINTIFFS'**
23        vs.                                          **COMPLAINT FOR**
                                                       **DECLARATORY AND**
24 BRIDGESTONE AMERICAS TIRE OPERATIONS,               **INJUNCTIVE RELIEF**
   LLC; CONTINENTAL TIRE THE AMERICAS,
25 LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR
   TIRE & RUBBER COMPANY, individually and as
26 successor in interest to COOPER TIRE & RUBBER

27
   BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC ANSWER TO
28 PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE
   RELIEF - Case No. 23-cv-05748-JD - Page 1

1  COMPANY; HANKOOK TIRE AMERICA Corp.;
2  KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH
   AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN
3  TYRES U.S. OPERATIONS LLC; PIRELLI TIRE
   LLC; SUMITOMO RUBBER NORTH AMERICA,
4  Inc.; SUMITOMO RUBBER USA, LLC; TOYO
   TIRE HOLDINGS OF AMERICAS Inc.; and
5  YOKOHAMA TIRE Corporation.

6                          Defendants.

7          Defendant Bridgestone Americas Tire Operations, LLC ("Bridgestone") hereby Answers

8  the First Amended Complaint for Declaratory and Injunctive Relief [Dkt. 19] ("FAC") submitted

9  by Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations

10 ("Plaintiffs"). Bridgestone provides its response in the numbered paragraphs below, which

11 correspond to the numbered paragraphs in the FAC. In the responses below, Bridgestone

12 replicates the headings from the FAC. Bridgestone's duplication of these headings does not

13 constitute an admission or response regarding any allegation contained in the headings. Except

14 as expressly admitted herein, Bridgestone denies each and every allegation in Plaintiffs' FAC

15 and denies that Plaintiffs are entitled to any relief.

16                          **ANSWER**

17                        **INTRODUCTION**

18         1.      Bridgestone denies that it causes unlawful "take" of any ESA-protected species of

19 coho salmon (*Onchorhynchus kisutch*), steelhead trout (*Oncorhynchus mykiss*), and Chinook

20 salmon (*Oncorhynchus tshawytscha*) by including N-(1, 3-dimethylbutyl)-N'-phenyl-p-

21 phenylenediamine ("6PPD") in the tires it manufactures and/or distributes. The remaining

22 allegations in Paragraph 1 appear to characterize Plaintiffs' FAC that speaks for itself and is the

23 best evidence of its contents. To the extent the allegations of Paragraph 1 characterize the FAC,

24 that document speaks for itself and is the best evidence of its contents.

25         2.      Bridgestone denies the allegations of Paragraph 2.

26

27

28

3.      The first sentence of Paragraph 3 contains vague and ambiguous references to relative aquatic toxicity of an unidentified set of substances.  Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 3 and therefore denies them.  The second and third sentences of Paragraph 3 contain vague and ambiguous references to alleged presence of 6PPD-q in the aquatic environment and to alleged effects to coho salmon, steelhead trout, and Chinook salmon from exposure to toxic concentrations of 6PPD-q.  Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 3 and therefore denies them.

4.      Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence that "6PPD-q is now found in toxic concentrations in watersheds across the West Coast" and therefore denies them.  Bridgestone denies that any alleged toxic concentrations of 6PPD-q in watersheds across the West Coast are a result of its products.  The second sentence of Paragraph 4 contains vague and ambiguous references to unspecified concentrations of 6PPD-q allegedly confirmed by unidentified scientists in unspecified watersheds in San Francisco, Seattle, and Los Angeles.  Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 4 and therefore denies them.

5.      Paragraph 5 states conclusions of law, to which no response is required.  To the extent Paragraph 5 contains allegations directed at Bridgestone, Bridgestone denies them, and denies that it "discharges" 6PPD-q into waterways.

6.      Bridgestone denies the first sentence of Paragraph 6.  Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence and therefore denies them.

7.      Bridgestone admits that Bridgestone includes 6PPD in its tires as part of the manufacturing process.  Bridgestone otherwise denies the allegations of Paragraph 7. Bridgestone denies that Plaintiffs are entitled to the relief requested in Paragraph 7.

## JURISDICTION AND VENUE

8.      Bridgestone denies that the Court has jurisdiction over this matter.  *See* Defendants' Rule 12(b)(1) Motion to Dismiss and Reply at Dkts. 127, 131.

9.      Paragraph 9 states conclusions of law, to which no response is required. Bridgestone otherwise admits to the allegations of Paragraph 9.

10.     Paragraph 10 states conclusions of law, to which no response is required.  To the extent that Paragraph 10 contains allegations directed at Bridgestone, Bridgestone denies them. Further, Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the residency of Plaintiffs' members and therefore denies them.

## DIVISIONAL ASSIGNMENT

11.     Paragraph 11 states conclusions of law, to which no response is required.

## PARTIES

12.     Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, which purports to characterize Plaintiff Institute for Fisheries Resources ("IFR") as well as its alleged interests and actions, and therefore denies them.

13.     Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, which concern the interests and actions of Plaintiff IFR, and therefore denies those allegations.

14.     Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, which concern the interests and actions of Plaintiff IFR, and therefore denies those allegations.

15.     Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, which purports to characterize Plaintiff Pacific Coast Federation of Fishermen's Associations ("PCFFA") as well as its alleged interests and actions, and therefore denies those allegations.

16.     Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, which concern the interests and actions of Plaintiff PCFFA, and therefore denies those allegations.

17.     Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, which concern the interests and actions of Plaintiff PCFFA, and therefore denies those allegations.

18.     Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, which concern the interests and actions of the Plaintiffs, and therefore denies those allegations.

19.     Paragraph 19 contains conclusions of law, to which no response is required.  To the extent Paragraph 19 contains allegations directed at Bridgestone, Bridgestone denies them. Further, Bridgestone lacks knowledge or information sufficient to form a belief as to the allegations that Plaintiffs rely on the presence and abundance of salmonids to carry out their organizational missions, and therefore deny them.

20.     Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, which concerns the actions of Plaintiffs, and therefore denies them.  To the extent Paragraph 20 contains allegations directed at Bridgestone, Bridgestone denies them.

21.     Bridgestone denies 6PPD kills salmonids and denies that Bridgestone has engaged in an unauthorized take.  Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, which are not directed at Bridgestone.  Bridgestone therefore denies those allegations.

22.     Bridgestone denies that "The financial and cultural interests of IFR, PCFFA, and their members (and the fishing-dependent communities those members live in) are severely impaired by the inclusion of 6PPD in tires." Bridgestone denies that its "inclusion of 6PPD in tires is the direct, traceable cause of the harm that members of IFR and PCFFA are suffering and will suffer, because the inclusion of 6PPD in tires is causing or contributing to mass die-offs off dozens of stocks of the endangered salmonids on which the commercial fish harvesters IFR and PCFFA serve must rely." Bridgestone lacks knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 22, which are not directed at Bridgestone. Bridgestone therefore denies those allegations.

23.     Paragraph 23 states conclusions of law, to which no response is required. Bridgestone further states that Plaintiffs' alleged injuries are not redressable. *See* Defendants' Rule 12(b)(1) Motion to Dismiss and Reply at Dkts 127,131.

24.     Bridgestone admits that it is a Delaware limited liability corporation with its principal place of business at 200 4th Avenue South, Nashville, Tennessee 37201. Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the interests and actions of codefendants listed in Paragraph 24 and therefore denies them. Bridgestone admits that the tires of all codefendants make up approximately 80% of the domestic United States tire market.

25.     The use of "subsidiaries" in the fifth sentence is confusing. Bridgestone admits the allegations of Paragraph 25.

26.     Bridgestone admits that it manufactures tires containing 6PPD and that it distributes a portion of those tires in the United States and in California. Bridgestone otherwise denies the allegations of Paragraph 26.

27.     The allegations in Paragraph 27 are not directed at Bridgestone and, as such, no response is required.

28.     The allegations in Paragraph 28 are not directed at Bridgestone and, as such, no response is required.

29.     The allegations in Paragraph 29 are not directed at Bridgestone and, as such, no response is required.

30.     The allegations in Paragraph 30 are not directed at Bridgestone and, as such, no response is required.

31.     The allegations in Paragraph 31 are not directed at Bridgestone and, as such, no response is required.

32.     The allegations in Paragraph 32 are not directed at Bridgestone and, as such, no response is required.

33.     The allegations in Paragraph 33 are not directed at Bridgestone and, as such, no response is required.

34.     The allegations in Paragraph 34 are not directed at Bridgestone and, as such, no response is required.

35.     The allegations in Paragraph 35 are not directed at Bridgestone and, as such, no response is required.

36.     The allegations in Paragraph 36 are not directed at Bridgestone and, as such, no response is required.

37.     The allegations in Paragraph 37 are not directed at Bridgestone and, as such, no response is required.

38.     The allegations in Paragraph 38 are not directed at Bridgestone and, as such, no response is required.

39.     The allegations in Paragraph 39 are not directed at Bridgestone and, as such, no response is required.

40.     The allegations in Paragraph 40 are not directed at Bridgestone and, as such, no response is required.

41.     The allegations in Paragraph 41 are not directed at Bridgestone and, as such, no response is required.

42.     The allegations in Paragraph 42 are not directed at Bridgestone and, as such, no response is required.

43.     The allegations in Paragraph 43 are not directed at Bridgestone and, as such, no response is required.

44.     The allegations in Paragraph 44 are not directed at Bridgestone and, as such, no response is required.

45.     The allegations in Paragraph 45 are not directed at Bridgestone and, as such, no response is required.

46.     The allegations in Paragraph 46 are not directed at Bridgestone and, as such, no response is required.

47.     The allegations in Paragraph 47 are not directed at Bridgestone and, as such, no response is required.

48.     The allegations in Paragraph 48 are not directed at Bridgestone and, as such, no response is required.

49.     The allegations in Paragraph 49 are not directed at Bridgestone and, as such, no response is required.

50.     The allegations in Paragraph 50 are not directed at Bridgestone and, as such, no response is required.

51.     The allegations in Paragraph 51 are not directed at Bridgestone and, as such, no response is required.

52.     The allegations in Paragraph 52 are not directed at Bridgestone and, as such, no response is required.

53.     The allegations in Paragraph 53 are not directed at Bridgestone and, as such, no response is required.

54.     The allegations in Paragraph 54 are not directed at Bridgestone and, as such, no response is required.

**LEGAL BACKGROUND**

55.     Paragraph 55 purports to characterize the Endangered Species Act ("ESA") and quote *Tenn. Valley Auth. v. Hill*, both of which speak for themselves and are the best evidence of their contents, and Bridgestone denies the allegations to the extent they are inconsistent with the ESA or the decision, 437 U.S. 153 (1978).

56.     Paragraph 56 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Bridgestone denies the allegations to the extent they are inconsistent with the statute.

57.     Paragraph 57 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Bridgestone denies the allegations to the extent they are inconsistent with the statute.

58.     Paragraph 58 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Bridgestone denies the allegations to the extent they are inconsistent with the statute.

59.     Paragraph 59 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Bridgestone denies the allegations to the extent they are inconsistent with the statute.

60.     Paragraph 60 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Bridgestone denies the allegations to the extent they are inconsistent with the statute.

61.     Paragraph 61 purports to characterize the ESA and the regulations of the National Marine Fisheries Service's ("NMFS") under the ESA, which speaks for themselves and are the best evidence of their contents, and Bridgestone denies the allegations to the extent they are inconsistent with the statute.

62.     Paragraph 62 purports to characterize NMFS regulations promulgated under Section 4(d) of the ESA, which speaks for themselves and are the best evidence of their contents. Paragraph 62 does not quote the "4(d) rules" as asserted, but rather the preambles to those regulations.  Bridgestone denies the allegations to the extent they are inconsistent with the cited preambles or the NMFS regulations associated with them, or the statute.

63.     Paragraph 63 purports to characterize Section 10(a)(1) of the ESA, which speaks for itself and is the best evidence of its contents, and Bridgestone denies the allegations to the extent they are inconsistent with the statute.

64.     Paragraph 64 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Bridgestone denies the allegations to the extent they are inconsistent with the statute.

## FACTUAL BACKGROUND

### I.     COHO SALMON, CHINOOK, AND STEELHEAD TROUT

65.     The allegations of Paragraph 65 are factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies the same.

66.     The allegations of Paragraph 66 are factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies the same.

67.     The allegations of Paragraph 67 are factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies the same.

68.     The allegations of Paragraph 68 are factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies the same.

69.     The allegations of Paragraph 69 are factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies the same.

70.     The allegations of Paragraph 70 are factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies the same.

71.     The allegations of Paragraph 71 are factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies the same.

## II.     ESA-PROTECTED SALMONIDS

72.     The allegations of Paragraph 72 are factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies the same.

73.     Bridgestone admits that NMFS has listed populations of salmonids as threatened or endangered under the ESA.  The remainder of the first sentence purports to characterize NMFS's rationale for listing each of those populations as threatened or endangered under the ESA.  Bridgestone is without knowledge or information sufficient to form a belief as to the truth regarding NMFS's rationale for those listing decision and therefore denies those allegations.  The second and third sentences of Paragraph 73 characterize administrative actions of NMFS of which Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies them.  The third sentence of Paragraph 73 also characterizes the ESA's definition of "species", which speaks for itself and is the best evidence of its contents, and Bridgestone denies the allegations in the third sentence to the extent they are inconsistent with the statute.  Bridgestone admits the allegations in the fourth sentence of Paragraph 73.

74.     The beginning of paragraph 74 is a prefatory header, which requires no response.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(a) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations of Paragraph 74(a) to the extent that they are inconsistent with this regulation.

(b) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations of Paragraph 74(b) to the extent that they are inconsistent with this regulation.

(c) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations of Paragraph 74(c) to the extent that they are inconsistent with this regulation.

(d)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations of Paragraph 74(d) to the extent that they are inconsistent with this regulation.

(e)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations of Paragraph 74(e) to the extent that they are inconsistent with this regulation.

(f)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(f) to the extent that they are inconsistent with this regulation.

(g)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the

best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(g) to the extent that they are inconsistent with this regulation.

(h)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(h) to the extent that they are inconsistent with this regulation.

(i)   Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(i) to the extent that they are inconsistent with this regulation.

(j)   Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(j) to the extent that they are inconsistent with this regulation.

(k)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(k) to the extent that they are inconsistent with this regulation.

(l)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(l) to the extent that they are inconsistent with this regulation.

(m) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(m) to the extent that they are inconsistent with this regulation.

(n) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(n) to the extent that they are inconsistent with this regulation.

(o) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(o) to the extent that they are inconsistent with this regulation.

(p) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(p) to the extent that they are inconsistent with this regulation.

(q) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(q) to the extent that they are inconsistent with this regulation.

(r) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(r) to the extent that they are inconsistent with this regulation.

(s) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(s) to the extent that they are inconsistent with this regulation.

(t) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the

best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(t) to the extent that they are inconsistent with this regulation.

(u) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(u) to the extent that they are inconsistent with this regulation.

(v) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(v) to the extent that they are inconsistent with this regulation.

(w) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(w) to the extent that they are inconsistent with this regulation.

(x) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Bridgestone denies the allegations in Paragraph 74(x) to the extent that they are inconsistent with this regulation.

75.    The first sentence of Paragraph 75 makes unsupported claims regarding NMFS's views concerning each of the 24 listed populations of salmonids.  Bridgestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 75, and therefore denies them.  To the extent that the first sentence of Paragraph 75 refers to NMFS's listing decisions, those decisions are agency regulations, which speak for themselves.  The second sentence of Paragraph 75 is too vague and ambiguous to permit a response because it does not specify any particular stormwater runoff, and Bridgestone denies the second sentence of Paragraph 75 on that basis.

1

### III.    6PPD-Q IN AQUATIC ENVIRONMENTS

2

76.    Bridgestone admits that 6PPD is used in tires as an antidegradant, protecting the

3

components of tires designed for on-road usage from attack by ozone, oxygen, thermal

4

degradation, and mechanical fatigue.  Bridgestone otherwise denies the allegations of Paragraph

5

76.

6

77.    Bridgestone admits that tires it manufactures and/or distributes for on-road usage

7

contain 6PPD.  Bridgestone otherwise denies the allegations in Paragraph 77.

8

78.    Bridgestone lacks knowledge or information sufficient to form a belief as to the

9

allegations of Paragraph 78 and therefore denies them.

10

79.    Paragraph 79 contains vague and ambiguous statements regarding hydrologic

11

mechanisms of 6PPD and 6PPD-q entering unspecified aquatic environments, but provides no

12

specificity regarding surfaces, environments, or any other conditions.  Bridgestone lacks

13

knowledge or information sufficient to form a belief as to the allegations of Paragraph 79 and

14

therefore denies them.

15

80.    Paragraph 80 contains vague and ambiguous statements regarding unidentified

16

scientists' observation of alleged symptoms of "acute toxic poisoning" of certain coho salmon in

17

unspecified locations and unidentified scientists' characterization of those symptoms as "Urban

18

Runoff Mortality Syndrome."  Bridgestone lacks knowledge and information sufficient to form a

19

belief as to the allegations of Paragraph 80 and therefore denies them.  To the extent that the

20

allegations in Paragraph 80 are based on or derived from documents, those documents speak for

21

themselves and are the best evidence of their contents.

22

81.    Paragraph 81 contains vague and ambiguous statements regarding unidentified

23

scientists' identification of a positive correlation between stormwater runoff and coho mortality.

24

Bridgestone lacks knowledge or information sufficient to form a belief as to the allegations of

25

Paragraph 81 and therefore denies them.  To the extent that the allegations in Paragraph 81 are

26

27

28

based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

82.   Paragraph 82 is too vague and ambiguous to permit a response because it references no observers, specific time frame, or geographic locations, and Bridgestone denies the allegations on that basis.

83.   Paragraph 83 purports to rely on a 2020 study regarding prespawn mortality in coho salmon.  To the extent the allegations of Paragraph 83 are based on or derived from that study, the study speaks for itself and is the best evidence of its contents.

84.   Paragraph 84 is too vague and ambiguous to permit a response because it references no studies, geographic locations, environments, or other specifics, and Bridgestone denies the allegations on that basis.  Bridgestone denies that tires are the only source of 6PPD-q in urban runoff to aquatic environments.  To the extent the allegations of Paragraph 84 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

85.   Paragraph 85 is too vague and ambiguous to permit a response because it references no studies, geographic or laboratory locations, or other specifics, and Bridgestone denies the allegations on that basis.  To the extent the allegations of Paragraph 85 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

86.   Paragraph 86 is too vague and ambiguous to permit a response because it does not reference studies, species of fish, types of recovery, or other specifics, and Bridgestone denies the allegations on that basis.  To the extent the allegations of Paragraph 86 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

87.   Paragraph 87 contains vague and ambiguous statements concerning the alleged lethal concentration of 6PPD-q for coho salmon, interpretation of the toxicity of 6PPD-q to coho

1    salmon relative to other compounds, and the specific results of a single, uncited experiment.

2    Bridgestone lacks knowledge or information sufficient to form a belief as to the allegations of

3    Paragraph 87 and therefore denies them.  To the extent the allegations of Paragraph 87 are based

4    on or derived from documents, those documents speak for themselves and are the best evidence

5    of their contents.

6            88.    Paragraph 88 contains vague and ambiguous statements concerning the alleged

7    lethal concentration of 6PPD-q for rainbow and steelhead trout, the effect of life history

8    differences, and mortality data.  Bridgestone lacks knowledge or information sufficient to form a

9    belief as to the allegations of Paragraph 88 and therefore denies them.  To the extent the

10   allegations of Paragraph 88 are based on or derived from documents, those documents speak for

11   themselves and are the best evidence of their contents.

12           89.    The first, second, and third sentences of Paragraph 89 contain vague and

13   ambiguous statements regarding the alleged vulnerability of Chinook salmon to 6PPD-q, lethal

14   concentration values, and mortality rates when exposed to stormwater.  Bridgestone lacks

15   knowledge or information sufficient to form a belief as to the allegations of the first, second, and

16   third sentences of Paragraph 89 and therefore denies them.  The fourth sentence of paragraph 89

17   is too vague and ambiguous to permit a response because it alleges generally that there are

18   "likely sublethal effects" to Chinook salmon from exposure to 6PPD-q, and Bridgestone denies

19   the allegation on that basis.  To the extent the allegations of Paragraph 89 are based on or derived

20   from documents, those documents speak for themselves and are the best evidence of their

21   contents.

22           90.    Paragraph 90 is too vague and ambiguous to permit a response because it states

23   generally that salmonids are at risk of harm from exposure to 6PPD-q "during migration and at

24   their spawning destinations" without providing any geographic, temporal, or other specifics, and

25   Bridgestone denies the allegation on that basis.

26

27

28

91.     Bridgestone denies the allegations in the first sentence of Paragraph 91.  The second, third, and fourth sentences contain vague and ambiguous statements referencing unspecified studies and their conclusions.  Bridgestone lacks knowledge or information sufficient to form a belief as to the allegations of the second, third, and fourth sentences of Paragraph 91 and therefore denies them.  To the extent the allegations of Paragraph 91 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

92.     Paragraph 92 is too vague and ambiguous to permit a response because it opines on complex effects of 6PPD-q on the food chain and toxicity to other species with little to no specificity, and Bridgestone denies the allegations on that basis.

93.     The first sentence of Paragraph 93 is too vague and ambiguous to permit a response because it purports unspecified harms from 6PPD-q to countless species, while admitting extensive studies do not exist, and Bridgestone denies the allegations on that basis. The second sentence of Paragraph 93 contains a vague and ambiguous statement regarding a single, unidentified study purporting to find that 6PPD-q can cause risks of developmental abnormalities or birth defects.  Bridgestone lacks knowledge or information sufficient to form a belief as to the allegations of the second sentence of Paragraph 93 and therefore denies them.  To the extent the allegations of Paragraph 93 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

94.     Bridgestone denies the first sentence of Paragraph 94.  The second and third sentence of Paragraph 94 allege purported environmental concentrations of 6PPD-q in three general urban "regions" and ties these concentrations to unspecified lethal and sublethal effects on salmonids.  Bridgestone lacks knowledge or information sufficient to form a belief as to the allegations of the second and third sentences of Paragraph 94 and therefore denies them.  To the extent the allegations of the second and third sentence of paragraph 94 are based on or derived

from documents, those documents speak for themselves and are the best evidence of their contents.

95.     The first sentence of Paragraph 95 contains factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies them.  The second sentence of Paragraph 95 contains a conclusion of law, to which no response is required.

96.     Bridgestone admits that Bridgestone includes 6PPD in its tires as part of the manufacturing process.  Bridgestone denies the allegations in the second sentence of Paragraph 96.  The third sentence of Paragraph 96 contains factual allegations not directed at Bridgestone such that Bridgestone is without knowledge or information sufficient to form a belief as to the truth, and therefore, Bridgestone denies them.  The third sentence of Paragraph 96 contains a conclusion of law, to which no response is required.

97.     Paragraph 97 states conclusions of law, to which no response is required.

98.     Bridgestone denies the allegations of Paragraph 98.

99.     Bridgestone admits that it does not have "a permit under ESA Section 10, 16 U.S.C. § 1539(a), to lawfully incidentally 'take' ESA-listed coho salmon, Chinook salmon, or steelhead trout" but denies that it would be eligible to apply for such a permit.

100.    Bridgestone admits the first sentence of Paragraph 100 to the extent that Plaintiffs sent a Notice letter to Bridgestone dated August 15, 2023, which speaks for itself and is the best evidence of its contents.  To the extent that Paragraph 100 or the letter it references otherwise contain allegations, Bridgestone denies them.  The second sentence of Paragraph 100 characterizes the ESA, which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 100 also states conclusions of law, to which no response is required.

101.    Bridgestone denies the allegations of Paragraph 101.

1

**CLAIM FOR RELIEF – VIOLATION OF SECTION 9 OF THE ESA**

2      102.    Paragraph 102 incorporates the prior paragraphs of the FAC.  Bridgestone

3  incorporates by reference its responses to these Paragraphs.

4      103.    Paragraph 103 characterizes the ESA, which speaks for itself and is the best

5  evidence of its contents, and Bridgestone denies the allegations to the extent that they are

6  inconsistent with the statute.

7      104.    Paragraph 104 characterizes actions of NFMS under its regulatory authority,

8  which speak for themselves, and Bridgestone denies the allegations to the extent that they are

9  inconsistent with any such actions or the statute.

10      105.    Bridgestone denies the allegations of Paragraph 105.

11      106.    Bridgestone denies the allegations of Paragraph 106.

12      107.    Bridgestone denies the allegations of Paragraph 107.

13

**REQUEST FOR RELIEF**

14      108.    Bridgestone denies that Plaintiffs are entitled to the relief requested in Paragraph

15  108.

16      109.    Bridgestone denies that Plaintiffs are entitled to the relief requested in Paragraph

17  109.

18      110.    Bridgestone denies that Plaintiffs are entitled to the relief requested in Paragraph

19  110.

20      111.    Bridgestone denies that Plaintiffs are entitled to any relief whatsoever from

21  Bridgestone.

22

**GENERAL DENIAL**

23      112.    Except where allegations in the Complaint are specifically, expressly admitted

24  above, Bridgestone denies each and every allegation stated in the Complaint for the reason that

25  such allegations are untrue or otherwise because Bridgestone is without knowledge or

26  information sufficient to form a belief as to the truth or falsity of the allegations.

27

28

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiffs lack Article III standing.

2.      Plaintiffs do not have prudential standing.

3.      Plaintiffs fail to state a claim because there is no proximate cause under the ESA.

4.      The Court lacks jurisdiction over remedies sought by Plaintiffs.

5.      Plaintiffs have failed to join an indispensable party.

6.      Plaintiffs' claims are barred because of the doctrine of primary jurisdiction.

7.      Plaintiffs have failed to state a claim upon which relief may be granted because inclusion of a chemical as part of the manufacturing process does not constitute a "take."

8.      Bridgestone reserves the right to amend this answer in order to add additional defenses or affirmative defenses as further information about the nature and extent of Plaintiffs' claims may be developed during litigation.

## PRAYER FOR RELIEF

Consistent with the Answer, General Denial, and Affirmative Defenses stated above, Bridgestone requests that this Court:

1.      Dismiss Plaintiffs' Amended Complaint with prejudice or otherwise deny all of Plaintiffs' causes of action and requests for relief as against Bridgestone; and

2.      Grant any other relief that the Court determines to be just and reasonable.


Respectfully submitted this 15th day of October, 2024.


**Beveridge & Diamond P.C.**

By: */s/ Loren R. Dunn*
Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA  98101
P: 206-315-4810

Susan E. Smith, (CA Bar No. 329539)
ssmith@bdlaw.com
456 Montgomery Street, Ste. 1800
San Francisco, CA  94104
P: 415-262-4023

W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com
1900 N. Street NW, Ste. 100
Washington, D.C.  20036
P: 202-789-6028

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 15th day of October, 2024.

/s/Jessica Durrant
Jessica Durrant, Paralegal
on behalf of Loren R. Dunn