1  Susan E. Smith, (CA Bar No. 329539)
   ssmith@bdlaw.com
2  456 Montgomery Street, Ste. 1800
   San Francisco, CA 94104
3  P: 415-262-4023

4
   Loren R. Dunn, *(pro hac vice)*
5  ldunn@bdlaw.com
   600 University Street, Ste. 1601
6  Seattle, WA 98101
   P: 206-315-4810
7

8  W. Parker Moore *(pro hac vice)*
   pmoore@bdlaw.com
9  1900 N. Street NW, Ste. 100
   Washington, D.C. 20036
10 P: 202-789-6028

11
   *Counsel for Defendants Bridgestone Americas Tire*
12 *Operations, LLC; Continental Tire the Americas, LLC;*
   *GITI Tire (USA), Ltd.; The Goodyear Tire & Rubber*
13 *Company, individually and as successor in interest to*
   *Cooper Tire & Rubber Company; Nokian Tyres Inc.;*
14 *Nokian Tyres U.S. Operations, LLC; Pirelli Tire LLC;*
   *Sumitomo Rubber North America, Inc.; Sumitomo*
15 *Rubber USA, LLC; Toyo Tire Holdings of Americas*
   *Inc.; and Yokohama Tire Corporation.*
16

17
18                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**

19 INSTITUTE FOR FISHERIES RESOURCES; and          Case No. 23-cv-05748-JD
   PACIFIC COAST FEDERATION OF
20 FISHERMEN'S ASSOCIATIONS,                        **PIRELLI TIRE LLC'S**
                                                    **ANSWER TO PLAINTIFFS'**
21                Plaintiffs,                       **COMPLAINT FOR**
                                                    **DECLARATORY AND**
22                                                  **INJUNCTIVE RELIEF**

23        vs.

24 BRIDGESTONE AMERICAS TIRE OPERATIONS,
   LLC; CONTINENTAL TIRE THE AMERICAS,
25 LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR
   TIRE & RUBBER COMPANY, individually and as
26 successor in interest to COOPER TIRE & RUBBER
   COMPANY; HANKOOK TIRE AMERICA Corp.;
27 KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH

28 PIRELLI TIRE LLC'S ANSWER TO PLAINTIFFS' COMPLAINT FOR
   DECLARATORY AND INJUNCTIVE RELIEF - Case No. 23-cv-05748-JD - Page 1

AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.

Defendants.

Defendant Pirelli Tire LLC ("Pirelli Tire") hereby Answers the First Amended Complaint for Declaratory and Injunctive Relief [Dkt. 19] ("FAC") submitted by Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations ("Plaintiffs"). Pirelli Tire provides its response in the numbered paragraphs below, which correspond to the numbered paragraphs in the FAC. In the responses below, Pirelli Tire replicates the headings from the FAC. Pirelli Tire's duplication of these headings does not constitute an admission or response regarding any allegation contained in the headings. Except as expressly admitted herein, Pirelli Tire denies each and every allegation in Plaintiffs' FAC and denies that Plaintiffs are entitled to any relief.

## ANSWER

### INTRODUCTION

1.      Pirelli Tire denies that it causes an unlawful "take" of any ESA-protected species of coho salmon (*Onchorhynchus kisutch*), steelhead trout (*Oncorhynchus mykiss*), and Chinook salmon (*Oncorhynchus tshawytscha*) by including N-(1, 3-dimethylbutyl)-N'-phenyl-p-phenylenediamine ("6PPD") in the tires it manufactures and/or distributes. The remaining allegations in Paragraph 1 summarize allegations made elsewhere in the complaint, to which Pirelli Tire responds elsewhere in this answer.

2.      Pirelli Tire denies the allegations of Paragraph 2.

3.      The first sentence of Paragraph 3 contains vague and ambiguous references to relative aquatic toxicity of an unidentified set of substances. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of

Paragraph 3. The second and third sentences of Paragraph 3 contain vague and ambiguous references to alleged presence of 6PPD-q in the aquatic environment and to alleged effects on coho salmon, steelhead trout, and Chinook salmon from exposure to toxic concentrations of 6PPD-q. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 3.

4. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence that "6PPD-q is now found in toxic concentrations in watersheds across the West Coast." Pirelli Tire denies that any alleged toxic concentrations of 6PPD-q in watersheds across the West Coast are a result of its products. The second sentence of Paragraph 4 contains vague and ambiguous references to unspecified concentrations of 6PPD-q allegedly confirmed by unidentified scientists in unspecified watersheds in San Francisco, Seattle, and Los Angeles. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 4.

5. Paragraph 5 states conclusions of law, to which no response is required. To the extent Paragraph 5 contains allegations directed at Pirelli Tire, Pirelli Tire denies them, and denies that it "discharges" 6PPD-q into waterways.

6. Pirelli Tire denies the first sentence of Paragraph 6. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence.

7. Pirelli Tire admits that the tires it manufactures contain 6PPD. Pirelli Tire otherwise denies the allegations of Paragraph 7. Pirelli Tire denies that Plaintiffs are entitled to the relief requested in Paragraph 7.

**JURISDICTION AND VENUE**

8. Pirelli Tire denies that the Court has jurisdiction over this matter. *See* Defendants' Rule 12(b)(1) Motion to Dismiss and Reply at Dkts. 127, 131.

9. Paragraph 9 states conclusions of law, to which no response is required. Pirelli Tire admits the factual allegations in Paragraph 9.

1   10.   Paragraph 10 states conclusions of law, to which no response is required.  To the

2   extent that Paragraph 10 contains allegations directed at Pirelli Tire, Pirelli Tire denies them.

3   Further, Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of

4   allegations regarding the residency of Plaintiffs' members.

**DIVISIONAL ASSIGNMENT**

6   11.   Paragraph 11 states conclusions of law, to which no response is required.  To the

7   extent Paragraph 11 contains allegations directed at Pirelli Tire, Pirelli Tire denies them.

**PARTIES**

9   12.   Pirelli Tire lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegations in Paragraph 12, which characterizes Plaintiff Institute for Fisheries

11  Resources ("IFR") as well as its alleged interests and actions, and therefore denies them.

12  13.   Pirelli Tire lacks knowledge or information sufficient to form a belief as to the

13  truth of the allegations in Paragraph 13, which concern the interests and actions of Plaintiff IFR,

14  and therefore denies those allegations.

15  14.   Pirelli Tire lacks knowledge or information sufficient to form a belief as to the

16  truth of the allegations in Paragraph 14, which concern the interests and actions of Plaintiff IFR,

17  and therefore denies those allegations.

18  15.   Pirelli Tire lacks knowledge or information sufficient to form a belief as to the

19  truth of the allegations in Paragraph 15, which characterizes Plaintiff Pacific Coast Federation of

20  Fishermen's Associations ("PCFFA") as well as its alleged interests and actions, and therefore

21  denies those allegations.

22  16.   Pirelli Tire lacks knowledge or information sufficient to form a belief as to the

23  truth of the allegations in Paragraph 16, which concern the interests and actions of Plaintiff

24  PCFFA, and therefore denies those allegations.

17.     Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, which concern the interests and actions of Plaintiff PCFFA, and therefore denies those allegations.

18.     Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, which concern the interests and actions of the Plaintiffs, and therefore denies those allegations.

19.     Paragraph 19 contains conclusions of law, to which no response is required.  To the extent Paragraph 19 contains allegations directed at Pirelli Tire, Pirelli Tire denies them. Further, Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs rely on the presence and abundance of salmonids to carry out their organizational missions.

20.     Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, which concerns the actions of Plaintiffs, and therefore denies them.  To the extent Paragraph 20 contains allegations directed at Pirelli Tire, Pirelli Tire denies them.

21.     Pirelli Tire denies that 6PPD kills salmonids and denies that Pirelli Tire has engaged in an unauthorized take.  Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, which are not directed at Pirelli Tire.  Pirelli Tire therefore denies those allegations.

22.     Pirelli Tire denies that "[t]he financial and cultural interests of IFR, PCFFA, and their members (and the fishing-dependent communities those members live in) are severely impaired by the inclusion of 6PPD in tires."  Pirelli Tire denies that its "inclusion of 6PPD in tires is the direct, traceable cause of the harm that members of IFR and PCFFA are suffering and will suffer, because the inclusion of 6PPD in tires is causing or contributing to mass die-offs off dozens of stocks of the endangered salmonids on which the commercial fish harvesters IFR and PCFFA serve must rely."  Pirelli Tire lacks knowledge or information to form a belief as to the

truth of the remaining allegations of Paragraph 22, which are not directed at Pirelli Tire. Pirelli Tire therefore denies those allegations.

23. Paragraph 23 states conclusions of law, to which no response is required, but to the extent the Court requires a response, the allegations are denied. Pirelli Tire further states that Plaintiffs' alleged injuries are not redressable. *See* Defendants' Rule 12(b)(1) Motion to Dismiss and Reply at Dkts. 127, 131.

24. Pirelli Tire admits that it is a tire company in the United States. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the interests and actions of codefendants listed in Paragraph 24. Pirelli Tire admits that the tires of all codefendants make up approximately 80% of the domestic United States tire market.

25. The allegations in Paragraph 25 are not directed at Pirelli Tire and, as such, no response is required.

26. The allegations in Paragraph 26 are not directed at Pirelli Tire and, as such, no response is required.

27. The allegations in Paragraph 27 are not directed at Pirelli Tire and, as such, no response is required.

28. The allegations in Paragraph 28 are not directed at Pirelli Tire and, as such, no response is required.

29. The allegations in Paragraph 29 are not directed at Pirelli Tire and, as such, no response is required.

30. The allegations in Paragraph 30 are not directed at Pirelli Tire and, as such, no response is required.

31. The allegations in Paragraph 31 are not directed at Pirelli Tire and, as such, no response is required.

32. The allegations in Paragraph 32 are not directed at Pirelli Tire and, as such, no response is required.

33. The allegations in Paragraph 33 are not directed at Pirelli Tire and, as such, no response is required.

34. The allegations in Paragraph 34 are not directed at Pirelli Tire and, as such, no response is required.

35. The allegations in Paragraph 35 are not directed at Pirelli Tire and, as such, no response is required.

36. The allegations in Paragraph 36 are not directed at Pirelli Tire and, as such, no response is required.

37. The allegations in Paragraph 37 are not directed at Pirelli Tire and, as such, no response is required.

38. The allegations in Paragraph 38 are not directed at Pirelli Tire and, as such, no response is required.

39. The allegations in Paragraph 39 are not directed at Pirelli Tire and, as such, no response is required.

40. The allegations in Paragraph 40 are not directed at Pirelli Tire and, as such, no response is required.

41. The allegations in Paragraph 41 are not directed at Pirelli Tire and, as such, no response is required.

42. The allegations in Paragraph 42 are not directed at Pirelli Tire and, as such, no response is required.

43. The allegations in Paragraph 43 are not directed at Pirelli Tire and, as such, no response is required.

44. The allegations in Paragraph 44 are not directed at Pirelli Tire and, as such, no response is required.

45. Pirelli Tire admits that it is an indirect North American subsidiary of Italian tire manufacturer Pirelli & C. S.p.A. Pirelli Tire admits that its headquarters are in Rome, Georgia.

Pirelli Tire admits that it manufactures tires for passenger vehicles and light trucks. Pirelli Tire admits that it is registered to do business in California and has a registered agent in California. Pirelli Tire denies that "Pirelli Tire North America" is a formal or recognized business entity. Pirelli Tire, admits, however, that it is aware that it has sometimes incorrectly been referred to as "Pirelli Tire North America."

46. Pirelli Tire admits that it manufactures tires containing 6PPD. Pirelli Tire admits that it distributes tires containing 6PPD in the United States, including in California. Pirelli Tire admits that all the tires it manufactures and distributes contain 6PPD.

47. The allegations in Paragraph 47 are not directed at Pirelli Tire and, as such, no response is required.

48. The allegations in Paragraph 48 are not directed at Pirelli Tire and, as such, no response is required.

49. The allegations in Paragraph 49 are not directed at Pirelli Tire and, as such, no response is required.

50. The allegations in Paragraph 50 are not directed at Pirelli Tire and, as such, no response is required.

51. The allegations in Paragraph 51 are not directed at Pirelli Tire and, as such, no response is required.

52. The allegations in Paragraph 52 are not directed at Pirelli Tire and, as such, no response is required.

53. The allegations in Paragraph 53 are not directed at Pirelli Tire and, as such, no response is required.

54. The allegations in Paragraph 54 are not directed at Pirelli Tire and, as such, no response is required.

**LEGAL BACKGROUND**

55.     Paragraph 55 characterizes the Endangered Species Act ("ESA") and quotes *Tenn. Valley Auth. v. Hill*, both of which speak for themselves and are the best evidence of their contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the ESA or the decision, 437 U.S. 153 (1978).

56.     Paragraph 56 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the statute.

57.     Paragraph 57 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the statute.

58.     Paragraph 58 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the statute.

59.     Paragraph 59 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the statute.

60.     Paragraph 60 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the statute.

61.     Paragraph 61 characterizes the ESA and the regulations of the National Marine Fisheries Service ("NMFS") under the ESA, which speak for themselves and are the best evidence of their contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the statute.

62.     Paragraph 62 characterizes NMFS regulations promulgated under Section 4(d) of the ESA, which speak for themselves and are the best evidence of their contents.  Paragraph 62

does not quote the "4(d) rules" as asserted, but rather the preambles to those regulations. Pirelli Tire denies the allegations to the extent they are inconsistent with the cited NMFS preambles or regulations.

63. Paragraph 63 characterizes Section 10(a)(1) of the ESA, which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the statute.

64. Paragraph 64 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations to the extent they are inconsistent with the statute.

**FACTUAL BACKGROUND**

**I. COHO SALMON, CHINOOK, AND STEELHEAD TROUT**

65. Pirelli Tire lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66. Pirelli Tire lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67. Pirelli Tire lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68. Pirelli Tire lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69. Pirelli Tire lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. Pirelli Tire lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71. Pirelli Tire lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

## II.    ESA-PROTECTED SALMONIDS

72.    Pirelli Tire lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73.    Pirelli Tire admits that NMFS has listed populations of salmonids as threatened or endangered under the ESA.  The remainder of the first sentence characterizes NMFS's rationale for listing each of those populations as threatened or endangered under the ESA.  Pirelli Tire is without knowledge or information sufficient to form a belief as to the truth regarding NMFS's rationale for those listing decision.  The second and third sentences of Paragraph 73 characterize administrative actions of NMFS of which Pirelli Tire is without knowledge or information sufficient to form a belief as to the truth of the characterizations.  The third sentence of Paragraph 73 also characterizes the ESA's definition of "species," which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations in the third sentence to the extent they are inconsistent with the statute.  Pirelli Tire admits the allegations in the fourth sentence of Paragraph 73.

74.    The beginning of paragraph 74 is a prefatory header, which requires no response.

(a)    Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Pirelli Tire denies the allegations of Paragraph 74(a) to the extent that they are inconsistent with this regulation.

(b)    Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Pirelli Tire denies the allegations of Paragraph 74(b) to the extent that they are inconsistent with this regulation.

(c)    Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the

best evidence of its contents. Pirelli Tire denies the allegations of Paragraph 74(c) to the extent that they are inconsistent with this regulation.

(d) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations of Paragraph 74(d) to the extent that they are inconsistent with this regulation.

(e) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations of Paragraph 74(e) to the extent that they are inconsistent with this regulation.

(f) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(f) to the extent that they are inconsistent with this regulation.

(g) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(g) to the extent that they are inconsistent with this regulation.

(h) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(h) to the extent that they are inconsistent with this regulation.

(i) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(i) to the extent that they are inconsistent with this regulation.

(j)   Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Pirelli Tire denies the allegations in Paragraph 74(j) to the extent that they are inconsistent with this regulation.

(k)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Pirelli Tire denies the allegations in Paragraph 74(k) to the extent that they are inconsistent with this regulation.

(l)  Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Pirelli Tire denies the allegations in Paragraph 74(l) to the extent that they are inconsistent with this regulation.

(m) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Pirelli Tire denies the allegations in Paragraph 74(m) to the extent that they are inconsistent with this regulation.

(n) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Pirelli Tire denies the allegations in Paragraph 74(n) to the extent that they are inconsistent with this regulation.

(o) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents.  Pirelli Tire denies the allegations in Paragraph 74(o) to the extent that they are inconsistent with this regulation.

(p) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the

best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(p) to the extent that they are inconsistent with this regulation.

(q) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(q) to the extent that they are inconsistent with this regulation.

(r) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(r) to the extent that they are inconsistent with this regulation.

(s) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(s) to the extent that they are inconsistent with this regulation.

(t) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(t) to the extent that they are inconsistent with this regulation.

(u) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(u) to the extent that they are inconsistent with this regulation.

(v) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(v) to the extent that they are inconsistent with this regulation.

(w) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(w) to the extent that they are inconsistent with this regulation.

(x) Descriptions of the ESA-protected population are set forth in NMFS's listing decision promulgated as an agency regulation, which speaks for itself and is the best evidence of its contents. Pirelli Tire denies the allegations in Paragraph 74(x) to the extent that they are inconsistent with this regulation.

75. The first sentence of Paragraph 75 makes unsupported claims regarding NMFS's views concerning each of the 24 listed populations of salmonids. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 75, and therefore denies them. To the extent that the first sentence of Paragraph 75 refers to NMFS's listing decisions, those decisions are agency regulations, which speak for themselves. Pirelli Tire lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 75. Furthermore, Pirelli Tire lacks sufficient knowledge or information to form a belief as to the truth of the implicit allegation that all stormwater run-off in all aquatic habitats identified in Paragraph 74(a)-(x) contains 6PPD-q.

## III.     6PPD-Q IN AQUATIC ENVIRONMENTS

76. Pirelli Tire admits that, generally, tire manufacturers have used 6PPD in tires since the mid-1960s. Pirelli Tire admits that 6PPD is used in tires as an antidegradant to prevent tires from developing cracks and fractures. Pirelli Tire admits that 6PPD has the ability to migrate through the tire and reach the surface, where it is needed to protect the tire from exposure to oxygen and ozone damage. Pirelli Tire admits that 6PPD can react with ozone and oxygen and create a number of reaction products, one of which is 6PPD-q. Pirelli Tire admits that, in general, as 6PPD in a tire reacts with oxygen and ozone, it is consumed, leaving less 6PPD in the tire.

77.     Pirelli Tire admits that all tires it manufactures and/or distributes contain 6PPD. Pirelli Tire otherwise denies the allegations in Paragraph 77.

78.     Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78.

79.     Paragraph 79 contains vague and ambiguous statements regarding hydrologic mechanisms of 6PPD and 6PPD-q entering unspecified aquatic environments, but provides no specificity regarding surfaces, environments, or any other conditions. Pirelli Tire lacks knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 79.

80.     Paragraph 80 contains vague and ambiguous statements regarding unidentified scientists' observation of alleged symptoms of "acute toxic poisoning" of certain coho salmon in unspecified locations and unidentified scientists' characterization of those symptoms as "Urban Runoff Mortality Syndrome." Pirelli Tire lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 80. To the extent that the allegations in Paragraph 80 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

81.     Paragraph 81 contains vague and ambiguous statements regarding unidentified scientists' identification of a positive correlation between stormwater runoff and coho mortality. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81. To the extent that the allegations in Paragraph 81 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

82.     Pirelli Tire lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82.

83. Paragraph 83 characterizes an unspecified 2020 study regarding prespawn mortality in coho salmon. To the extent the allegations of Paragraph 83 are based on or derived from that study, the study speaks for itself and is the best evidence of its contents.

84. Pirelli Tire lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84. To the extent the allegations of Paragraph 84 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

85. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86.

87. Paragraph 87 contains vague and ambiguous statements concerning the alleged lethal concentration of 6PPD-q for coho salmon, interpretation of the toxicity of 6PPD-q to coho salmon relative to other compounds, and the specific results of a single, uncited experiment. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87. To the extent the allegations of Paragraph 87 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

88. Paragraph 88 contains vague and ambiguous statements concerning the alleged lethal concentration of 6PPD-q for rainbow and steelhead trout, the effect of life history differences, and mortality data. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88. To the extent the allegations of Paragraph 88 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

89. The first, second, and third sentences of Paragraph 89 contain vague and ambiguous statements regarding the alleged vulnerability of Chinook salmon to 6PPD-q, lethal

concentration values, and mortality rates when exposed to stormwater. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, and third sentences of Paragraph 89. The fourth sentence of paragraph 89 vaguely alleges that there are "likely sublethal effects" to Chinook salmon from exposure to 6PPD-q. Pirelli Tire lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 89. To the extent the allegations of Paragraph 89 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

90.     Pirelli Tire lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90.

91.     Pirelli Tire denies the allegations in the first sentence of Paragraph 91. The second, third, and fourth sentences contain vague and ambiguous statements referencing unspecified studies and their conclusions. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of Paragraph 91. To the extent the allegations of Paragraph 91 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

92.     Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 93. The second sentence of Paragraph 93 contains a vague and ambiguous statement regarding a single, unidentified study purporting to find that 6PPD-q can cause risks of developmental abnormalities or birth defects. Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 93 and therefore denies them. To the extent the allegations of Paragraph 93 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

94.     Pirelli Tire denies the first sentence of Paragraph 94.  The second and third sentence of Paragraph 94 allege purported environmental concentrations of 6PPD-q in three general urban "regions" and ties these concentrations to unspecified lethal and sublethal effects on salmonids.  Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 94.  To the extent the allegations of the second and third sentences of paragraph 94 are based on or derived from documents, those documents speak for themselves and are the best evidence of their contents.

95.     The first sentence of Paragraph 95 contains factual allegations not directed at Pirelli Tire such that Pirelli Tire is without knowledge or information sufficient to form a belief as to the truth, and therefore, Pirelli Tire denies them.  Pirelli Tire lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 95.

96.     Pirelli Tire admits that, during the manufacturing process, Pirelli Tire includes 6PPD in its tires.  Pirelli Tire denies the allegations in the second sentence of Paragraph 96.  Pirelli Tire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentences of Paragraph 96.  The third sentence of Paragraph 96 also contains a conclusion of law, to which no response is required, but to the extent the Court requires a response, the allegations are denied.

97.     Paragraph 97 states conclusions of law, to which no response is required, but to the extent the Court requires a response, the allegations are denied.

98.     Pirelli Tire denies the allegations of Paragraph 98.

99.     Pirelli Tire admits that it does not have "a permit under ESA Section 10, 16 U.S.C. § 1539(a), to lawfully incidentally 'take' ESA-listed coho salmon, Chinook salmon, or steelhead trout" but denies that it would be eligible to apply for such a permit.

100.    Pirelli Tire admits the first sentence of Paragraph 100 to the extent that Plaintiffs sent a Notice letter to Pirelli Tire dated August 15, 2023, which speaks for itself and is the best

evidence of its contents. To the extent that Paragraph 100 or the letter it references otherwise contain allegations, Pirelli Tire denies them. The second sentence of Paragraph 100 characterizes the ESA, which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 100 also states conclusions of law, to which no response is required, but to the extent the Court requires a response, the allegations are denied.

101. Pirelli Tire denies the allegations of Paragraph 101.

## CLAIM FOR RELIEF – VIOLATION OF SECTION 9 OF THE ESA

102. Paragraph 102 incorporates the prior paragraphs of the FAC. Pirelli Tire incorporates by reference its responses to these Paragraphs.

103. Paragraph 103 characterizes the ESA, which speaks for itself and is the best evidence of its contents, and Pirelli Tire denies the allegations to the extent that they are inconsistent with the statute.

104. Paragraph 104 characterizes actions of NMFS under its regulatory authority, which speak for themselves, and Pirelli Tire denies the allegations to the extent that they are inconsistent with any such actions or the statute.

105. Pirelli Tire denies the allegations of Paragraph 105.

106. Pirelli Tire denies the allegations of Paragraph 106.

107. Pirelli Tire denies the allegations of Paragraph 107.

## REQUEST FOR RELIEF

108. Pirelli Tire denies that Plaintiffs are entitled to the relief requested in Paragraph 108.

109. Pirelli Tire denies that Plaintiffs are entitled to the relief requested in Paragraph 109.

110. Pirelli Tire denies that Plaintiffs are entitled to the relief requested in Paragraph 110.

111. Pirelli Tire denies that Plaintiffs are entitled to any relief whatsoever from Pirelli Tire.

## GENERAL DENIAL

112. Except where allegations in the Complaint are specifically, expressly admitted above, Pirelli Tire denies each and every allegation stated in the Complaint for the reason that such allegations are untrue or otherwise because Pirelli Tire is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs lack Article III standing.

2. Plaintiffs do not have prudential standing.

3. Plaintiffs fail to state a claim because there is no proximate cause under the ESA.

4. The Court lacks jurisdiction over remedies sought by Plaintiffs.

5. Plaintiffs have failed to join an indispensable party.

6. Plaintiffs' claims should be dismissed under the primary jurisdiction doctrine.

7. Plaintiffs' claims are precluded by regulations issued by the U.S. Environmental Protection Agency under the Toxic Substances Control Act.

8. Plaintiffs' claims are precluded by regulations issued by the National Highway Traffic Safety Administration.

9. Pirelli Tire reserves the right to amend this answer in order to add additional defenses or affirmative defenses as further information about the nature and extent of Plaintiffs' claims may be developed during litigation.

## PRAYER FOR RELIEF

Consistent with the Answer, General Denial, and Affirmative Defenses stated above, Pirelli Tire requests that this Court:

1. Dismiss Plaintiffs' Amended Complaint with prejudice or otherwise deny all of Plaintiffs' causes of action and requests for relief as against Pirelli Tire; and

2.      Grant any other relief that the Court determines to be just and reasonable.

Respectfully submitted this 15th day of October, 2024.

**Beveridge & Diamond P.C.**

By: */s/ Loren R. Dunn*
        Loren R. Dunn, *(pro hac vice)*
        ldunn@bdlaw.com
        600 University Street, Ste. 1601
        Seattle, WA  98101
        P: 206-315-4810

        Susan E. Smith, (CA Bar No. 329539)
        ssmith@bdlaw.com
        456 Montgomery Street, Ste. 1800
        San Francisco, CA  94104
        P: 415-262-4023

        W. Parker Moore *(pro hac vice)*
        pmoore@bdlaw.com
        1900 N. Street NW, Ste. 100
        Washington, D.C.  20036
        P: 202-789-6028

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 15th day of October, 2024.

*/s/Jessica Durrant*

Jessica Durrant, Paralegal
on behalf of Loren R. Dunn