GEORGE J. GIGOUNAS (Bar No. 209334)
george.gigounas@us.dlapiper.com
CAROLINE E. LEE (Bar No. 293297)
caroline.lee@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel:   415.836.2500
Fax:  415.836.2501

*Attorneys for Defendant*
*Michelin North America, Inc*

(Additional counsel on signature page)

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA), LTD.; THE GOODYEAR TIRE & RUBBER CO.; COOPER TIRE & RUBBER CO.; HANKOOK TIRE AMERICA CORP.; KUMHO TIRE U.S.A., INC.; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, INC.; TOYO TIRE HOLDINGS OF AMERICAS INC.; and YOKOHAMA TIRE CORP.,<br><br>                    Defendants. | CASE NO. 3:23-cv-05748-JD<br><br>**DEFENDANT MICHELIN NORTH AMERICA, INC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. James Donato<br><br>Complaint Filed: November 8, 2023<br>First Amended Complaint Filed: December 6, 2023 |

Defendant Michelin North America, Inc. ("MNAI") hereby answers the First Amended Complaint for Declaratory and Injunctive Relief [Dkt. 19] ("Amended Complaint") filed by Plaintiffs Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations ("Plaintiffs") on December 6, 2023. MNAI provides its response in the numbered paragraphs below, which correspond to the numbered paragraphs in the Amended Complaint. In the responses below, MNAI replicates the headings from the Amended Complaint. MNAI's duplication of these headings does not constitute an admission or response regarding any allegation contained in the headings.

## ANSWER

## INTRODUCTION

1. Paragraph 1 includes characterizations of Plaintiffs' action and legal conclusions to which no response is required. To the extent a response is required, MNAI denies those allegations. MNAI admits that tires it manufactures for use on motor vehicles certified for highway use in the United States include 6PPD in some amount in some components but denies any remaining factual allegations in this Paragraph.

2. MNAI admits that tires it manufactures for use on motor vehicles certified for highway use in the United States are designed to include 6PPD. MNAI denies that 6PPD included in its tires is designed to transform "at the surface of the tire or when released into the environment, into various other chemicals, including 6PPD-quinone or '6PPD-q.'"

3. MNAI lacks information sufficient to form a belief as to the truth of allegations in Paragraph 3 and, on that basis, denies them.

4. MNAI lacks information sufficient to form a belief as to the truth of allegations in Paragraph 4 and, on that basis, denies them.

5. Paragraph 5 comprises legal conclusions to which no response is required. To the extent a response is required, MNAI denies the allegations in this Paragraph.

2
DEFENDANT MICHELIN NORTH AMERICA INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

6. Paragraph 6 includes allegations purporting to describe the activities of Plaintiffs and their claimed members. MNAI lacks sufficient information to form a belief as to the truth of these allegations and, on that basis, denies them. Paragraph 6 also includes legal conclusions to which no response is required. To the extent a response is required, MNAI denies those allegations.

7. MNAI denies the factual allegations in Paragraph 7. The remaining allegations comprise legal conclusions to which no response is required. To the extent a response is required, MNAI denies those allegations.

**JURISDICTION AND VENUE**

8. Paragraph 8 contains legal argument concerning the Court's jurisdiction, and no response is required. To the extent a response is required, the law speaks for itself.

9. MNAI admits that Plaintiffs provided a letter to MNAI dated August 15, 2023. MNAI lacks sufficient information to form a belief as to the truth of the allegation that Plaintiffs submitted a notice of intent to sue letter to the Secretary of Commerce or other defendants. All other allegations in Paragraph 9 comprise legal argument and no response is required. The Endangered Species Act ("ESA") is a federal statute that speaks for itself and MNAI denies any allegation that is inconsistent with the plain language, meaning, and context of the ESA.

10. Paragraph 10 contains legal conclusions to which no response is required. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in Paragraph 10 and, on that basis, denies them.

**DIVISIONAL ASSIGNMENT**

11. Assignment to the San Francisco Division is not contested.

**PARTIES**

12. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in this Paragraph and on that basis denies them.

13. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in this Paragraph and on that basis denies them.

14. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in this Paragraph and on that basis denies them.

15. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in this Paragraph and on that basis denies them.

16. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in this Paragraph and on that basis denies them.

17. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in this Paragraph and on that basis denies them.

18. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in this Paragraph and on that basis denies them.

19. MNAI admits that tires it manufactures for use on motor vehicles certified for highway use in the United States include 6PPD in some amount in some components but denies the remaining allegations of Paragraph 19.

20. MNAI denies the allegations of Paragraph 20.

21. MNAI denies the allegations of Paragraph 21.

22. MNAI admits that tires it manufactures for use on motor vehicles certified for highway use in the United States include 6PPD in some amount in some components but denies any remaining allegations of Paragraph 22.

23. MNAI denies the allegations of Paragraph 23.

24. With respect to Paragraph 24, MNAI admits that it is a tire company. As to the remaining allegations in this Paragraph, MNAI lacks sufficient information to form a belief as to their truth and, on that basis, denies them.

25. MNAI does not contest the allegations in Paragraph 25 at this time.

26. MNAI does not contest the allegations in Paragraph 26 at this time.

27. MNAI does not contest the allegations in Paragraph 27 at this time.

28. MNAI does not contest the allegations in Paragraph 28 at this time.

29. MNAI does not contest the allegations in Paragraph 29 at this time.

30. MNAI does not contest the allegations in Paragraph 30 at this time.

31. MNAI does not contest the allegations in Paragraph 31 at this time.

32. MNAI does not contest the allegations in Paragraph 32 at this time.

33. MNAI does not contest the allegations in Paragraph 33 at this time.

34. MNAI does not contest the allegations in Paragraph 34 at this time.

35. MNAI does not contest the allegations in Paragraph 35 at this time.

36. MNAI does not contest the allegations in Paragraph 36 at this time.

37. MNAI does not contest the allegations in Paragraph 37 at this time.

38. MNAI does not contest the allegations in Paragraph 38 at this time.

39. MNAI does not contest the allegations in Paragraph 39 at this time.

40. MNAI does not contest the allegations in Paragraph 40 at this time.

41. MNAI does not contest the allegations in Paragraph 41 at this time.

42. MNAI does not contest the allegations in Paragraph 42 at this time.

43. MNAI admits that Michelin North America, Inc. is headquartered in Greenville, South Carolina, is registered to do business in California, and has a registered agent in California. All other allegations of Paragraph 43 are denied.

44. MNAI admits that tires it manufactures for use on motor vehicles certified for highway use in the United States include 6PPD in some amount in some components but denies any remaining allegations in Paragraph 44.

45. MNAI does not contest the allegations in Paragraph 45 at this time.

46. MNAI does not contest the allegations in Paragraph 46 at this time.

47. MNAI does not contest the allegations in Paragraph 47 at this time.

48. MNAI does not contest the allegations in Paragraph 48 at this time.

49. MNAI does not contest the allegations in Paragraph 49 at this time.

50. MNAI does not contest the allegations in Paragraph 50 at this time.

51. MNAI does not contest the allegations in Paragraph 51 at this time.

52. MNAI does not contest the allegations in Paragraph 52 at this time.

53. MNAI does not contest the allegations in Paragraph 53 at this time.

54. MNAI does not contest the allegations in Paragraph 54 at this time.

**LEGAL BACKGROUND**

55. MNAI admits the quoted words contained in Paragraph 55 are accurate. All other allegations of Paragraph 55 are denied. The ESA is a federal statute that speaks for itself.

56. The ESA is a federal statute that speaks for itself. MNAI denies any allegation in Paragraph 56 that is inconsistent with the plain language, meaning, and context of the ESA.

57. The ESA is a federal statute that speaks for itself. MNAI denies any allegation in Paragraph 57 that is inconsistent with the plain language, meaning, and context of the ESA.

58. The ESA is a federal statute that speaks for itself. MNAI denies any allegation in Paragraph 58 that is inconsistent with the plain language, meaning, and context of the ESA.

59. The ESA is a federal statute that speaks for itself. MNAI denies any allegation in Paragraph 59 that is inconsistent with the plain language, meaning, and context of the ESA.

60. The ESA is a federal statute that speaks for itself. MNAI denies any allegation in Paragraph 60 that is inconsistent with the plain language, meaning, and context of the ESA.

61. The ESA is a federal statute that speaks for itself. MNAI denies any allegation in Paragraph 61 that is inconsistent with the plain language, meaning, and context of the ESA.

62. The ESA is a federal statute that speaks for itself. MNAI denies any allegation in Paragraph 62 that is inconsistent with the plain language, meaning, and context of the ESA.

63. The ESA is a federal statute that speaks for itself. The regulations adopted by the National Marine Fisheries Service ("NMFS") under Section 4(d) of the ESA also speaks for itself. MNAI denies any allegation in Paragraph 63 that is inconsistent with the plain language, meaning, and context of the ESA and NMFS regulations.

64. The ESA is a federal statute that speaks for itself. MNAI denies any allegation in Paragraph 64 that is inconsistent with the plain language, meaning, and context of the ESA.

///

///

///

# FACTUAL BACKGROUND

## I. COHO SALMON, CHINOOK, AND STEELHEAD TROUT

65. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

## II. ESA-PROTECTED SALMONIDS

72. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73. MNAI admits that certain populations of Coho salmon, Chinook salmon, and steelhead are listed as threatened or endangered under the ESA, and that NMFS has administratively grouped steelhead and salmon populations into distinct population segments or evolutionary significant units. As to the remaining allegations in Paragraph 73, the ESA is a federal statute that speaks for itself. MNAI denies any allegation that is inconsistent with the plain language, meaning, and context of the ESA. Paragraph 73 also includes legal conclusions to which no response is required. To the extent a response is required, MNAI denies the remaining allegations in this Paragraph.

///

74. The allegations in Paragraph 74, including subparagraphs (a) through (x), seem to pertain to, although Paragraph 74 does not cite, the ESA and NMFS regulations, which are a federal statute and federal regulations that speak for themselves and constitute the best evidence of their contents. To the extent a response is required, MNAI denies any allegation that is inconsistent with the plain language, meaning, and context of the ESA and these regulations. To the extent the allegations in Paragraph 74, including subparagraphs (a) through (x), constitute factual allegations, MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in Paragraph 74 and, on that basis, denies them

75. MNAI lacks sufficient information to form a belief as to the truth of the factual allegations in Paragraph 75 and, on that basis, denies them.

### III. 6PPD-Q IN AQUATIC ENVIRONMENTS

76. MNAI admits that tires it manufactures for use on motor vehicles certified for highway use in the United States include 6PPD in some amount in some components since 1975. MNAI admits that 6PPD has the ability to migrate through the tire and reach the surface of the tire where it is needed to protect the tire from exposure to oxygen and ozone. MNAI admits that the concentration of 6PPD in the tire is reduced over time. MNAI lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and, on that basis, denies them.

77. MNAI admits that 6PPD is included in some amount in some components of tires it manufactures or enters into the stream of commerce for use on motor vehicles certified for highway use in the United States.

78. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

79. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

80. MNAI lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph 80 and, on that basis, denies them.

///

81. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

82. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

83. MNAI admits that in 2020 research investigating ozonation or oxidation of 6PPD identified a quinone structure for $C_{18}H_{22}N_2O_2$. MNAI lacks sufficient information to form a belief as to the truth of all other allegations in Paragraph 83 and, on that basis, denies them.

84. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, denies them.

85. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, denies them.

86. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies them.

87. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies them.

88. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

89. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies them.

90. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, denies them.

91. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies them.

92. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies them.

93. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, denies them.

*///*

94. MNAI lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies them.

95. MNAI denies that no state currently regulates the presence of 6PPD or 6PPD-q in stormwater. MNAI lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 95 and, on that basis, denies them.

96. MNAI admits that tires it manufactures for use on motor vehicles certified for highway use in the United States include 6PPD in some amount in some components. MNAI denies that 6PPD in tires is designed to produce 6PPD-q. MNAI lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 96 and, on that basis, denies them.

97. MNAI denies the allegations of Paragraph 97.

98. MNAI denies the allegations of Paragraph 98.

99. MNAI admits that it has never applied for, or obtained, an ESA Section 10 incidental take permit from NMFS. MNAI lacks sufficient information to form a belief as to the truth of all other allegations in Paragraph 99 and, on that basis, denies them.

100. MNAI admits that Plaintiffs provided a letter to MNAI dated August 15, 2023. MNAI lacks sufficient information to form a belief as to the truth of the allegation that Plaintiffs submitted a notice of intent to sue letter to the Secretary of Commerce or other defendants. All other allegations in Paragraph 100 comprise legal argument and no response is required. The ESA is a federal statute that speaks for itself and MNAI denies any allegation that is inconsistent with the plain language, meaning, and context of the ESA.

101. MNAI denies the allegations of Paragraph 101.

**CLAIM FOR RELIEF – VIOLATION OF SECTION 9 OF THE ESA**

102. MNAI realleges and incorporates by reference each and every admission and denial set forth above.

103. The allegations in Paragraph 103 comprise legal claims to which no response is required. To the extent a response is required, MNAI denies those allegations.

///

104. The allegations in Paragraph 104 comprise legal claims to which no response is required. To the extent a response is required, MNAI denies those allegations.

105. MNAI denies the allegations of Paragraph 105.

106. MNAI denies the factual allegations in Paragraph 106. The remaining allegations comprise legal conclusions to which no response is required. To the extent a response is required, MNAI denies those allegations.

107. MNAI denies the factual allegations in Paragraph 107. The remaining allegations comprise legal conclusions to which no response is required. To the extent a response is required, MNAI denies those allegations.

**REQUEST FOR RELIEF**

108. The allegations in Paragraph 108 include the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, MNAI denies the allegations and asserts that Plaintiffs are not entitled to relief.

109. The allegations in Paragraph 109 include the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, MNAI denies the allegations and asserts that Plaintiffs are not entitled to relief.

110. The allegations in Paragraph 110 include the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, MNAI denies the allegations and asserts that Plaintiffs are not entitled to relief.

111. The allegations in Paragraph 111 include the relief requested by Plaintiffs, to which no response is required. To the extent a response is required, MNAI denies the allegations and asserts that Plaintiffs are not entitled to relief.

**GENERAL DENIAL**

Except where allegations in the Amended Complaint are specifically, expressly admitted above, MNAI denies each and every allegation stated in the Amended Complaint for the reason that such allegations are untrue or otherwise because MNAI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. MNAI also denies that Plaintiffs are entitled to any relief.

# AFFIRMATIVE AND OTHER DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction—Injury-in-Fact)

1. The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate an injury-in-fact.

## SECOND AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction—Causation)

2. The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate the cause(s) of Plaintiffs' alleged injuries are fairly traceable to MNAI's actions or omissions.

## THIRD AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction—Redressability)

3. The Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs lack Article III standing. Plaintiffs cannot demonstrate that Plaintiffs' alleged injuries are redressable by this Court.

## FOURTH AFFIRMATIVE DEFENSE

### (No Prudential Standing)

4. Plaintiffs lack prudential standing to assert their claim for relief under the ESA.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted—"Take")

5. Plaintiffs fail to state a claim under the ESA because they fail to plead a "take" of listed species by MNAI.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted—Proximate Cause)

6. Plaintiffs fail to state a claim under the ESA because they fail to plead their alleged injuries were proximately caused by MNAI.

*///*

*///*

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Join a Necessary or Indispensable Party)**

7. Plaintiffs have failed to join numerous necessary or indispensable parties to its action whose participation is required to resolve their claim, including, without limitation, government agencies, entities or individuals responsible for the design, construction or maintenance of streets, roads, highways, parking lots, alleys or other hard surfaces on which motor vehicles are driven or parked and government agencies or other entities authorized to treat, manage, and/or otherwise control discharges of stormwater into habitats of species or population units subject to Plaintiffs' claims.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Intervening or Supervening Cause)**

8. Plaintiffs' claim for relief was caused in whole or in part by the superseding intervention of causes outside MNAI's control.

**NINTH AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction)**

9. Plaintiffs' claim for relief is appropriately dismissed under the exercise of the doctrine of primary jurisdiction.

**TENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Third Parties)**

10. Plaintiffs' claim for relief was caused in whole or in part by the acts or omissions of persons other than MNAI over whom MNAI had no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Undue Hardship—Prohibiting Use of 6PPD in Tires)**

11. The relief Plaintiffs request would cause undue hardship to the public by preventing Defendants from using a critical safety constituent in tires before a functional and effective alternative has been identified, making tires sold in the United States less safe, less durable, and/or more expensive for consumers.

///

## TWELFTH AFFIRMATIVE DEFENSE

**(Undue Hardship—Requiring Defendants to Manage Stormwater)**

12. The relief Plaintiffs request would cause undue hardship to Defendants by improperly requiring them to perform public agency stormwater management functions.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Uncertainty/Speculative Nature of Relief Requested)**

13. The relief Plaintiffs request is remote, speculative and contingent.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Reservation of Right to Add Additional Affirmative Defenses)**

14. MNAI intends to rely upon other affirmative defenses as they become available or apparent during the course of discovery and reserves the right to amend its answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, MNAI prays for judgment from this Court as follows:

1. Dismiss Plaintiffs' Amended Complaint with prejudice or otherwise deny all of Plaintiffs' causes of action and requests for relief as against MNAI; and

2. Grant any other relief to MNAI that the Court determines to be just and reasonable.

Dated: October 15, 2024      **DLA PIPER LLP (US)**

By: */s/ George Gigounas*
GEORGE GIGOUNAS
CAROLINE LEE
PAUL WIERENGA (*admitted Pro Hac Vice*)
Attorneys for Defendant
Michelin North America, Inc.