

November 12, 2024

**VIA ECF**

Re: **Discovery Dispute Regarding Defendant Michelin North America, Inc.'s Notice of Clawback and Privilege Log in *Institute for Fisheries Resources v. Bridgestone Americas Tire Operations, LLC*, 23-cv-05748-JD**

To the Hon. James Donato:

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Paragraph 11.5 of the Parties' Stipulated Protective Order (ECF 139, 149), Plaintiffs Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations hereby challenge Defendant Michelin North America, Inc.'s ("Michelin's") requested clawback of 20 documents Michelin now claims are attorney work product or "subject to the associational privilege." *See* Letter to Janette K. Brimmer Re Notice of Clawback of Produced Documents, Nov. 8, 2024 & Identified Documents (Exhibit A, filed under seal). Plaintiffs further request an order compelling Michelin to produce documents it has identified as having been withheld as "Attorney-Association Member Privileged." *See* Michelin North America, Inc.'s Privilege Log, Oct. 11, 2024 (Exhibit B, filed under seal). No attorney work product protections apply to these clawed back and withheld documents because they were not prepared in anticipation of litigation by a party in this case. Fed. R. Civ. P. 26(b)(3); *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). Nor does any "associational privilege" apply; Michelin has not made the required showing that production of communications from a trade association of which it is a member would result in harassment, membership withdrawal, discouragement of new members, or otherwise chill associational rights. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). The Court should order Michelin to immediately produce these withheld and clawed back documents. Pursuant to paragraph 18 of this Court's Standing Order for Discovery in Civil Cases Before Judge Donato, Plaintiffs certify they have met and conferred with counsel for Michelin by telephone before filing this request.

This Endangered Species Act Section 9 case challenges the unlawful "take" of protected salmon and trout species caused by Defendants' use of the tire additive "6PPD" in their tires, a chemical that by design transforms into 6PPD-Quinone ("6PPD-Q"), the second-most toxic chemical to aquatic life ever evaluated. All clawed back and withheld documents refer to 6PPD in tires, and they are directly relevant to the claims in this case. *See* Fed. R. Civ. P. 26(b)(1) (parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

None of the clawed back and withheld documents are privileged, despite Michelin's assertions to the contrary. Michelin claims that documents reflecting "the work product of [United States Tire Manufactures Association ("USTMA")] Senior Counsel, Sarah Amick, or agents of USTMA counsel" are privileged work product. *See* Exhibit A at 1; *see also* Exhibit B (identifying the "privilege type" as "Attorney-Association Member Privileged Communication").

All the withheld or clawed back documents predate the 60-day notice of intent to sue sent on August 15, 2023, generally refer to evaluations of published science or to lobbying or other regulatory efforts, and do not contain a request for, discussion of, or transmittal of legal advice. To qualify for work product protection, the work must (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for another party or by or for that other party's representative." *United States*, 632 F.3d at 567. Because none of the withheld or clawed back documents: (i) sought or contain legal advice, or (ii) were apparently prepared in anticipation of litigation or by a Defendant in this case, they are not protectable on attorney client or attorney work product grounds. *Id.* Moreover, USTMA is not a party to this case, and courts have generally rejected the proposition that "whenever a business group bands together for a common purpose of making their will known to government regulators, all attorney communication to the group is privileged and/or work product," as that would be "a drastic expansion of the law of privilege and work product protection." *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2016 WL 861019, at *5 (N.D. Cal. Mar. 7, 2016) (quoting *United States v. Duke Energy Corp.*, 214 F.R.D. 383, 390 (M.D.N.C. 2003). No work product or other attorney-client privilege applies.

Michelin also wrongly claims that certain documents "are subject to the associational privilege," citing to *Perry*, 591 F.3d at 1160. Exhibit A at 2; *see also* Exhibit B (identifying the "privilege type" as "Attorney-Association Member Privileged Communication").[1] *Perry* involved same-sex couples challenging a ballot proposition to amend California's constitution to ban gay civil marriage and addressed whether plaintiffs could protect their individual communications regarding the ballot initiative on First Amendment grounds. The Court explained that the party asserting the privilege must demonstrate a *prima facie* showing of arguable First Amendment infringement. This *prima facie* showing requires the party asserting the privilege to demonstrate through member declarations that enforcement of the discovery requests will result in "(1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or chilling of, the members' associational rights." *Perry*, 591 F.3d at 1160 (cleaned up). Michelin has not made any attempt to demonstrate that production of the withheld and clawed back documents would result in harassment, membership withdrawal, discouragement of new members to this commercial trade group, or otherwise chill associational rights, necessary to invoke the privilege, and this court should not allow blanket withholding of USTMA documents on unfounded "associational privilege" grounds. *See, e.g., In re Motor Fuel Temperature Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1160 (D. Kan. 2010), *appeal dismissed and mandamus denied,* 641 F.3d 470 (10th Cir. 2011) (holding that internal trade association communications addressing legislative and lobbying efforts were not presumptively privileged under the First Amendment).

In sum, all documents Michelin has either requested to claw back or has refused to produce are not privileged, and the Court should order that they be immediately produced.

---

[1] Other Defendants have also raised association privilege concerns, including in regard to deposition topics, but no other Defendants have yet produced a privilege log indicating that documents have been withheld on this basis, or asked to claw back documents on associational privilege grounds.

/s/ Elizabeth B. Forsyth
ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA JANKE (*Pro Hac Vice*)
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

*Counsel for Plaintiffs Institute for Fisheries Resources & Pacific Coast Federation of Fishermen's Associations*