George J. Gigounas (CA Bar No. 209334)
george.gigounas@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel:     415.836.2500
Fax:    415.836.2501

*Attorney for Defendant*
*Michelin North America, Inc*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA,**

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.<br>                    Defendants. | Case No. 23-cv-05748-JD<br><br>**DEFENDANT MICHELIN NORTH AMERICA, INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER MATERIAL SHOULD BE SEALED** |

On November 19, 2024, the Court ordered Defendant Michelin North America, Inc. ("MNAI") to respond to Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Association's ("Plaintiffs") discovery dispute letter (ECF 175) by December 3, 2024. *See* ECF 178. In the interim, MNAI must file a response to Plaintiffs' Administrative Motion to Consider Whether Materials Should be Sealed (ECF 176) under Local Rule 79-5(f)(3) and (c). MNAI respectfully proposes that the Court maintain the documents conditionally under seal until resolution of the substantially narrowed discovery dispute, to be addressed in MNAI's forthcoming letter brief by December 3, 2024.

MNAI hereby responds to the Plaintiffs' Administrative Motion to Consider Whether Materials Should be Sealed, under Local Rule 79-5(f)(3) and (c).

After a perfunctory meet and confer video conference on November 12, Plaintiffs filed a discovery challenge letter with the Court hours later, including two exhibits, Exhibit A, MNAI's November 8 Notice of Clawback under the Protective Order (ECF 139, 149) and the associated twenty protected documents, and Exhibit B, MNAI's October 11 privilege log, with an Administrative Motion to Seal those exhibits under Local Rule 79-5 ("Discovery Challenge"). ECF 175, 176. Since then, MNAI has *substantially narrowed* its assertion of privilege and limited its claw back notice to only *seven* documents, three of which would be replaced in the production set to reflect only minor redactions and therefore should be only partially sealed. MNAI has also narrowed and revised its privilege log pursuant to the same revised position and does not seek to seal the privilege log. Michelin has offered, in writing, to meet and confer to further detail the legal basis for MNAI's assertion of the protections in its November 14 Revised Notice. *See* Gigounas Decl., ¶ 2, Ex. 1.

Plaintiffs have not meaningfully met and conferred with MNAI, particularly given the substantially narrowed scope of MNAI's withheld documents, but instead push this issue before the Court. For this reason alone, this Court should seal the seven documents at issue and instruct the Plaintiffs to withdraw and revise their Discovery Challenge, which is not current given MNAI's revised production and privilege log. *See Kitcher-Tucker v. City & Cnty. of S.F.*, 2024 U.S. Dist. LEXIS 60684, at *8 (N.D. Cal. Apr. 2, 2024) ("Plaintiffs' remaining requests for

1
DEFENDANT MNAI'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL - CASE NO. 23-CV-05748-JD

relief are denied without prejudice for failure to meet and confer as required."); *Carter v. United States DOJ*, 2018 U.S. Dist. LEXIS 149443, at *3-4 (N.D. Cal. Aug. 31, 2018) ("the Court issued an order denying Plaintiff's motion … due to his failure and refusal to meet and confer.").

Regardless, MNAI validly asserts privilege to fully seal four of the documents and to partially seal the other three with minor redactions, under the attorney work product and/or attorney-client privilege doctrines as they apply in a joint defense or common interest scenario and will submit to the Court a Declaration from Tracey Norberg, General Counsel of the U.S. Tire Manufacturers Association ("USTMA") demonstrating the factual basis for the privilege.

### I.     Privileged Documents Must Be Maintained Under Seal.

MNAI seeks to maintain under seal the seven communications or work product reflecting legal advice or the development or support of legal strategy by or at the direction of legal counsel among the USTMA and its members, which are under a joint defense agreement.

While there is a "strong presumption of access to judicial records," such presumption may be rebutted where there is "good cause" or "compelling reasons," which includes the attorney-client privilege or the work product doctrines. *See Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178-82 (9th Cir. 2006); *AdTrader, Inc. v. Google LLC*, 2020 U.S. Dist. LEXIS 206821, at *2-3 (N.D. Cal. Feb. 24, 2020); *Hanson v. Wells Fargo Home Mortg., Inc.*, 2013 U.S. Dist. LEXIS 149752, at *4-7 (W.D. Wash. Oct. 17, 2013) (collecting cases). "By implication, attorney-client privilege and the work-product doctrine also satisfy the lower 'good cause' standard . . . ." *Id.* *7 "[I]n addition to meeting the applicable standard . . . all parties requesting sealing must comply with Civil Local Rule 79-5." *Open Text S.A. v. Box, Inc.*, 2014 U.S. Dist. LEXIS 17748, at *5 (N.D. Cal. Dec. 26, 2014) (Donato, J.).

The common interest doctrine is an extension of the attorney-client privilege that allows attorneys for different clients, who are pursuing a common legal strategy, to communicate with each other without waiving the attorney-client privilege. *See United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000) (reasoning a joint defense agreement had established an implied attorney-client relationship between the codefendants and their counsel); *see also United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (stating persons who share a common interest in

litigation should be able to communicate with their respective attorneys and with each other); *United States v. Austin*, 416 F.3d 1016, 1021 (9th Cir. 2005) (stating the joint defense privilege is an extension of the attorney-client privilege that "protects not only the confidentiality of communications passing from a party to his or her attorney but also from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel"). "Technical analysis," like those at issue here, can be covered by the attorney-work product doctrine when they are "reviewed and likely relied upon by counsel." *AT&T Corp. v. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 8710 at *8-10 (N.D. Cal. Apr. 18, 2003). A written joint defense agreement is not required. *Gonzalez*, *supra*, 669 F.3d at 979.

Moreover, the common interest doctrine applies to documents that are created in preparation for litigation, even if there is no actual litigation in progress. *See Narog v. City of Redwood City, No.*, 2014 U.S. Dist. LEXIS 36193, at *11-13 (N.D. Cal. Mar. 17, 2014) (referencing *Gonzalez*, *supra*, 669 F.3d at 980 ("[A]s parties in separate actions might nonetheless have reasons to work together toward a common objective, and there is no requirement that actual litigation even be in progress"); *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (referencing *Union Carbide Corp. v. Dow Chemical Co.*, 619 F. Supp. 1036, 1047 (D. Del. 1985) ("noting the common interest privilege may also apply where the parties are likely to be involved in 'anticipated joint litigation'")).

**II.     Seven Documents with Privileged Content Should be Maintained Under Seal**.

Almost immediately following the publication of the Tian study in the Fall of 2020, which purported to tag 6PPD-Q, a newly identified breakdown product of a tire chemical, as toxic to certain salmonid species, USTMA convened a working group to track developments with respect to 6PPD-Q and to plan litigation and regulatory enforcement strategy. *See* Norberg Decl., ¶¶ 7-13. To further the joint defense efforts, USTMA counsel retained consultants, including Julie Panko at ToxStrategies, to provide technical assistance to the working group. *See Id.* at ¶¶ 11-14, 16. The working group was convened at the direction of counsel, in anticipation of regulatory enforcement action and potential litigation, and intended the

development of legal strategy and supporting communications to be maintained as confidential. *Id.,* ¶¶ 5-6, 11-16. USTMA and its members memorialized this existing agreement by signing a joint defense agreement, providing for joint defense activities in the event of litigation. *Id.,* ¶ 15.

Four of the documents provided in Plaintiffs' Exhibit A that should be maintained under seal reflect the attorney work product privileged information created by Julie Panko and ToxStrategies, including MNAI-IFR-PCFFA-2637, 2688, 2691, and 2693. *See* Gigounas Decl. ¶ 3, Ex. 2. USTMA counsel intended that these four documents be confidential as they reflect work performed at the direction of counsel for the purpose of explaining technical documents and informing legal strategy, and under a joint defense agreement. Norberg Decl. ¶¶ 5-6, 11-16.

The remaining documents that should be maintained under seal include brief, narrowly tailored redactions for attorney-client privileged communication from USTMA counsel to its members or notes from Julie Panko, including MNAI-IFR-PCFFA-3849, 3858, and 3837. *See* Gigounas Decl. ¶ 3, Ex. 2. Document 3858 is correspondence from USTMA counsel's explaining Julie Panko's work and 3849 includes confidential statements from USTMA counsel concerning her legal thinking. Norberg Decl., ¶¶ 5-6, 11-16. Document 3837 is correspondence from Julie Panko to USTMA counsel, reflecting her work performed at the direction of legal counsel. *Id.*, ¶¶ 5-6, 11-16. Notably, for these documents, MNAI *confirmed* to Plaintiffs it would re-produce them with redactions of the privileged content rather than claw back in full, narrowly tailoring its request. *See* Gigounas Decl. ¶ 2, Ex. 1, ¶ 3, Ex. 2.

Allowing these documents, created in anticipation of litigation, to be public would disclose some portion of USTMA counsel's strategy, impressions, or evaluation of the case, which USTMA has significant interest in keeping privileged, and would injure USTMA, MNAI, and the other defendants (all USTMA members) allowing the public and Plaintiffs to take undue advantage of the confidential evaluations. Norberg Decl., ¶¶ 5-6, 11-13, 16. Publishing these documents would result in irreparable harm to USTMA and its members, by impeding their ability to have full and frank conversations with attorneys under joint defense privilege without fear of such disclosures being made public. *Id.*, ¶¶ 5-6, 11-13, 16. MNAI already proposed a less

4
DEFENDANT MNAI'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL - CASE NO. 23-CV-05748-JD

restrictive means for protection, including by removing *thirteen* documents from its initial clawback notice and offering to redact the information from three of the documents to maintain those under partial seal. *See* Gigounas Decl. ¶ 2, Ex. 1. MNAI therefore makes the requisite showing that these documents should be maintained under seal or partial seal, under Local Rule 79-5(c) and (f)(3) and this Court's Standing Order ¶ 26.

### III. Conclusion

For the foregoing reasons, the Court should seal the seven documents, including sealing the following documents in full, MNAI-IFR-PCFFA00002637, 2688, 2691, 2693, and the following documents in part, 3837, 3849, and 3858. Gigounas Decl. ¶ 3, Ex. 2.

DATED: November 19, 2024

**DLA PIPER LLP (US)**

By:   */s/ George Gigounas*

George Gigounas,
george.gigounas@us.dlapiper.com
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

Caroline Lee,
Caroline.lee@dlapiper.com
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

Paul Wierenga *(pro hac vice)*
Paul.wierenga@dlapiper.com
500 Eighth Street, NW
Washington, DC 20004
Tel: 202.799.4000