ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

*Counsel for Plaintiffs Institute for Fisheries Resources*
*& Pacific Coast Federation of Fishermen's Associations*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.<br><br>Defendants. | Case No. 23-cv-05748-JD<br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT MICHELIN NORTH AMERICA, INC. LOCAL RULE 79-5(c) STATEMENT** |

1    Pursuant to Local Rule 79-5(f)(4), Plaintiffs hereby respond to Defendant Michelin North

2   America, Inc.'s Response to Plaintiffs' Administrative Motion to Consider Whether Material

3   Should be Sealed ("Michelin Resp."), ECF 179, and Declarations of George Gigounas

4   ("Gigounas Decl."), ECF 179-1, and Tracey Norberg ("Norberg Decl."), ECF 179-2, in support

5   thereof. Michelin's response does not demonstrate "good cause" for continued concealment of

6   documents Plaintiffs initially provisionally filed under seal under Local Rule 79-5(f). *Kamakana*

7   *v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Given the strong policy in

8   favor of public filings, these documents should therefore be unsealed.

9    Only seven documents remain at issue. Michelin has agreed to remove thirteen

10   documents from its initial clawback request, and those thirteen documents provisionally filed

11   under seal should therefore be unsealed.[1] *See, e.g.,* L.R. 79-5(f)(3) (explaining that a failure to

12   file a statement or declaration in support of sealing may result in the unsealing of the

13   provisionally sealed documents). Michelin also "does not seek to seal the privilege log" filed

14   under seal, Michelin Resp. at 1, and it too should therefore be unsealed.[2] L.R. 79-5(f)(3).

15    As to the remaining seven disputed documents, Michelin has not sufficiently shown

16   under Local Rule 79-5(c) that they should remain under seal.[3] Michelin has "withdraw[n] its

17   clawback assertion under the associational privilege derived from First Amendment protections,"

18   Ex. 1 to Gigounas Decl.—a privilege Michelin initially asserted in support of its clawback

19   request of the provisionally sealed documents, *see* ECF 179-1—and now claims only that the

20   seven remaining documents are "privileged under the attorney work product and/or attorney-

21   client privilege doctrines." *Id.* Michelin has not met its burden to show these privileges apply,

22   however, and these documents should therefore also be unsealed.[4]

23

---

24   [1] MNAI-IFR-PCFFA00003027, 3664, 3676, 3688, 3832, 3848, 3835, 3836, 3847, 3851, 3889,
     3890 and 3891, attached as portions of Exhibit A to Plaintiffs' Administrative Motion to Consider
25   Whether Another Party's Material Should be Sealed ("Pls.' Admin. Motion"), ECF 176.
     [2] Exhibit B to Pls.' Admin. Motion.
26   [3] MNAI-IFR-PCFFA00002637, 2688, 2691, 2693, 3837, 3849, and 3858, attached as portions of
     Exhibit A to Pls.' Admin. Motion.
27   [4] Michelin also claims the documents should remain sealed because "Plaintiffs have not
28   meaningfully met and conferred with MNAI." Michelin Resp. at 1. Not so. Plaintiffs' lead

PLS.' RESP. TO DEF. MICHELIN'S LOCAL
RULE 79-5(C) STATEMENT
CASE NO. 23-cv-05748-JD

1    **I.      The Attorney-Work Product Doctrine Does Not Apply.**

2          Michelin seeks to seal four documents and redact two other documents (MNAI-IFR-

3    PCFFA00002637, 2688, 2691, 2693, 3837, and 3858) that were created by a consultant,

4    ToxStrategies, for the U.S. Tire Manufacturer's Association ("USTMA")—a non-party trade

5    group Michelin is a member of—on the basis that they are attorney work product. *See* Michelin

6    Proposed Order, ECF 179-3. The attorney-work product protection does not apply to the

7    documents, however, because they cannot be fairly said to have been prepared "because of" the

8    prospect of litigation. *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011).

9          "To qualify for work-product protection, documents must: (1) be prepared in anticipation

10   of litigation or for trial and (2) be prepared by or for another party or by or for that other party's

11   representative." *Id.* (cleaned up). "In circumstances where a document serves a dual purpose, that

12   is, where it was not prepared exclusively for litigation, then the 'because of' test is used." *Id.* In

13   applying the "because of" standard, courts must consider the totality of the circumstances and

14   determine whether the "document was created because of anticipated litigation, and would not

15   have been created in substantially similar form but for the prospect of litigation." *Id.*

16         Here, the unsigned Declaration of Tracey Norberg makes clear that none of the

17   documents Michelin seeks to keep sealed "would not have been created in substantially similar

18   form but for the prospect of litigation." *Id.* Ms. Norberg explains that these documents, dated

19   years before this litigation, were not prepared solely for the prospect of this or any other

20   litigation, but rather for the general business purpose "to collect information about the evolving

21

22   ───────────────────────

23   counsel, who are located more than 50 miles from Michelin's counsel, spoke with counsel for
     Michelin by video on November 8. During this meet-and-confer, Michelin indicated it intended
24   to claw back certain documents, and counsel for Plaintiffs stated that no obvious privilege
     applied to any documents that had been produced and requested detailed justification including
25   citation of case law. When Michelin subsequently sent its clawback request, citing only the First
     Amendment associational privilege case *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir.
26   2010), Plaintiffs immediately asked again to meet-and-confer, and did so by video on November
     12. Plaintiffs again explained no privilege applied and expressed an urgent need to resolve the
27   issue ahead of Michelin's Federal Rule of Civil Procedure 30(b)(6) deposition on December 5.
28   Michelin's counsel did not offer to narrow or withdraw the clawback requests, and Plaintiffs
     promptly brought the dispute to Court. Plaintiffs have met the meet-and-confer requirements.

PLS.' RESP. TO DEF. MICHELIN'S LOCAL
RULE 79-5(C) STATEMENT
CASE NO. 23-cv-05748-JD

1  science of 6PPD and 6PPD-q" and to develop regulatory strategies. Norberg Decl. ¶¶ 9, 12, 14.

2  　　　As Ms. Norberg explains, in 2020, after a seminal study reported that the tire additive

3  6PPD transforms into 6PPD-Q, and that 6PPD-Q is acutely toxic to salmonids, "USTMA

4  counsel quickly concluded that the study would *likely provoke significant scientific research and*

5  *inquiry and potential government regulation, including possible regulatory enforcement action*

6  *by EPA and/or other regulatory agencies*, and raised the very significant possibility of litigation

7  seeking to address potential impacts of 6PPD-q." *Id*. ¶ 9 (emphasis added). She explains

8  USTMA therefore retained ToxStragies "to review scientific literature as it became available,

9  either through publications or through public presentations, and assist counsel with evaluating

10  how this research could bear on and help guide the legal strategies being evaluated by USTMA

11  and members." *Id.* ¶ 14. The purpose of USTMA's efforts overall was "to collect information

12  about the evolving science of 6PPD and 6PPD-q, to evaluate that information in light of the legal

13  risks involved, to secure consulting expert technical assistance, and to develop regulatory and

14  litigation strategies for the defense of the member companies in light of very fast-moving science

15  and regulatory efforts." *Id.* ¶ 12. In other words, USTMA and its members had myriad business

16  reasons to hire consultants to evaluate a widely used tire chemical, irrespective of any

17  prospective or pending litigation. These documents are therefore not protected attorney-work

18  product and should be unsealed. *See, e.g., Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C

19  14-80112 JSW (LB), 2015 WL 831539, at *2–3 (N.D. Cal. Feb. 23, 2015) ("Documents

20  prepared in the ordinary course of business or that would have been created in essentially similar

21  form irrespective of the litigation are not protectable as work product.").[5]

22

23

---

24  [5] Michelin has also not demonstrated that the privilege has not been waived. "Where a party
discloses work product for reasons not related to the facilitation of its trial preparation, the work

25  product protection may be waived." *Griffith v. Davis*, 161 F.R.D. 687, 699 (C.D. Cal. 1995).
"[W]ork product protection is forfeited by disclosure in circumstances in which the attorney

26  cannot reasonably expect to limit the future use of the otherwise protected material." *Id.* (cleaned
up). Michelin does not state who received the documents and whether they could be reasonably

27  expected to limit disclosure. The documents' file path indicate they came from Thomas Poole, a
"raw materials engineer," *see* https://www.linkedin.com/in/thomas-poole-6959404a/, not a lawyer

28  involved in preparing for this litigation. Any work product privilege has likely been waived.

3

**II.     The Attorney-Client Privilege Does Not Apply.**

Michelin also seeks to redact portions of two documents for attorney-client privilege (MNAI-IFRPCFFA00003849 and 3858), *see* Michelin Proposed Order, but this privilege does not apply because the redacted emails are business communications not transmitting legal advice made in confidence.

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." *United States v. Ruehle*, 583 F.3d 600, 607–08 (9th Cir. 2009) (cleaned up). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (cleaned up). An eight-part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* "The party asserting the privilege bears the burden of proving each essential element." *Id.*

Here, the two redacted emails provide an update from USTMA attorney Sarah Amick on permeable pavements (MNAI-IFRPCFFA00003849) and on a recent scientific study "Seiwert et al., 2022" (MNAI-IFRPCFFA00003858)[6] to "USTMA Tire Materials Committee" members—an untold number of unspecified people whom Michelin has made no effort to identify, let alone demonstrate fall within any sort of attorney-client privileged relationship with Sarah Amick. These emails do not seek or transmit legal advice, and they bear no indication that they are expected to remain confidential or privileged given their broad distribution. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2016 WL 861019, at *7 (N.D. Cal. Mar. 7, 2016) (explaining that communications are not protected simply because an attorney is in the

---

[6] Presumably referring to Bettina Seiwert, *Abiotic oxidative transformation of 6-PPD and 6-PPD quinone from tires and occurrence of their products in snow from urban roads and in municipal wastewater*, 212 Water Research (2022), *available at* https://www.sciencedirect.com/science/article/pii/S0043135422000859.

PLS.' RESP. TO DEF. MICHELIN'S LOCAL
RULE 79-5(C) STATEMENT
CASE NO. 23-cv-05748-JD

chain). Created more than a year before Plaintiffs' August 15, 2023 notice of intent to sue in this case, the documents also cannot be said to "disclose some portion of USTMA counsel's strategy, impressions, or evaluation of the case." Michelin Resp. at 4. *See In re Santa Fe Int'l Corp.,* 272 F.3d 705, 714 (5th Cir. 2001) ("There is no justification within the reasonable bounds of the attorney-client privilege for horizontal competitors to exchange legal information, which allegedly contains confidences, in the absence of an actual, or imminent, or at least directly foreseeable, lawsuit."). These emails, taken in context, "are business matters not legal advice or communications seeking legal advice," and therefore are not protected by attorney-client privilege. *In re Lidoderm Antitrust Litig.*, 2016 WL 861019, at *7.

**III.     The Common Interest Doctrine Does Not Apply.**

Michelin also wrongly asserts that the common interest doctrine applies here. "The common interest doctrine is not a privilege in and of itself, but rather serves as an exception to waiver of the attorney-client or attorney work product privilege." *Callwave Commc'ns, LLC*, 2015 WL 831539, at *4. "Because the common interest privilege is an anti-waiver exception, it comes into play only if the communication at issue is privileged in the first instance." *Id.* (cleaned up). "The common interest privilege protects documents shared between parties who have a common *legal* interest; it does not extend to and cannot protect disclosure of communications regarding a common *business* interest." *In re Lidoderm Antitrust Litig.*, 2016 WL 861019, at *4 (emphasis added). Since none of the documents are privileged in the first instance, the common interest doctrine does not apply.

In sum, Michelin should not be allowed to broadly shield discussions of scientific issues relevant to this case, shared widely among a trade group's membership, years before this case was initiated, on "attorney work-product," "attorney-client privilege" or "common interest privilege grounds." All documents Plaintiffs provisionally filed under seal should be unsealed.

DATED this 25th day of November, 2024,

/s/ Elizabeth B. Forsyth

ELIZABETH B. FORSYTH (CA Bar No. 288311)

5

PLS.' RESP. TO DEF. MICHELIN'S LOCAL
RULE 79-5(C) STATEMENT
CASE NO. 23-cv-05748-JD

eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000
*Counsel for Plaintiffs Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations*

6

PLS.' RESP. TO DEF. MICHELIN'S LOCAL
RULE 79-5(C) STATEMENT
CASE NO. 23-cv-05748-JD