

November 26, 2024

VIA ECF

Re: Discovery Dispute in *Institute for Fisheries Resources v. Bridgestone Americas Tire Operations, LLC*, 23-cv-05748-JD Re Scope of Defendants' Response to Supplemental Requests for Production

To the Hon. James Donato:

Plaintiffs Institute for Fisheries Resources and Pacific Coast Federation of Fishermen's Associations request an order compelling Defendants in this case to respond to Plaintiffs' Requests for Production ("RFP") Nos. 12 and 17–22 without limiting their responses to only documents relating to 6PPD or 6PPD-Q. As the Court has previously stated, this litigation entails "complex legal and factual questions of road runoff and discharge into West Coast aquatic environments, salmonid biology, causation, possible mitigation measures, and the like." Stay Order at 4, ECF No. 133. Plaintiffs seek to flesh out these complex factual questions by requesting documents Defendants have that discuss tire toxicity, the transport of tire wear particles into the environment, and impacts to salmonids. These documents are relevant to Plaintiffs' claims and proportional to the needs of the case, and the Court should order them produced. Plaintiffs certify they have met-and-conferred with counsel before filing this request.

This Endangered Species Act ("ESA") Section 9 case challenges the unlawful "take" of protected salmonids caused by Defendants' use of the tire additive "6PPD" in their tires, a chemical that by design transforms into 6PPD-Quinone ("6PPD-Q"), the second-most toxic chemical to aquatic life ever evaluated. Plaintiffs' complaint alleges that 6PPD in tires transforms to 6PPD-Q which then sheds from the tire onto paved areas. First Am. Compl. (ECF 19) ¶¶ 76, 96. 6PPD and 6PPD-Q are shed in both "tire leachate"—the chemicals that wash off a tire when it is wet—and in "tire wear particles" (also referred to as "tire road wear particles" or "tire wear emissions")—the tiny pieces of rubber that are created when a vehicle's tires rub the road. 6PPD-Q then washes from paved surfaces into aquatic habitats, where it harms and kills ESA-protected "salmonids"—which include coho salmon, Chinook salmon, and steelhead trout. *Id.* ¶¶ 76–79, 95–97. 6PPD-Q causes acute toxic poisoning in what scientists have dubbed "Urban Runoff Mortality Syndrome" (also referred to as "mortality syndrome" or "urban mortality syndrome"). *Id.* ¶ 80.

Over six months ago, on April 25, 2024, Plaintiffs propounded to Defendants their first set of requests for production. To date, only Defendant Michelin North America, Inc. has completed production in response to Plaintiffs' April 25, 2024 requests.

On October 1, 2024, Plaintiffs propounded to Defendants a second set of requests for production, including RFPs 12 and 17–22. *See* Attachment A. Generally speaking, these requests seek documents related to research and studies performed by or on behalf of the U.S. Tire Manufacturers Association ("USTMA"), of which all Defendants are members, or by specific

scientists that Plaintiffs believe to be connected to USTMA. For example, RFP 18 requests "[a]ll documents from January 1, [2018][1] to the present referring or relating to research conducted by Julie Panko or to which Julie Panko contributed regarding tire wear particles, tire road wear particles, tire wear emissions, tire leachate, tire leachate toxicity, 6PPD, 6PPD-Q, 6PPD quinone, salmonids, coho, chinook, steelhead, mortality syndrome, or urban runoff mortality syndrome." *See* Attachment A. Julie Panko (along with SB LaPlaca and David J. Feifarek, specified in RFPs 19–22) is a scientist with "ToxStrategies," the entity which has been evaluating scientific literature related to the evolving science of 6PPD and 6PPD-Q on behalf of USTMA. *See* Decl. of Tracey Norberg ¶ 14 (ECF 179-2). Ms. Panko's past published research includes topics like "*Chronic Toxicity of Tire and Road Wear Particles to Water- and Sediment-Dwelling Organisms*"[2] and "*Quantification of Tire and Road Wear Particles in the Environment*."[3]

In response to Plaintiffs' supplemental requests for production, Defendants have refused based primarily on relevance and burden objections to produce responsive documents to these requests unless they relate to "6PPD" or "6PPD-Q" on the basis that these are the only chemicals identified in Plaintiffs' complaint. *See generally* Attachment B. Plaintiffs disagree that documents from USTMA and its researchers discussing "tire wear particles, tire road wear particles, tire wear emissions, tire leachate, tire leachate toxicity, salmonids, coho, chinook, steelhead, mortality syndrome, or urban runoff mortality syndrome," *see* RFP 18—even if they do not mention 6PPD or 6PPD-Q—are irrelevant to Plaintiffs' claims, and assert they are proportional to the needs of the case.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Documents sought in discovery "need not be admissible in evidence to be discoverable." *Id.* "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Id.* "The party resisting discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Weinstein v. Katapult Grp., Inc.*, No. 21-CV-05175-PJH, 2022 WL 4548798, at *1 (N.D. Cal. Sept. 29, 2022) (cleaned up).

---

[1] Plaintiffs' initial request asked for all documents from January 1, 1999, but Plaintiffs have subsequently agreed to limit the request to all documents from January 1, 2018.
[2] Julie M. Panko et al., *Chronic Toxicity of Tire and Road Wear Particles to Water- and Sediment-Dwelling Organisms*, 22 Ecotoxicology 13 (2013), *available at* https://link.springer.com/content/pdf/10.1007/s10646-012-0998-9.pdf.
[3] Julie M. Panko et al., *Quantification of Tire and Road Wear Particles in the Environment*, 128 Urban Transport 59 (2012), *available at* https://www.witpress.com/Secure/elibrary/papers/UT12/UT12006FU1.pdf.

The requested records are relevant here to the "complex legal and factual questions of road runoff and discharge into West Coast aquatic environments, salmonid biology, causation, possible mitigation measures, and the like" in this case. Stay Order at 4. Indeed, they concern precisely these issues.

They are also relevant to Plaintiffs' claim in this case that Defendants' tires are the proximate cause of "take" of protected salmonids, because they may demonstrate Defendants' knowledge through their own studies of tire toxicity, tire wear particle pollution, and salmonids that their tires are toxic and impact fish. *See Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1156 (9th Cir. 2024) ("a citizen-suit plaintiff must prove that . . . the relationship between the challenged activity and the injury meet the standards of proximate causation"); *Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 713, (1995) (Justice O'Connor, concurring) ("proximate cause principles inject a foreseeability element into the [ESA]"); *White v. U.S. Army Corps of Eng'rs*, No. 22-CV-06143-JSC, 2024 WL 3470374, at *5 (N.D. Cal. May 6, 2024) ("[Defendants'] knowledge establishes proximate causation because they cannot argue the takes of the protected salmonids are remote consequences or 'mere fortuity' of their activities; Defendants can foresee the takes based on the well-documented analyses Defendants produced themselves." (quoting *Paroline v. U.S.*, 572 U.S. 434, 445 (2014)). Plaintiffs are aware that Defendants, both independently and through their work with USTMA and ToxStrategies, as well as through participation in the Tire Industry Project, conduct research into tire toxicity and the transport of tire wear particles into stormwater and surface water precisely to assess their tires' potential impact on the environment.[4] These types of industry-led studies are directly relevant to Plaintiffs' claim that stormwater foreseeably transports tire pollution containing 6PPD-Q into streams and rivers and harms and kills salmonids, and that Defendants have longstanding knowledge of these issues through their own industry studies. *See e.g.*, First Am. Compl. ¶¶ 75, 81–82, 87–91, 95–96. Just because these studies do not say the words "6PPD" or "6PPD-Q," does not mean they lack relevance.

Limiting documents to only those that mention 6PPD or 6PPD-Q would also exclude relevant documents in Defendants' possession that predate a key scientific study published in late 2020 identifying 6PPD-Q as the chemical causing pre-spawn mortality in coho salmon. *Id.* ¶ 83. Notably, scientists have known about a positive correlation between stormwater runoff and coho mortality dating back to at least 2012. *Id.* ¶ 81. Plaintiffs are concerned that limiting their request for documents to just those that mention 6PPD and 6PPD-Q will exclude relevant documents that predate the late 2020 study.

In sum, information regarding tire toxicity, the transport of tire wear particles into the environment, and the impacts to salmonids are directly relevant to Plaintiffs' claim in this case that Defendants are in violation of the Endangered Species Act for causing "take" of protected salmonids. This information is also not privileged, and it is proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). The Court should order Defendants to immediately produce documents responsive to RFPs 12 and 17–22.

---

[4] *See, e.g.,* Tire Industry Project, *Tire Industry Project Commitment to Addressing Tire and Road Wear Particles*, https://tireindustryproject.org/news/tire-industry-project-commitment-to-addressing-tire-and-road-wear-particles/ (last visited Nov. 26, 2024).

*/s/ Elizabeth B. Forsyth*
ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

*Counsel for Plaintiffs Institute for Fisheries Resources & Pacific Coast Federation of Fishermen's Associations*