

December 20, 2024

*Via ECF*

**RE:** Discovery dispute in *Institute for Fisheries Resources v. Bridgestone Americas Tire Operations, LLC, et. al.*, 23-cv-05748-JD Re Scope of Plaintiffs' Response to Goodyear's Requests for Production

To the Hon. James Donato:

Defendant The Goodyear Tire and Rubber Company requests an order compelling Plaintiffs to respond to Goodyear's Interrogatories 1-7 and Requests for Production 1-6, 8-9. On 11/14/24, Goodyear notified Plaintiffs of their discovery deficiencies, outlined Goodyear's issue with each deficiency, and requested to meet and confer pursuant to the Standing Order for Discovery. A meet and confer conference occurred on 11/21/24. During this conference Plaintiffs:

1. Acknowledged the necessity to do ESI searches to respond to the discovery, but claimed no knowledge of how – or even if – such searches had been done;

2. Acknowledged that no members were asked whether they have information responsive to the Requests, even though members' declarations are referenced as responsive to requests for information on substantive allegations. Plaintiffs disclaimed the obligation to inquire by declaring members have no responsive information;

3. Asserted that an associational privilege precluded inquiry into issues that were the subject of several discovery requests; and

4. Agreed to review their responses and to provide case law to support their positions.

The day of the second conference, Plaintiffs advised they disagreed with Goodyear's reading of the plain language of the FAC, declared their discovery obligations fulfilled, and stated their belief that all Goodyear's concerns were fully addressed.

The plain language of the FAC makes it clear Plaintiffs assert both individual and representative claims and seek unprecedented relief that would effectively eliminate the sale of tires in four states. Plaintiffs allege that inclusion of 6PPD in tires sold in California, Oregon, Idaho, and Washington harms the organizations' missions, financial, and cultural interests. (ECF 16 ¶¶ 16, 22.) Separate allegations claim Plaintiffs' "***members*** have a concrete economic as well as cultural interest in the survival and recovery of endangered and threatened salmonids" and "Defendants' inclusion of 6PPD in tires is the "direct, traceable cause of the harm ***that members*** of IFR and PCFFA are suffering and will suffer . . ." (*Id.*, at ¶ 22 emphasis added.)

Yet, Plaintiffs failed to respond to discovery requests directed to these very allegations. Worse, discussions with Plaintiffs' counsel revealed no attempt to make a diligent investigation for information or documents to answer discovery. This does not fulfill Plaintiffs' discovery obligations. *See e.g.*, *Corning Optical Comm. Wireless Ltd. v. Solid, Inc.* 306 F.R.D. 276, 278 (N.D. Cal. 2015) (noting that simply because fulfilling discovery obligations may be difficult is not a basis to evade obligations to fully respond). The failure to engage in a robust search for responsive information is particularly objectionable in this case given the breadth of the relief sought (a nationwide injunction) and is in stark contrast to the sweeping and comprehensive searches done by Goodyear and other defendants to comply with Plaintiffs' discovery requests.

The asserted "Associational Privilege" does not shield responsive information from discovery. Plaintiffs cannot claim harm to itself and its members and claim privilege precludes discovery about that alleged harm. *Purple Mt. Trust v. Wells Fargo & Co.*, 2022 U.S. Dist. LEXIS 80252 (N.D. Cal. May 3, 2022); *Grandbouche v. Clancy*, 825 F.3d 1463 (10th Cir. 1987).

**ROGS 1 & 2:** These interrogatories seek the identity of all witnesses who may provide evidence to support specifically identified FAC allegations. These interrogatories include citation to FAC paragraphs and quotes of the specific allegations for which information is sought.

Plaintiffs' response referenced previously submitted declarations, coupled with an argument that fact discovery is not needed because they intend to seek to prove their case entirely through published literature and expert testimony. This does not eliminate the need for facts to prove standing to bring these claims. Nor can Plaintiffs' strategy define discoverability. Defendants are entitled to full discovery on the claims Plaintiffs have made - including facts and documents from Plaintiffs and its members. If Plaintiffs have "no facts" to support their claims, there must be verified responses to that effect. *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012); *Makaeff v. Trump. Univ., LLC*, 2013 U.S. Dist. LEXIS 34974 (S.D. Cal. 2013).

**ROGS 3-5, 7:** These generally request: (a) the identity of Plaintiffs' "individual members" who "suffered or continue[ ] to suffer injury;" (b) the nature of the alleged injury; and (c) the quantities of the Subject Populations harvested for the last 5 years – once again with specific citations to the specific FAC allegations giving rises to these inquiries. Plaintiffs assert "Associational Privilege" precludes discovery on these issues, which precludes discovery about individual members.[1] The plain language of the FAC alleges harm to "individual members", thus, even if an associational privilege could exist, it has been forfeited by the claims in the FAC.

Statements of specific individual harm are also contained in the declarations, yet Plaintiffs' document production consists only of copies of scientific literature and news articles. Defendants are obviously entitled to discovery on the claims for standing. It should be axiomatic that this Court cannot enjoin the sale or distribution of tires in four states based solely upon scientific literature and the testimony of some experts. Yet Plaintiffs have produced nothing else.

---

[1] On December 6, 2024, Plaintiffs defended their failure to search for documents with the assertion that that they can unilaterally limit the scope of discovery in a case such as this under the Endangered Species Act, 16 U.S.C. § 1531 *et. Seq.* No authority exists to support this position.

**ROG 6:** This interrogatory requests Plaintiffs identify the resources diverted as a result of the inclusion of 6PPD in tires (FAC ¶ 20). Plaintiffs contend they have "responded fully" because apparently on behalf of each entity, "Mr. Spain confirmed that Plaintiffs are very small organizations and do not keep *line-item* type budgets or timesheets." Line-item budgets are not what the Interrogatory asks for. But also, this argument *proves* the deficiency in Plaintiffs' response by admitting that financial records do exist. Thus, there is information from which Plaintiffs presumably could identify any financial resources that have been diverted as alleged in the FAC. If these financial records show such diversion, Plaintiffs must make inquiry to see if there is anecdotal evidence to support their claims. If there is not, Plaintiffs must admit they have no evidence to support this allegation in the FAC. And should they later find such evidence, they must supplement the response to provide that information.

**RFPs 1 & 2:** These RFPs request Documents or Communications (defined terms) "identified," "referenced" or "used" either "in" or "in determining or preparing" Plaintiffs' Responses to Goodyear's Interrogatories. Goodyear requested documentation on at least: (1) the identity of Plaintiffs' individual members who claim injury; (2) the nature of the individual member's alleged injury; and (3) Plaintiffs' diverted resources as alleged in FAC ¶ 20. (*See also,* ROG 20.) Plaintiffs responded by referencing the previously submitted declarations of Bitts, Spain, Kawahara, and Bates, along with some scientific literature. Unless Plaintiffs are claiming these are the only four members who have been injured, the response is incomplete. And even if Plaintiffs do claim only these four members have been harmed, the response is still deficient because none of these documents produced address the issues of injury to those four people or to the organization, or their resources diverted because of 6PPD as alleged in the FAC.

**RFPs 3-6, 8-9:** These RFPs seek Documents referring to or relating to (a) the proliferation of 6PPD-q and resulting die-offs (FAC ¶ 22); (b) the cause of Urban Runoff Mortality Syndrome in the Subject Populations (FAC ¶¶ 85, 87, 94); (c) permits (including applications, approvals, denials) for fishing activities by Plaintiffs or its members; (d) documents that the effects of 6PPD-q has a toxic "ripple effect[] across the food chain;" and (e) documents regarding the quantities of the subject Population fished, harvested, or otherwise killed by Plaintiffs or its members in the past five years. Again, these Requests are directly tied to allegations it the FAC.

Plaintiffs produced no documents. Instead, they usurp this Court's role and make unilateral declarations about inadmissibility of the information sought – which is of course not the standard for discoverability. *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Goodyear's discovery requests were deliberately written to connect to the specific allegations of the FAC so that Goodyear can plan its defense to those allegations. Plaintiffs chose to make allegations of harm to themselves and to their individual members. Plaintiffs' size is no excuse: Small organizations that file big lawsuits seeking a nationwide injunction must respond to discovery about the basis for those broad claims. Goodyear requests that this Court order Plaintiffs to supplement their responses to written discovery to provide all responsive information or affirmatively state that Plaintiffs have nothing to support the allegations in the FAC to which each of these discovery requests relates.



**Womble Bond Dickinson (US) LLP**

By: *M. Elizabeth O'Neill*
M. Elizabeth O'Neill (CA Bar No. 257448)
elizabeth.oneill@wbd-us.com
301 S. College Center
301 S. College Street
Suite 3500
Charlotte, NC 28202-6050
P: 704-350-6310

Keith M. Casto (CA Bar No. 141279)
keith.casto@wbd-us.com
1279 Oakmead Parkway
Sunnyvale, CA 94085
P: 408-341-3000