

December 27, 2024

*Via ECF*

**RE: Discovery dispute in *Institute for Fisheries Resources v. Bridgestone Americas Tire Operations, LLC, et. al.*, 23-cv-05748-JD Re Scope of Defendants' Response to Goodyear's Requests for Production**

To the Hon. James Donato:

Defendant, The Goodyear Tire & Rubber Company responds to Plaintiffs' November 26, 2024, Discovery Dispute Letter concerning Requests for Production Nos. 12 and 17-22.[1]

Although Plaintiffs broadly complain about "Defendants" discovery responses, it should be noted that Goodyear began its documents production on June 18, 2024. For over six months, Goodyear conducted diligent and good faith searches for relevant, responsive, and nonprivileged or nonconfidential documents and produced those documents on a rolling basis to meet Plaintiffs' demand it could depose Goodyear's 30(b)(6) witness early in December 2024.

Goodyear's counsel also conducted a meet and confer with Plaintiffs' counsel on October 18, 2024, addressing the scope of discovery as to Goodyear. Thereafter, in early November, 2024, provided supplemental discovery responses and re-confirmed the parameters of Goodyear's document productions. These discussions, regarding the timing of the document productions and the deposition, were done in conjunction with discussions about Goodyear's objections to the scope of Plaintiffs' discovery requests as written, and Goodyear's intent to produce responsive documents regarding TRWP related to 6PPD/6PPD-q. This included responding to RFP 8 with the production of all documents from January 1, 2018 to present related to the stormwater transport of pollutants or particulates irrespective of the 6PPD/6PPD-q nexus. Goodyear certified substantial completion of its document production on November 30, 2024.

On December 11, 2024, Plaintiffs conducted a full-day deposition of Goodyear's 30(b)(6) witness on eight different topics. The December 11 date complied with Plaintiffs' demand that Goodyear's deposition occur in early December and that Goodyear would be certifying substantial completion of its document production shortly before. Indeed, Goodyear's Objections and Responses to the 30(b)(6) notice states: "Plaintiffs expressly agreed that any document production in the days preceding the deposition will not be the basis for an extension of the December 11, 2024, deposition or that a second deposition will be necessitated." During the December 11, 2024, Goodyear deposition, Plaintiffs did not inquire about, challenge, or note any deficiency with Goodyear's document productions.

---

[1] Plaintiffs Discovery Dispute Letter seeks relief from all Defendants. Goodyear separately files its response because it is differently situated from other defendants in its dealings with Plaintiffs on discovery. Goodyear joins the principal response to Plaintiffs' Discovery Dispute Letter, which upon information and belief, will be filed by Bridgestone and other defendants represented by Beverage & Diamond.



In this context, Plaintiffs' decision to now renege from their prior agreements regarding the scope of document productions is clearly prejudicial to Goodyear. The time for Plaintiffs to have demanded production of *all* documents relating in any way to TRWP was during those meet and confer discussions, <u>before</u> Goodyear's document production was complete and <u>before</u> the Goodyear 30(b)(6) witness had testified.

Pretermitting the inconsistency between Plaintiffs' interactions with Goodyear and the positions asserted in their letter, Plaintiffs' attempt to construe *Oppenheimer Fund, Inc. v. Sanders*, as grounds to compel discovery is misguided. 437 U.S. 340, 351 (1978). As many courts have recognized, Fed. R. Civ. P. 26 was amended after *Oppenheimer Fund* and now limits discoverable evidence to evidence ***relevant*** to a party's claim or defense. It is not a broad-based grant to evidence related to the subject matter pending. *Taste v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2022 U.S. Dist. LEXIS 3396 * 4 (D. Nev. Jan. 7, 2022); *Moore v. Superway Logistics, Inc.*, No. 1:17-cv-01489-DAD-BAM, 2019 U.S. Dist. LEXIS 90111 at *22 (E.D. Cal. May 28, 2019) (holding discovery must be relevant to the parties' claims and defenses); *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co.*, No. 15-cv-1401-BEN-MDD, 2017 U.S. Dist. LEXIS 143394 at *3 ("the *Oppenheimer Fund* definition, like the version of Rule 26(b)(1) that preceded the amendments, is now relegated only to historical significance.")

Plaintiffs' discovery requests RFPs 12 and 17 – 22 can be summarized as follows: ***all documents related to every potential toxic aspect of a tire***. Such a request is facially overly broad, vague, and irrelevant for several reasons. It has long been recognized that requests for "all documents" are *per se* objectionable. *See, Reinsdorf v. Skechers U.S.A., Inc.* (C.D. Cal. 2013) 296 F.R.D. 604, 616–617 (Rejecting "[r]equests which are worded too broadly or are too all inclusive of a general topic [that ]function like a giant broom, sweeping everything in their path, useful or not.).

Plaintiffs brought this suit under the Endangered Species Act, 16 U.S.C. § 1531 *et. seq.* (the "ESA"), seeking a nationwide injunction against the inclusion of 6PPD in tires. (FAC ¶ 107). Goodyear agrees with Plaintiffs that it is Plaintiffs' burden to prove that "the ***challenged activity*** and the injury meet the standards of proximate causation." *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 114, 1156 (9th Cir. 2024) (***emphasis added***). The <u>only</u> challenged activity in Plaintiffs' FAC is the "inclusion of 6PPD in tires that [Defendants] manufacture[.]" (FAC ¶ 107). As a result, the only issue is whether Defendants' use of 6PPD in tires qualifies as a "take" of one of the listed endangered aquatic species. Accordingly, the only discovery that would be relevant (and not overly broad) is information related to Goodyear's knowledge of 6PPD in aquatic environments. See *Strahan v. Holmes*, No. 07-10359-NMG, 2008 U.S. Dist. LEXIS 135812 (D. Mass. Feb. 14, 2008). Yet Plaintiffs' discovery requests at issue are not limited to 6PPD, aquatic environments, or the alleged impact on the alleged species.

Instead, Plaintiffs broadly assert that "all documents" regarding tire road wear particles are both relevant and proportional to the needs of their claim because "stormwater foreseeably transports tire pollution containing 6PPD-Q into streams and rivers and harms and kills salmonids[.]" While there may be some facile logic to this argument, it is belied by both the FAC, (which does not contain those allegations or even the term "tire pollution"), and by



Plaintiffs' actual discovery request, (which itself is much broader than the arguments Plaintiffs now make to this Court). The Request for Production served on Goodyear seeks all documents:

> "referring or relating to . . . tire wear particles, tire road wear particles, tire wear emissions, tire leachate, tire leachate toxicity, 6PPD, 6PPD-Q, 6PPD quinone, salmonids, coho, chinook, steelhead, mortality syndrome, or urban runoff mortality syndrome."

These fourteen different terms are not only disjunctive, but they are also not tied to any actual allegation in the FAC or even to the challenged activity alleging to harm to salmonids. Sweeping discovery requests based on common terms untethered from actual claims or defenses are not appropriate in the post-*Oppenheimer* discovery landscape. See *Weinstein v. Katapult Grp., Inc.*, No. 21-cv-05175-PJH, 2022 WL 4548798 (N.D. Cal. Sept. 29, 2022) (denying a motion to compel discovery requesting the search, review, and production for broad generic search terms).

The overbreadth of Plaintiffs' discovery requests cannot be cured by vague arguments that this information will aid Plaintiffs' experts in determining the alleged harm of the challenged activity. Plaintiffs have not ever explained *how* the experts might possibly use information about particles, emissions, or leachate that has nothing whatsoever to do with 6PPD, 6PPD-Q, or stormwater systems to prove their claim that including 6PPD in tires constitutes a take of coho salmon in the Pacific Northwest. If Plaintiffs' motion is granted as to Goodyear, the company will have to conduct an entirely new document review and supplement its document production. The prejudice of requiring such work at this juncture is obvious, but it is particularly so as to Goodyear given Plaintiffs' agreement as to the completeness of Goodyear's discovery responses and Plaintiffs' deposition of Goodyear's 30(b)(6) witness.

**Womble Bond Dickinson (US) LLP**

By: /s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill (CA Bar No. 257448)
elizabeth.oneill@wbd-us.com
301 S. College Center
301 S. College Street
Suite 3500
Charlotte, NC 28202-6050
P: 704-350-6310

Keith M. Casto (CA Bar No. 141279)
keith.casto@wbd-us.com
1279 Oakmead Parkway
Sunnyvale, CA 94085
P: 408-341-300