

January 17, 2025

**VIA ECF**

Re:   **Discovery Dispute Re Scope of Plaintiffs' Response to Goodyear's RFPs**

To the Hon. James Donato:

     Defendant Goodyear Tire & Rubber Company's ("Goodyear") request for an order compelling supplemental production of invasive information regarding hundreds of non-parties from Plaintiffs Institute for Fisheries Resources ("IFR") and Pacific Coast Federation of Fishermen's Associations ("PCFFA") (collectively, "Plaintiffs") betrays a fundamental misunderstanding of the nature of this case. Goodyear wrongly believes that Plaintiffs are asserting "individual . . . claims" on behalf of their members. ECF No. 189 at 1; *see also* Kurt D. Weaver to Janette K. Brimmer, Nov. 24, 2024, at 2 (Ex. A) (Plaintiffs "are making claims on behalf of their individual organizations as well as representative claims on behalf of their individual members."). This is not the case. As Plaintiffs explained to Goodyear in attempting to resolve this discovery dispute:

> Plaintiffs have never made . . . and are not making any claims on behalf of any individuals. Plaintiffs are [PCFFA] and [IFR]. No individual plaintiffs are parties to this action. To the extent that individual declarations have been provided, it is to demonstrate standing of PCFFA and IFR.

Janette K. Brimmer et al. to Kurt Weaver et al., Dec. 6, 2024, at 1 (Ex. B). Information regarding Plaintiffs' members is only relevant insofar as it concerns the inquiry into Article III standing; individual members are neither scientific experts nor fact witnesses. Further, Plaintiffs do not possess the requested information and it would be prohibitively burdensome for Plaintiffs to obtain such information; this information is grossly disproportionate to the needs of this case; and much of this and other information Goodyear seeks is protected from production due to attorney-client privilege, the work-product doctrine, and First Amendment freedom of association. The Court should deny Goodyear's request.

     **ROGS 1 & 2:** Goodyear sought the identity of all witnesses who may provide evidence to support FAC ¶ 6 and all evidence that Plaintiffs "used" as the basis for FAC ¶ 22. ECF No. 189-1 at 3. Plaintiffs responded appropriately, identifying all of their present standing declarants, stating that they will provide the identities of expert witnesses or any other additional witnesses in accordance with this Court's scheduling order and the applicable rules, and providing a five-page list of scientific studies "concerning mortality and/or sub-lethal effects" of 6PPD on protected salmonids. *Id*. at 3–9. Plaintiffs are not scientific research organizations, nor are their members scientific researchers. Plaintiffs do not conduct their own scientific research, nor do their members. Plaintiffs therefore intend to rely on scientific studies and experts to prove the merits and on standing declarants to show standing. *See Palila v. Haw. Dep't of Land & Nat. Res.*, 639 F.2d 495, 496–97 (9th Cir. 1981) (affirming district court's grant of summary judgment in a "take" case "based on the pleadings, depositions of five staff members from the defendants' Division of Fish and Game, and depositions of three other experts"); *see also People*

*for the Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899-T-36AAS, 2018 WL 7253076, at *4 (M.D. Fla. Oct. 10, 2018) (noting, in "take" case, that "at the summary judgment stage, the district court heavily relied on expert reports"). Plaintiffs have responded in full, along with a commitment to supplement this response as "the science regarding 6PPD and 6PPD-Q continues to develop." ECF No. 189-1 at 9.

**ROGS 3–5, 7:** Goodyear's request for the identity of all "individual members" suffering due to the use of 6PPD, along with details of those individual members' catch records and "financial interests," *id.* at 9–12, is futile, disproportionate, and an unconstitutional invasion. First, IFR and PCFFA do not possess catch records or financial details for their member associations or the individual fishing operations that constitute these member associations. This is not information that Plaintiffs collect, retain, or could acquire without enormous expense and extensive correspondence with "approximately 750" individual fishing operations. FAC ¶ 15. Second, Goodyear has failed to satisfy its obligation to "show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 280 (N.D. Cal. 2015). Goodyear claims it is "entitled to discovery on the claims for standing," ECF No. 189 at 2, yet to have associational standing, Plaintiffs need only demonstrate that *one* of their members would have standing on their own behalf. *Warth v. Seldin*, 422 U.S. 490, 511 (1975); *Coal. of Human Advocs. for K9's & Owners v. San Francisco*, No. C-06-1887-MMC, 2007 WL 641197, at *4 (N.D. Cal. Feb. 27, 2007). Plaintiffs have produced four standing declarations, detailed the injuries of those declarants, and made those declarants available for deposition, so Goodyear's request for information on *all* individual members of IFR and PCFFA is disproportionate. *See Minter v. City of Aurora*, No. 20-cv-02172-RMR-NYW, 2021 WL 5067593, at *5 (D. Colo. Sept. 29, 2021) (where standing is at issue, discovery request must be "relevant and proportional to the needs of any standing inquiry"); *Roanoke River Basin Ass'n v. Duke Energy Progress, LLC*, No. 1:16-cv-607, 2018 WL 11449629, at *2–4 (M.D.N.C. May 25, 2018) (rejecting defendant's request to discover "the type or nature of the alleged harm to each [of associational plaintiff's] member[s]" where plaintiff had already provided five standing declarants). Goodyear's request is especially disproportionate because it is seeking the production of personal financial information of non-parties. "Courts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality," *Henson v. Turn, Inc.*, No. 15-cv-01497-JSW-LB, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018), which accords with the imperative to limit discovery "to protect third parties from harassment, inconvenience, or disclosure of confidential documents." *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (internal citation omitted).

Third, even if Plaintiffs did possess this information and Goodyear's request were narrowly tailored, it would be protected from production due to the First Amendment's freedom of association. "Defendant's interest in the identities and communications of the non-standing members is not sufficient to justify the deterring effect such a disclosure may have on the associational rights of Plaintiff's members," in part because a plaintiff has standing "if 'any one' of Plaintiff's members has suffered injury in fact fairly traceable to Defendant's conduct," and because "Defendant can test the injury and traceability assertions of the Standing Members using discovery relating to those members' injuries." *Sierra Club v. Union Elec. Co.*, No. 4:14-cv-00408-AGF, 2015 WL 9583394, at *4 (E.D. Mo. Dec. 31, 2015); *accord Nat. Res. Def. Council v. Ill. Power Res., LLC*, No. 13-cv-1181, 2015 WL 13940045 (C.D. Ill. May 12, 2015).

**ROG 6:** Plaintiffs have fully complied with Goodyear's request that they "describe the resources" diverted as a result of 6PPD in tires. ECF No. 189-1 at 11. Plaintiffs appropriately referred Goodyear to the sworn declaration of Glen Spain, *see id.*, in which Mr. Spain described the diversion of resources at great length. *See* Decl. of Glen H. Spain ¶¶ 19–21, ECF No. 128-1. Plaintiffs subsequently confirmed for Goodyear that "Plaintiffs are very small organizations and do not keep line-item type budgets or timesheets. Therefore, there is no information, not yet disclosed, in addition to Mr. Spain's testimony on this point. Plaintiffs assume [Goodyear] will inquire into that testimony when Mr. Spain sits for a deposition." Ex. B at 2. Plaintiffs have fully responded to Goodyear's request. Once again, Goodyear has made no effort to show that any more information, even if it existed, would be proportional to its needs. *Cf. Valentine v. Crocs, Inc.*, No. 22-cv-07463-TLT-PHK, 2024 WL 1636716, at *3 (N.D. Cal. Apr. 15, 2024).

**RFPs 1 & 2:** Plaintiffs have appropriately produced non-privileged information in response to Goodyear's request for "All Documents or Communications" that Plaintiffs used in "determining or preparing responses" to its interrogatories, ECF No. 189-4 at 5. To the extent these requests seek documents Plaintiffs' counsel used in preparing responses, such material and communications are protected by attorney-client privilege and the work-product doctrine and are therefore not discoverable. *See Lexington Luminance LLC v. Feit Elec. Co., Inc.*, No. CV-18-10513-PSG-KSx, 2020 WL 10052401, at *7 (C.D. Cal. June 12, 2020) (finding that to the extent "the 'all documents pertaining to' language . . . encompasses communications between [plaintiff] and its counsel . . . [a]ny such communications and related documents fall squarely within attorney-client privilege").

**RFPs 3–6, 8–9:** Goodyear seeks still more information from *all* of Plaintiffs' hundreds of individual members, including fishing permits, permit applications and denials, and the quantities of each subject population fished or otherwise killed. ECF No. 189-4 at 6–10. As Plaintiffs explained to Goodyear, not only is this information protected from production due to IFR and PCFFA's First Amendment freedom of association, but the request is overbroad, disproportionate, and unduly burdensome. Plaintiffs do not possess this kind of information regarding their hundreds of individual members, nor could they obtain such information without enormous expense. Further, because Plaintiffs can show associational standing so long as they can show standing for *one* member, there is no need for Plaintiffs to endure the considerable cost and logistical near-impossibility of trawling through thousands of active permits administered and regulated by multiple agencies and obtaining extensive information from hundreds of individual fishing operations. *See Dao v. Liberty Life Assurance Co. of Boston*, No. 14-cv-04749-SI-EDL, 2016 WL 796095, at *4–5 (N.D. Cal. Feb. 23, 2016) ("[I]t appears that the burden and expense of" an interrogatory that would require the defendant to "manually review" 946 insurance policies "outweighs its likely benefit."). As to Goodyear's requests for documents relating to salmonid die-offs, 6PPD-Q toxicity, urban runoff mortality syndrome, etc., Plaintiffs have fully complied, appropriately referring Goodyear to all responsive documents.

In sum, this Court should reject Goodyear's attempt to obtain vastly disproportionate quantities of unnecessary and privileged information, especially as it would invade the privacy of non-parties. Plaintiffs respectfully request that the Court deny Goodyear's request.

*/s/ Scott W. Stern*
ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
ANNA K. STIMMEL (CA Bar No. 322916)
astimmel@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

*Counsel for Plaintiffs Institute for Fisheries Resources & Pacific Coast Federation of Fishermen's Associations*