

January 22, 2025

**VIA ECF**

**Re:** **Discovery Dispute in** *Institute for Fisheries Resources v. Bridgestone Americas Tire Operations, LLC*, **No. 23-cv-05748-JD, Re Defendant Pirelli's Improper Redactions**

To the Hon. James Donato:

Plaintiffs Institute for Fisheries Resources ("IFR") and Pacific Coast Federation of Fishermen's Associations ("PCFFA") (collectively, "Plaintiffs") request an order compelling Defendant Pirelli Tire LLC ("Pirelli") to produce unredacted versions of the communications from which Pirelli has inappropriately redacted the identities of the senders and/or recipients. On January 16, 2025, Plaintiffs received from Pirelli approximately 4,000 documents; of these, over 400 were emails with the names of the senders and recipients redacted on the basis of the European Union's General Data Protection Regulation, Regulation (EU) 2016/679 ("GDPR"), which protects certain personal data. A representative sample is included in Exhibit A. Yet the GDPR plainly does not justify such redactions. The GDPR itself contains an explicit exception providing for the production of personal information as part of litigation, as multiple courts (including the Northern District of California) have confirmed. Plaintiffs request an order compelling Pirelli to produce unredacted versions of documents improperly redacted on the basis of the GDPR ahead of Plaintiffs' 30(b)(6) deposition of Pirelli, scheduled for this Friday, January 24, 2025. In the alternative, Plaintiffs request that the Court allow Plaintiffs to recall Pirelli's deponent to ask about the unredacted versions, once they are produced. Plaintiffs certify that they met-and-conferred with counsel by video on January 21, 2025, before filing this request.

Nearly nine months ago, on April 25, 2024, Plaintiffs propounded to Pirelli their first set of requests for production, followed by a second set of requests for production on October 1, 2024. Despite this timeframe, and despite Pirelli's obligation to respond within 30 days of service of the request, *see* Fed. R. Civ. Proc. 34(b)(2), Pirelli did not complete production until January 16, 2025. On that date (just 8 days before Plaintiffs' upcoming 30(b)(6) deposition of Pirelli), Pirelli produced over 4,000 documents. Seeking to adhere to the deposition schedule and complete discovery within the present fact-discovery period, Plaintiffs timely reviewed Pirelli's production. In the process of this review, however, it became clear to Plaintiffs that Pirelli had improperly redacted hundreds of the documents it produced. Specifically, over 400 of the approximately 4,000 documents that Pirelli produced were emails with the identities of the senders and/or recipients redacted. Each of these redactions was labeled "GDPR."

Seeking to avoid burdening this Court with unnecessary discovery disputes, Plaintiffs reached out to Pirelli's counsel on Monday, January 20, 2025, informing counsel that the redactions are improper and requesting a commitment that unredacted versions of these documents be immediately reproduced ahead of the 30(b)(6) deposition on Friday, January 24. Pirelli's counsel responded that its redactions were proper under the GDPR and Paragraph 5.4 of the Parties' Stipulated Protective Order, ECF No. 139.

Pirelli's redactions are improper. "It is well settled that [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Société Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544, n.29 (1987). This is especially so here, as the GDPR specifically provides for the production of information that is "necessary for the establishment, exercise or defence [sic] of legal claims." GDPR Art. 49(1)(e). The European Union elaborated on this exception in its GDPR implementation guidelines to member nations, stating that information produced "for the purpose of formal pre-trial discovery procedures in civil litigation" falls under the exception in GDPR Article 49. Guidelines 2/2018 on Derogations of Article 49 Under Regulation (EU) 2016/679, p. 11. In part due to this exception, multiple courts have found that the GDPR does *not* excuse a party from its discovery obligations or justify similar redactions. *See, e.g.*, *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-cv-00126-JRG-RSP, 2022 WL 3020136, at *1–2 (E.D. Tex. July 29, 2022) (rejecting invocation of GDPR to justify redaction of names and email addresses from communications); *AnywhereCommerce, Inc. v. Ingenico, Inc.*, No. 19-cv-11457-IT, 2020 WL 5947735, at *1–4 (D. Mass. Aug. 31, 2020) (rejecting invocation of the French GDPR, which incorporates the EU's GDPR, to justify failure to produce unredacted documents including those with individuals' "names" and "online identifiers"); *Giorgi Global Holdings, Inc. v. Smulski*, No. 17-4416, 2020 WL 2571177, at *1–3 (E.D. Pa. May 21, 2020) (rejecting invocation of GDPR to justify failure to produce relevant documents); *In re Mercedes-Benz Emissions Litig.*, No. 16-cv-881-KM-ESK, 2020 WL 487288, at *2, 5–8 (D.N.J. Jan. 30, 2020) (rejecting invocation of GDPR to justify failure to disclose foreign data including the identities of current and foreign employees); *Finjan, Inc. v. Zscaler, Inc.*, No. 17-cv-06946-JST-KAW, 2019 WL 618554, at *1–3 (N.D. Cal. Feb. 14, 2019) (rejecting invocation of GDPR to justify failure to produce emails from UK citizen).

In *Arigna*, for instance, the defendant tire manufacturer invoked GDPR to justify redactions to documents produced pursuant to discovery, including the "redaction of every employee's name and email address." 2022 WL 3020136, at *1. The court rejected such redactions, citing Article 49 of the GDPR and concluding that the tire company's "invocation of the GDPR, which allows for production of information in the context of discovery in civil litigation, does not excuse its noncompliance." *Id*. at *2.

For this reason, Pirelli's reliance on the Parties' Stipulated Protective Order to excuse its redactions is misplaced. While the Protective Order allows the redaction of personal information "subject to . . . foreign data protection laws," including the GDPR, ECF No. 139 ¶ 5.4, the GDPR itself provides for the production of information necessary to litigation. *See* GDPR Art. 49(1)(e). The Protective Order thus does not countenance redactions or withholdings of employee names and email addresses. Pirelli's interpretation of the Protective Order is particularly unconvincing given that multiple other defendants in this case have produced unredacted communications with European counterparts; Pirelli is the only defendant to interpret the Protective Order as disallowing this.

Even if no litigation exception applied to the invocation of GDPR here, the balance of interests strongly favors production of unredacted communications in this instance. In determining whether a foreign statute like GDPR excuses noncompliance with a discovery order,

2

courts consider: "(1) the importance of the documents or other information requested to the litigation; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance would undermine important interests of the United States." *Finjan*, 2019 WL 618554, at *1; *see also Aerospatiale*, 482 U.S. at 544, n.28. Here, all factors favor disclosure of the redacted information.

      First, the unredacted identities are highly important to this litigation, as knowledge of these identities will allow Plaintiffs to connect the awareness and actions of Pirelli's European counterpart regarding the issues in this litigation to the awareness and actions of Pirelli's American employees. *See In re Mercedes-Benz*, 2020 WL 487288, at *7 ("Plaintiffs are entitled to the basic identities of individuals so that Plaintiffs can determine that relevance, or else Plaintiffs' ability to acquire individuals' documents and testimony to investigate the allegations in this matter is significantly curtailed."); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) ("Where the evidence is directly relevant, [the Ninth Circuit has] found this factor to weigh in favor of disclosure."). In one email, for instance, a redacted individual wrote to U.S. Pirelli employees ███████████████████ ████████████████████████ Ex. A at 5 (Pirelli0004067). Unless Plaintiffs know the identity and affiliation of writers such as this one, Plaintiffs cannot properly prepare to question Pirelli's 30(b)(6) deponent regarding this acknowledgment.

      Second, Plaintiffs' request for unredacted communications is highly specific, requesting unredacted names and emails in documents already produced to Plaintiffs. Third, such communications are already within Pirelli's possession in the U.S. *Cf. Finjan*, 2019 WL 618554, at *2 ("Here, although Mr. Warner is located in the U.K., Defendant itself is an American company, subject to American discovery law."). Fourth, no alternative means of securing the information is available. Questioning Pirelli's 30(b)(6) deponent is no alternative to the disclosure of this information, as the deponent is unlikely to know the identities of individuals redacted from over 400 emails, or to be able to testify to them in the seven hours allotted for the deposition. And finally, disclosure of unredacted communications is consistent with the GDPR, while nondisclosure would undermine important interests of the United States. The United States "has a substantial interest in fully and fairly adjudicating matters before its courts—an interest only realized if the parties have access to relevant discovery." *Fenerjian v. Nong Shim Co., Ltd.*, No. 13-cv-04115-WHO-DMR, 2016 WL 245263, at * 5 (N.D. Cal. Jan. 21, 2016) (internal citation omitted). This is especially so where "it is not clear to what extent the [EU]'s interest in privacy is implicated, as . . . the GDPR permits the discovery of personal data to that which is objectively relevant to the issues being litigated." *Finjan*, 2019 WL 618554, at *3 (internal citation omitted).

      Plaintiffs thus respectfully request that the Court order Pirelli to immediately produce unredacted versions of these documents ahead of the upcoming January 24, 2025, Pirelli deposition—or, in the alternative, order Pirelli to produce unredacted versions of these documents and preserve Plaintiffs' ability to recall Pirelli's deponent to ask about the unredacted versions.

       */s/ Scott W. Stern*

       ELIZABETH B. FORSYTH (CA Bar No. 288311)
       eforsyth@earthjustice.org
       JANETTE K. BRIMMER (*Pro Hac Vice*)
       jbrimmer@earthjustice.org
       AURORA JANKE (*Pro Hac Vice*)
       ajanke@earthjustice.org
       Earthjustice
       810 3rd Ave #610
       Seattle, WA 98104
       Tel: (206) 343-7340

       GREGORY C. LOARIE (CA Bar No. 215859)
       gloarie@earthjustice.org
       SCOTT W. STERN (CA Bar No. 336427)
       sstern@earthjustice.org
       ANNA K. STIMMEL (CA Bar No. 322916)
       astimmel@earthjustice.org
       Earthjustice
       50 California Street #500
       San Francisco, CA 94111
       Tel: (415) 217-2000

       *Counsel for Plaintiffs Institute for Fisheries Resources*
       *& Pacific Coast Federation of Fishermen's Associations*