

February 20, 2025

VIA ECF

Re: Discovery Dispute in *Institute for Fisheries Resources v. Bridgestone Americas Tire Operations, LLC*, 23-cv-05748-JD, Re Defendants' Improper Assertions of Privilege

To the Hon. James Donato:

Plaintiffs Institute for Fisheries Resources ("IFR") and Pacific Coast Federation of Fishermen's Associations ("PCFFA") (collectively, "Plaintiffs") request an order granting Plaintiffs limited leave to challenge the adequacy of Defendant Bridgestone Americas Tire Operations LLC's ("Bridgestone"), Continental Tire the Americas, LLC's ("Continental"), Giti Tire (USA) Ltd.'s ("Giti"), The Goodyear Tire & Rubber Company's ("Goodyear"), Hankook Tire America Corporation's ("HTAC"), Kumho Tire U.S.A., Inc.'s ("KUSA"), Michelin North America, Inc.'s ("Michelin"), Nokian Tyres Inc.'s and Nokian Tyres U.S. Operations LLC's ("Nokian"), Pirelli Tire LLC's ("Pirelli"), Sumitomo Rubber North America Inc.'s ("SRNA"), Sumitomo Rubber USA, LLC's ("SRUSA"), Toyo Tire Holdings of Americas Inc.'s ("Toyo"), and Yokohama Tire Corporation's ("YTC") (collectively, "Defendants") productions and assertions of privilege, as well as limited leave to seek to compel these Defendants to provide improperly withheld documents, as needed based on the Court's determination of a pending discovery dispute. That pending dispute concerns Plaintiffs' challenge to Defendant Michelin's assertion of privilege with respect to withheld documents and documents Michelin sought to claw-back from production. *See* ECF No. 175 at 1. Plaintiffs believe resolution of that dispute should govern similar improper privilege assertions by other Defendants. However, out of an abundance of caution, Plaintiffs request this order now to preserve their rights to challenge Defendants' improper privilege assertions in light of the upcoming "discovery cut-off," as defined in Local Rule 37-3, which restricts Plaintiffs' ability to file a "motion related to fact discovery" after February 21, 2025. Plaintiffs certify that they met-and-conferred with counsel for all Defendants by video on February 18 and 19, 2025, before filing this request.

On November 12, 2024, Plaintiffs filed a discovery dispute letter challenging Michelin's assertion of privilege with respect to documents provided to Michelin by the United States Tire Manufacturers Association ("USTMA"), an industry trade organization, or its contractors that "generally refer to evaluations of published science or to lobbying or other regulatory efforts." ECF No. 175 at 1–2. Michelin argued that documents prepared "in the common interest context among USTMA and its members, which includes all defendants, should be protected" as attorney-client communications, attorney work-product, ECF No. 184 at 1, and/or "subject to the associational privilege," ECF No. 175, Ex. A at 2, while Plaintiffs maintained no work-product protection, attorney-client privilege, or associational privilege applies to USTMA documents concerning science or policy that "do not contain a request for, discussion of, or transmittal of legal advice." ECF No. 175 at 1–2.

Although Plaintiffs' discovery letter squarely concerned Michelin's assertion of privilege, Plaintiffs brought to the Court's attention similar improper assertions from other Defendants. *See*

*id*. at 2 n.1 ("Other Defendants have also raised association privilege concerns . . . but no other Defendants have yet produced a privilege log indicating that documents have been withheld on this basis, or asked to claw back documents on associational privilege grounds."). Subsequent to the filing of this letter, other Defendants consistently invoked privilege on the same basis. *See, e.g.*, Continental Privilege Log, Feb. 18, 2025 (Ex. A, filed under seal); Goodyear Privilege Log, Dec. 27, 2024 (Ex. B, filed under seal); HTAC Privilege Log, Feb. 11, 2025 (Ex. C, filed under seal); KUSA Privilege Log, Feb. 12, 2025 (Ex. D, filed under seal); Pirelli Privilege Log, Feb. 14, 2025 (Ex. E, filed under seal); SRNA Privilege Log, Feb. 18, 2025 (Ex. F, filed under seal). All privilege logs that Plaintiffs have received to date assert privilege for broad swaths of documents originating from USTMA or its contractors, yet the titles of withheld documents indicate that Defendants are improperly seeking to shield non-privileged discussions of science or policy. For instance, HTAC claims ███████████████████████████████████████████████████████████████████████████████ Ex. C, log no. 32; *see also* Ex. D, log no. 37 (KUSA withholding same document based on ███████████████████████████ ); Ex. E, log no. 1270 (Pirelli withholding same document based on █████████████████████████████████). Such an assertion of privilege is nonsensical, as ████████████████████████████████████████████████████████████████████████████████[1]

      Plaintiffs have not previously challenged these assertions of privilege because Plaintiffs believe that the legal questions at issue are identical to those before the Court in the pending Michelin privilege discovery dispute and the Court's ruling on this dispute should bind all other Defendants asserting the same privilege. Further, Plaintiffs have only received seven privilege logs to date, so Plaintiffs could not have challenged improper assertions of privilege from all Defendants.

      Given the pending discovery cut-off, however, Plaintiffs now request that, if this Court rules in Plaintiffs' favor regarding this discovery dispute with Michelin, the Court also compel all other Defendants to produce documents withheld on the same basis. Further, to the extent a dispute arises after the Court's resolution of the aforementioned discovery dispute with Michelin regarding the production (or redaction) of such documents on this basis, Plaintiffs request that this Court order that Plaintiffs have 14 days following a meet-and-confer to file a motion regarding that dispute. *See Fortinet, Inc. v. Forescout Tech., Inc.*, No. 20-cv-03343-EMC-TSH, 2024 WL 1589469, at *1–2 (N.D. Cal. Apr. 10, 2024) (tolling discovery cut-off due to "unresolved discovery issues relating to [a party's] incomplete and late production" and that party's assertions of privilege); *Roblox Corp. v. WowWee Grp. Ltd.*, No. 22-cv-04476-SI, 2024 WL 815516, at *1 (N.D. Cal. Feb. 27, 2024) ("find[ing] it appropriate to reach" privilege disputes where such disputes arise after the discovery cut-off because the Court issued discovery

---

[1] To be clear, Plaintiffs provide this example merely to illustrate Defendants' assertions of privilege; this example is not the extent of Defendants' assertions of privilege. Indeed, Defendants' assertions regarding documents from USTMA and its contractors are so voluminous that a catalogue of such assertions likely could not fit within a three-page letter. Further, several privilege logs received to date—including Continental's and Goodyear's—do not provide the titles or subject lines for documents withheld.

orders requiring additional production after the discovery cut-off). Finally, to the extent a dispute arises with Michelin regarding its compliance with the Court's order resolving the aforementioned discovery dispute with Michelin, Plaintiffs request that this Court order that Plaintiffs have 14 days following a meet-and-confer to file a motion regarding that dispute.

/s/ Scott W. Stern
ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
ANNA K. STIMMEL (CA Bar No. 322916)
astimmel@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

*Counsel for Plaintiffs Institute for Fisheries Resources
& Pacific Coast Federation of Fishermen's Associations*