Susan E. Smith, (CA Bar No. 329539)
ssmith@bdlaw.com
333 Bush Street, Ste 1500
San Francisco, CA 94104
P: 415-262-4023

Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA 98101
P: 206-315-4810

W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com
1900 N. Street NW, Ste. 100
Washington, D.C. 20036
P: 202-789-6028

*Counsel for Defendants Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Sumitomo Rubber North America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire Holdings of Americas Inc.; and Yokohama Tire Corporation.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; | Case No. 23-cv-05748-JD<br><br>**DEFENDANT CONTINENTAL TIRE THE AMERICAS, LLC and SUMITOMO RUBBER NORTH AMERICA'S LOCAL RULE 79-5(c) STATEMENT RE PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S** |

DEFENDANT CONTINENTAL TIRE THE AMERICAS, LLC and SUMITOMO RUBBER NORTH AMERICA'S LOCAL RULE 79-5(c) STATEMENT RE PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT 217] - Case No. 23-cv-05748-JD **-** Page 1

| | |
|---|---|
| KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.<br><br>Defendants. | MATERIAL SHOULD BE SEALED [DKT 217] |

Plaintiffs filed the privilege logs of Continental Tire the Americas, LLC and Sumitomo Rubber North America's (Companies) [Dkts. 216-1, 216-6] (Logs) under seal as exhibits to a discovery dispute letter [Dkt. 216]. The Logs contain personally identifiable information of the Companies' employees, specifically, names and email addresses. Such information is irrelevant to Plaintiffs' discovery dispute letter, and it is only tangentially related to the merits of a threatened but unasserted challenge to the adequacy of the Logs. The information has no relevance to the merits of this case. Public disclosure of this information may lead to harassment of these individuals and a violation of their privacy interests. There is no presumption of the public's access to this information, and good cause exists to keep it under seal.

As such, the Companies file this Statement pursuant to Local Rule 79-5(f)(3) and (c) respectfully requesting that the Court maintain portions of the Logs under seal. A proposed order narrowly tailored to only include sealable material accompanies this Statement.

## I. ARGUMENT

Good cause exists to seal the Logs. The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document attached to a non-dispositive motion, such that the usual presumption of the public's right to access is rebutted." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted). The public has less of a need for access to these documents, because they are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179.

A showing of "good cause . . . will suffice to seal documents produced in discovery." *Kamakana*, 447 F.3d at 1180 (citing Fed. R. Civ. P. 26(c)). A district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The Logs are not attached to a dispositive motion. They are attached as exhibits to a three-page discovery dispute letter. These documents are only tangentially related to the merits of this case and need only demonstrate good cause for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

The Logs contain the names and email addresses of employees of Continental and SRNA who were involved in privileged communications. Public disclosure of such personally identifiable information that may lead to the annoyance, embarrassment, oppression, and harassment of the Companies' employees.[1] Plaintiffs and their counsel have sought publicity about this litigation by issuing press releases accusing the Companies of "not only pushing valuable salmon runs toward extinction but also destroying fishing-dependent jobs up and down the west coast...",[2] asserting that "tire companies continue to get away with blatant ESA violations that continue to harm both salmon and the livelihoods of fishing-dependent communities"[3], and calling for the companies "to be held accountable."[4] Ordinary privacy considerations, heightened by the nature and tone of Plaintiffs' allegations and related publicity efforts, favor shielding this information from the general public.

---

[1] Some information in these Logs is also subject to the European Union's General Data Protection Regulation. Regulation (EU) 2016/679: Of the European Parliament and of the Council of 27 April 2016.

[2] *See U.S. Fishing Groups Sue Tire Manufacturers Over 6PPD Impacts on Salmon, Steelhead, Earthjustice (Nov. 8, 2023), https://earthjustice.org/press/2023/u-s-fishing-groups-sue-tire-manufacturers-over-6ppd-impacts-on-salmon-steelhead*

[3] Glen Spain, Take toxins out of tires to protect salmon, other wildlife, Seattle Times (Nov. 30, 2023), https://www.seattletimes.com/opinion/take-toxins-out-of-tires-to-protect-salmon-other-wildlife/

[4] Earthjustice, *supra* note 2; Spain, *supra* note 3.

The personally identifiable information is irrelevant to Plaintiffs' dispute letter, Dkt. 216. The letter references the Logs only once, to support a point that Continental and SRNA asserted a privilege on the same basis as Michelin. The letter does not take issue with the form or content of any specific entry on the Logs. The letter does not challenge the Companies' designation of the Logs as confidential. (Nor did Plaintiffs follow the proper procedure for doing so, set out in Section 6.2 of the Stipulated Protective Order, Dkt. 149).

The names and email addresses of employees engaged in privileged communications may be relevant to Court's consideration of the merits of the Companies' assertions of privilege, but Plaintiffs do not request that the Court actually do that. Instead, in the discovery dispute letter, Plaintiffs request that "if this Court rules in Plaintiffs' favor regarding this discovery dispute with Michelin, the Court also compel all other Defendants to produce documents withheld on the same basis." Dkt. 216 at p. 2, para. 3. Plaintiffs also seek leave to file additional discovery motions after the Court rules on the discovery dispute with Michelin. Plaintiffs wish to preserve the right to assert a future challenge to the Companies' Logs. The only information in the Logs that is arguably relevant to the matters presented in Plaintiffs' discovery dispute letter is that Continental and SRNA have withheld documents "on the same basis" as Michelin, which can be determined from the Logs without reference to the personally identifiable information.

Plaintiffs had the option of redacting these portions of the Logs pursuant to an agreed upon protective order, but submitted the Logs in their entirety. Dkt. 139 at 7-9. And no party contests their confidentiality. *See* Dkt. 217. This information should remain under seal when Plaintiffs should have redacted it in the first instance.

This circuit's precedent supports sealing the personally identifiable information. These cases determined, in part, that these names and addresses had minimal relevance and are at best only tangentially related to the underlying causes of action. *See UnifySCC v. Cody*, No. 22-CV-01019-BLF, 2023 WL 7170265 at *1 (N.D. Cal Oct. 30, 2023); *Stiner v. Brookdale Senior*

*Living, Inc.*, No. 17-CV-03962-HSG, 2022 WL 1180214 at *1 (N.D. Cal. Mar. 29, 2022). Additionally, "the nonparty . . . members [had] legitimate privacy interests in keeping their identities private." *Stiner*, 2022 WL 1180214 at *1; *See also Chloe SAS v. Sawabeh Info. Servs. Co.*, No. CV 11-04147-MMM, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015); (finding that privacy interests of nonparties sufficient to justify sealing under the good cause standard and citing cases); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (determining that exhibit's disclosure of personal information and irrelevance to the matter are compelling reasons to seal the exhibit). The same relevancy and privacy concerns are present here.

## II. CONCLUSION

There is no presumption of the public's right to access the Logs. Plaintiffs filed these Logs to accompany a three-page, non-dispositive discovery dispute letter. The adequacy of the Logs and the merits of the Companies' assertions of privilege are not presently at issue. The Logs are only tangentially related to the merits of this case, and contain sensitive information designated as confidential, the public disclosure of which could lead to the harassment of individuals who are not parties to this litigation. Good cause exists to maintain this information under seal.

Respectfully submitted this 27th day of February, 2025.

**Beveridge & Diamond P.C.**

By: */s/ Susan E. Smith*
　　Loren R. Dunn, *(pro hac vice)*
　　ldunn@bdlaw.com
　　600 University Street, Ste. 1601
　　Seattle, WA 98101
　　P: 206-315-4810

　　Susan E. Smith, (CA Bar No. 329539)
　　ssmith@bdlaw.com
　　333 Bush Street, Ste 1500

DEFENDANT CONTINENTAL TIRE THE AMERICAS, LLC and SUMITOMO RUBBER NORTH AMERICA'S LOCAL RULE 79-5(c) STATEMENT RE PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT 217] - Case No. 23-cv-05748-JD **-** Page 5

| | |
|---|---|
| 1 | San Francisco, CA 94104 |
| 2 | P: 415-262-4023 |
| 3 | W. Parker Moore *(pro hac vice)* |
| | pmoore@bdlaw.com |
| 4 | 1900 N. Street NW, Ste. 100 |
| | Washington, D.C. 20036 |
| 5 | P: 202-789-6028 |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 27th day of February, 2025.

                                                 */s/Natasha Johnston*
                                                 Natasha Johnston, Legal Assistant
                                                 on behalf of Loren R. Dunn