

Womble Bond Dickinson (US) LLP

555 Fayetteville Street
Suite 1100
Raleigh, NC 27601

t: 919.755.2100
f: 919.755.2150

Kurt D. Weaver
Partner
Direct Dial: 919-755-8163
Direct Fax: 919-755-6770
E-mail: Kurt.Weaver@wbd-us.com

February 27, 2025

**Via ECF**

The Hon. James Donato
United States District Court for the
 Northern District of California
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *IFR et al. v. Bridgestone Americas, Inc., et al.*,
File No. 3:23-CV-05748-JD

To the Hon. James Donato:

As to ECF 216 and 217, Defendant The Goodyear Tire and Rubber Company sent the attached request to Plaintiffs. Plaintiffs declined. Goodyear believes the issue is not ripe for Court intervention. Thank you.

Very truly yours,

**WOMBLE BOND DICKINSON (US) LLP**

Kurt D. Weaver

wombleboneddickinson.com



Womble Bond Dickinson (US) LLP

555 Fayetteville Street
Suite 1100
Raleigh, NC 27601

t: 919.755.2100
f: 919.755.2150

Kurt D. Weaver
Partner
Direct Dial: 919-755-8163
Direct Fax: 919-755-6770
E-mail: Kurt.Weaver@wbd-us.com

February 27, 2025

**Via email: sstern@earthjustice.org**

Scott W. Stern, Esq.
Earthjustice
50 California Street
Suite 500
San Francisco, CA 94111

Re: *IFR et al. v. Bridgestone Americas, Inc., et al.*,
  File No. 3:23-CJ-05748-JD

Dear Mr. Stern:

On behalf of the Goodyear Tire and Rubber Company ("Goodyear"), I write to respectfully request that Plaintiffs immediately withdraw, as to Goodyear, their Letter Brief (ECF 216) and Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 217) (the "Admin. Motion").

Plaintiffs' Admin. Motion (1) fails to satisfy Civil Local Rule 7-11, (2) ignores Plaintiffs' obligation to identify the specific items which Plaintiffs claim are "at issue," (3) is premature and unwarranted because Plaintiffs failed to follow the Stipulated Protective Order (ECF 149) ("SPO") governing the challenge of confidentiality designations, and (4) fails to demonstrate, because Plaintiffs cannot, that Plaintiffs ever requested or conducted a meet and confer with Goodyear relating to its privilege log.

Indeed, on February 19, 2024, when Goodyear met with Plaintiffs on other alleged discovery issues, Plaintiffs' counsel was *completely unaware* that Plaintiffs had possessed Goodyear's privilege log for nearly two months. Other Defendants have repeatedly explained to Plaintiffs that only the Court could extend the discovery cut-off as Plaintiffs requested. And Plaintiffs have attempted to raise that issue in its Letter Motion (ECF 216) despite the fact that Goodyear, like other Defendants, contends that no "discovery dispute" is ripe for the Court's intervention. In short, it is beyond cavil that Plaintiffs *never* questioned ***or even sought to question*** Goodyear regarding any specific entry in its privilege log, delivered to Plaintiffs on December 27, 2024.

**Plaintiffs' Admin. Motion Fails to Comply With Civil L.R. 7-11.** Rule 7-11(a) required that a motion for an order concerning a miscellaneous administrative matter "must set forth specifically the action requested and the reasons supporting the motion and must be accompanied . . . by either a stipulation under Civil L.R. 7-12 or ***by a declaration that explains why a stipulation could not be obtained***." Obviously, the Local Rule pre-supposes a conversation with the other side about why a stipulation could not be obtained. No conversation about the Confidential designation of Goodyear's privilege log, was ever requested or conducted by Plaintiffs and Plaintiffs' Admin. Motion omits any reasons supporting either the Admin. Motion, a stipulation, or a declaration. While Plaintiffs may have acted appropriately in filing the privilege log under seal, no notice or communication was given that Plaintiffs even felt a need to file the entire privilege log in advance of February 20, 2025.

**Plaintiffs Have Failed to Identify Any of the Entries on Goodyear's Privilege Log Being "At Issue" in Any Alleged Dispute.** As noted above, Plaintiffs have possessed Goodyear's privilege log since December 27, 2024. Plaintiffs' counsel was visibly surprised on February 19, 2024, when Goodyear stated that fact and responded "well, I will let my folks know about that, thank you." At no time since that discuss has Plaintiffs' counsel ever informed Goodyear of any issue with its privilege log or the log's "Confidential" designation under the Stipulated Protective Order.

**The Stipulated Protective Order Governs Challenges to a Designation of Confidentiality, Which Order Plaintiffs Have Failed to Follow.** The Court entered the SPO on August 5, 2024, and it makes clear that "a Party may not file in the public record any action any Protected Material" "[w]ithout written permission from the Designating Party." (ECF 149, Sec. 12.3.) Further, the SPO provides that "Any Party may challenge a designation of confidentiality at any time." (*Id.*, at Sec. 6.1.) The SPO mandates "[t]he Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge." (*Id.*, at Sec.6.2.) Both these provisions of the SPO expressly contemplate that a challenging party is communicating with the other side. Again, Plaintiffs have never given Goodyear any notice of any issue with its December 27, 2024, Privilege log, much less the required "written notice of each designation it is challenging."

Plaintiffs intentionally and consciously named Goodyear as a Defendant in this case. Having done so, it is improper for Plaintiffs to try and prosecute their claims, conduct discovery, file motions, and seek relief in an aggregate fashion. Plaintiffs' February 20, 2025, Letter brief (ECF 216) mentions Goodyear's log once and, with stunning overbreadth, states that "All privilege logs that Plaintiffs have received to date assert privilege for broad swaths of documents originating from USTMA or its contractors," and, as to Goodyear, fails to identify a single document number, date, or author that it contends should be disclosed or is inadequately described in the privilege log.

Goodyear reserves the right to seek its own redress for Plaintiffs' last minute filings (ECF 216 and 217) as well as for Plaintiffs' procedural machinations which are either a "[f]rivolous challenge[ ]" and/or "made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties)." (ECF 149, at Sec. 6.3.)

Please let Goodyear know whether Plaintiffs will withdraw ECF 216 and 217 as to Goodyear by 6:00 p.m. EST today.

Very truly yours,

**WOMBLE BOND DICKINSON (US) LLP**

Kurt D. Weaver

cc: M. Elizabeth O'Neill, Esq.
Keith M. Casto, Esq.
Clark R. Drummond, Esq.