HOGAN LOVELLS US LLP
J. Tom Boer (State Bar No. 199563)
tom.boer@hoganlovells.com
Maia H. Jorgensen (State Bar No. 344980)
maia.jorgensen@hoganlovells.com
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

HOGAN LOVELLS US LLP
Joseph R. O'Connor (State Bar No. 274421)
joe.oconnor@hoganlovells.com
1999 Avenue Of The Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Attorneys for Defendant
*Pirelli Tire LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE OF FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC *et al.*<br><br>Defendants. | Case No. 3:23-cv-05748-JD<br><br>**PIRELLI TIRE LLC'S STATEMENT RESPONDING TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 217)** |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

PIRELLI TIRE'S STATEMENT RE
PLS.' ADMIN. MOT.
CASE NO. 3:20-CV-05748-JD

Pursuant to Civil Local Rule 79-5(f)(3), defendant Pirelli Tire LLC ("Pirelli Tire") submits this statement in response to Plaintiffs' Administrative Motion to Consider whether Another Party's Material Should Be Sealed ("Administrative Motion") (ECF No. 217). With their Administrative Motion, Plaintiffs attach Pirelli Tire's Privilege Log as Exhibit E. *See* ECF No. 217-6. Pirelli Tire designated its Privilege Log Confidential pursuant to the Stipulated Protective Order in this case (ECF Nos. 139, 149).

Pirelli Tire's Privilege Log should be maintained under seal because it contains commercially sensitive information regarding Pirelli Tire's customer relationships and internal business practices, including Pirelli Tire's business strategies regarding the formulation of its tires. Pirelli Tire's Privilege Log also includes personally identifying information that courts routinely seal to maintain the privacy of individuals.

### I. PIRELLI TIRE'S PRIVILEGE LOG SHOULD REMAIN UNDER SEAL.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City and Cty. of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006) (*quoting Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F. 3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a party seeking to seal records must demonstrate "compelling reasons" to do so. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F. 3d 417, 429 (9th Cir. 2011).

"Despite this strong preference for public access," the Ninth Circuit has "carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F. 3d 1092, 1097 (9th Cir. 2016) (cleaned up); *see also, e.g., In re Meta Pixel Healthcare Litig.*, 2024 WL 4561321, at fn. 1 (N.D. Cal. Apr. 10, 2024) (applying same). For sealed material attached to a discovery motion, like here, a party seeking to seal a document "need only satisfy the less exacting 'good cause' standard" found in Rule 26(c). *Ctr. for Auto Safety*, 809 F. 3d at 1097; *see* Fed. R. Civ. P. 26(c)(1) (stating that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense"). The "good cause" standard requires a particularized showing that disclosure will cause "specific prejudice or harm." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F. 3d 1206, 1210-11 (9th Cir. 2002).

Good cause exists to seal privilege logs where they "reflect the identity of documents and communications withheld ... from production on privilege grounds." *Fernandes v. CoreLogic Credco, LLC*, 2023 WL 11445613, at *1 (S.D. Cal. Mar. 8, 2023) (quotations omitted). Good cause also exists to seal privilege logs where the log, like here, contains details about a party's internal affairs and files. *See McCoy v. City of Vallejo*, 2021 WL 6001859, at *5 (E.D. Cal. Dec. 20, 2021) (finding good cause for sealing of privilege logs containing "somewhat detailed lists of contents of internal affairs files"). Courts also find "compelling reasons to seal personally identifying information, such as names, addresses, phone number and email addresses." *UnifySCC v. Cody*, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023).

Good cause exists to seal Pirelli Tire's Privilege Log. The log reflects the identity of documents withheld from production on privilege grounds. *Fernandes*, 2023 WL 11445613, at *1. It also reflects details about Pirelli Tire's internal affairs and files, including sensitive information about Pirelli Tire's business practices such as its client relationships and internal assessment regarding the formulation of its tires. *See, e.g.*, Administrative Motion, Exhibit E (Pirelli Tire's Priv. Log) ("Exh. E") at PDF[1] pp. 2, 24, and 32-37 (identifying tire formulation work Pirelli Tire is performing for its customers and listing specific details regarding Pirelli Tire's internal tire wear and formulation assessment initiatives). Pirelli Tire's Privilege Log reflects the internal details of its participation in the industry association U.S. Tire Manufacturing Association ("USTMA") and information about its business strategies related to the manufacture and formulation of its products. *See, e.g.*, Exh. E at PDF pp. 2, 8-10, 12-14, 18-20, 25-26, and 27-29 (identifying specific details regarding Pirelli Tire's participation in USTMA initiatives regarding tire wear and tire formulation). Pirelli Tire's Privilege Log also includes a substantial amount of personally identifying information. *UnifySCC,* 2023 WL 7170265, at *1. It includes names and email address

---

[1] Exh. E does not include page numbers so we refer here to relevant pages of the PDF.

domain names in the columns identifying the custodian and author of privileged documents, as well in the columns identifying who sent and received privileged information. *See* Exh. E at PDF pp. 1.

Public disclosure of Pirelli Tire's Privilege Log would result in prejudice and harm to Pirelli Tire. N.D. Cal. Civ. LR 79-5(c)(1)(ii). It would reveal its non-public business strategies regarding the manufacturing of its products—a core part of its business. It would also disclose the identity of documents that have been withheld on privilege grounds and reveal the identity and contact information of persons who have an interest in keeping that information confidential, particularly given the sensationalized press around this litigation.[2]

Although the heightened "compelling reasons" standard does not apply to the request to seal Pirelli Tire's Privilege Log, since the log is filed in connection with a non-dispositive discovery issue, there are nonetheless also "compelling reasons" to seal Pirelli's Privilege Log. Compelling reasons exist to seal materials that are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F. 3d at 1097 (*quoting Nixon*, 435 U.S. at 599). Such documents can include trade secrets, product development plans, and customer information (among other things). *See In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021). "'[C]onfidential business information' in the form of '… business strategies' [also] satisfies the 'compelling reasons' standard." *Baird v. BlackRock Inst. Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019). There is also compelling reason to seal personally identifying information. *UnifySCC,* 2023 WL 7170265, at *1.

Pirelli Tire's Privilege Log includes details of commercially sensitive communications about Pirelli Tire's customers as well as information regarding Pirelli Tire's business strategies with respect to the formulation and manufacture of its tires, including identification of third parties Pirelli Tire is working with. *See, e.g.*, Exh. E at PDF pp. 2, 24, and 32-37 (identifying specific details regarding Pirelli Tire's internal tire wear and formulation assessment initiatives including third parties involved in those initiatives). Pirelli Tire's Privilege Log includes personally

---

[2] *See* U.S. Fishing Groups Sue Tire Manufacturers Over 6PPD Impacts on Salmon, Steel Head, *available at* https://earthjustice.org/press/2023/u-s-fishing-groups-sue-tire-manufacturers-over-6ppd-impacts-on-salmon-steelhead (arguing that "It is time for these companies to be held accountable").

identifying information. It also provides a clear sense of the scope, timing, and nature of Pirelli Tire's participation in the USTMA addressing issues about the formulation and manufacture of its tires. *See, e.g.*, Exh. E at PDF pp. 2, 8-10, 12-14, 18-20, 25-26, and 27-29 (identifying specific details regarding the scope and timing of Pirelli Tire's participation in USTMA initiatives regarding tire wear and tire formulation). This information reflects Pirelli Tire's internal business decisions, and its public disclosure would harm Pirelli Tire's competitive standing because it would provide outside companies insight into Pirelli Tire's confidential business decisions. As such, compelling reasons exist to maintain Pirelli Tire's Privilege Log under seal.

Sealing the entire Privilege Log is the least restrictive means of protecting Pirelli Tire's confidential information. N.D. Cal. Civ. LR 79-5(c)(1)(iii). The entire Privilege Log reflects details of Pirelli Tire's internal files and affairs, *McCoy*, 2021 WL 6001859, at *5, and its decisions regarding which documents to withhold based on privilege, *Fernandes, LLC*, 2023 WL 11445613, at *1. It also reflects Pirelli Tire's internal business decisions regarding the manufacture and formulation of its tires and customer information. *In re Google Location History Litig.*, 514 F. Supp. 3d at 1162. If, however, the Court finds that sealing of the entire Privilege Log is not warranted, the Court should, at a minimum, permit the redaction of the information in the following columns of Pirelli Tire's Privilege Log: "Custodian," "Filename," "PLOG Author," "From," "To," "CC," "BCC," and "Legal Source." *See Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (granting the redaction of columns of a privilege log reflecting internal investigation of data breach at the direction of counsel). Pirelli Tire would file publicly a redacted privilege log promptly upon being ordered by the Court.

## II. CONCLUSION

For the foregoing reasons, the Court should maintain Pirelli Tire's Privilege Log (ECF No. 217-6) under seal.

Dated: February 27, 2025

Respectfully submitted,

HOGAN LOVELLS US LLP

By: /s/ *J. Tom Boer*
    J. Tom Boer
    Joseph R. O'Connor
    Maia H. Jorgensen

Attorneys for Defendant
*Pirelli Tire LLC*

- 6 -

PIRELLI TIRE'S STATEMENT RE
PLS.' ADMIN. MOT.
CASE NO. 3:20-CV-05748-JD

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO