M. Elizabeth O'Neil (CA Bar No. 257448)
Elizabeth.oneill@wbd-us.com
301 S. College Center
301 S. College Street, Suite 3500
Charlotte, NC 28202-6050
P: 704-350-6310

Keith Casto (CA Bar No. 141279)
Keith.casto@wbd-us.com
1279 Oakmead Parkway
Sunnyvale, CA 94085
P: 408-720-3472

Kurt D. Weaver (Pro Hac Vice)
Kurt.weaver@wbd-us.com
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
P: 919-755-8163

*Counsel for Defendant The Goodyear Tire & Rubber Company individually and as successor in interest to Cooper Tire & Rubber Company*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>      Plaintiffs,<br>   v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, *et. al.*<br><br>      Defendants. | Case No. 23-cv-05748-JD<br><br>**THE GOODYEAR TIRE & RUBBER COMPANY'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SET A BRIEFING SCHEDULE FOR DISPOSITIVE AND RULE 702 MOTIONS** |

Pursuant to Civil L.R. 7-11(b), Defendant, The Goodyear Tire and Rubber Company, submits this response to Plaintiffs' Administrative Motion seeking to alter both this Court's case

management order and the Rules of Civil Procedure regarding dispositive and motions under FRE 702. (ECF 227).

**INTRODUCTION**

During the February 15, 2024, pre-trial conference, this Court make clear its position that no discovery issue "will be any grounds for extending a case management deadline." (ECF No. 108 at 11/15-17).

On March 6, 2024, the Court entered its Scheduling Order establishing the timeframe during which the parties must finalize discovery, disclose experts, and file dispositive and Rule 702 motions. (ECF No. 110). The order explicitly states: "[a]ll dates set by the Court should be regarded as firm" and [r]equests for continuances are disfavored[.]" (*Id.*). Despite this clear guidance from the Court, Plaintiffs now seek to both change due dates and impose prospective limits on Defendants' ability to respond and/or present arguments, based upon a generalized belief that these changes are needed for "efficiency."[1]

Plaintiffs first requested a meet and confer on this issue on February 26, 2025. (ECF 277-4 at 12.) On March 4, 2025, Goodyear advised that it has been and remains prepared to meet all deadlines set by the Court, and thus neither amendments nor a meet and confer on changing the scheduling order was necessary. All other Defendants advised of their acknowledgement of the Court's admonishment about the firmness of its deadlines and professed a readiness to meet them. (*Id.* at 9-11.) Hearing nothing in response to these affirmations of the Defendants' intent to comply with Court ordered deadlines and the rules for motion practice, Goodyear understood

---

[1] Goodyear understands and believes that Susan Smith, counsel for some of the Defendants and one of the participants in the March 5th meet and confer will be filing this same day a declaration regarding the specific statements made by Plaintiffs' counsel regarding the requested amendments to the Scheduling Order.

THE GOODYEAR TIRE & RUBBER COMPANY'S RESPONSE TO
PLS' ADMINISTRATIVE MOTION TO SET A BRIEFING
SCHEDULE FOR DISPOSITIVE AND RULE 702 MOTIONS
CASE NO. 23-cv-05748-JD
Page 2

that there were no other issues upon which Plaintiffs sought to meet and confer. But to be sure that Plaintiffs had the opportunity to meet and confer on any other issues that they may wish to present, counsel for certain Defendants did join the March 5th meet and confer call Plaintiffs had previously scheduled on the amendment request. Amending the scheduling order was the only topic Plaintiffs wished to discuss during this call. And the reason given for the requested amendments was the Plaintiffs' belief that the Court has been "delinquent" in addressing motions. This is not a belief shared by the Defendants.

I.     NO GOOD CAUSE EXISTS TO AMEND THE SCHEDULING ORDER

"A scheduling order is not a frivolous piece of paper, idly entered which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted). Rule 16 requires a showing of good cause to modify any existing scheduling order. Fed. R. Civ. P. 16(b)(4). When presented with a motion to amend, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Pizana v. SanMedica International LLC* (E.D. Cal. 2022) 345 F.R.D. 469, 477.

Plaintiffs seek to reshape this Court's Orders by vaguely asserting a need for "efficiency." But what they are really asking is to transform the Court's order requiring simultaneous briefing on dispositive and Rule 702 motions -- which would be completed within the standard 21-day period contemplated by Civil L.R. 7-3 --- into a staggered briefing schedule spanning over 48 days. This is the opposite of efficient. Worse, the motion simultaneously asks to lengthen the time to complete briefing while arbitrarily limiting the Defendants' submissions, thus curtailing Defendants' advocacy. Worst, it seeks to do this prospectively – without either

side knowing what experts are being offered, what opinions those experts might have, or whether or what arguments might need to be made under FRE 702 or on summary judgment.

Plaintiffs sued 14 separate companies, most of whom are competitors to one another in the marketplace. Despite this, the proposed schedule appears to assume a uniformity of position among the Defendants that eliminates the potential for there to be different arguments on dispositive or expert issues. The assumption is inaccurate. To be sure, there are issues on which Defendants share a common or united position - but not all of them – and, as in all complex litigation matters, those differences matter. They may mean that Goodyear can present arguments on summary judgment that are not available to all other Defendants. Or they may mean that facts supporting a particular argument are stronger (or weaker) as to Goodyear versus other Defendants. Plaintiffs' motion presumptively wipes out the possibility of independent advocacy on behalf of Defendants. This is simply improper because, as the United States Supreme Court has recognized, in both civil and criminal cases, "as a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *United States v. Sineneng-Smith* (2020) 590 U.S. 371, 375–376 (140 S.Ct. 1575, 1579, 206 L.Ed.2d 866) (internal citations and quotations omitted).

Plaintiffs' strategy appears to include viewing the Defendants as a homogenous unit whose manufacture, sale, and distribution of tires must be enjoined, but the strategy does not change the fact that Defendants are individual companies. And it cannot overcome the individual Defendant's right to present the facts and arguments that support the defense of that *individual* Defendant. Plaintiffs have not and cannot make any showing of good cause for imposing

artificial constraints on Defendants' ability to present arguments on motions for summary judgment or under FRE 702, or for more than doubling the time needed to complete briefing on those motions.

## CONCLUSION

It has been more than one year since the Court issued its Scheduling Order establishing deadlines for briefing motions any party wishes to present for summary judgment or to challenge expert testimony under FRE 702. Nothing has occurred in that year which warrants a change in that schedule, and certainly not to lengthen the time for completion while truncating the Defendants' opportunity for advocacy. Goodyear requests that this Court deny Plaintiffs' Administrative Motion to Set a Briefing Schedule for Dispositive and Rule 702 Motions.

Respectfully submitted this 11th day of March, 2025.

**Womble Bond Dickinson (US) LLP**

By: *M. Elizabeth O'Neill*
M. Elizabeth O'Neill (CA Bar No. 257448)
elizabeth.oneill@wbd-us.com
301 S. College Center
301 S. College Street, Suite 3500
Charlotte, NC 28202-6050
P: 704-350-6310

Keith M. Casto (CA Bar No. 141279)
keith.casto@wbd-us.com
1279 Oakmead Parkway
Sunnyvale, CA 94085
P: 408-341-3000

Kurt D. Weaver (Pro Hac Vice)
Kurt.weaver@wbd-us.com
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
P: 919-755-8163