1 | Susan E. Smith, (CA Bar No. 329539)
ssmith@bdlaw.com
2 | 333 Bush Street, Ste 1500
San Francisco, CA  94104
3 | P: 415-262-4023

4 |

5 | Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
6 | 600 University Street, Ste. 1601
Seattle, WA  98101
7 | P: 206-315-4810

8 | W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com
9 | 1900 N. Street NW, Ste. 100
Washington, D.C.  20036
10 | P: 202-789-6028

*Counsel for Defendants Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Sumitomo Rubber North America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire Holdings of Americas Inc.; and Yokohama Tire Corporation.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN | Case No. 23-cv-05748-JD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET A BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS AND RULE 702 MOTIONS** |

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET A BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS AND RULE 702 MOTIONS - Case No. 23-cv-05748-JD **-** Page 1

TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.

Defendants.

## I. INTRODUCTION

The Plaintiffs have requested that the Court impose a briefing schedule for Summary Judgment and Rule 702 motions. They have offered no good substantive reason for deviating from the provisions of the Civil Rules, nor have they identified a "problem" that is in need of a solution.

At bottom, the motion appears to be an effort to constrain the Companies' ability to respond effectively to the problems in Plaintiffs' case, and to secure additional time for their own responses. The Companies ask that the Court reject the Plaintiffs' request.

## II. ARGUMENT

This Response is submitted by the following Defendants: Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Sumitomo Rubber North America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire Holdings of Americas Inc.; and Yokohama Tire Corporation (the "Companies").

**1.  No Substantive Reason Offered.** The Plaintiffs' proposed briefing schedule deviates from the ordinary procedure under the Civil Rules in several material respects:

- It would constrain and reduce the pages afforded to the Companies to respond to Plaintiffs' motion, and / or would limit the Companies' capacity to brief their own Summary Judgment motion issues.

- It would grant the Plaintiffs additional time to frame their reply briefing.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET A BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS AND RULE 702 MOTIONS - Case No. 23-cv-05748-JD **-** Page 2

- It would purport to require the Companies to sign onto joint / consolidated briefing regardless of whether it was appropriate to do so.
- It would (by implication) limit the Companies from bringing motions before the "deadline", and would constrain their ability to bring on partial Summary Judgment motions.

Each of these deviations are offered with no substantive explanation other than it would putatively "promote efficiency and eliminate repetition." Both contentions are offered without evidence, and are purely speculative. And, not surprisingly, all of the deviations from the ordinary procedures are to the detriment of the Companies' opportunities to address the issues in this case, and to the Plaintiffs' advantage.

**2.    The Proposal is Premature.**  The Companies still do not know the factual foundations of the Plaintiffs' case.

The Companies have conducted a diligent effort to pursue fact discovery in this case. But, at every turn, the Companies have faced a discovery roadblock. In response to the key discovery requests the Companies have propounded, the Plaintiffs have objected, for example, as follows: "IFR objects that Interrogatory No. __ seeks premature disclosure of expert opinion…." Declaration of Susan E. Smith at ¶ 3, Ex. 1.

In short, the message from the Plaintiffs is that their case is entirely an expert witness case.

This impression was reinforced by the four fact witness depositions that the Companies took of the Plaintiffs 30(b)(6) witness and "standing" witnesses. In each of those instances, the witnesses disavowed knowledge of the facts supporting the case, and made reference to their expert witnesses providing the substance for the complaint.

Per the Court's Case Schedule, expert disclosures are not due until March 21st. So, the Companies will not receive material answers to most of the interrogatories that go to the heart of

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET A BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS AND RULE 702 MOTIONS - Case No. 23-cv-05748-JD **-** Page 3

the Plaintiffs' case until that date—still nearly 2 weeks away. Until the Companies receive that information, have a chance to process it, and can depose the Plaintiffs' expert witnesses, the Companies have no way of knowing (other than through speculation) the grounds, number, scope, or complexity of the motions they will need to bring, whether they be Summary Judgment motions or for FRE 702 issues.

Indeed, the Companies do not even know the topics to be addressed by the expert witnesses that Plaintiffs intend to disclose, or the number of such experts, or their areas of expertise, let alone the facts that they believe to be relevant to the case.

**3.   Forced Consolidated Briefing**. The Plaintiffs proposal would allow a single consolidated Summary Judgment brief on behalf of all of the Companies. To mandate such a briefing process at this stage would be unfair and unreasonable.

The Plaintiffs appear to contend that all of the issues in this case are issues that are common to the Companies. That is not true. There likely are issues in the Plaintiffs' case that stretch across or may pertain to each of the Companies. However, not all of the Companies are similarly situated, and some are likely to have defenses that are unique or shared only with a few of the other defendants.

To be clear, the Companies have no concern with engaging in consolidated briefing where it is appropriate. However, forcing those differently situated Companies to share briefing space with others would be neither fair nor efficient.

**4.   The Companies' Motions Will Not Be Merely Responsive.** The proposal appears to assume that the Companies motion(s) will be merely responsive to Plaintiffs' Summary Judgement motion. The Companies' grounds for Summary Judgment will likely be very different from the issues brought forward by the Plaintiffs. It would be both unfair and inefficient to force consolidation of the briefing on these differing issues.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET A BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS AND RULE 702 MOTIONS - Case No. 23-cv-05748-JD **-** Page 4

### III. CONCLUSION

The Plaintiffs have offered no good substantive reason for deviations from the ordinary Civil Rules and the Scheduling Order. Mere hand-waving about "efficiency" is not sufficient good reason to impose a schedule that deviates from the Civil Rules. The proposed deviations are at best premature, and would be substantially prejudicial to the Companies. The Companies ask that the Court deny the Plaintiffs' Administrative Motion.

Dated this 11th day of March, 2025.

**Beveridge & Diamond P.C.**

By: */s/ Loren R. Dunn*
Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA 98101
P: 206-315-4810

Susan E. Smith, (CA Bar No. 329539)
ssmith@bdlaw.com
333 Bush Street, Ste 1500
San Francisco, CA 94104
P: 415-262-4023

W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com
1900 N. Street NW, Ste. 100
Washington, D.C. 20036
P: 202-789-6028

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 11th day of March, 2025

*/s/Natasha Johnston*
Natasha Johnston, Legal Assistant
on behalf of Loren R. Dunn