1  Susan E. Smith, (CA Bar No. 329539)
   ssmith@bdlaw.com
2  333 Bush Street, Ste 1500
   San Francisco, CA  94104
3  P: 415-262-4023

4  Loren R. Dunn, *(pro hac vice)*
   ldunn@bdlaw.com
5  600 University Street, Ste. 1601
   Seattle, WA  98101
6  P: 206-315-4810

7
   W. Parker Moore *(pro hac vice)*
8  pmoore@bdlaw.com
   1900 N. Street NW, Ste. 100
9  Washington, D.C.  20036
   P: 202-789-6028
10

11 *Counsel for Defendants Bridgestone Americas Tire
   Operations, LLC; Continental Tire the Americas, LLC;*
12 *GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres*
   *U.S. Operations, LLC; Sumitomo Rubber North*
13 *America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire*
   *Holdings of Americas Inc.; and Yokohama Tire*
14 *Corporation.*

15

16                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
17

18 INSTITUTE FOR FISHERIES RESOURCES; and
   PACIFIC COAST FEDERATION OF
19 FISHERMEN'S ASSOCIATIONS,                    Case No. 23-cv-05748-JD

20                      Plaintiffs,             **DEFENDANT SUMITOMO**
                                                **RUBBER USA, LLC'S**
21                                              **MEMORANDUM IN**
                vs.                             **SUPPORT OF MOTION FOR**
22                                              **SUMMARY JUDGEMENT**

23 BRIDGESTONE AMERICAS TIRE OPERATIONS,
   LLC; CONTINENTAL TIRE THE AMERICAS,          **DATE: June 19, 2025**
24 LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR      **TIME:  10:00 A.M.**
   TIRE & RUBBER COMPANY, individually and as   **COURTROOM: 11, 19TH FLOOR**
25 successor in interest to COOPER TIRE & RUBBER **JUDGE: Hon. James Donato**
   COMPANY; HANKOOK TIRE AMERICA Corp.;
26 KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH

27 DEFENDANT SUMITOMO RUBBER USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR
   SUMMARY JUDGEMENT - Case No. 23-cv-05748-JD **-** Page 1
28

1
2
3
4
5

AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.

Defendants.

## I.    INTRODUCTION

6
7

Defendant Sumitomo Rubber USA, LLC ("SRUSA") asks that the Court dismiss all

8

claims against it.  SRUSA has wound down and shuttered all of its tire-making operations and no

9

longer distributes or otherwise places automobile tires of any kind into commerce.  Thus, the key

10

acts in Plaintiffs' theory of Section 9 liability—making tires and selling tires—are absent for

11

SRUSA.  And SRUSA, which now conducts *no manufacturing or sales activities at all*, cannot

12

as a matter of logic or as a matter of law conduct an activity that results in a Section 9 take.

13

Because there is no genuine issue of material fact as to whether SRUSA makes or sells tires,

14

Plaintiffs cannot establish the core factual component of their Section 9 claim against SRUSA,

15

and SRUSA is entitled to summary judgment.

16

## II.    STATUTORY AND REGULATORY BACKGROUND

17

### The Endangered Species Act Section 9

18

ESA Section 9 makes it unlawful for any person to "take any [listed] species within the

19

United States or the territorial sea of the United States." 16 U.S.C. § 1538(a)(1)(B).  The term

20

"take" means "to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to

21

attempt to engage in any such conduct." 16 U.S.C. § 1532(19).  National Marine Fisheries

22

Service ("NMFS") regulations further define the term "harm" as "an act which actually kills or

23

injures fish or wildlife.  Such an act may include significant habitat modification or degradation

24

which actually kills or injures fish or wildlife by significantly impairing essential behavioral

25

patterns, including, breeding, spawning, rearing, migrating, feeding or sheltering." 50 C.F.R. §

26

222.102.  Citizen suits alleging a Section 9 take violation must "show[] that a violation of the

27

DEFENDANT SUMITOMO RUBBER USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT - Case No. 23-cv-05748-JD **-** Page 2

28

1  ESA is at least likely in the future." *Nat'l Wildlife Fed'n v. Burlington N.R.R., Inc.*, 23 F.3d

2  1508, 1511 (9th Cir. 1994).

### III.    SUMMARY JUDGMENT STANDARD OF REVIEW

4  Federal Rule of Civil Procedure 56 allows for the granting of summary judgment if the

5  pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

6  genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

7  law.  Fed. R. Civ. P. 56(c).[1]  There must be no issue of material fact.  *Anderson v. Liberty Lobby,*

8  *Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

9  The movant has the initial burden of establishing that no genuine issue of material fact

10  exists or that a material fact essential to the nonmovant's claim is missing.  *Celotex Corp. v.*

11  *Catrett*, 477 U.S. 317, 322–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Once the movant has

12  met its burden, then the burden shifts to the nonmovant to produce specific evidence to establish

13  a genuine issue of material fact or to establish the existence of all facts material to the claim.  *Id.;*

14  *see also, Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Nissan Fire & Marine*

15  *Ins. Co., Ltd., v. Fritz Companies., Inc.*, 210 F.3d 1099, 1105 (9th Cir. 2000).  "If a party fails to

16  properly support an assertion of fact or fails to properly address another party's assertion of fact"

17  the court may grant summary judgment.  Fed. R. Civ. P. 56(e)(3).

18  Material facts which preclude entry of summary judgment are those which, under

19  applicable substantive law, may affect the outcome of the case.  *Anderson*, 477 U.S. at 248.

20  Factual disputes are genuine if they "properly can be resolved only by a finder of fact because

21  they may reasonably be resolved in favor of either party."  *Id.* at 250.  On the other hand, if, after

22  the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely

23  colorable, … or is not significantly probative," summary judgment may be granted.  *Id.* at 249.

24

25

26  [1] SRUSA requested that Plaintiffs stipulate to its dismissal in this matter.  Plaintiffs refused.

27  DEFENDANT SUMITOMO RUBBER USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGEMENT - Case No. 23-cv-05748-JD **-** Page 3

28

1

## IV.    FACTUAL BACKGROUND

2      Prior to November 11, 2024, Defendant SRUSA engaged in the manufacture, research,

3  and development of vehicle tires at a plant in Tonawanda, New York.  *See* Declaration of Glenn

4  D. Leonardi ("Leonardi Declaration") at ¶ 3.  During the time it was in operation, SRUSA did

5  not market, distribute, or sell vehicle tires in the United States.  *Id.* at ¶ 6.  The vehicle tires

6  manufactured by SRUSA were exclusively marketed, distributed, and sold in the United States

7  by a separate affiliate, Defendant Sumitomo Rubber North America, Inc. ("SRNA").  *Id*. at ¶ 5.

8  SRUSA has never distributed tires to consumers or into commerce.  *Id.* at ¶ 6.

9      As widely reported in the press domestically and internationally, on November 11, 2024,

10  SRUSA ceased its manufacturing activities at its New York plant, including the manufacture of

11  vehicle tires.  *Id*. at ¶ 7, 11; Ex. 2  Since November 11, 2024, SRUSA has been engaged in

12  winding down its production operations.  *Id*. ¶ 8.  SRUSA's winddown has involved terminating

13  and negotiating separation agreements with all the plant's production employees, moving certain

14  equipment to affiliate companies not located in the United States, selling or disposing of all other

15  manufacturing assets, and eventually selling the building and property in New York.  *Id*. at ¶ 8,

16  10, 11, Ex. 1; Ex. 2.

17

## V.    ARGUMENT

18  **SRUSA Cannot Effect a Section 9 Take**

19      SRUSA does not manufacture or distribute vehicle tires now and will not do so in the

20  future.  Plaintiffs have no factual basis for a Section 9 claim against SRUSA.  Plaintiffs, in their

21  Complaint, assert that "it is foreseeable that Defendants' manufacture and/or distribution of tires

22  containing 6PPD will introduce 6PPD-q into aquatic environments where it will harm, harass,

23  wound, and kill coho salmon, Chinook salmon, and steelhead trout."  Pls.' Am. Compl. [Dkt.

24  19] ("Compl.") at ¶ 97.  Plaintiffs further allege that "Defendants' manufacture and/or

25  distribution of tires containing 6PPD therefore 'takes' ESA-listed coho salmon, Chinook

26  salmon, and steelhead trout within the meaning of Section 9 of the ESA."  *Id*. at ¶ 98.  Even

27  DEFENDANT SUMITOMO RUBBER USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGEMENT - Case No. 23-cv-05748-JD **-** Page 4

28

1    taking at face value Plaintiffs' theory that the act of manufacturing tires that contain a chemical

2    (6PPD) that degrades into a secondary chemical (6PPD-q) and enters aquatic environments to

3    harm ESA-listed fish constitutes a Section 9 take, Plaintiffs' claims against SRUSA lack the

4    foundation necessary to support that theory.  With SRUSA having shut down its production

5    operations permanently, SRUSA does not "manufacture and/or [distribute] tires containing

6    6PPD" and thus is not conducting the activities that Plaintiffs claim effect a take.  Compl. at ¶

7    97.  Because Plaintiffs have no evidence that creates a genuine issue of material fact on whether

8    SRUSA is manufacturing and distributing tires containing 6PPD, the Court can determine as a

9    matter of law that Plaintiffs lack a factual predicate for their Section 9 claim against SURSA,

10   and SRUSA is entitled to summary judgment.

11        The remedy sought by Plaintiffs in this case—a prospective court order enjoining certain

12   activity or ordering Defendants to obtain incidental take permits covering their manufacturing

13   and/or distribution activities—further illustrates that the Plaintiffs have no basis for a Section 9

14   claim against SRUSA.  Plaintiffs ask this Court to "enjoin Defendants from continuing the

15   unauthorized take of ESA-protected coho salmon, Chinook salmon, and steelhead trout."  *Id*. at

16   ¶ 109.  In other words, Plaintiffs are asking this Court to compel SRUSA to cease, or at least

17   modify, activities—manufacturing and selling tires—or obtain incidental take authorization for

18   those activities when it is undisputable that SRUSA is not performing them.

19        There is no basis for a Section 9 claim where there is no activity.  Plaintiffs seek to

20   compel SRUSA to refrain from doing something it is not doing and will not do in the future.

21                          **VI.    CONCLUSION**

22        SRUSA is not engaged in activities alleged to cause a take.  SRUSA asks that the Court

23   dismiss the claims against it.

24

25

26

27   DEFENDANT SUMITOMO RUBBER USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR
     SUMMARY JUDGEMENT - Case No. 23-cv-05748-JD **-** Page 5

28

1        Respectfully submitted this 18th day of April, 2025.

2

3                                 **Beveridge & Diamond P.C.**

4                     By: */s/ Loren R. Dunn*
                          Loren R. Dunn, *(pro hac vice)*
5                          ldunn@bdlaw.com
                          600 University Street, Ste. 1601
6                          Seattle, WA  98101
                          P: 206-315-4810
7

8                          Susan E. Smith, (CA Bar No. 329539)
                          ssmith@bdlaw.com
9                          333 Bush Street, Ste 1500
                          San Francisco, CA  94104
10                         P: 415-262-4023

11
                          W. Parker Moore *(pro hac vice)*
12                         pmoore@bdlaw.com
                          1900 N. Street NW, Ste. 100
13                         Washington, D.C.  20036
                          P: 202-789-6028
14

15

16

17

18

19

20

21

22

23

24

25

26

27    DEFENDANT SUMITOMO RUBBER USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR
      SUMMARY JUDGEMENT - Case No. 23-cv-05748-JD **-** Page 6
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 18th day of April, 2025.

/s/Natasha Johnston
Natasha Johnston, Legal Assistant
on behalf of Loren R. Dunn

DEFENDANT SUMITOMO RUBBER USA, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT - Case No. 23-cv-05748-JD **-** Page 7