ELIZABETH B. FORSYTH (Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (Bar No. 336427)
sstern@earthjustice.org
ANNA K. STIMMEL (Bar No. 322916)
astimmel@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

ADAM J. BERGER (*Pro Hac Vice*)
berger@sgb-law.com
Schroeter Goldmark & Bender
401 Union St., Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000

*Counsel for Plaintiffs Institute for Fisheries Resources
& Pacific Coast Federation of Fishermen's Associations*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES, *et al.*,<br><br>　　　　　Plaintiffs,<br>　　v.<br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, *et al.*,<br>　　　　　Defendants. | Case No. 23-cv-05748-JD<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>**Hearing Date: May 1, 2025** |

Pursuant to this Court's April 3, 2025, Minute Order (ECF No. 234), the Parties hereby submit this Joint Status Conference Statement and proposed agenda for the May 1, 2025, status conference. The Parties held an in-person meet-and-confer on Sunday, April 13, 2025, for four hours, attended by lead counsel for all Parties. This meet-and-confer resulted in the resolution of many of the outstanding discovery disputes, including resolving in full Plaintiffs' discovery dispute filed November 26, 2024 (ECF No. 181), Plaintiffs' dispute over Defendant Pirelli Tire LLC's ("Pirelli's") GDPR redactions (ECF No. 204) (subject to anticipated joint stipulated order to be submitted to this Court), and Defendant Pirelli's discovery dispute filed February 14, 2025 (ECF No. 215), and resolving in part Defendant Goodyear Tire and Rubber Company's ("Goodyear's") discovery dispute filed December 20, 2024 (ECF No. 189). The following disputes remain outstanding, and form the Parties' proposed agenda for the May 1, 2025, status conference:

(1) Plaintiffs' dispute over redaction and withholding of information on the basis of attorney-client communications and/or work product in the context of a common interest defense group among the U.S. Tire Manufacturers Association ("USTMA") and its members, which includes all Defendants. (ECF Nos. 175, 176, 216, and 217. Defendants' responses are available at ECF Nos 180, 184, and 219-233). The Court has yet to confirm whether it would like responsive briefing to Plaintiffs' challenge at ECF 216.

(2) Goodyear's dispute over Plaintiffs' failure to produce information on the identity of all of Plaintiffs' individual members, ROG 3, the nature of each member's injury, ROG 4, and all members' fishing permits and permit applications and other information and documentation regarding the quantities of fish harvested by Plaintiffs' members in the past five years, ROG 5 & RFPs 5 (ECF No. 189).

(3) Plaintiffs' administrative motion to set a briefing schedule for dispositive and Rule 702 motions (ECF No. 227). Defendants' responses to Plaintiffs' motion are available at ECF No. 228 through 233.

The Parties' high-level positions on the discovery disputes are outlined as follows:

**(1) Plaintiffs' dispute over redaction and withholding of information on the basis of attorney-client communications and/or work product in the context of a common interest defense group among USTMA and its members, which includes all Defendants. (ECF Nos. 175, 176, 216, and 217).**

**Plaintiffs' Position:**

Defendants, all of whom are members of the industry trade association USTMA, have withheld or redacted numerous records that were shared through USTMA on the basis of a purported common interest privilege. None of these records have been properly withheld or redacted as privileged, as they discuss scientific information used generally by the companies for multiple business reasons, and none were prepared *because of* anticipated litigation. Additionally, even if such privilege attached to these trade group records in the first instance, this privilege has almost certainly been waived: Defendants' privilege logs demonstrate a wide dissemination of the records from USTMA to non-legal staff within the companies with myriad roles, including in engineering and communications. Plaintiffs request the Court order all documents that have been withheld or redacted on this basis be produced to Plaintiffs ahead of the deadline for dispositive motions in this case.

**Defendants' Position:**

Plaintiffs challenge Defendants' assertion of the attorney-client privilege and/or work product doctrine in the context of a common interest joint defense group among the U.S. Tire Manufacturers Association (USTMA) (a trade association) and its members as a basis for withholding certain documents and information., (ECF No. 175, 216.) Plaintiffs' challenge is without legal or factual merit, for the reasons stated in Defendant's responsive letter brief of December 3, 2024 (ECF No. 184). Plaintiffs did not dispute the facts set forth in the Declaration of Tracey Norberg, USTMA General Counsel. (ECF No. 179-2.) Ms. Norberg's Declaration confirms that a joint defense group was formed in anticipation of litigation almost immediately after the publication of the Tian study. (ECF No. 179-2.)

Publication of Zhenyu Tian, et al., *A ubiquitous tire rubber-derived chemical induces acute mortality in Coho Salmon*, on December 3, 2020 generated significant interest in questions of the potential toxicity and fate and transport of 6PPD and 6PPD-q, resulting in numerous

scientific and news media publications.  It is an unfortunate but axiomatic fact that litigation quite often follows news stories highlighting fears about toxic chemicals in the environment.  Defendants knew that some form of litigation was almost inevitable and promptly began a two-track approach to this issue: immediately working with regulatory agencies to put together a process to identify a feasible alternative as quickly and safely as possible; and preparing to defend against the litigation almost certain to follow.  Their efforts, coordinated through USTMA, included the retention of subject matter experts on the advice of USTMA's counsel, to assist USTMA in advising its members about the scientific issues so that the member companies could better prepare to defend claims.  The communications related to these decisions, as well as the communications with the retained experts, constitute communications protected by the work-product privilege. (ECF No. 184.)  Plaintiffs have not made the requisite showing to overcome that privilege, nor can they meet that burden.

Plaintiffs' waiver argument also is incorrect.  as members of USTMA, Defendants may maintain confidential documents in their custodial files because their employees obtained the documents in a representative capacity on behalf of a USTMA member.  Even so, disclosure to a third party does not automatically waive the privilege.

The Court should deny Plaintiffs' discovery challenges concerning this issue and corresponding motions to seal. (ECF 175, 176, 216, and 217.)

> **(2) Goodyear's dispute over Plaintiffs' failure to produce information on the identity of all of Plaintiffs' individual members, the nature of each members' injury, and all members' fishing permits and permit applications and other documentation regarding the quantities of fish harvested by Plaintiffs' members in the past five years (ECF No. 189).**

**Goodyear's Position:**

The Complaint in this case specifically alleges that 6PPD in tires has caused "direct, traceable harm" to Plaintiffs' members.  Yet no evidence has been produced as to who those members actually are or what each of their "direct and traceable harm" is.  Plaintiffs seek to avoid this disclosure by claiming an associational privilege, but that assertion is directly contrary to the plain allegations in Complaint – allegations against which Goodyear and the other

Defendants must defend. That same Complaint seeks injunctive relief that would effectively eliminate the sale of tires in four states until an alternative to 6PPD can be found, which is a process that will take years. This makes the information in the at-issue interrogatories even more important to potential jurisdictional defenses to the plain language of the claims asserted by the Plaintiffs.

**Plaintiffs' Position:**

Goodyear's request for the identity of all "individual members" suffering due to the use of 6PPD, along with details of those individual members' catch records and "financial interests," is futile, grossly disproportionate, and improperly seeks to invade a constitutional privilege. Plaintiffs do not possess catch records or financial details for their member associations or the individual fishing operations that constitute these member associations. Further, in order to have associational standing, Plaintiffs need only demonstrate that *one* of their members would have standing on their own behalf, so Goodyear's request for information on *all* individual members of IFR and PCFFA is highly improper, as multiple courts have confirmed. Additionally, even if Plaintiffs did possess this information and Goodyear's request were narrowly tailored, this information would be protected from production due to the First Amendment's freedom of association. *See* ECF No. 203 (Plaintiffs' response to Goodyear's requests). The Court should reject Goodyear's request.

For Plaintiffs:

/s/ Elizabeth B. Forsyth
ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)

gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
ANNA K. STIMMEL (CA Bar No. 322916)
astimmel@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

ADAM J. BERGER (*Pro Hac Vice*)
berger@sgb-law.com
Schroeter Goldmark & Bender
401 Union St., Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000

*Counsel for Plaintiffs Institute for Fisheries Resources & Pacific Coast Federation of Fishermen's Associations*

Dated: April 25, 2025      **DLA PIPER LLP (US)**

By: /s/ *George Gigounas*
    GEORGE J. GIGOUNAS
    CAROLINE LEE
    PAUL WIERENGA (*Admitted Pro Hac Vice*)
    Attorneys for Defendant
    Michelin North America, Inc.

Dated: April 25, 2025      **DLA PIPER LLP (US)**

By: /s/ *Adam Baas*
    ADAM BAAS
    ALLEXANDERIA BINGHAM
    Attorneys for Defendant
    Hankook Tire America Corp.

| | | |
|---|---|---|
| 1 | Dated: April 25, 2025 | **DLA PIPER LLP (US)** |
| 2 | | |
| 3 | | By: /s/ *Gwendolyn Keyes Fleming* |
| | | GWENDOLYN KEYES FLEMING |
| 4 | | (*Admitted Pro Hac Vice*) |
| | | JUSTIN PARK |
| 5 | | DONGHYUN KIM |
| 6 | | Attorneys for Defendant |
| | | Kumho Tire U.S.A., Inc. |
| 7 | | |
| 8 | Dated: April 25, 2025 | **BEVERIDGE & DIAMOND PC** |
| 9 | | By: /s/ *Susan E. Smith* |
| 10 | | SUSAN E. SMITH |
| | | LOREN DUNN (*Admitted Pro Hac Vice*) |
| 11 | | W. PARKER MOORE (*Admitted Pro Hac Vice*) |
| 12 | | Attorneys for Defendants |
| 13 | | Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Sumitomo Rubber North America, Inc.; Sumitomo; Rubber USA, LLC; Toyo Tire Holdings of Americas Inc.; and Yokohama Tire Corporation. |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | Dated: April 25, 2025 | **HOGAN LOVELLS US LLP** |
| 19 | | By: /s/ *J. Tom Boer* |
| 20 | | J. TOM BOER |
| | | MAIA H. JORGENSEN |
| 21 | | JOSEPH R. O'CONNOR |
| 22 | | Attorneys for Defendant Pirelli Tire LLC |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: April 25, 2025 | **WOMBLE BOND DICKINSON (US) LLP** |
| 2 | | By: /s/ *M. Elizabeth O'Neill* |
| 3 | | M. Elizabeth O'Neill |
| | | Keith M. Castro |
| | | Kurt D. Weaver |
| 4 | | |
| 5 | | Attorneys for Defendant The Goodyear Tire & Rubber Company individually and as successor in interest to Cooper Tire & Rubber Company |