1  ELIZABETH B. FORSYTH (Bar No. 288311)
   eforsyth@earthjustice.org
2  JANETTE K. BRIMMER (*Pro Hac Vice*)
3  jbrimmer@earthjustice.org
   AURORA R. JANKE (*Pro Hac Vice*)
4  ajanke@earthjustice.org
   Earthjustice
5  810 3rd Ave #610
6  Seattle, WA 98104
   Tel: (206) 343-7340
7
8  GREGORY C. LOARIE (Bar No. 215859)
   gloarie@earthjustice.org
9  SCOTT W. STERN (Bar No. 336427)
   sstern@earthjustice.org
10 Earthjustice
   50 California Street #500
11 San Francisco, CA 94111
12 Tel: (415) 217-2000

13 ADAM J. BERGER (*Pro Hac Vice*)
   berger@sgb-law.com
14 Schroeter Goldmark & Bender
15 401 Union St., Suite 3400
   Seattle, WA 98101
16 Tel: (206) 622-8000

17
   *Counsel for Plaintiffs Institute for Fisheries Resources*
18 *& Pacific Coast Federation of Fishermen's Associations*

19                    UNITED STATES DISTRICT COURT
20                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21  INSTITUTE FOR FISHERIES RESOURCES, *et al.*, | Case No. 23-cv-05748-JD |
| 22       Plaintiffs, | |
| 23       v. | **PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| 24 | |
| 25  BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, *et al.*, | |
| 26 | |
| 27       Defendants. | |
| 28 | |

1    Pursuant to Local Rule 79-5(f), Plaintiffs hereby move to consider whether Plaintiffs'
2 Opposition to Sumitomo Rubber USA, LLC's Motion for Summary Judgment, ECF No. 253,
3 Declaration of Elizabeth B. Forsyth in Support of Plaintiffs' Opposition to Sumitomo Rubber
4 USA, LLC's Motion for Summary Judgment, ECF No. 255, Exhibits 1, 4, 8, 10–11, 13–16, 19,
5 26–35, 37–39, 41–44, 48–49, 53, 57 & 61 thereto, and Expert Report of Dr. Edward P.
6 Kolodziej, ECF No. 254, should be filed under seal.

7    Plaintiffs' Opposition to Sumitomo Rubber USA, LLC's Motion for Summary Judgment
8 includes quotations and other information (highlighted in the unredacted version) from
9 documents that Defendants Bridgestone Americas Tire Operations LLC ("Bridgestone"),
10 Hankook Tire America Corporation ("HTAC"), Michelin North America, Inc. ("Michelin"),
11 Pirelli Tire LLC ("Pirelli"), and Toyo Tire Holdings of Americas Inc. ("Toyo"), have designated
12 as "confidential" or "highly confidential" under Section 5 of the Parties' Stipulated Protective
13 Order, ECF No. 139. An unredacted version of Plaintiffs' Opposition may be provisionally filed
14 under seal under Section 12.3 of the Parties' Stipulated Protective Order.

15    The Declaration of Elizabeth B. Forsyth in Support of Plaintiffs' Opposition to Sumitomo
16 Rubber USA, LLC's Motion for Summary Judgment includes quotations and other information
17 (highlighted in the unredacted version) from documents that Bridgestone, Continental Tire the
18 Americas LLC's ("Continental"), Giti Tire (USA) Ltd. ("Giti"), The Goodyear Tire & Rubber
19 Company, individually and as successor in interest to Cooper Tire & Rubber Company
20 ("Goodyear"), HTAC, Kumho Tire U.S.A., Inc. ("KUSA"), Michelin, Nokian Tyres Inc., Nokian
21 Tyres U.S. Operations LLC, Sumitomo Rubber USA, LLC ("SRUSA"), Sumitomo Rubber
22 North America, Inc., Pirelli, Toyo, and Yokohama Tire Corporation ("YTC") have designated as
23 "confidential" or "highly confidential" under Section 5 of the Parties' Stipulated Protective
24 Order. An unredacted version of this Declaration may be provisionally filed under seal under
25 Section 12.3 of the Parties' Stipulated Protective Order.

26    Exhibit 1 is a true and correct copy of excerpts of the transcript and exhibits of the
27 February 10, 2025, Deposition of Lily Schreiber, SRUSA's Federal Rule of Civil Procedure
28

30(b)(6) designee. The exhibits of this deposition transcript include SRUSA_0003868–74, which SRUSA has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order, and SRUSA_0002529–33 & SRUSA_0002557–66, which SRUSA has designated as "highly confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 4 is a true and correct copy of CONTINENTAL 0007567–671, which Continental has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 8 is a true and correct copy of BRIDGESTONE 0001832–46, which Bridgestone has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 10 is a true and correct copy of excerpts of the transcript and exhibits of the January 16, 2025, Deposition of Volker Hildebrand, Continental's Federal Rule of Civil Procedure 30(b)(6) designee. The exhibits of this deposition transcript include CONTINENTAL 0001447–54, 0001468, 0007086–88 & 0007147–48, which Continental has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 11 is a true and correct copy of BRIDGESTONE 0057405–30, which Bridgestone has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 13 is a true and correct copy of MNAI-IFR-PCFFA 00025927–76, which Michelin has designated as "confidential" under Section 5 of the Parties' Stipulated Protective

Pls.' Admin. Mot. to Consider
Whether Another Party's
Material Should be Sealed
Case No. 23-cv-05748-JD

2

1  Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the
2  Stipulated Protective Order.
3        Exhibit 14 is a true and correct copy of MNAI-IFR-PCFFA 00014288–305, which
4  includes material that Michelin has designated as "confidential" under Section 5 of the Parties'
5  Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal
6  under Section 12.3 of the Stipulated Protective Order.
7        Exhibit 15 is a true and correct copy of PIRELLI 0018594–630, which includes material
8  that Pirelli has designated as "confidential" under Section 5 of the Parties' Stipulated Protective
9  Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the
10 Stipulated Protective Order.
11       Exhibit 16 is a true and correct copy of excerpts the transcript and exhibits of the January
12 24, 2025, Deposition of Bryce Jones, Pirelli's Federal Rule of Civil Procedure 30(b)(6) designee.
13 The transcript of this deposition includes text that Pirelli has designated as "confidential" and
14 "highly confidential" under Section 5 of the Parties' Stipulated Protective Order, which Plaintiffs
15 have denoted by highlighting that text in the unredacted version filed provisionally under seal.
16 The exhibits of this deposition transcript include PIRELLI 0005438–39 & 0012931–0013000,
17 which Pirelli has designated as "confidential" under Section 5 of the Parties' Stipulated
18 Protective Order, and PIRELLI 0005435–39, which Pirelli has designated as "highly
19 confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this
20 document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.
21       Exhibit 19 is a true and correct copy of excerpts of the transcript and exhibits of the
22 January 22, 2025, Deposition of Christopher Raglin, Toyo's Federal Rule of Civil Procedure
23 30(b)(6) designee, including TOYO 0002489–513 & 0002813–40, all of which Toyo has
24 designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order.
25 Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the
26 Stipulated Protective Order.

3

Exhibit 26 is a true and correct copy of excerpts of the transcript and exhibits of the February 12, 2025, Deposition of Patrick Neil Dalton, Yokohama's Federal Rules of Civil Procedure 30(b)(6) designee. The exhibits of this deposition transcript include EJ.YTC 0001571–82, which YTC has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 27 is a true and correct copy of CONTINENTAL 0007209–14, which Continental has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 28 is a true and correct copy of HTAC_6PPD_00004353–64, which HTAC has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 29 is a true and correct copy of PIRELLLI 0019484–92, which Pirelli has designated as "highly confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 30 is a true and correct copy of PIRELLLI 0024567–69, which Pirelli has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 31 is a true and correct copy of MNAI-IFR-PCFFA 00008835–40, which Michelin has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 32 is a true and correct copy of BRIDGESTONE 0016958–67, which Bridgestone has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 33 is a true and correct copy of HTAC_6PPD_00000611–20, which HTAC has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 34 is a true and correct copy of SRUSA_0002698–702, which SRUSA has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 35 is a true and correct copy of excerpts of the transcript and exhibits of the December 11, 2024, Deposition of Michael Kerns, Goodyear's Federal Rule of Civil Procedure 30(b)(6) designee. The transcript of this deposition includes text that Goodyear has designated as "confidential" and "highly confidential" under Section 5 of the Parties' Stipulated Protective Order, which Plaintiffs have denoted by highlighting that text in the unredacted version filed provisionally under seal. The exhibits of this deposition transcript include GOODYEAR 0004803–0004909 & 0006416–19, which Goodyear has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 37 is a true and correct copy of excerpts of the transcript and exhibits of the January 31, 2024, Deposition of Erin Sheepwash, including BRIDGESTONE 0058282–88, which Bridgestone has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

5

Pls.' Admin. Mot. to Consider
Whether Another Party's
Material Should be Sealed
Case No. 23-cv-05748-JD

Exhibit 38 is a true and correct copy of MNAI-IFR-PCFFA 00003671–75, which Michelin has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 39 is a true and correct copy of MNAI-IFR-PCFFA 00011835–39, which Michelin has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 41 is a true and correct copy of HTAC_6PPD_00001675–77, which HTAC has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 42 is a true and correct copy of GOODYEAR 0007300–23, which Goodyear has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 43 is a true and correct copy of PIRELLI 0038061–64, which Pirelli has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 44 is a true and correct copy of PIRELLI 0024859–61, which Pirelli has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 48 is a true and correct copy of BRIDGESTONE 0006821, which Bridgestone has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order.

Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 49 is a true and correct copy of BRIDGESTONE 0011322–24, which Bridgestone has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 53 is a true and correct copy of excerpts of the Expert Report of Corissa Lee, PhD, produced by Defendants in this case, which Defendants have designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 57 is a true and correct copy of GOODYEAR 0008032–98, which Goodyear has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

Exhibit 61 is a true and correct copy of KUSA-6PPD-00003018–19, which KUSA has designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order. Plaintiffs submit this document for provisional filing under seal under Section 12.3 of the Stipulated Protective Order.

The Expert Report of Dr. Edward P. Kolodziej includes quotations and other information (highlighted in the unredacted version) from documents that Bridgestone (BRIDGESTONE 0012439; BRIDGESTONE 0019181; BRIDGESTONE 0041112), Goodyear (GOODYEAR 0004155), Michelin (MNAI-IFR-PCFFA 00028342), and Pirelli (PIRELLI 0025633) have designated as "confidential" under Section 5 of the Parties' Stipulated Protective Order, as well as a document that Bridgestone (BRIDGESTONE 0012440) has designated as "highly confidential" under Section 5 of the Parties' Stipulated Protective Order. An unredacted version of this Expert Report may be provisionally filed under seal under Section 12.3 of the Parties' Stipulated Protective Order.

DATED this 23rd day of May, 2025,

/s/ Elizabeth B. Forsyth

ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

ADAM J. BERGER (*Pro Hac Vice*)
berger@sgb-law.com
Schroeter Goldmark & Bender
401 Union St., Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000

*Counsel for Plaintiffs Institute for Fisheries Resources & Pacific Coast Federation of Fishermen's Associations*