M. Elizabeth O'Neill (CA Bar No. 257448)
elizabeth.oneill@wbd-us.com
Womble Bond Dickinson
301 S. College Center
301 S. College Street, Suite 3500
Charlotte, NC 28202-6050

Keith Casto (CA Bar No. 141279)
keith.casto@wbd-us.com
1279 Oakmead Parkway
Sunnyvale, CA 94085
P: 408-720-3472

*Counsel for Defendant The Goodyear Tire & Rubber Company, individually and as successor in interest to Cooper Tire & Rubber Company*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, <br><br> Plaintiffs, <br><br> v. <br><br> BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation. <br><br> Defendants. | Case No. 23-cv-05748-JD <br><br> **THE GOODYEAR TIRE & RUBBER COMPANY'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 256]** |

The Goodyear Tire & Rubber Company's Response
to Plaintiffs' Administrative Motion [Dkt. 256]
Case No. 23-cv-05748-JD - Page 1

Defendant Sumitomo Rubber USA, LLC (SRUSA) filed a Motion for Summary Judgment asserting that the claims against it must be dismissed because it no longer manufactures or distributes tires. [DKT. 237] SRUSA's motion is supported by SRUSA's WARN notice to employees [DKT 237-1] and an online news report regarding its plant closing. [DKT 237-2]. The Motion contains no reference to The Goodyear Tire and Rubber Company. It cites no Goodyear document. It cites no USTMA documents. It cites no TIP documents. It cites no testimony from any deposition that Goodyear gave in this case. Yet, Plaintiffs use their Opposition as a vehicle to seek removal of the confidentiality designations from over 200 pages of documents produced by Goodyear and portions of the testimony given by Goodyear's witness in this case. Having been unnecessarily and improperly interjected into the arguments in opposition to SRUSA's Motion for Summary Judgment, Goodyear submits this Response to Plaintiffs' Administrative Motion [DKT 256] pursuant to Local Rule 79-5(f)(3) and this Court's Standing Order for Civil Case. Goodyear's documents and testimony are wholly irrelevant to the substantive issues presented by SRUSA's motion and Goodyear respectfully requests that this Court reject Plaintiffs' effort to remove the confidentiality designations as to the Goodyear documents and testimony.

**I.     Goodyear's Records Are Irrelevant to SRUSA's Motion**

Three of the exhibits in Plaintiffs' Administrative Motion pertain to Goodyear documents: Exhibits 35, 42 and 57. Each is referenced only as a compilation cite within the "Background" section of Plaintiffs' Opposition to SRUSA's Motion for Summary Judgment where Plaintiffs seek not to oppose the legal arguments presented in SRUSA's motion, but instead to present Plaintiffs' dramatic indictment of the tire industry – arguments which are disparaging, inaccurate, and wholly irrelevant to the question presented in SRUSA's motion.

There is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Inherent in that presumption is the expectation that litigants will use court records only for the purpose of addressing the issues

1  presented to the Court for resolution. The presumption of access is overcome "when such court
2  files might have become a vehicle for improper purposes, such as the use of records to gratify
3  private spite, promote public scandal, circulate libelous statements, or release trade secrets."
4  *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1179 (internal
5  citations and quotations omitted). The Court appropriately seals records when they "'might be
6  used to gratify private spite or promote public scandal, to circulate libelous statements, or as
7  sources of business information that might harm a litigant's competitive standing.'" *See Device
8  Inc. v. Korean Broad. System*, No. CV 24-07779-MWF (PDX), 2025 WL 864668, at *1 (C.D.
9  Cal. Feb. 3, 2025) quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th
10  Cir. 2016).

11      The Court can decide SRUSA's motion without reference to anything in the confidential Goodyear documents. The notion of an "industry effort" to conceal information is both false and irrelevant to the question of whether injunctive relief can be entered against SRUSA now that it no longer manufactures or distributes tires. Maintaining the confidentiality of documents of other parties which are extraneous is not only supported by the applicable case law, it serves to promote the integrity of the entire litigation process by ensuring the Court is not used as a vehicle to promote agendas unrelated to legal questions to be resolved through the judicial system.

**II.   Goodyear's Confidential Documents and Testimony in Exhibits 35, 42, and 57 Should Remain Sealed**

    While the Ninth Circuit recognizes an initial strong presumption in favor of access to court records, that presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana,* supra, 447 F.3d at 1179. The Ninth Circuit clarified that "public access to filed motions and their attachments does not merely depend on whether the motion is technically

The Goodyear Tire & Rubber Company's Response
to Plaintiffs' Administrative Motion [Dkt. 256]
Case No. 23-cv-05748-JD - Page 3

'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). For motions related to the merits of a case, "[t]he party seeking to seal a document bears the burden of articulating 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Kavcic v. Broadcom Inc.*, No. 20-CV-01246-JD, 2023 WL 3149256, at *1 (N.D. Cal. Feb. 10, 2023) (quotations omitted); see also *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Bold Ltd. v. Rocket Resume, Inc.,* No. 22-CV-01045-BLF, 2024 WL 1329921, at *1 (N.D. Cal. Mar. 27, 2024) citing *Ctr for Auto Safety,* 809 F.3d at 1097.

**Exhibit 35.** The request to unseal matters included in Exhibit 35 to the Forsyth declaration covers both testimony of Goodyear's corporate representative and confidential documents marked at his deposition taken on December 11, 2024. The portions of the testimony sought to be unsealed pertain to questions about deposition exhibits 6, 7 and 20, yet Plaintiffs apparently also seek to unseal deposition exhibits 8-19 and 21-23. These exhibits are not only irrelevant to the SRUSA motion, but they contain communications with and information regarding communications with Goodyear's trade association partners[1] and internal communications regarding topics which may or may not be presented in meetings with those trade association partners, including communications with in-house lawyers.

**Ex. 42.** As with the other Goodyear documents, Plaintiffs cite to Exhibit 42 in a compilation cite in the "Background" section for the proposition that "the industry" did or did not do something. [Dkt. 256-3] What "the industry" did or did not do is irrelevant to the question presented in SRUSA's motion, and certainly not a reason to disclose the confidential communications between USTMA and its members about issues which are anticipated to be

---

[1] Goodyear further relies on Responses to Plaintiffs' Administrative Motion that are filed on behalf of co-Defendants (and fellow USTMA members) regarding the intention of confidentiality in USTMA communications.

The Goodyear Tire & Rubber Company's Response
to Plaintiffs' Administrative Motion [Dkt. 256]
Case No. 23-cv-05748-JD - Page 4

subjects of litigation. Exhibit 42 is not only a confidential communication about how Goodyear might respond to an external inquiry about 6PPD, it is a *draft* of how it might respond. Unsealing it would effectively revel both Goodyear's internal processes for responding to external inquiries and information regarding the strategic analysis, planning, and concerns of USTMA members. Making that information available to competitors who are not members of USTMA and who are not defendants in this case would result in harm to Goodyear and other member companies --- harm that has no corresponding benefit by furthering resolution of any of the issues presented through SRUSA's motion.

**Ex. 57:** While the information contained within this power point was prepared for the purposes of a meeting among trade organizations and is wholly irrelevant to SRUSA's motion, Goodyear will agree to withdrawing the confidentiality designation of Exhibit 57 but requests that the Court narrowly tailor the order to maintain the confidentiality of any testimony that Goodyear's witness may have given regarding this document or the information contained therein.

### III.    Conclusion

SRUSA's motion presents a specific and narrow legal question. The sealed Goodyear exhibits referenced in Plaintiffs' Administrative Motion have no bearing on that question. Compelling need exists to maintaining the confidentiality of these documents and exhibits and Goodyear requests that the Court deny Plaintiffs' Administrative Motion to unseal these exhibits.

Respectfully submitted this 30th day of May, 2025.

**Womble Bond Dickinson (US) LLP**

By: /s/ *M. Elizabeth O'Neill*
M. Elizabeth O'Neill (CA Bar No. 257448)
elizabeth.oneill@wbd-us.com
301 S. College Center
301 S. College Street, Suite 3500
Charlotte, NC  28202-6050
P:  704-350-6310

Keith M. Casto (CA Bar No. 141279)
keith.casto@wbd-us.com
1279 Oakmead Parkway
Sunnyvale, CA 94085
P: 408-341-3000

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 30th day of May, 2025.

*/s/ Debbie Brockman*
Debbie Brockman, Legal Practice Assistant
on behalf of M. Elizabeth O'Neill