Susan E. Smith, (CA Bar No. 329539)
ssmith@bdlaw.com
333 Bush Street, Ste 1500
San Francisco, CA  94104
P: 415-262-4023

Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA  98101
P: 206-315-4810

W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com
1900 N. Street NW, Ste. 100
Washington, D.C.  20036
P: 202-789-6028

*Counsel for Defendants Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Sumitomo Rubber North America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire Holdings of Americas Inc.; and Yokohama Tire Corporation.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH | Case No. 23-cv-05748-JD<br><br>**DEFENDANT BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 256]** |

AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.

Defendants.

## I.    INTRODUCTION

Plaintiffs' Complaint claims that Defendants are engaging in two acts that "take" species in violation of ESA Section 9: (a) manufacture of tires using 6PPD and (b) distribution of tires containing 6PPD.  [Dkt. 19 at ¶77, 97-98].  Defendant Sumitomo Rubber USA, LLC ("SRUSA") filed a Motion for Summary Judgment on the basis that it no longer manufactures or distributes tires.  [Dkt. 237].  In response, Plaintiffs filed the Declaration of Elizabeth Forsyth in Support of Plaintiffs' Opposition to SRUSA's Motion for Summary Judgment [Dkt. 255], which includes Exhibit 37, a document originally produced by BATO which contains information BATO designated as "Confidential' under the Stipulated Protective Order approved by the Court [Dkt. 139 & 149].  Plaintiffs also filed the expert report of Edward P. Kolodziej which references and describes information designated by Bridgestone as "Confidential" and "Highly Confidential-Attorney's Eyes Only".  SRUSA's Motion and Plaintiffs' Opposition contain no references to BATO.  These exhibits are cited only once in the "Background" section of the Opposition to support an irrelevant point.  The disclosure of BATO's business proprietary, confidential information would result in competitive harm to the company and serves no valid purpose.  As such, the confidential BATO information contained in Exhibit 37 and the Kolodziej Report should be maintained under seal, for the reasons set forth below.

BATO files this Statement under Local Rule 79-5(f)(3), (b), and (c), and the Standing Order for Civil Cases Before Hon. James Donato, section 25 through 31 and respectfully requests that the Court maintain portions of Exhibit 37 and the Kolodziej Report under seal.

1    BATO is not asking to seal all of the Bridgestone documents and information filed by Plaintiffs

2    as exhibits to the Forsyth Declaration under seal, but requests only the continued sealing of two

3    limited portions of the deposition testimony of Erin Sheepwash and two documents. A proposed

4    order narrowly tailored to only include sealable material accompanies this Statement.

5                                    **II.      ARGUMENT**

6           While the Ninth Circuit recognizes an initial strong presumption in favor of access to

7    court records, that presumption "is not absolute and can be overridden given sufficiently

8    compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

9    (9th Cir. 2003) (citations omitted). The Ninth Circuit has clarified that "public access to filed

10   motions and their attachments does not merely depend on whether the motion is technically

11   'dispositive.' Rather, public access will turn on whether the motion is more than tangentially

12   related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092,

13   1101 (9th Cir. 2016). For motions related to the merits of a case, "[t]he party seeking to seal a

14   document bears the burden of articulating 'compelling reasons supported by specific factual

15   findings that outweigh the general history of access and the public policies favoring disclosure."

16   *Kavcic v. Broadcom Inc.*, No. 20-CV-01246-JD, 2023 WL 3149256, at *1 (N.D. Cal. Feb. 10,

17   2023) (quotations omitted). Filings that are only tangentially related to the merits may be sealed

18   upon a lesser showing of "good cause." *Bold Ltd. v. Rocket Resume, Inc.,* No. 22-CV-01045-

19   BLF, 2024 WL 1329921, at *1 (N.D. Cal. Mar. 27, 2024) citing *Ctr for Auto Safety,* 809 F.3d at

20   1097. "Requests to seal "non-public information about a company's business strategy, business

21   transactions, corporate structure, and finances" are regularly granted. *Ibid.,* quoting *Bold Ltd. v.*

22   *Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27,

23   2024), citing *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, at *2-3

24   (N.D. Cal. June 18, 2019) (granting application to seal documents relating to business

25   transactions, corporate structure, and settlement agreements); see also *DFND Sec., Inc. v.*

26   *CrowdStrike, Inc.*, No. 22-CV-04542-AMO, 2024 WL 1558176, at *2 (N.D. Cal. Mar. 29, 2024)

27

1   (finding compelling reasons to seal the confidential business information concerning corporate

2   structure from board meetings, business organizational charts, reporting structures, and other

3   matters that would cause competitive harm).

4            A.       **Compelling Reasons Exist to Maintain These Records Under Seal.**

5            Exhibit 37 and the Kolodziej Report contain proprietary and confidential business

6   information of BATO which, if publicly disseminated, would compromise BATO's competitive

7   position and would put at risk BATO's substantial investment in its materials and rubber

8   compound technologies.  *See* Declaration of Erin Sheepwash, at ¶¶ 6-12.  The confidential

9   BATO information in these documents is irrelevant to the dispositive motion before the Court

10  and, at most, is tangential to the merits of the case.  There is no valid purpose for its disclosure.

11           Exhibit 37 to the Forsyth Declaration is a 306-page document which includes excerpts of

12  the deposition of Erin Sheepwash, an employee of BATO.  Two of the excerpts include

13  particularly sensitive information.  Page 81, lines 1-14 includes information detailing the specific

14  percentage ranges of 6PPD used by BATO in various categories of its tire products. This

15  information would effectively demonstrate to competitors what proportions of 6PPD BATO has

16  found, through testing and long term field performance evaluations, to be effective and

17  appropriate in the treads of various of its tire products by class. Such information would permit a

18  competitor to parallel BATO's actions without significant investment in testing or field

19  performance analysis.  Page 167, line 18 to page 168, line 7 discusses the specific work

20  Bridgestone performed on a potential alternative antidegradant technology and the results and

21  evaluation of that work. This information would permit a competitor to make decisions about

22  using or not using the alternative technology without any research and development investment.

23  *See* Sheepwash Declaration at ¶ 6.

24           The expert report of Edward P. Kolodziej, filed as Exhibit A to the Declaration of Edward

25  P. Kolodziej [Dkt. 254] ("Kokodziej Report"), is a 69-page document that references and describes

26  BRIDGESTONE 0019181-202 and BRIDGESTONE 0012440.   [Dkt. 254 at page 10, citing

27
DEFENDANT BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC'S RESPONSE TO
28  PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
    MATERIAL SHOULD BE SEALED [DKT. 256] - Case No. 23-cv-05748-JD **-** Page 4

footnote 33, and at page 12, citing footnote 25].  Document 19181-202, is a study conducted by independent consulting laboratory Smithers Scientific Services, which was commissioned and funded by the World Business Council for Sustainable Development (WBSCD) Tire Industry Project.  It bears the express legend "CONFIDENTIAL.  Information and data contained herein are proprietary and confidential. This information should not be disclosed to any third party without the written consent of the WBCSD."  The document includes analysis and conclusions related to the results of multiple test procedures and analytical evaluations relating to tire constituents and tire particles.  This information would not be available to entities who are not members or participants of the WBSCD and could not be readily duplicated without substantial investment. *Id.*  Document 12440 is an internal Bridgestone Americas presentation reporting on the company's program to develop alternative constituents and/or technologies to replace 6PPD in tire polymers.  It describes the status of analytical procedures and results regarding alternatives, includes cost information, and discusses performance advantages and detriments.  All of this information is the result of substantial investment in testing, analysis, and evaluation.  That information would not ordinarily be available to competitors, and would present competitors with significant advantages in making decisions and adopting development programs related to anti-degradants potentially to be used in their products. *Id.*

**B.      The Sealed Documents Are Tangential to the Issues Before the Court.**

Plaintiffs cite Exhibit 37 in the "Background" section of the Opposition to SRUSA's Motion, purportedly to support assertions regarding the tire industry's view of the science linking 6PPD in tires to coho morality and characteristics of DTSC's regulatory process.  [Dkt. 253 at page 4, lines 2-9].  Plaintiffs cite the Kolodziej Report once, also in the "Background" section of the Opposition, purportedly to support an unremarkable assertion about the publication of the Tian study in late 2020.  [*Id.* at page 3, lines 19-22, citing Decl. of Edward Kolodziej Ex. A at 7–9].  The "Background" section of the Opposition serves only one purpose: to present Plaintiffs' portrayal of SRUSA as a participant "in an industry-wide effort to downplay sound science and

1 | impede efforts to regulate 6PPD". [Dkt. 253 at page 4, lines 1-3]. This narrative is irrelevant to

2 | the merits of Plaintiffs' ESA Section 9 claim, SRUSA's Motion for Summary Judgment, and

3 | Plaintiffs' Opposition, as are the exhibits offered in support.

4 |       Plaintiffs did not challenge BATO's designation of this information as confidential.[1]  Nor

5 | did they narrowly tailor the exhibits to include only the information that purportedly supports the

6 | assertions made in the "Background" section of the Opposition.  Instead, they submitted the

7 | exhibits in their entirety, describe them in detail in the Forsyth Declaration, and seek to publicly

8 | disclose BATO's confidential information unnecessarily.  Disclosure of these documents serves

9 | no purpose but to gratuitously harass BATO, compromise its confidential business information,

10 | and expose it to negative publicity.  Plaintiffs and their counsel have sought publicity about this

11 | litigation and related issues by way of press releases accusing the Companies of "not only

12 | pushing valuable salmon runs toward extinction but also destroying fishing-dependent jobs up

13 | and down the west coast...",[2] asserting that "tire companies continue to get away with blatant

14 | ESA violations that continue to harm both salmon and the livelihoods of fishing-dependent

15 | communities" [3], and calling for the companies "to be held accountable."[4]  "The Court

16 | appropriately seals records when they 'might be used to gratify private spite or promote public

17 | scandal, to circulate libelous statements, or as sources of business information that might harm a

18 | litigant's competitive standing.'" *See Device Inc. v. Korean Broad. System*, No. CV 24-07779-

19 | MWF (PDX), 2025 WL 864668, at \*1 (C.D. Cal. Feb. 3, 2025) quoting *Ctr. for Auto Safety v.*

20 | *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  The absence of any nexus between

21 |

---

[1] Nor did Plaintiffs follow the proper procedure for doing so, set out in Section 6.2 of the Stipulated Protective Order, Dkt. 149.

[2] *See U.S. Fishing Groups Sue Tire Manufacturers Over 6PPD Impacts on Salmon, Steelhead, Earthjustice (Nov. 8, 2023), https://earthjustice.org/press/2023/u-s-fishing-groups-sue-tire-manufacturers-over-6ppd-impacts-on-salmon-steelhead.*

[3] Glen Spain, Take toxins out of tires to protect salmon, other wildlife, Seattle Times (Nov. 30, 2023), https://www.seattletimes.com/opinion/take-toxins-out-of-tires-to-protect-salmon-other-wildlife/

[4] Earthjustice, *supra* note 2; Spain, *supra* note 3.

DEFENDANT BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 256] - Case No. 23-cv-05748-JD **-** Page 6

the sealed exhibits and the issues before the Court, viewed in the context of Plaintiffs' pursuit of negative publicity about the Defendants, demonstrates Plaintiffs' improper motive for seeking their public disclosure and favors shielding this information from the general public.

### III.    CONCLUSION

Plaintiffs filed these exhibits to support an opposition to a motion to which BATO is not a party.  The confidential BATO information contained within Exhibit 37 and the Kolodziej Report is irrelevant to the merits of Plaintiffs' claim and the narrow legal issue presented in SRUSA's Motion for Summary Judgment.  It is at most, tangentially related to the merits of this case.  The disclosure of BATO's sensitive, non-public, business proprietary information would result in competitive harm to BATO.  Compelling reasons exist to maintain this information under seal.  BATO requests that the Court deny Plaintiffs' Administrative Motion to unseal these exhibits.

Respectfully submitted this 30th day of May, 2025.

**Beveridge & Diamond P.C.**

By: */s/ Loren R. Dunn*
    Loren R. Dunn, *(pro hac vice)*
    ldunn@bdlaw.com
    600 University Street, Ste. 1601
    Seattle, WA  98101
    P: 206-315-4810

    Susan E. Smith, (CA Bar No. 329539)
    ssmith@bdlaw.com
    333 Bush Street, Ste 1500
    San Francisco, CA  94104
    P: 415-262-4023

    W. Parker Moore *(pro hac vice)*
    pmoore@bdlaw.com
    1900 N. Street NW, Ste. 100
    Washington, D.C.  20036
    P: 202-789-6028

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on the below date, I caused to be served a true and correct copy of the

3  foregoing, which was served on all counsel of record using the Court's CM/ECF system.

4

5      DATED this 30th day of May, 2025.

6

7                                         /s/Natasha Johnston
                                          Natasha Johnston, Legal Assistant
8                                         on behalf of Loren R. Dunn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28