Susan E. Smith, (CA Bar No. 329539)
ssmith@bdlaw.com
333 Bush Street, Ste 1500
San Francisco, CA 94104
P: 415-262-4023

Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA 98101
P: 206-315-4810

W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com
1900 N. Street NW, Ste. 100
Washington, D.C. 20036
P: 202-789-6028

*Counsel for Defendants Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Sumitomo Rubber North America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire Holdings of Americas Inc.; and Yokohama Tire Corporation.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, <br><br> Plaintiffs, <br><br> vs. <br><br> BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH | Case No. 23-cv-05748-JD <br><br> **DEFENDANT YOKOHAMA TIRE CORPORATION'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 256]** |

| | |
|---|---|
| 1 | AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation. |
| | Defendants. |

## I. INTRODUCTION

Plaintiffs' Complaint claims that Defendants are engaging in two acts that "take" species in violation of ESA Section 9: (a) manufacture of tires using 6PPD and (b) distribution of tires containing 6PPD. [Dkt. 19 at ¶77, 97-98]. Defendant Sumitomo Rubber USA, LLC ("SRUSA") filed a Motion for Summary Judgment on the basis that it no longer manufactures or distributes tires. [Dkt. 237]. In response, Plaintiffs filed the Declaration of Elizabeth Forsyth in Support of Plaintiffs' Opposition to SRUSA's Motion for Summary Judgment [Dkt. 255], which includes Exhibit 26, a document originally produced by Yokohama Tire Corporation ("YTC") and designated as "Confidential' under the Stipulated Protective Order approved by the Court [Dkt. 139 & 149]. The Motion and Opposition contain no references to YTC. Exhibit 26 is cited only once in the "Background" section of the Opposition to support an irrelevant point. The disclosure of Exhibit 26 serves no valid purpose. As such, Exhibit 26 should be maintained under seal, for the reasons set forth below.

YTC files this Statement under Local Rule 79-5(f)(3), (b), and (c), and the Standing Order for Civil Cases Before Hon. James Donato, section 25 through 31 and respectfully requests that the Court maintain Exhibit 26 under seal. YTC is not asking to seal all the entirety of Exhibit 26, but requests only the continued sealing of a portion of a deposition exhibit contained within Exhibit 26. A proposed order narrowly tailored to only include sealable material accompanies this Statement.

DEFENDANT YOKOHAMA TIRE CORPORATION'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 256] - Case No. 23-cv-05748-JD **-** Page 2

## II. ARGUMENT

While the Ninth Circuit recognizes an initial strong presumption in favor of access to court records, that presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). The Ninth Circuit has clarified that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). For motions related to the merits of a case, "[t]he party seeking to seal a document bears the burden of articulating 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Kavcic v. Broadcom Inc.*, No. 20-CV-01246-JD, 2023 WL 3149256, at *1 (N.D. Cal. Feb. 10, 2023) (quotations omitted). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Bold Ltd. v. Rocket Resume, Inc.,* No. 22-CV-01045-BLF, 2024 WL 1329921, at *1 (N.D. Cal. Mar. 27, 2024) citing *Ctr for Auto Safety,* 809 F.3d at 1097. "Requests to seal "non-public information about a company's business strategy, business transactions, corporate structure, and finances" are regularly granted. *Ibid.,* quoting *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024), citing *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, at *2-3 (N.D. Cal. June 18, 2019) (granting application to seal documents relating to business transactions, corporate structure, and settlement agreements); see also *DFND Sec., Inc. v. CrowdStrike, Inc.*, No. 22-CV-04542-AMO, 2024 WL 1558176, at *2 (N.D. Cal. Mar. 29, 2024) (finding compelling reasons to seal the confidential business information concerning corporate structure from board meetings, business organizational charts, reporting structures, and other matters that would cause competitive harm).

**A.      Compelling Reasons Exist to Maintain This Record Under Seal.**

Exhibit 26 consists of excerpts of the deposition testimony of YTC's corporate designee and deposition exhibits including EJ.YTC 0001571–82, which was designated by YTC as confidential under the protective order entered in this case. [Dkt. 255, ¶ 31]. EJ.YTC 0001571–82 consists of email dated August 25, 2022 sent by Anne Forristall Luke, the President and CEO of the U.S. Tire Manufacturers Association ("USTMA"), titled "Briefing memorandum on FY23 TMR recommendation -- Tire Abrasion Tire Testing Initiative". The email is directed to members of the USTMA Board of Directors. Recipients include USTMA executives. The email includes a 9-page attachment titled "Backgrounder on Tire Abrasion Measurement, Test Method Development, and Regulation."

Exhibit 26 is cited in the "Background" section of Plaintiffs' Opposition once, to support an assertion about industry media strategy related to 6PPD and potential regulatory efforts. [Dkt. 253, page 4, lines 2-7]. The "Background" section of the Opposition serves only one purpose: to present Plaintiffs' portrayal of SRUSA as a participant "in an industry-wide effort to downplay sound science and impede efforts to regulate 6PPD". [Dkt. 253 at page 4, lines 1-3]. This narrative is irrelevant to the merits of Plaintiffs' ESA Section 9 claim, SRUSA's Motion for Summary Judgment, and Plaintiffs' Opposition, as are the exhibits offered in support.

The August 25, 2022 email from Anne Forristall Luke and briefing memorandum do not support Plaintiffs' assertion about an industry-wide media campaign targeting 6PPD. These documents focus on an initiative to develop tire abrasion test methods in the European Union and Japan. This document has not been made public, and USTMA maintains its confidentiality because it may reveal confidential information of USTMA and its member companies. Ms. Forristall Luke's email and the attached briefing memorandum contain USTMA correspondence intended for limited, and confidential distribution among USTMA members and executives. This document also includes discussion regarding regulatory developments and recommended courses of action. *See* Declaration of Tracey Norberg, at ¶ 12. This information would be of

substantial value to competitors, who would not otherwise be able to readily evaluate the details of USTMA materials and correspondence. Public availability of such information threatens the trade association's viability as entities would no longer have to join USTMA to access the association's work product. *See id.* at ¶ 20.

### B. The Sealed Documents Are Tangential to the Issues Before the Court.

The confidential information contained in Ms. Forristall Luke's email and the attached briefing memorandum is irrelevant to the dispositive motion before the Court and is, at most, tangential to the merits of the case. There is no valid purpose for its public disclosure. Plaintiffs did not challenge YTC's designation of the documents – identified as EJ.YTC 0001571–82 -- as confidential.[1] Nor did they narrowly tailor the exhibit to include only the specific information that purportedly supports the assertions made in the "Background" section of the Opposition. Instead, they submitted EJ.YTC 0001571–82 in its entirety, describe it detail in the Forsyth Declaration, and seek to publicly disclose it, unnecessarily. Disclosure of EJ.YTC 0001571–82 serves no purpose but to gratuitously harass YTC and USTMA, compromise USTMA's confidential discussions reflected in member communications and expose it to negative publicity. Plaintiffs and their counsel have sought publicity about this litigation and related issues by way of press releases accusing the Companies of "not only pushing valuable salmon runs toward extinction but also destroying fishing-dependent jobs up and down the west coast...",[2] asserting that "tire companies continue to get away with blatant ESA violations that continue to harm both salmon and the livelihoods of fishing-dependent communities"[3], and calling for the companies

---

[1] Nor did Plaintiffs follow the proper procedure for doing so, set out in Section 6.2 of the Stipulated Protective Order, Dkt. 149.
[2] *See U.S. Fishing Groups Sue Tire Manufacturers Over 6PPD Impacts on Salmon, Steelhead, Earthjustice (Nov. 8, 2023), https://earthjustice.org/press/2023/u-s-fishing-groups-sue-tire-manufacturers-over-6ppd-impacts-on-salmon-steelhead*
[3] Glen Spain, Take toxins out of tires to protect salmon, other wildlife, Seattle Times (Nov. 30, 2023), https://www.seattletimes.com/opinion/take-toxins-out-of-tires-to-protect-salmon-other-wildlife/

"to be held accountable."[4] "The Court appropriately seals records when they 'might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing.'" *See Device Inc. v. Korean Broad. System*, No. CV 24-07779-MWF (PDX), 2025 WL 864668, at *1 (C.D. Cal. Feb. 3, 2025) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)). The absence of any nexus between the confidential USTMA information contained in Exhibit 26 and the issues before the Court, viewed in the context of Plaintiffs' pursuit of negative publicity about the Defendants and USTMA, demonstrates Plaintiffs' improper motive for seeking their public disclosure and favors shielding this information from the general public.

### III. CONCLUSION

Plaintiffs filed confidential information of USTMA, produced and designated as confidential by YTC, to support an opposition to a motion to which YTC and USTMA are not parties. The confidential USTMA information contained in Exhibit 26 does not relate to, much less support, the assertion it is offered to support, it is irrelevant to the merits of Plaintiffs' claim or any issue before the Court, and it is, at most, tangentially related to the merits of this case. The public disclosure of USTMA's confidential information would harm USTMA and threaten its viability. Compelling reasons exist to maintain this information under seal.

Respectfully submitted this 30th day of May, 2025.

**Beveridge & Diamond P.C.**

By: */s/ Loren R. Dunn*
Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA 98101
P: 206-315-4810

Susan E. Smith, (CA Bar No. 329539)

---

[4] Earthjustice, *supra* note 2; Spain, *supra* note 3.

ssmith@bdlaw.com
333 Bush Street, Ste 1500
San Francisco, CA 94104
P: 415-262-4023

W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com
1900 N. Street NW, Ste. 100
Washington, D.C. 20036
P: 202-789-6028

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 30th day of May, 2025.

*/s/Natasha Johnston*
Natasha Johnston, Legal Assistant
on behalf of Loren R. Dunn