Susan E. Smith, (CA Bar No. 329539)
ssmith@bdlaw.com
333 Bush Street, Ste 1500
San Francisco, CA 94104
P: 415-262-4023

Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA 98101
P: 206-315-4810

W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com
1900 N. Street NW, Ste. 100
Washington, D.C. 20036
P: 202-789-6028

*Counsel for Defendants Bridgestone Americas Tire Operations, LLC; Continental Tire the Americas, LLC; GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres U.S. Operations, LLC; Sumitomo Rubber North America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire Holdings of Americas Inc.; and Yokohama Tire Corporation.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH | Case No. 23-cv-05748-JD<br><br>**DEFENDANT CONTINENTAL TIRE THE AMERICAS, LLC RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 256]** |

AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.

Defendants.

## I. INTRODUCTION

Plaintiffs' Complaint claims that Defendants are engaging in two acts that "take" species in violation of ESA Section 9: (a) manufacture of tires using 6PPD and (b) distribution of tires containing 6PPD. [Dkt. 19 at ¶77, 97-98]. Defendant Sumitomo Rubber USA, LLC ("SRUSA") filed a Motion for Summary Judgment on the basis that it no longer manufactures or distributes tires. [Dkt. 237]. In response, Plaintiffs filed thirty-three documents under seal as exhibits to the Declaration of Elizabeth Forsyth in Support of Plaintiffs' Opposition to SRUSA's Motion for Summary Judgment [Dkt. 255], including Exhibit 4, a document originally produced by Continental Tire The Americas, LLC ("Continental") and designated as "Confidential' under the Stipulated Protective Order approved by the Court [Dkt. 139 & 149]. The Motion and Opposition contain no references to Continental. Exhibit 4 is cited only once in the "Background" section of the Opposition to support an irrelevant point. The disclosure of Exhibit 4 serves no valid purpose. As such, Exhibit 4 should be maintained under seal, for the reasons set forth below.

Continental files this Statement under Local Rule 79-5(f)(3), (b), and (c), and the Standing Order for Civil Cases Before Hon. James Donato, section 25 through 31 and respectfully requests that the Court maintain Exhibit 4 under seal. Continental is not asking to seal all of the Continental documents and information filed by Plaintiffs as exhibits to the Forsyth Declaration under seal, but requests only the continued sealing of Exhibit 4. A proposed order narrowly tailored to only include sealable material accompanies this Statement.

## II. ARGUMENT

While the Ninth Circuit recognizes an initial strong presumption in favor of access to court records, that presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). The Ninth Circuit has clarified that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). For motions related to the merits of a case, "[t]he party seeking to seal a document bears the burden of articulating 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Kavcic v. Broadcom Inc.*, No. 20-CV-01246-JD, 2023 WL 3149256, at *1 (N.D. Cal. Feb. 10, 2023) (quotations omitted). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Bold Ltd. v. Rocket Resume, Inc.,* No. 22-CV-01045-BLF, 2024 WL 1329921, at *1 (N.D. Cal. Mar. 27, 2024) (citing *Ctr for Auto Safety,* 809 F.3d at 1097). "Requests to seal "non-public information about a company's business strategy, business transactions, corporate structure, and finances" are regularly granted. *Id.* (quoting *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) (citing *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, at *2-3 (N.D. Cal. June 18, 2019) (granting application to seal documents relating to business transactions, corporate structure, and settlement agreements)); *see also DFND Sec., Inc. v. CrowdStrike, Inc.*, No. 22-CV-04542-AMO, 2024 WL 1558176, at *2 (N.D. Cal. Mar. 29, 2024) (finding compelling reasons to seal the confidential business information concerning corporate structure from board meetings, business organizational charts, reporting structures, and other matters that would cause competitive harm).

### A. Compelling Reasons Exist to Maintain This Record Under Seal.

Exhibit 4 consists of an April 16, 2020, email from Fazilet Cinaralp (Secretary General of ETRMA, the European Tyre & Rubber Manufacturers Association) to the "participants to the WebEx on 14/04 regarding the regional developments on TRWP" and attachments such as meeting notes, draft meeting minutes, and presentation slides. The email states: "I remind you that all the material distributed during the meeting are to be shared within the Trade Assocaitions & TIP membership, only." *See* Exhibit 4 to Forsyth Declaration, at page 1, CONTINENTAL 0007667. The attached documents include USTMA materials intended for limited distribution to only trade association members and members of the Tire Industry Project. *See* Declaration of Tracey Norberg, at ¶ 8. Continental produced Exhibit 4 in discovery as CONTINENTAL 0007567–671 and designated it as confidential under the protective order entered in this case. This document has not been made public, and USTMA maintains its confidentiality because it may reveal confidential information of USTMA and its member companies. This information would be of substantial value to competitors, who would not otherwise be able to readily evaluate the details of USTMA materials and correspondence. Public availability of such information threatens the trade association's viability as entities would no longer have to join USTMA to access the association's work product. *See id.* at ¶ 20.

### B. The Sealed Documents Are Tangential to the Issues Before the Court.

Exhibit 4 is cited once the "Background" section of Plaintiffs' Opposition, to support the assertion that "TIP-funded research has long confirmed that TRWP are transported from roadways into aquatic environments." [Dkt. 253 at page 3, lines 4-5]. The "Background" section of the Opposition serves only one purpose: to present Plaintiffs' portrayal of SRUSA as a participant "in an industry-wide effort to downplay sound science and impede efforts to regulate 6PPD". [Dkt. 253 at page 4, lines 1-3]. This narrative is irrelevant to the merits of Plaintiffs' ESA Section 9 claim, SRUSA's Motion for Summary Judgment, and Plaintiffs' Opposition, as are the exhibits offered in support. Plaintiffs do not even claim that SRUSA attended the

meeting described in Exhibit 4 or received any of the information contained within the exhibit. This information presented in Exhibit 4 is irrelevant to the dispositive motion before the Court and is, at most, tangential to the merits of the case. There is no valid purpose for its public disclosure.

Plaintiffs did not challenge Continental's designation of Exhibit 4 as confidential.[1] Nor did they narrowly tailor the exhibit to include only the information that purportedly supports the assertions made in the "Background" section of the Opposition. Instead, they submitted Exhibit 4 in its entirety, describe it in detail in the Forsyth Declaration, and seek to publicly disclose it, unnecessarily. Disclosure of Exhibit 4 serves no purpose but to gratuitously harass USTMA and its member companies, compromise USTMA's confidential discussions reflected in member communications, and expose the association and its members to negative publicity. Plaintiffs and their counsel have sought publicity about this litigation and related issues by way of press releases accusing the Companies of "not only pushing valuable salmon runs toward extinction but also destroying fishing-dependent jobs up and down the west coast...",[2] asserting that "tire companies continue to get away with blatant ESA violations that continue to harm both salmon and the livelihoods of fishing-dependent communities"[3], and calling for the companies "to be held accountable."[4] "The Court appropriately seals records when they 'might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing.'" *See Device Inc. v. Korean Broad. System*, No. CV 24-07779-MWF (PDX), 2025 WL 864668, at *1 (C.D. Cal. Feb. 3, 2025)

---

[1] Nor did Plaintiffs follow the proper procedure for doing so, set out in Section 6.2 of the Stipulated Protective Order, Dkt. 149.
[2] *See U.S. Fishing Groups Sue Tire Manufacturers Over 6PPD Impacts on Salmon, Steelhead, Earthjustice (Nov. 8, 2023), https://earthjustice.org/press/2023/u-s-fishing-groups-sue-tire-manufacturers-over-6ppd-impacts-on-salmon-steelhead.*
[3] Glen Spain, Take toxins out of tires to protect salmon, other wildlife, Seattle Times (Nov. 30, 2023), https://www.seattletimes.com/opinion/take-toxins-out-of-tires-to-protect-salmon-other-wildlife/
[4] Earthjustice, *supra* note 2; Spain, *supra* note 3.

quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The absence of any nexus between Exhibit 4 and the issues before the Court, viewed in the context of Plaintiffs' pursuit of negative publicity about the Defendants and USTMA, demonstrates Plaintiffs' improper motive for seeking their public disclosure and favors shielding this information from the general public.

### III. CONCLUSION

Plaintiffs filed Exhibit 4 to support an opposition to a motion to which Continental and USTMA are not parties. Plaintiffs failed to demonstrate that SRUSA attended the meeting described in Exhibit 4 or received any related documents. Information about TIP-funded research regarding TWRP, contained within Exhibit 4, is irrelevant to the SRUSA Motion for Summary Judgment and Plaintiffs' Opposition, and, more broadly, the merits of Plaintiffs' ESA Section 9 claim. It is, at most, tangentially related to the merits of this case. It contains sensitive information designated as confidential, the public disclosure of which harm USTMA and threaten its viability. Compelling reasons exist to maintain this information under seal.

Respectfully submitted this 30th day of May, 2025.

**Beveridge & Diamond P.C.**

By: */s/ Loren R. Dunn*
Loren R. Dunn, *(pro hac vice)*
ldunn@bdlaw.com
600 University Street, Ste. 1601
Seattle, WA 98101
P: 206-315-4810

Susan E. Smith, (CA Bar No. 329539)
ssmith@bdlaw.com
333 Bush Street, Ste 1500
San Francisco, CA 94104
P: 415-262-4023

W. Parker Moore *(pro hac vice)*
pmoore@bdlaw.com

1900 N. Street NW, Ste. 100
Washington, D.C. 20036
P: 202-789-6028

DEFENDANT CONTINENTAL TIRE THE AMERICAS, LLC RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED [DKT. 256] - Case No. 23-cv-05748-JD - Page 7

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 30th day of May, 2025.

*/s/Natasha Johnston*
Natasha Johnston, Legal Assistant
on behalf of Loren R. Dunn