HOGAN LOVELLS US LLP
J. Tom Boer (State Bar No. 199563)
tom.boer@hoganlovells.com
Maia H. Jorgensen (State Bar No. 344980)
maia.jorgensen@hoganlovells.com
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

HOGAN LOVELLS US LLP
Joseph R. O'Connor (State Bar No. 274421)
joe.oconnor@hoganlovells.com
1999 Avenue Of The Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Attorneys for Defendant
*Pirelli Tire LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE OF FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC *et al.*<br><br>Defendants. | Case No. 3:23-cv-05748-JD<br><br>**PIRELLI TIRE LLC'S STATEMENT RESPONDING TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 256)** |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

PIRELLI TIRE'S STATEMENT RE
PLS.' ADMIN. MOT.
CASE NO. 3:20-CV-05748-JD

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Pirelli Tire LLC ("Pirelli Tire") submits this statement in response to Plaintiffs' Administrative Motion to Consider whether Another Party's Material Should Be Sealed, Dkt. 256 ("Administrative Motion"). In their Administrative Motion, Plaintiffs identify six exhibits to the Declaration of Elizabeth B. Forsyth in Support of Plaintiffs' Opposition to Sumitomo Rubber USA, LLC's Motion for Summary Judgment, Dkt. 255 ("Forsyth Declaration"), that Defendant Pirelli Tire designated either "Confidential" or "Highly Confidential" under the Stipulated Protective Order entered by the Court:

- Exhibit 15 (Dkt. 256-10),
- Exhibit 16 (Dkt. 256-10),
- Exhibit 29 (Dkt. 256-12),
- Exhibit 30 (Dkt. 256-12),
- Exhibit 43 (Dkt. 256-15), and
- Exhibit 44 (Dkt. 256-15).

The Court should maintain these documents under seal because (i) they all contain non-public, commercially sensitive information regarding Pirelli Tire's business practices, including Pirelli Tire's business strategies regarding the formulation of its tires, and their public disclosure would harm Pirelli Tire's competitive position, and (ii) Exhibit 16 includes information about European employees of Pirelli Tire's parent company that is protected from public release pursuant to the European Union's General Data Protection Regulation ("GDPR").

**I. PIRELLI TIRE'S COMMERCIALLY SENSITIVE INFORMATION SHOULD REMAIN UNDER SEAL.**

While courts "recognize a general right to inspect and copy public records and documents, including judicial records," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978), it is also "uncontested" that "the right to inspect and copy judicial records is not absolute." *Id.* at 598. A party seeking to seal documents related to dispositive motions must "articulate[] compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (discussing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). These "compelling reasons" must "outweigh the public's interest in

disclosure and justify sealing court records" where the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, there are compelling reasons to seal the Pirelli Tire documents attached to the Forsyth Declaration because they include Pirelli Tire's trade secrets. A "trade secret" may "consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (applying Ninth Circuit law and quoting Restatement (First) of Torts, § 757, cmt. b).

Accordingly, courts may seal documents that would reveal a company's business strategy because disclosure of such information could harm the company's competitive standing. *See Nixon*, 435 U.S. at 598 (citing the permitting of "sources of business information that might harm a litigant's competitive standing" as examples of improper use of access to court records); *see also In re Elec. Arts, Inc.,* 298 F. App'x 568, 569 (9th Cir. 2008) (finding the district court erred in determining that defendant's business information such as pricing terms, royalty rates, and guaranteed minimum payment terms did not meet the "compelling reasons" standard); *Pena v. Experian Info. Sols., Inc.,* 2024 WL 4800496, at *3 (C.D. Cal. Oct. 1, 2024) (granting application to seal regarding information related to "strategic pricing terms, policies, and billing information," which were "a source of business information that might harm a litigant's competitive standing"); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3–4 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal documents containing "confidential business material, marketing strategies, product development plans" and "sales data"). Courts also find "compelling reasons to seal personally identifying information, such as names, addresses, phone number and email addresses." *UnifySCC v. Cody*, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023).[1]

---

[1] *See also Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, at *2-3 (N.D. Cal. June 18, 2019) (granting application to seal documents relating to business transactions, corporate structure, and settlement agreements); *DFND Sec., Inc. v. CrowdStrike, Inc.*, No. 22-CV-04542-AMO, 2024 WL 1558176, at *2 (N.D. Cal. Mar. 29, 2024) (finding compelling reasons to seal the confidential business information concerning corporate structure from board meetings, business organizational charts, reporting structures, and other matters that would cause competitive harm).

Exhibits 15, 16, 29, 30, 43, and 44 to the Forsyth Declaration include trade secrets that should remain under seal:

- **Exhibit 15 (Dkt. 256-10)** – July 27, 2020 Minutes from Industry Meeting: This document includes notes and internal presentation documents from a tire manufacture industry meeting intended strictly for members of the industry organization—the Tire Industry Project ("TIP")—that includes business discussion regarding tire manufacturing and design and business opportunities and trends. This document has not been made public, and Pirelli Tire maintains its confidentiality because of its sensitive nature. Its public disclosure could impact Pirelli Tire's competitive position because it may reveal confidential business information about tire manufacturing strategy and trends.

- **Exhibit 16 (Dkt. 256-10)** – Excerpts and Exhibits from the Deposition Transcript of Bryce Jones (Pirelli Tire's Rule 30(b)(6) deponent): The deposition excerpts and exhibits similarly include information about the chemical composition of tires and discussions of industry action regarding the chemical composition of tires. The exhibits include presentations from the U.S. Tire Manufacturers Association ("USTMA") that discuss regulatory developments and recommended courses of action. *Concurrently filed* Decl. of T. Norberg ("Norberg Decl.") ¶ 11. Pirelli takes this information into account when developing its own independent business decisions. These documents have not been made public and their public disclosure could impact Pirelli Tire's competitive position because they may reveal confidential business strategy information about tire manufacturing strategy.

- **Exhibit 29 (Dkt. 256-12)** – December 23, 2020 Memorandum: This document includes confidential discussion regarding regulatory developments and recommended courses of action. Norberg Decl. ¶ 14. Pirelli takes this information into account when developing its own independent business decisions. This document has not been made public, and its public disclosure could impact Pirelli Tire's competitive position because it may reveal confidential business

information regarding its business strategies.

- **Exhibit 30 (Dkt. 256-12)** – May 4, 2023 Email: This document includes confidential discussion regarding regulatory developments and recommended courses of action. Norberg Decl. ¶ 15. Pirelli takes this information into account when developing its own independent business decisions. This document has not been made public, and its public disclosure could impact Pirelli Tire's competitive position because it may reveal confidential business information regarding its tire manufacturing and business strategy.

- **Exhibit 43 (Dkt. 256-15)** – May 27, 2022 Email: This document includes non-public discussion from USTMA regarding communication strategy. Norberg Decl. ¶ 18. Pirelli takes this information into account when developing its own independent business decisions. This document has not been made public, and its public disclosure could impact Pirelli Tire's competitive position because it may reveal confidential business information and communications strategy.

- **Exhibit 44 (Dkt. 256-15)** – May 31, 2022 Email: This document includes non-public discussion from USTMA regarding regulatory updates impacting the tire industry. Norberg Decl. ¶ 19. Pirelli takes this information into account when developing its own independent business decisions. This document also includes confidential discussion regarding regulatory developments, strategic business opportunities and risks, long term strategic plans, and recommended courses of action. This document has not been made public, and its public disclosure could impact Pirelli Tire's competitive position because it may reveal confidential business and manufacturing information.

Public disclosure of these exhibits would result in prejudice and harm to Pirelli Tire. N.D. Cal. Civ. LR 79-5(c)(1)(ii). It would reveal its non-public business strategies regarding the manufacturing of its products—a core part of its business. This information reflects Pirelli Tire's business considerations, and its public disclosure would harm Pirelli Tire's competitive standing because it would provide outside companies insight into Pirelli Tire's confidential business

strategy. Public disclosure of these exhibits would also reveal the identity and contact information of persons who were involved in those communications and have an interest in keeping this information confidential, particularly given the sensationalized press around this litigation.[2] As such, compelling reasons exist to maintain these exhibits under seal.

Sealing these exhibits is the least restrictive means of protecting Pirelli Tire's confidential information. N.D. Cal. Civ. LR 79-5(c)(1)(iii). The entirety of the documents discuss confidential business information and partial redaction would not provide sufficient protection against the public disclosure of competitively sensitive information.

## II. PERSONALLY IDENTIFIABLE INFORMATION ABOUT EUROPEAN EMPLOYEES MUST REMAIN UNDER SEAL PURSUANT TO EU GENERAL DATA PROTECTION REGULATION.

As noted above, Exhibit 16 (Dkt. 256-10) consists of unredacted excerpts of the Rule 30(b)(6) deposition of Pirelli Tire designee, Mr. Bryce Jones, taken on January 24, 2025. Portions of the deposition transcript were marked by Pirelli Tire as Highly Confidential – Attorneys Eyes Only because the witness discussed information about European employees of Pirelli Tire's parent company based in Milan, Italy. *See* Exhibit 16 (Dkt. 256-10) at 2 (confidentiality designations).

Referenced sections of the deposition transcript by Plaintiffs identify specific European employees in the context of discussing:

- "[A]n individual that works at our parent company in Milan." *Id.*, at 31;
- The responsibilities of an employee at the parent company or an European affiliate in Milan that receives reports on sustainability and government relations. *Id.*, at 33-4; and
- An e-mail, produced by Pirelli Tire and marked as Highly Confidential – Attorneys' Eyes Only, because, in part, it contains information about European employees of Pirelli Tire's European parent company. *Id.,* at 159-

---

[2] *See* U.S. Fishing Groups Sue Tire Manufacturers Over 6PPD Impacts on Salmon, Steel Head, *available at* https://earthjustice.org/press/2023/u-s-fishing-groups-sue-tire-manufacturers-over-6ppd-impacts-on-salmon-steelhead (arguing that "It is time for these companies to be held accountable").

| | |
|---|---|
| 1 | 161. |

Exhibit 16 also includes a confidential e-mail chain, marked as Exhibit 1 to Mr. Jones' deposition, identifying a European employees of Pirelli Tire's parent company. Notably, no portion of the cited transcript involves any direct discussion about Sumitomo Tires, the movant, nor any direct communications between an employee of Sumitomo Tires and any employee of Pirelli Tire or its affiliates.

Pirelli Tire has maintained throughout discovery that this type of information is subject to protection from disclosure due to the requirements imposed by the GDPR. That position triggered a discovery dispute with Plaintiffs, raised in a January 22, 2025, discovery letter to the Court. Dkt. 204. In response to the Court's direction on April 3, Dkt. 234, the parties invested considerable effort resolving the GDPR dispute and sparing this court from further litigation over the issue while, critically, preserving reasonable confidentiality over the subject documents consistent with the intent underlying the GDPR. This was memorialized in a stipulated order entered by the Court on May 5, 2025. Dkt. 247.

Plaintiffs now cite to various portions of Pirelli Tire's 30(b)(6) transcript that include GDPR protected disclosures subject to continued confidentiality pursuant to the Court's stipulated order. And, oddly enough, Plaintiffs profess a need to refer to this information about European employees of Pirelli Tire's parent company in the context of their opposition to a motion for summary judgment filed by an entirely unrelated third-party, Defendant Sumitomo Tires. This is not a legitimate basis to circumvent the Parties' agreement that GDPR protected materials deserves continued protection from disclosure, and under the circumstances here, Plaintiffs do not have a legitimate basis for the public disclosure of this information to support a motion involving an unaffiliated third-party defendant. *See, e.g., United States v. Eaton Corp.,* 2024 WL 3856803 (N.D. Ohio, Aug. 19, 2024) at *7 (noting that information subject to production, despite the applicability of GDPR, would only be produced "in accordance with the protective order"). To the extent that the Court is inclined to unseal these portions of the 30(b)(6) transcript, Pirelli Tire requests an opportunity to brief and be heard on the GDPR issue.

### III. CONCLUSION

For the foregoing reasons, the Court should maintain Exhibit 15 (Dkt. 256-10), Exhibit 16 (Dkt. 256-10), Exhibit 29 (Dkt. 256-12), Exhibit 30 (Dkt. 256-12), Exhibit 43 (Dkt. 256-15), and Exhibit 44 (Dkt. 256-15) to the Forsyth Declaration under seal.

Dated: May 30, 2025

Respectfully submitted,

HOGAN LOVELLS US LLP

By: /s/ *J. Tom Boer*
    J. Tom Boer
    Joseph R. O'Connor
    Maia H. Jorgensen

Attorneys for Defendant
*Pirelli Tire LLC*

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

PIRELLI TIRE'S STATEMENT RE
PLS.' ADMIN. MOT.
CASE NO. 3:20-CV-05748-JD