| | |
|---|---|
| 1  George J. Gigounas (CA Bar No. 209334) | Adam Baas (CA Bar No. 220464) |
|    george.gigounas@us.dlapiper.com | adam.baas@us.dlapiper.com |
| 2  **DLA PIPER LLP (US)** | **DLA PIPER LLP (US)** |
|    555 Mission Street, Suite 2400 | 555 Mission Street, Suite 2400 |
| 3  San Francisco, CA 94105 | San Francisco, CA 94105-2933 |
|    Tel:   415.836.2500 | Tel:   415.836.2500 |
| 4  Fax:  415.836.2501 | Fax:  415.836.2501 |

*Attorney for Defendant*  *Attorney for Defendant*
*Michelin North America, Inc*  *Hankook Tire America Corp.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA), LTD.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA CORP.; KUMHO TIRE U.S.A., INC.; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES, INC.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS INC.; and YOKOHAMA TIRE CORP.,<br><br>Defendants. | CASE NO. 3:23-cv-05748-JD<br><br>**DEFENDANTS MICHELIN NORTH AMERICA, INC.'S AND HANKOOK TIRE AMERICA CORP.'S JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO DETERMINE WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

1       Defendants Michelin North America, Inc. and Hankook Tire America Corp. respond to
2 Plaintiffs' Administrative Motion to Seal (ECF 256), under Local Rule 79-5(f)(3), (b) and (c), and
3 the Hon. James Donato's Standing Order for Civil Cases. Plaintiffs filed Exhibits 13, 14, 31, 38,
4 and 39 (produced by MNAI), and Exhibits 28, 33, and 41 (produced by HTAC) with the Declaration
5 of Elizabeth Forsyth in Support of Plaintiffs' Opposition to Sumitomo Rubber USA, LLC's Motion
6 for Summary Judgment (ECF 255) (collectively, the "Exhibits"). The Exhibits are "Confidential"
7 under the Stipulated Protective Order (ECF 139 & 149) and should be maintained under seal.

## I. The Exhibits Are Irrelevant and Submitted For An Improper Purpose.

      The Exhibits are *only* cited in the "Background" section of Plaintiffs' Opposition brief. This "Background" section is neither material to nor even connected to any legal argument in SRUSA's Motion or Plaintiffs' Opposition. Similarly, outside counsel Elizabeth Forsyth's *forty-five-page* Declaration improperly proffers more "background" and legal argument, also immaterial to SRUSA's Motion. Moreover, rather than attaching narrowly tailored portions of documents, Plaintiffs include lengthy full versions—hundreds of pages of irrelevant, confidential records and other improper information—comprising part of over 1,000 total pages Plaintiffs submitted to the Court to oppose a narrow issue presented by SRUSA.

      On May 1, 2025, this Court instructed the parties *not* to file summary judgment motions other than SRUSA's already filed motion (ECF 243.) The Forsyth Declaration and the Exhibits are blatant attempts to ignore this Order, circumvent page limits, disparage the Defendants with inaccurate, impertinent statements, and shoehorn lengthy documents into the record that do not support the statements they are cited for. Other Defendants have not participated in dispositive briefing, yet now these Defendants must respond to Plaintiffs' Seal Motion to protect the confidential records from their production files. These documents should be maintained under seal.

## II. Under Either Standard, the Court Should Maintain these Records Under Seal.

      The Ninth Circuit recognizes an initial strong presumption in favor of access to court records, but that presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). "The public policies that support the right of access to dispositive motions, and related

1

materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "[P]ublic access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). For motions related to the merits, "[t]he party seeking to seal a document bears the burden of articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kavcic v. Broadcom Inc*., No. 20-CV-01246-JD, 2023 WL 3149256, at *1 (N.D. Cal. Feb. 10, 2023) (quotations omitted); see also *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Bold Ltd. v. Rocket Resume, Inc.,* No. 22-CV-01045-BLF, 2024 WL 1329921, at *1 (N.D. Cal. Mar. 27, 2024) citing *Ctr for Auto Safety,* 809 F.3d at 1097.

"The Court appropriately seals records when they 'might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing.'" *SeeDevice Inc. v. Korean Broad. System*, No. CV 24-07779-MWF (PDX), 2025 WL 864668, at *1 (C.D. Cal. Feb. 3, 2025) quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d at 1097. "Requests to seal 'non-public information about a company's business strategy, business transactions, corporate structure, and finances' are regularly granted." *Ibid.,* quoting *Bold Ltd. v. Rocket Resume, Inc*., No. 22-cv-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024), citing *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, at *2-3 (N.D. Cal. June 18, 2019) (granting application to seal documents relating to business transactions, corporate structure, and settlement agreements); see also *DFND Sec., Inc. v. CrowdStrike, Inc*., No. 22-CV-04542-AMO, 2024 WL 1558176, at *2 (N.D. Cal. Mar. 29, 2024) (finding compelling reasons to seal the confidential business information concerning corporate structure from board meetings, business organizational charts, reporting structures, and other matters that would cause competitive harm).

**III.    MNAI's Confidential Exhibits 13, 14, 31, 38, and 39 Should Be Sealed.**

**Exhibits 13 and 14** are documents generated by the non-party U.S. Tire Manufacturers Association (USTMA). They contain redacted attorney-client privileged information, underscoring their sensitive nature. USTMA disseminates critical information, including legal counsel and regulatory updates, to its members *confidentially*. Declaration of Tracey Norberg (Norberg Decl.) ¶¶ 4-7. Member companies use the information to develop business strategy and long-term strategic planning, and to assess business risks. Disclosure of this sensitive information would give non-member companies, and businesses in other industries, unfair competitive advantages. Norberg Decl. ¶¶ 6-7, 20. For MNAI's part, when such USTMA documents are received, MNAI strictly maintains the confidentiality of that information and takes steps to avoid its unintended disclosure. Declaration of Vaneaton Price (Price Decl.) ¶¶ 3-7. The confidentiality of a non-party's strategic business information outweighs any public interest in disclosure, particularly given the information is immaterial to SRUSA's dispositive motion.

Plaintiffs' Opposition cites to Exhibits 13 and 14 only once—purportedly to support the background statement that they believe awareness of a growing body of non-industry research concerning coho salmon mortality "grew in 2019 and 2020, as more such research was published and USTMA shared and discussed it with SRUSA and other Defendants." Plaintiffs' Opposition p. 2:3-5. In contrast to this narrow statement, Exhibit 13 is a *fifty-one-page* USTMA report that provides sensitive and confidential information on numerous distinct areas regarding regulatory developments and recommended courses of action in that given year. Norberg Decl. ¶ 9; Price Decl. ¶ 8. Nearly all this information in Exhibit 13 is *irrelevant* to the limited purported purpose for Plaintiffs' citation. Yet Plaintiffs did not excerpt the purportedly relevant portions of Exhibit 13, despite excerpting many other confidential exhibits they filed, selectively harassing Defendants with substantially overbroad disclosure of irrelevant confidential business records on issues not before the Court. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1120 (9th Cir 2012) (the compelling reasons standard is satisfied when unsealing records "become[s] a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.") (internal quotations

3

omitted). Compelling reasons justify maintaining the confidentiality of a non-party's confidential information from public disclosure, since the information is immaterial to the SRUSA's dispositive motion, serves no Opposition purpose, contravenes this Court's order against filing additional summary judgment motions, and would subject USTMA members to significant business and competitive risk. Norberg Decl. ¶ 20. For its part, MNAI can further narrow its confidentiality designation to de-designate the minor portions on page **MNAI-IFR-PCFFA00025956** referenced in the Forsyth Decl. (ECF 255 at ¶ 16). Declaration of George Gigounas (Gigounas Decl.) ¶ 2.

Exhibit 14, an email from USTMA counsel to member companies, also addresses regulatory developments and recommended courses of action. Norberg Decl. ¶ 10; Price Decl. ¶ 9. Disclosure of the information could be used by non-USTMA member competitors or other entities to the disadvantage of MNAI and other USTMA member companies; and MNAI strictly maintains the confidentiality of information disseminated by USTMA and takes steps to avoid its unintended disclosure. Norberg Decl. ¶¶ 6-7, 20; Price Decl. ¶ 7. Exhibit 14 also contains personally identifiable information irrelevant to Plaintiffs' assertions and therefore the Exhibit warrants protection. Like Exhibit 13, nearly all confidential business information in Exhibit 14 is irrelevant to Plaintiffs' citation. Again, MNAI can narrow its confidentiality designation to permit unsealing of the portions on page **MNAI-IFR-PCFFA00014291** referenced in the Forsyth Decl. (ECF 255 at ¶ 18). Gigounas Decl. ¶ 3.

**Exhibit 31** is a confidential summary prepared by the Tire Industry Project ("TIP") for its member organizations reflecting TIP's assessment of strategic business risks to member organizations. Price ¶ 10. TIP's work is confidential. Disclosure of the information could be used by non-TIP member competitors or other entities to disadvantage MNAI and TIP member companies or their affiliates. *Ibid.* MNAI received a copy of Exhibit 31 from a sister company, strictly maintains the confidentiality of such information, and takes steps to avoid its unintended disclosure. *Ibid.* Only a narrow portion is even arguably relevant to Plaintiffs' assertion regarding public media addressing tire road wear particles ("TRWP"). MNAI can narrow its confidentiality designations to permit unsealing of the portions at **MNAI-IFR-PCFFA00008837** referenced in the Forsyth Decl. (ECF 255 at ¶ 36). Gigounas Decl. ¶ 4.

4

**Exhibit 38** is six pages of MNAI internal notes on a public meeting, revealing what that MNAI employee believed to be notable. Price ¶ 11. **Exhibit 39** is a six-page email exchange, including private communications between MNAI and a sister company. *Id.* ¶ 12. Plaintiffs include both Exhibits purportedly for the proposition that Defendants received warnings about the substance of TIP-funded studies addressing TRWP. Plaintiffs' Opposition p. 3:6-9. Neither Exhibit 38 nor Exhibit 39 support the Plaintiffs' assertions. Moreover, both reflect MNAI's internal notes and correspondence on communications with third parties. Plaintiffs offer no evidence that either document was shared with SRUSA or has any bearing whatsoever on whether SRUSA is entitled to summary judgment. Plaintiffs' misleading and gratuitous reference to MNAI's records is an attempt to harass MNAI by publicly disclosing confidential internal communications. As such, the compelling reasons standard is satisfied for both exhibits. *See In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1120 ("use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" satisfies the compelling reasons standard) (internal quotations omitted). MNAI can narrow its confidentiality designations to unseal the portions of Exhibit 38 at **MNAI-IFR-PCFFA00003671 and 75** and Exhibit 39 at **MNAI-IFR-PCFFA00011836 through 39** that are referenced in the Forsyth Decl. (ECF 255 at ¶¶ 45, 47). Gigounas Decl. ¶¶ 5, 6.

**IV.  HTAC Confidential Exhibits 28, 33, and 41 Should Be Sealed.**

**Exhibit 28** is USTMA's confidential 2021 Year-End Report, an assessment of regulatory activity relevant to members. Norberg Decl. ¶ 13; Declaration of Gabe Fisher (Fisher Decl.) ¶ 10. **Exhibits 33** is a confidential USTMA public relations services request for proposal. Norberg Decl. ¶ 16; Fisher Decl. ¶ 11. **Exhibit 41** attaches a confidential draft summary of USTMA support for 6PPD-Q research. Norberg Decl. ¶ 17; Fisher Decl. ¶ 12. Disclosure could disadvantage USTMA members. Norberg Decl. ¶¶ 6, 20. HTAC maintains confidentiality of USTMA information and avoids unintended disclosure. Fisher Decl. ¶¶ 4-9. All three Exhibits should be sealed.

**V.  Conclusion**

For the foregoing reasons, the Court should maintain under seal the documents as set forth above.

//

DATED: May 28, 2025

**DLA PIPER LLP (US)**

By: */s/ George Gigounas*
 George Gigounas,
 Attorneys for Defendant
 Michelin North America, Inc.

By: */s/ Adam Baas*
 Adam Baas
 Attorneys for Defendant
 Hankook Tire America Corp.