1  Susan E. Smith, (CA Bar No. 329539)
   ssmith@bdlaw.com
2  333 Bush Street, Ste 1500
   San Francisco, CA 94104
3  P: 415-262-4023

4

5  Loren R. Dunn, *(pro hac vice)*
   ldunn@bdlaw.com
6  600 University Street, Ste. 1601
   Seattle, WA 98101
7  P: 206-315-4810

8  W. Parker Moore *(pro hac vice)*
   pmoore@bdlaw.com
9  1900 N. Street NW, Ste. 100
   Washington, D.C. 20036
10 P: 202-789-6028

11
   *Counsel for Defendants Bridgestone Americas Tire
12 Operations, LLC; Continental Tire the Americas, LLC;
   GITI Tire (USA), Ltd.; Nokian Tyres Inc.; Nokian Tyres
13 U.S. Operations, LLC; Sumitomo Rubber North
   America, Inc.; Sumitomo Rubber USA, LLC; Toyo Tire
14 Holdings of Americas Inc.; and Yokohama Tire
   Corporation.*
15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, <br><br> Plaintiffs, <br><br> vs. <br><br> BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA) Ltd.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA Corp.; KUMHO TIRE U.S.A., Inc.; MICHELIN NORTH AMERICA, Inc.; NOKIAN TYRES Inc.; NOKIAN | Case No. 23-cv-05748-JD <br><br> **DEFENDANT SUMITOMO RUBBER USA, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** <br><br> **Note On Motion Calendar: June 26, 2025 at 10:00 a.m.** |

DEFENDANT SUMITOMO RUBBER USA, LLC'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - Case No. 23-cv-05748-JD **-** Page 1

TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, Inc.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS Inc.; and YOKOHAMA TIRE Corporation.

Defendants.

## I. INTRODUCTION

SRUSA neither manufactures nor distributes tires—it ceased all tire manufacturing and distribution operations in November, 2024. Thus, the Plaintiffs cannot prove their Section 9 claim.

ESA citizen suits authorize injunctive relief exclusively for present and future actions, not for past actions. Because SRUSA has permanently ceased the relevant actions, there is no basis for Section 9 injunctive relief.

## II. ARGUMENT

### A. The Plaintiffs Cannot Meet Their Burden of Proof.

Section 9 prohibits "the taking of any member of a listed [endangered] species," 16 U.S.C. § 1538(a)(1)(B)). The ESA defines "take" to mean to "harass, harm … kill, or attempt to engage in such conduct." 16 U.S.C. § 1532(19). The ESA regulations define the term "harm" as "an act which actually kills or injures wildlife." 50 C.F.R. § 17.3. Section 11 authorizes a citizen suit seeking a preliminary injunction to stop the act or acts that take a species member. *Id*. at 1540(g). The Section 11 citizen suit language is in the present tense: "any person may commence a civil suit on his own behalf—(A) to enjoin any person… who is alleged *to be in violation* of any provision of this Act or regulation issued under the authority thereof. *Id*. (emphasis added). *See also Forest Conservation Council v. Rosboro Lumber Co.*, 50 F.3d 781, 785 (9th Cir. 1995) (the injunctive relief authorized by the citizen suit is by its nature directed at future actions).

The language in the ESA is of the same nature as that in the Clean Water Act, which has also been read to authorize citizen suits only for prospective violations of Clean Water discharge requirements. See *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc*., 484 U.S. 49, 57 (1987) (interpreting Clean Water Act citizen suit and noting "The most natural reading of 'to be in violation' is a requirement that citizen-plaintiffs allege a state of either continuous or intermittent violation—that is, a reasonable likelihood that a past polluter will continue to pollute in the future"); *See also Coastal Env't Rts. Found. v. Naples Rest. Grp*., LLC, 115 F.4th 1217, 1224 (9th Cir. 2024) (CWA citizen suit not available "for wholly past violations.")

Plaintiffs' Complaint claims that SRUSA is engaging in two ongoing acts that take species: (a) manufacture of tires using 6PPD and (b) distribution of tires containing 6PPD. *See First Amended Compl*. at ¶¶50, 77, 97-98 ("Defendants' manufacture and/or distribution of tires containing 6PPD therefor "takes" ESA-listed coho salmon, Chinook salmon, and steelhead trout within the meaning of Section 9 of the ESA."). SRUSA neither manufactures nor distributes tires now, and it will not do so in the future. Supplemental Decl. of Glenn Leonardi ("Leonardi Supp. Decl." ¶4. SRUSA's manufacturing activities lie "wholly in the past" and thus are not a basis for a Section 9 citizen suit. Consequently, SRUSA is entitled to summary judgment.

**B.     The Plaintiffs Cannot Seek a Mandatory Injunction.**

The ESA allows citizen suits to prevent actions that will result in a take. 16 U.S.C. § 1540(g). Section 9 authorizes the courts to issue prohibitory injunctions. *Id*. "If a private party or agency violates Section 9, "any person" may commence a civil suit against that party seeking preliminary injunction to stop the 'take.'" *Friends of Gualala River v. Gualala Redwood Timber, LLC*, No. 22-16924, 2024 WL 4345302, at *2 (9th Cir. Sept. 30, 2024).

But, Section 9 is not a remedial statute, and "Section 9 does not authorize the Court to impose mitigation measures on a private party." *Id.* (comparing available relief between Section 7 and Section 9 and determining that court-ordered mitigation measures are only available for Section 7 claims). None of the mitigation measures proposed by Plaintiffs are available under

Plaintiffs' Section 9 claim. Section 9 authorizes injunctive relief to stop a take. And when no take activity exists, as is the case here, there is no basis for a Section 9 claim.

### C. The Claims Against SRUSA Are Moot.

SRUSA did not raise a mootness argument in its motion. The Court raised the issue *sua sponte* at the May 1, 2025 status conference. The Court is correct that the Plaintiffs' claims against SRUSA are moot.

SRUSA is no longer doing the activity that Plaintiffs cite as effecting a "take." Thus, there is no relief that the court can grant under the ESA. In *Friends of Gualala River*, the Ninth Circuit upheld on mootness grounds the dismissal of a Section 9 claim alleging that a private timber company had taken several species through a logging project. *Friends of Gualala River*, 2024 WL 4345302, at *1. Because the defendant had already completed the project and there was nothing left to enjoin, "there is no effective remedy available, and Appellants' suit is moot." 2024 WL 4345302, at *2. The Ninth Circuit has also held in the Clean Water Act citizen suit context, that a citizen suit becomes moot when it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Coastal Env't Rts. Found. v. Naples Rest. Grp.*, LLC, 115 F.4th 1217, 1220 (9th Cir. 2024) (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66 (1987) (reversing lower court's finding that citizen suit plaintiff can maintain an action "based on wholly past violations of the [Clean Water] Act"). Any evidence against SRUSA necessarily relates to SRUSA's past manufacturing. And it is clear that, with SRUSA having permanently shuttered its operations, those actions cannot reasonably be expected to recur. Leonardi Supp. Decl. ¶4.

All the mootness cases cited by Plaintiffs are factually distinguishable from the present case, as none of them involves an ESA defendant that has permanently ceased operations and is no longer capable of doing the act that purportedly affects a Section 9 take. In *Nw. Env't Def. Ctr. v. Gordon*, which is not an ESA case and did not involve an alleged take of a species, the Ninth Circuit ruled that Pacific Fishery Management Council's ("PFMC") regulatory decision-

making on fishery management plans for coho salmon was not mooted by the close of salmon season. 849 F.2d 1241, 1243 (9th Cir. 1988). The Circuit reasoned that the salmon spawned in the then-current year would return to spawn in three years, and PFMC's regulatory measures could affect those fish then. *Id*. *Gordon* has no parallel with the present case. SRUSA's cessation of operations and permanent incapacity to conduct the activities at issue set it apart from PFMC in *Gordon* and makes the ruling in that case inapposite.

*Los Molinos Mut. Water Co. v. Ekdahl* is similarly distinguishable.[1] There, the plaintiffs alleged that the California Department of Fish and Wildlife (DFW) violated the ESA by failing to maintain fish screens and ladders (that the Department owns and operates) as a negotiating tactic in a water rights and dam operations dispute with the plaintiffs. 695 F. Supp. 3d 1174, 1203 (E.D. Cal. 2023). The DFW did not cease functioning, but continued to own and fail to operate adequately the facilities. *Ekdahl* 695 F. Supp. 3d at 1203. Notably, while the court rejected the agency's motion to dismiss, it did not disagree with defendants "that past incidents cannot form the basis of a claim under § 9 of the ESA." *Id*. Rather, the court noted that "the [DFW's] abandonment of its fish ladders and screens is ongoing" and held that its continued failure to act represents a "definitive threat of future harm." *Id*.

If Plaintiffs believe that SRUSA, despite having ceased operations, has some ongoing duty analogous to the DFW's ongoing ownership and operations in *Ekdahl*, Plaintiffs must articulate what that duty is and provide evidence that SRUSA has failed to perform it. Plaintiffs

---

[1] The other mootness cases cited by Plaintiffs also pertain to ongoing government agency activities that pose a threat of recurring violations. For example, *Ctr. for Biological Diversity v. Env't Prot. Agency*, 316 F. Supp. 3d 1156, 1174-75 (N.D. Cal. 2018) is a Section 7 consultation case against EPA. There, the court held that Section 7 ESA claims against EPA were not mooted by EPA's commitment to conduct post-registration ESA consultation on numerous pesticides regulated under FIFRA, since harm that occurred by EPA registering pesticides without completing consultation "could still be remedied in this action." *See also, Green-peace Found. v. Mineta*, 122 F. Supp. 2d 1123, 1129 (D. Haw. 2000)(where NMFS suspended lobster fishing for a season, NMFS could still reopen the lobster fishery at will and could not show that "the harm underlying Plaintiff's Section 9 and NEPA claims has been eradicated, never to return"); *California Native Plant Soc'y v. Norton*, No. 01CV1742 DMS (JMA), 2004 WL 1118537, at *2 (S.D. Cal. Feb. 10, 2004) (Fish and Wildlife service could take various species protection measures, even after species was no longer existing in area where alleged take occurred); *Bear Warriors United, Inc. v. Lambert*, No. 6:22-CV-2048-CEM-LHP, 2025 WL 1122327, at *5 (M.D. Fla. Apr. 11, 2025)(recognizing ongoing risk of manatee takings under Florida Department of Environmental Protection regime).

have not done so.  Nor was such a claim contained in their Notice of Intent to Sue, or in the Amended Complaint.  Plaintiffs' "broad" allegations seeking "broad" relief are not enough.

### D. There is No Genuine Issue of Fact.

SRUSA does not maintain an "ongoing role in manufacturing tires with 6PPD." Pls. Opp. at 6.  SRUSA will temporarily employ a few remaining tire engineers and materials researchers through the end of the year.  Leonardi Supp. Decl. ¶8.  It does not manufacture or distribute tires.  *Id*. at ¶4.  SRUSA has provided sworn testimony that it has permanently shuttered its manufacturing and distribution.  *Id*.  There is no evidence to the contrary.

## III. CONCLUSION

Plaintiffs have failed to meet their Rule 56 burden of providing specific evidence that SRUSA is engaged in actions that could give rise to a take.  SRUSA asks that the Court dismiss the claims against it.

Respectfully submitted this 2nd day of June, 2025.

**Beveridge & Diamond P.C.**

By: */s/Loren R. Dunn*
    Loren R. Dunn, *(pro hac vice)*
    ldunn@bdlaw.com
    600 University Street, Ste. 1601
    Seattle, WA  98101
    P: 206-315-4810

    Susan E. Smith, (CA Bar No. 329539)
    ssmith@bdlaw.com
    333 Bush Street, Ste 1500
    San Francisco, CA  94104
    P: 415-262-4023

    W. Parker Moore *(pro hac vice)*
    pmoore@bdlaw.com
    1900 N. Street NW, Ste. 100
    Washington, D.C.  20036
    P: 202-789-6028

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

DATED this 2nd day of June, 2025.

                                          */s/Natasha Johnston*
Natasha Johnston, Legal Assistant
on behalf of Loren R. Dunn