| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | George J. Gigounas (CA Bar No. 209334)<br>george.gigounas@us.dlapiper.com<br>**DLA PIPER LLP (US)**<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105<br>Tel:   415.836.2500<br>Fax:  415.836.2501<br><br>*Attorney for Defendant*<br>*Michelin North America, Inc.* |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES; and PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,<br><br>      Plaintiffs,<br><br> v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; CONTINENTAL TIRE THE AMERICAS, LLC; GITI TIRE (USA), LTD.; THE GOODYEAR TIRE & RUBBER COMPANY, individually and as successor in interest to COOPER TIRE & RUBBER COMPANY; HANKOOK TIRE AMERICA CORP.; KUMHO TIRE U.S.A., INC.; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES, INC.; NOKIAN TYRES U.S. OPERATIONS LLC; PIRELLI TIRE LLC; SUMITOMO RUBBER NORTH AMERICA, INC.; SUMITOMO RUBBER USA, LLC; TOYO TIRE HOLDINGS OF AMERICAS INC.; and YOKOHAMA TIRE CORP.,<br><br>      Defendants. | CASE NO. 3:23-cv-05748-JD<br><br>**DEFENDANT MICHELIN NORTH AMERICA, INC.'S OBJECTION TO PLAINTIFFS' IMPROPER EVIDENCE CITED IN OPPOSITION TO SUMITOMO RUBBER USA, LLC'S MOTION FOR SUMMARY JUDGEMENT; REQUEST FOR ORDER TO SHOW CAUSE** |

Defendant MICHELIN NORTH AMERICA, INC. objects to the following purported evidence submitted by Plaintiffs in support of their Opposition to SUMITOMO RUBBER USA, LLC's (SRUSA's) pending summary judgment motion:[1]

- The forty-five-page Declaration of Elizabeth Forsyth and all Exhibits except 1, 59, 60, and 61, and the Forsyth Declaration statements supporting those exhibits, and the associated references to the excluded Exhibits in Plaintiffs' Opposition "Background" section (ECF 255, 253); and
- The Declaration of Edward Kolodziej, Plaintiffs' expert witness, and his sixty-page expert report, which is Exhibit A (ECF 254).

This evidence is *only* cited in an impertinent "Background" section of Plaintiffs' Opposition and never mentioned again. That is because it is irrelevant to the substance of SRUSA's Motion and Plaintiffs' Opposition, excessive, and submitted for an improper purpose—to circumvent the Court's Order limiting summary judgment motions to SRUSA's narrow pending motion, and to prematurely feather the record with Plaintiffs' argument and purported evidence on a broad range of issues the Court has expressly reserved for trial. The documents should be stricken from the record.

SRUSA's Motion invokes one straightforward question: whether its permanent cessation of tire manufacturing and distribution – the only two activities allegedly causing unauthorized take of listed salmonids warrants dismissing SRUSA from this litigation. This Court was crystal clear with the parties in the May 1, 2025, Status Conference and May 2, 2025, Minute Order (ECF 243)—further summary judgment motions or argument, and motions or argument about expert opinions and qualifications, were not needed or wanted by the Court, and the parties were to reserve their broader disputes and evidence for trial. Plaintiffs extraneous "Background" section and voluminous "evidence" is a transparent attempt to (i) circumvent that Order and generate a one-sided (and wholly inaccurate) fact record, and (ii) prejudice the non-moving Defendants, who cannot correct or substantively respond to the inaccurate and unreliable statements on wide-

---

[1] All other Defendants, upon consultation, have represented their support and likely joinder in this Objection and Request for Order to Show Cause.

1

ranging case issues in the public court record until trial. The only evidence arguably relevant to the issues raised in SRUSA's Motion and Plaintiffs' Opposition are the four exhibits Plaintiffs cite in their Opposition's argument section—Exhibits 1, 59, 60 and 61 to Ms. Forsyth's Declaration. All other evidence should be stricken as irrelevant, prejudicial, and excessive, under Federal Rules of Civil Procedure (FRCP), Rules 56(c), Federal Rules of Evidence (FRE), Rules 401-403, and in contravention of this Court's May 2, 2025, Minute Order (ECF 243).

## I. LEGAL STANDARD

Under FRCP 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Evidence should not be entered where the information does *not* make a fact more or less probable, and the fact is *not* of consequence in determining the action. *See* FRE 401 and 402. Moreover, even where evidence could be relevant, it is inadmissible if the probative value is substantially outweighed by unfair prejudice, confusing the issues, or wasting time. *See* FRE 403. As under FRCP 12(f) (regarding pleadings), "redundant, immaterial, impertinent or scandalous" information should be stricken. *See, e.g.*, *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F. Supp. 3d 1088, 1095 (N.D. Cal. 2022) ("the essential function" of moving to strike is to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to the trial'").

Where a party submits a summary judgment-related declaration in bad faith, the Court may "after notice and a reasonable time to respond," order the submitting party to pay the affected party's reasonable expenses, including attorneys' fees, incurred as a result. FRCP 56(h).

## II. ARGUMENT

### A. Plaintiffs' Evidence Is Excessive, Irrelevant, Offered in Bad Faith, and is Inadmissible for Violating the FRCP, FRE, and this Court's Order.

The Court found "proceeding directly to a bench trial would be the most efficient way of resolving this dispute" and instructed the parties not to file dispositive motions outside of SRUSA's Motion, and not to file Rule 702 motions regarding expert witnesses. Minute Order, May 2, 2025 (ECF 243). Ignoring the Court, Plaintiffs crafted a stand-alone "Background" section

2

to their Opposition brief, in which they seek to shoehorn over 1,000 pages of extraneous documents into the record with irrelevant, disparaging, and inaccurate indictments of the tire industry. They include numerous "Confidential" and "Highly Confidential" materials from non-moving Defendants, requiring an Administrative Motion to Seal and numerous responses. They improperly offer Plaintiffs' counsel Elizabeth Forsyth's declaration to advance an additional *forty-five-page* legal and evidentiary argument. They gratuitously and prematurely file their own expert witness's complete report on the docket. This entire "Background" section is unrelated to the legal argument of Plaintiffs' Opposition brief. Indeed, none of the evidence cited in this "Background" section is ever discussed in the substantive portion of Plaintiffs' brief at all and of the four Exhibits cited in the substantive brief, only Exhibit 1 is cited in the "Background" – otherwise, they are entirely separate.

The Court's directive at the May 1 Status Conference was clear, as was its straightforward May 2 Order, and its prescriptive Standing Order on page limits and briefing requirements. Thus, Plaintiffs' submissions could only have been made in bad faith. They were launched for an improper purpose—to load the record with one-sided evidence and argue the merits of this case prematurely. They prejudice the non-moving Defendants who cannot substantively respond to correct the record and show the errors of Plaintiffs' expert witnesses until trial in January 2026.

### B. The Forsyth Declaration and Exhibits Other Than 1, 59, 60, and 61 Should Be Stricken as Irrelevant and Improper.

Ms. Forsyth's lengthy Declaration selectively quotes from and includes argument concerning sixty-one Exhibits. ECF 255. But the Opposition brief relies on only *four* of the sixty-one Exhibits to argue against SRUSA's Motion. *See* Plaintiff Opp. Mot. Summ. J. ("Opp.") at 4-7 (ECF 253). The remaining *57 Exhibits* do not address SRUSA's motion at all and are not cited in Plaintiffs' argument. Instead, they reflect inflammatory, incorrect, and speculative assertions regarding the non-moving Defendants' motives and conduct, or incomplete communications taken out of context, or other non-competent evidence, in a stand-alone "Background" section and should be stricken. *See* Judge Donato's Standing Order ¶ 23 (requiring accuracy and completeness

in factual representations). Such evidence is not probative to SRUSA's narrow Motion, is prejudicial to the Defendants, and is inadmissible. *See* FRE Rule 403.

### C. Plaintiffs' Unnecessary, Non-Excerpted Submittal of Their Expert Report and Other Documents Demonstrates their Bad Faith and Disregard for this Court's Order.

In their Opposition, Plaintiffs make a noncontroversial and unremarkable statement that they have made countless times before: "In late 2020, a groundbreaking study published in the journal *Science* by Tian et al ("Tian Study") confirmed that 6PPD, a chemical used in 100 percent of on-road vehicle tires in the United States, reacts with ozone to form the chemical 6PPD-Q." Opp. at 2:19-22 (ECF 253). For this basic statement, Plaintiffs could have submitted the *Tian* study itself. It has been cited and submitted at every turn of this case beginning with the Complaint, and Plaintiffs' Opposition cites and submits several other studies as exhibits. *See e.g.* Forsyth Decl. (ECF 255), Exhibits 3, 6 and 7.

Here, however, Plaintiffs needlessly submit their primary expert's Declaration and *entire* expert report as "Background." Nowhere else in their Opposition do Plaintiffs rely on or cite Dr. Kolodziej's Declaration or his sixty-one-page Report. Nor, for their purported purpose, do Plaintiffs even make the pretense of *excerpting* the Kolodziej Report or any of their many other confidential submissions from non-moving Defendants and non-party industry associations, despite most information in these documents being irrelevant on its face. *See, e.g.*, Forsyth Decl. (ECF 255), Exhibits 13, 14, 31, 38, 39. Tellingly, however, Plaintiffs *do* excerpt references to the Defendants' expert report they submit. *See* ECF 255-7, Exhibit 53 (Expert Report of Corissa Lee). The Kolodziej Report is irrelevant to SRUSA's Motion and Plaintiffs' Opposition and therefore inadmissible under FRE 401 and 402. Beyond that, admitting the Report now prejudices Defendants because Plaintiffs ignore hours of deposition testimony and rebuttal reports demonstrating the unreliability of Dr. Kolodziej's opinions. The Court was clear that parties should not file FRE 702 motions, so MNAI refrains from the more detailed discussion here, but the issue illustrates how Plaintiffs have violated this Court's May 2 Order. MNAI expressly preserves its opportunity to challenge the Kolodziej Report and its substance at trial or when the

Court so orders.

### D. Plaintiffs' Bad Faith Submittals Have Caused Defendants to Incur Substantial Attorneys' Fees and Costs.

Summary judgment under Rule 56 includes prescriptive requirements for evidence and this Court's Standing Order supplements those requirements. Given the opportunity for abuse, Rule 56 specifically provides for the potential payment of attorneys' fees if a declaration is submitted in bad faith. *See* FRCP 56(h). Here, Plaintiffs have contravened this Court's May 2 Minute Order by creating an obviously unnecessary "Background" section in their Opposition to SRUSA's narrow Summary Judgment Motion. They have submitted thousands of pages of gratuitous, inadmissible, and irrelevant "evidence" into their support for this "Background" section, with no context or purpose other than to jump the gun on a trial submission while Defendants wait as this Court instructed. MNAI respectfully submits that this tactic, supported by the Forsyth and Kolodziej Declarations, is pursued in bad faith for the reasons discussed above.

## III. CONCLUSION

Plaintiffs could have directed their Opposition brief towards addressing the narrow, straightforward issue that SRUSA raised. They chose instead to use their brief to improperly shoehorn thousands of pages of one-sided submissions into the record in an obviously bolted-on "Background" section. Given the Court's crystal-clear discussion at the May 1 Status Conference, its May 2 Minute Order, the Federal Rules of Civil Procedure and Evidence, and the Court's Standing Order admonishments, Plaintiffs' tactic constitutes bad faith.

MNAI respectfully request that the Court strike the Declaration of Elizabeth Forsyth and its Exhibits, other than 1, 59, 60, and 61 (ECF 255), the Declaration of Edward Kolodziej and its Exhibit A (ECF 254), and the associated references in the "Background" section of Plaintiffs' Opposition (ECF 253). MNAI further respectfully requests that the Court issue an Order to Show Cause regarding an award of Attorneys' Fees under Federal Rules of Civil Procedure, Rule 56(h).

DATED: June 2, 2025            **DLA PIPER LLP (US)**

By: */s/ George Gigounas*
George Gigounas,
Attorney for Defendant
Michelin North America, Inc.

5