ELIZABETH B. FORSYTH (Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (Bar No. 336427)
sstern@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

ADAM J. BERGER (*Pro Hac Vice*)
berger@sgb-law.com
Schroeter Goldmark & Bender
401 Union St., Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000

*Counsel for Plaintiffs Institute for Fisheries Resources
& Pacific Coast Federation of Fishermen's Associations*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES, *et al.*, | Case No. 23-cv-05748-JD |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSE TO LOCAL RULE 79-5(c) STATEMENTS** |
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, *et al.*, | |
| Defendants. | |

Pursuant to Local Rule 79-5(f)(4), Plaintiffs hereby respond to the Responses to Plaintiffs' Administrative Motion to Consider Whether Material Should Be Sealed filed by Defendants The Goodyear Tire & Rubber Company ("Goodyear"), ECF No. 257; Bridgestone Americas Tire Operations, LLC ("Bridgestone"), ECF No. 258; Yokohama Tire Corporation ("YTC"), ECF No. 259; Continental Tire the Americas, LLC ("Continental"), *see* ECF No. 260; Pirelli Tire LLC ("Pirelli"), ECF No. 261; Hankook Tire America Corporation ("HTAC"), ECF No. 262; and Michelin North America, Inc. ("Michelin"), *id*. None of Defendants' responses demonstrate "compelling reasons" for continued concealment of documents Plaintiffs provisionally filed under seal under Local Rule 79-5(f). *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Given the strong policy in favor of public filings, these documents should therefore be unsealed.

First, Defendants fail to provide *any* reasons to justify the sealing of Plaintiffs' Opposition to Sumitomo Rubber USA, LLC's Motion for Summary Judgment (ECF No. 253), or of Exhibits 1, 8, 10, 11, 19, 27, 32, 34, 48, 49, 53, 57,[1] and 61 (ECF Nos. 255-1–3, 255-5–7) to the Declaration of Elizabeth Forsyth, so those documents provisionally filed under seal should be unsealed. *See, e.g.*, L.R. 79-5(f)(3) (explaining that a failure to file a statement or declaration in support of sealing may result in the unsealing of the provisionally sealed documents "without further notice"); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006) ("[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails.").

Second, Defendants fail to meet their heavy burden of showing compelling reasons to justify the sealing of the remaining documents Plaintiffs filed provisionally under seal: Exhibit A

---

[1] Goodyear agrees to withdraw the confidentiality designation of Exhibit 57 but asks that the Court "narrowly tailor the order to maintain the confidentiality of any testimony that Goodyear's witness may have given regarding this document or the information contained therein," ECF No. 257 at 5, but without providing any guidance or specific language for how to narrowly tailor such disclosure. In the absence of compelling reasons for this requested redaction, or any specifics about what such a redaction might look like, the Court should unseal Ex. 57 in its entirety.

1

to the Declaration of Edward Kolodziej (ECF No. 254, Ex. A); the Forsyth Declaration itself (ECF No. 255); and Exhibits 4, 13–16, 26, 28–31, 33, 35, and 41–44 to the Forsyth Declaration (ECF Nos. 255-1, 255-3–6). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (quoting *Kamakana*, 447 F.3d at 1180). Defendants bear the burden of providing "compelling reasons supported by specific factual findings" to outweigh the public entitlement to disclosure. *Id.* (quoting *Kamakana*, 447 F.3d at 1178–79).[2] This is a "stringent standard." *Ctr. for Auto Safety*, 809 F.3d at 1096–97. "Conclusory statements by a party about potential harm from public disclosure, or mere hypothesis or conjecture, will not do," nor will "generic and boilerplate statements." *In re Google Play Store*, 556 F. Supp. 3d at 1107.

Defendants fail to provide such "compelling reasons" to justify their broad requests to seal.[3] Defendants assert either that the documents they seek to seal include "non-public information" of the U.S. Tire Manufacturers Association or the Tire Industry Project, "which, if publicly disseminated, would compromise the association's competitive position and threaten its viability," ECF No. 260-1 at 2; *see also* ECF No. 262 at 3–5; ECF No. 260 at 4; ECF No. 259 at 4; ECF 262-10, or that the documents include "non-public, commercially sensitive information" for a particular company that could harm its "competitive position," ECF No. 261 at 2, 4–5; *see*

---

[2] Defendants appear to suggest that they need only demonstrate "good cause" rather than "compelling reasons," *see* ECF No. 262 at 2–3; ECF No. 260 at 3; ECF No. 259 at 3; ECF No. 258 at 3; ECF No. 257 at 4, but the Ninth Circuit "applie[s] the 'compelling reasons' standard to documents attached to a motion for summary judgment." *Ctr. for Auto Safety*, 809 F.3d at 1098.
[3] Goodyear appears to misunderstand that *it* bears the burden of justifying nondisclosure. *Compare* ECF No. 257 at 4 (suggesting that Plaintiffs or the Court must have "a reason to disclose the confidential communications"), *with Kamakana*, 447 F.3d at 1182 ("The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing."). Goodyear also appears to misunderstand the nature of Plaintiffs' motion, repeatedly referring to it as a "request to unseal," *id.* at 4, and a "Motion to unseal," *id.* at 5, when it is, on the contrary, an administrative motion to consider whether another party's material should be sealed.

PLS.' RESP. TO LOCAL RULE 79-5(C)
STATEMENTS
CASE NO. 23-cv-05748-JD

*also* ECF No. 257 at 4–5; ECF No. 258 at 4–5; ECF 262 at 4.[4] Such "conclusory and unsupported formulations," which fail to "explain *how* a competitor would use the information to obtain an unfair advantage, are insufficient for sealing." *Frasco v. Flo Health, Inc.*, No. 3:21-CV-00757-JD, 2023 WL 11983357, at *1 (N.D. Cal. Aug. 8, 2023) (citation omitted) (emphasis added). Indeed, such formulations echo the representation that this Court found to be lacking in *In re Google Play Store. See* 556 F. Supp. 3d at 1107 (rejecting as insufficient a Google declaration "stating that the disclosure of 'non-public information' could, '[i]f revealed to competitors and potential business counterparties, . . . disadvantage Google in marketing and in negotiations'"). Further, sealing based on vague concerns regarding competition is particularly inappropriate here, where Defendants' largest competitors are already parties to this case and are therefore already privy to all "confidential" information that has been filed under seal. *See* Stipulated Protective Order ¶¶ 2.2, 7.2(b) (ECF No. 139).[5] The Court should order the provisionally sealed documents to be unsealed.

DATED this 3rd day of June, 2025,

*/s/* Elizabeth B. Forsyth

---

[4] Defendants also claim disclosure of the documents may expose them to "negative publicity," ECF No. 258 at 6; *see also* ECF No. 259 at 5; ECF No. 260 at 5, but "a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *In re Google Play Store*, 556 F. Supp. 3d at 1109 (quoting *Kamakana*, 447 F.3d at 1179).

[5] Pirelli also invokes the European Union General Data Protection Regulation ("GDPR") as a basis for preventing public disclosure of Exhibit 16 to the Forsyth Declaration. *See* ECF No. 261 at 6–7. This argument fails for reasons that Plaintiffs have already briefed before this Court. *See* ECF No. 204. Contrary to Pirelli's contention, the Parties' stipulated order resolving the discovery dispute concerning information that Pirelli sought to redact by invoking GDPR did *not* amount to an "agreement that GDPR protected materials *deserves* continued protection from disclosure," ECF No. 261 at 7 (emphasis added), and "[t]he fact that parties agreed to the confidentiality of certain documents . . . does not alone constitute a compelling reason to seal them." *Ovonic Battery Co., Inc. v. Sanyo Elec. Co.*, Ltd, No. 14-CV-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) (citation omitted). Further, Pirelli's request to "brief and be heard on the GDPR issue" if "the Court is inclined to unseal" this information, ECF No. 261 at 7—despite its opportunity to present its arguments here and now—is akin to the request that this Court rejected as "fundamentally misunderstand[ing] federal motion practice" in *In re Google Play Store*, 556 F. Supp. 3d at 1108.

ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
Earthjustice
50 California Street #500
San Francisco, CA 94111
Tel: (415) 217-2000

ADAM J. BERGER (*Pro Hac Vice*)
berger@sgb-law.com
Schroeter Goldmark & Bender
401 Union St., Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000

*Counsel for Plaintiffs Institute for Fisheries
Resources & Pacific Coast Federation of
Fishermen's Associations*

4