1    ELIZABETH B. FORSYTH (Bar No. 288311)
eforsyth@earthjustice.org
2    JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
3    AURORA R. JANKE (*Pro Hac Vice*)
4    ajanke@earthjustice.org
Earthjustice
5    810 3rd Ave #610
Seattle, WA 98104
6    Tel: (206) 343-7340

GREGORY C. LOARIE (Bar No. 215859)
8    gloarie@earthjustice.org
SCOTT W. STERN (Bar No. 336427)
9    sstern@earthjustice.org
Earthjustice
10    50 California Street #500
San Francisco, CA 94111
12    Tel: (415) 217-2000

ADAM J. BERGER (*Pro Hac Vice*)
14    berger@sgb-law.com
Schroeter Goldmark & Bender
15    401 Union St., Suite 3400
Seattle, WA 98101
16    Tel: (206) 622-8000

*Counsel for Plaintiffs Institute for Fisheries Resources
& Pacific Coast Federation of Fishermen's Associations*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, *et al.*,<br><br>        Defendants. | Case No. 23-cv-05748-JD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A RESPONSE TO MICHELIN NORTH AMERICA, INC.'S "OBJECTION TO PLAINTIFFS' IMPROPER EVIDENCE CITED IN OPPOSITION TO SUMITOMO RUBBER USA, LLC'S MOTION FOR SUMMARY JUDGEMENT; REQUEST FOR ORDER TO SHOW CAUSE"** |

Pursuant to Local Rule 7-11, Plaintiffs seek leave from this Court to file a response to ECF No. 264, which Defendant Michelin North America, Inc. ("Michelin") has styled as an "Objection to Plaintiffs' Improper Evidence Cited in Opposition to Sumitomo Rubber USA, LLC's Motion for Summary Judgment; Request for Order to Show Cause." Plaintiffs seek leave to respond under Local Rule 7-11 because Michelin has failed to comply with the Local Rules in its written request to the Court for an order, thereby depriving Plaintiffs of a response as of right. *See* L.R. 7-1–7-3 (requiring any written request for an order to be presented in a duly noticed motion or stipulation, allowing for a response).[1] Plaintiffs therefore respectfully seek the Court's leave to file a response. All Defendants have stipulated that, if this Court allows, Plaintiffs may file a response of no more than 5 pages.

Specifically, Plaintiffs seek leave to respond to the following assertions:

1. Plaintiffs seek leave to respond to Michelin's claim that the evidence Plaintiffs included to support their Opposition to Defendant Sumitomo Rubber USA, LLC's ("SRUSA's") Motion for Summary Judgment is "inadmissible." ECF No. 264 at 2, 4, 5. Plaintiffs' response will explain that Michelin "does not show, let alone argue, that information contained [in Plaintiffs' evidence] 'cannot be presented in a form that would be admissible in evidence,'" *United Tactical Systems, LLC v. Real Action Paintball, Inc.*, No. 14-cv-04050-MEJ, 2017 WL 3453337, at *3 (N.D. Cal. Aug. 11, 2017) (quoting Fed. R. Civ. P. 56(c)(2)), which is the

---

[1] By including evidentiary objections in its filing, Michelin has also violated Local Rule 7-3(c). *Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 20-cv-01294-RS, 2021 WL 4306011, at *4 (N.D. Cal. Sept. 22, 2021) ("Per Local Rules 7-3(a) and 7-3(c), any evidentiary and procedural objections to the motion or opposition must be contained within the brief or reply brief."); *Govindarajan v. Gov't Emp. Ins. Co.*, 437 F. Supp. 3d 751, 760 (N.D. Cal. 2020) ("[T]he Court declines to consider Defendant's separate 'Evidentiary Objections' and will only address the evidentiary arguments to the extent they are raised in Defendant's reply brief." (quotation omitted)); *Hennighan v. Insphere Ins. Sols., Inc.*, 38 F. Supp. 3d 1083, 1094–95 (N.D. Cal. 2014) (striking evidentiary objections that are not contained in the reply brief), *aff'd*, 650 F. Appx. 500 (9th Cir. 2016). Michelin's request that the Court "issue an Order to Show Cause regarding an award of Attorney's Fees," ECF No. 264 at 5, has also violated Local Rule 7-8's requirement that a request for sanctions must be "separately filed." *See Yee v. Ventus Capital Servs.*, No. C-05-03097-RS, 2006 WL 3462661, at *1 (N.D. Cal. Nov. 30, 2006) (denying request for sanctions because it failed to conform with L.R. 7-8's requirement of separate filing).

Admin. Mot. for Leave to File a Response to
ECF No. 264
Case No. 23-cv-05748-JD

1

sole inquiry for an evidentiary objection. Plaintiffs' evidence includes business records of Defendants and expert testimony, both of which are admissible at summary judgment and at trial. *See Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003); Fed. R. Evid. 803(6); *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1318 (9th Cir. 1985).

2. Plaintiffs also seek leave to respond to Michelin's argument that the evidence Plaintiffs included to support their Opposition to SRUSA's Motion for Summary Judgment is "irrelevant, prejudicial, and excessive." ECF No. 264 at 2. Plaintiffs' response will explain that Plaintiffs have an obligation to present facts at summary judgment to show that there is a genuine issue for trial, *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987–88 (9th Cir. 2006), and to support their factual assertions with evidence. Fed R. Civ. P. 56(c)(1). The full range of the proffered evidence is necessary to establish SRUSA's participation in an industry-wide effort to stymie effective regulation of the ongoing harms from the use of 6PPD in tires. The unfairness of allowing SRUSA to engage in such a campaign and then "hide behind the mootness doctrine" goes to the heart of Plaintiffs' argument on summary judgment. *Cal. Native Plant Soc'y v. Norton*, No. 01CV1742 DMS (JMA), 2004 WL 1118537, at *6 (S.D. Cal. Feb. 10, 2004). The proffered evidence also helps defeat SRUSA's claim that it "[c]annot [e]ffect a section 9 Take," ECF No. 237 at 4, by showing SRUSA's knowledge of the ongoing harm caused by its tires, which is important both to demonstrating proximate cause and that relief remains available. *See* ECF No. 253 at 4. Further, Plaintiffs' entire evidentiary proffer is integral to Plaintiffs' ability to "tell the full story regarding Defendant's conduct," which is consistent with the offering party's "need for evidentiary richness and narrative integrity in presenting a case." *United States v. Busby*, No. CR-11-00188-SBA, 2013 WL 3296537, at *3–4 (N.D. Cal. June 28, 2013) (quoting *Old Chief v. United States*, 519 U.S. 172, 183 (1997)). "Relevant evidence is inherently prejudicial . . . . The question under Rule 403 is not whether evidence is 'prejudicial' . . . . It is inappropriate to exclude evidence under Rule 403 because it casts [the opposing party] in a *really* bad light." *Sidibe v. Sutter Health*, 103 F.4th 675, 702 (9th Cir. 2024) (citations omitted) (emphasis in original). That Plaintiffs' proffered evidence shines a light on Defendants'

| | |
|---|---|
| 1 | knowledge of and discussions about the harms to fish from their tires does not render that |
| 2 | evidence inadmissible. |
| 3 |     3.    Finally, Plaintiffs seek leave to respond to Michelin's argument that Plaintiffs |
| 4 | included evidence to support their Opposition to SRUSA's Motion for Summary Judgment "in |
| 5 | bad faith" and therefore "the potential payment of attorneys' fees" is appropriate. ECF No. 264 |
| 6 | at 5. Plaintiffs' response will explain that this suggestion is unsupported, and that Plaintiffs filed |
| 7 | their evidence in good faith. *See Shiferaw v. City and County of San Francisco*, No. 18-cv-6830- |
| 8 | RS, 2022 WL 1237895, at *16 (N.D. Cal. Mar. 30, 2022) ("Courts have found 'bad faith' only |
| 9 | where affidavits contained perjurious or blatantly false allegations or omitted facts concerning |
| 10 | issues central to the resolution of the case. Awarding sanctions is rare and the conduct involved |
| 11 | generally must be egregious." (cleaned up)). |
| 12 |     Accordingly, for the foregoing reasons, Plaintiffs respectfully request that this Court |
| 13 | grant them leave to respond to Michelin's "Objection to Plaintiffs' Improper Evidence Cited in |
| 14 | Opposition to Sumitomo Rubber USA, LLC's Motion for Summary Judgment; Request for |
| 15 | Order to Show Cause." |
| 16 | Dated this 10th day of June, 2025. |

                              */s/ Elizabeth B. Forsyth*
                              ELIZABETH B. FORSYTH (CA Bar No. 288311)
                              eforsyth@earthjustice.org
                              JANETTE K. BRIMMER (*Pro Hac Vice*)
                              jbrimmer@earthjustice.org
                              AURORA R. JANKE (*Pro Hac Vice*)
                              ajanke@earthjustice.org
                              Earthjustice
                              810 3rd Ave #610
                              Seattle, WA 98104
                              Tel: (206) 343-7340

                              GREGORY C. LOARIE (CA Bar No. 215859)
                              gloarie@earthjustice.org
                              SCOTT W. STERN (CA Bar No. 336427)
                              sstern@earthjustice.org
                              Earthjustice
                              50 California Street #500
                              San Francisco, CA 94111
                              Tel: (415) 217-2000

ADAM J. BERGER (*Pro Hac Vice*)
berger@sgb-law.com
Schroeter Goldmark & Bender
401 Union St., Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000

*Counsel for Plaintiffs Institute for Fisheries Resources & Pacific Coast Federation of Fishermen's Associations*