ELIZABETH B. FORSYTH (Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (Bar No. 336427)
sstern@earthjustice.org
Earthjustice
180 Steuart St. #194330
San Francisco, CA 94105
Tel: (415) 217-2000

*Counsel for Plaintiffs Institute for Fisheries Resources
& Pacific Coast Federation of Fishermen's Associations*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTITUTE FOR FISHERIES RESOURCES, *et al.*,<br><br>　　　　Plaintiffs,<br>　v.<br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-05748-JD<br><br>**PLAINTIFFS' MOTION FOR ADDITIONAL TRIAL TIME AND TO ALLOW TRANSCRIPTS INTO EVIDENCE AT TRIAL** |

This is an Endangered Species Act ("ESA") case brought by two nonprofit organizations against 14 tire industry Defendants, alleging that Defendants' manufacturing and distribution of tires containing 6PPD causes ongoing "take" of ESA-protected coho salmon, Chinook salmon, and steelhead trout in violation of Section 9 of the ESA. The parties will proceed to trial on January 26, 2026. The Court has limited the parties' trial time to 10 hours a side, has emphasized the importance of streamlining the parties' presentations through stipulations to minimize trial time, and has required all evidence to be presented through live testimony. Plaintiffs have endeavored to implement the Court's direction. However, based upon Plaintiffs' trial preparations, and Defendants' unwillingness to stipulate to many basic facts, it has become apparent that these restrictions will impede Plaintiffs' ability to present this case.

As outlined below, to meet their burden of proof without stipulated facts or the use of depositions, Plaintiffs will be required to call six expert witnesses, four standing witnesses, and adverse witnesses for each of the 14 Defendants (the Rule 30(b)(6) corporate representative for each Defendant), and will need time to cross-examine Defendants' witnesses. Plaintiffs estimate that direct and cross examinations of these witnesses will take at least 38 hours. Therefore, pursuant to Local Rules 7-11 & 6-3, Plaintiffs hereby move the Court for an additional 28 hours of trial time, for a total of 38 hours, to adequately present their case. In the alternative to calling standing witnesses and adverse witnesses for each of the 14 Defendants, and to reduce the needed trial time by 18 hours, Plaintiffs move the Court to introduce this evidence through deposition transcripts and declarations under Federal Rule of Civil Procedure 32(a).

Plaintiffs met and conferred with Defendants regarding this motion on October 28 and November 4, 2025, and also discussed efforts to arrive at stipulated facts on standing and other basic matters. The parties have not been able to reach agreement on stipulated facts that would obviate the need to call the witnesses identified above, and Defendants oppose this motion.

In an ESA Section 9 case, "plaintiffs must prove that the defendant is committing, or will commit, 'an act which actually kills or injures [fish or] wildlife' . . . and that the relationship between the challenged activity and the injury meet the standards of proximate causation." *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1156 (9th Cir. 2024) (citations

omitted). Proximate cause "normally eliminates the bizarre," "inject[s] a foreseeability element," and "depends to a great extent on considerations of the fairness of imposing liability for remote consequences." *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 713 (1995) (O'Connor, J., concurring) (citation omitted). Plaintiffs will prove at trial that this standard is met through evidence that (1) 6PPD is in all Defendants' tires; (2) 6PPD transforms to 6PPD-Q; (3) 6PPD-Q is foreseeably transported into the habitats of threatened and endangered salmonids; and (4) 6PPD-Q is reasonably certain to harm and kill these fish.

To streamline the trial—and in light of this Court's instruction to stipulate to facts as much as possible—Plaintiffs proposed extensive stipulated facts to Defendants on September 19, 2025. *See* Transcript of Proceedings at 46:16-18 (May 1, 2025) (Court: "There's a lot here that you all agree on. Okay? For example, I don't think there's any disagreement that this chemical is toxic to fish. So just stipulate. Make it happen."). The vast majority of Plaintiffs' proposed stipulated facts were drawn from existing standing testimony, discovery and deposition responses of Defendants, and defense expert reports in the case. Nonetheless, Defendants were largely unwilling to stipulate to the proposed facts, including undisputed information that Plaintiffs had proposed verbatim from Defendants' own expert reports, for example, that 6PPD is an antioxidant and antiozonant used in all tires, that 6PPD can transform to 6PPD-Q, and that 6PPD-Q is toxic to fish. Given that it appears the parties will not be able to stipulate to many facts, Plaintiffs require additional time at trial to present witnesses as follows:

| Witness and Topic | Estimated Time |
|---|---|
| Dr. Edward Kolodziej, Professor of Civil and Environmental Engineering at University of Washington.<br>- Dr. Kolodziej, an expert in the chemistry and fate and transport of 6PPD-Q, will testify to the discovery of 6PPD-Q as the primary causal toxicant for decades of observed episodes of mass mortality in stormwater-exposed coho salmon and his conclusion that continued use of tires containing 6PPD along the West Coast of the United States will cause harm to or kill ESA-protected coho salmon, and likely other sensitive salmonids. | 4 hours |
| Dr. John Stark, Professor of Ecotoxicology at Washington State University.<br>- Dr. Stark, an expert in ecotoxicology, will testify to his conclusion that 6PPD-Q is toxic to coho, Chinook, and steelhead at concentrations that are likely to occur in the habitats of these species, and that 6PPD-Q is therefore reasonably certain to continue to harm and kill ESA-protected coho, | 3 hours |

| | |
|---|---|
| Chinook, and steelhead, including by causing sublethal impacts and by negatively affecting aquatic invertebrates, plankton, algae, and aquatic plants that are part of the food web for these species. Dr. Stark will also explain that the green infrastructure methods that infiltrate stormwater into soil have been shown to reduce or remove 6PPD-Q from stormwater. | |
| Maureen Goff, expert in Geographic Information Systems (GIS) mapping.<br>- Ms. Goff will testify to maps she created overlaying critical habitat for the 24 ESA-protected species with roadways. | 1 hours |
| Dr. Derek Booth, geologist and hydrologist.<br>- Dr. Booth, an expert in stormwater, will testify that roads generate stormwater runoff that transports contaminants, including 6PPD-Q, to aquatic habitats, including the habitats of the 24 ESA-protected species at issue in this case, and that existing stormwater collection and treatment facilities are not sufficient to prevent transport of 6PPD-Q to aquatic habitats. | 3 hours |
| Dr. Robert Lusardi, Professor of Conservation Biology at U.C. Davis.<br>- Dr. Lusardi, an expert in salmonid biology, will testify to his conclusion that there are generally salmon and steelhead trout within the freshwater habitats of each of the 24 ESA-protected species on any given day of the year and that therefore individuals of these listed species are likely, if not certain, to be present during rainy periods when stormwater runoff containing 6PPD-Q enters their freshwater habitats. | 2 hours |
| Angela Somma, former Chief of the Endangered Species Division of the National Marine Fisheries Service.<br>- In the event Defendants offer testimony at trial that they are ineligible for a permit under ESA Section 10, Ms. Somma will testify as a rebuttal expert that in her experience there is no statutory or regulatory language or practice foreclosing permit eligibility for Defendants in this case. | 1 hour |
| Standing witnesses<br>- Representatives and members of Plaintiffs' organizations will testify they rely on healthy salmonid populations for income and that harm to salmonids from 6PPD in tires therefore harms Plaintiffs and their members' interests. | 6 hours total |
| Cross examination time needed for Defendants' 6 disclosed expert witnesses.[1] | 6 hours total |

Plaintiffs also seek to call one witness from each of the 14 Defendants as adverse witnesses (the persons that Defendants proffered as their Rule 30(b)(6) witnesses that Plaintiffs deposed). Defendants' knowledge of harm can support proximate cause in an ESA Section 9 case "because they cannot argue the takes of the protected salmonids are remote consequences or 'mere fortuity' of their activities" when "Defendants can foresee the takes based on the well-documented analyses Defendants produced themselves." *White v. U.S. Army Corps of Eng'rs*,

---

[1] Defendants have not, at this juncture, made clear who else they may present and/or bring to trial. Additional witnesses will require more time for cross examination.

PLS' MOT. FOR ADDITIONAL TRIAL TIME AND TO
ALLOW TRANSCRIPTS INTO EVIDENCE AT TRIAL
CASE NO. 23-cv-05748-JD

3

1  No. 22-CV-06143-JSC, 2024 WL 3470374, at *5 (N.D. Cal. May 6, 2024) (citation omitted).
2  Plaintiffs expect to establish through each adverse witness, testimony and exhibits demonstrating
3  that *each* Defendant *knows* that (1) 6PPD is in their tires; (2) 6PPD transforms into 6PPD-Q; (3)
4  6PPD-Q is transported by stormwater into aquatic habitats; and (4) 6PPD in Defendants' tires
5  therefore foreseeably causes harm to and kills ESA-protected salmonids. This will include:

- Defendants' statements that 6PPD is in their tires and can transform to 6PPD-Q;
- Evidence that Defendants have participated in and/or received information generated from the Tire Industry Project—an industry-led initiative that has studied fate and transport of tire wear for two decades and has published scientific papers concluding that significant amounts of tire particles left on the road after driving reach surface water; and
- Evidence that Defendants have known since at least 2018 that tire wear particles are toxic to coho, and since at least December, 2020, that 6PPD-Q is the primary causal toxicant responsible for decades of coho mortality observations, and that Defendants have continued to produce, receive, discuss, and fund up-to-date scientific information that recognizes the threats posed by 6PPD-Q.

Plaintiffs respectfully request an additional 12 hours—less than an hour per Defendant—to elicit this testimony at trial.

    If Plaintiffs are unable to present the foregoing evidence, they will be unable to fully present their case to the Court, as due process requires, on a case in which Plaintiffs bear the burden of proof. Defendants' general unwillingness to stipulate to facts, this Court's existing direction that it will not accept Rule 32(a) deposition designations or accept exhibits without a sponsoring live witness, s*ee* Transcript of Proceedings at 45:14-15 (May 1, 2025), combined with the Court's further limitation of 10 hours of trial time per side, s*ee* ECF No. 243, threatens to impede Plaintiffs' ability to carry their evidentiary burden, thereby creating prejudice to Plaintiffs. *See Sparshott v. Feld Entertainment, Inc*., 311 F.3d 425, 433–34 (D.C. Cir. 2002).

    Nevertheless, Plaintiffs remain sensitive to the Court's desire for streamlining. In the alternative to calling 30(b)(6) witnesses, to reduce the number of hours of trial time needed as much as possible, Plaintiffs move this Court to reconsider its prior ruling that testimony and

exhibits may be admitted only through live witnesses, *see* Transcript of Proceedings at 45:14-15 (May 1, 2025), and to allow Plaintiffs to submit 30(b)(6) transcript excerpts into evidence at trial in lieu of calling Defendants' designees as adverse witnesses. Federal Rule of Civil Procedure 32(a)(3) allows that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's . . . designee under Rule 30(b)(6)[.]" Accordingly, 30(b)(6) "depositions are allowable [at trial] under Rule 32(a)(3) for any purpose, even if the witness is available and will testify at trial." *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH-PAL, 2015 WL 5089779, at *3 (D. Nev. Aug. 27, 2015); *see also Optional Cap., Inc. v. Kyung Joon Kim*, No. CV 04-3866 ABC (PLAx), 2008 WL 11336496, at *9 (C.D. Cal. Jan. 17, 2008) (similar). Like the live witness adverse testimony Plaintiffs would elicit if provided time to do so, these transcripts similarly demonstrate each Defendant has knowledge that 6PPD-Q from their tires can reach aquatic habitats and harm ESA-protected salmonids.

To further reduce the number of hours of necessary trial time, Plaintiffs further move the Court to allow Plaintiffs to submit deposition transcripts and sworn declarations from Plaintiffs' standing declarants in lieu of live testimony. It is unlikely that new information contrary to deposition testimony would be elicited at trial. Defendants also are likely to make largely legal arguments (e.g. regarding redressability) that can be readily made in briefing based upon the depositions and declarations. Requiring each standing witness to appear at trial needlessly extends the time necessary for trial. The transcripts and declarations from these witnesses should therefore be introduced in lieu of testimony under Federal Rule of Civil Procedure 32(a)(4)(E).

Finally, Plaintiffs also request that Dave Bitts' deposition transcript and declaration specifically be allowed in lieu of live testimony regardless of the timing issue, due to financial hardship. As Plaintiffs previously alerted the Court, ECF No. 249, due to the repeated closures of the commercial Chinook salmon fishery in California, Mr. Bitts now derives a significant portion of his income from crab fishing. *See also* ECF No. 128-3 ¶ 7. The crab fishery has a limited opening, which coincides with the trial date, and it would be a significant financial hardship for him to testify at trial and miss the crab fishing season. *Id.* Plaintiffs therefore move to introduce Mr. Bitts' transcript and declaration in lieu of live testimony under Rule 32(a)(4)(E).

Respectfully submitted this 6th day of November, 2025.

/s/ Elizabeth B. Forsyth
ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
JANETTE K. BRIMMER (*Pro Hac Vice*)
jbrimmer@earthjustice.org
AURORA R. JANKE (*Pro Hac Vice*)
ajanke@earthjustice.org
Earthjustice
810 3rd Ave #610
Seattle, WA 98104
Tel: (206) 343-7340

GREGORY C. LOARIE (CA Bar No. 215859)
gloarie@earthjustice.org
SCOTT W. STERN (CA Bar No. 336427)
sstern@earthjustice.org
Earthjustice
180 Steuart St. #194330
San Francisco, CA 94105
Tel: (415) 217-2000

*Counsel for Plaintiffs Institute for Fisheries Resources & Pacific Coast Federation of Fishermen's Associations*