United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INSTITUTE FOR FISHERIES RESOURCES, et al.,

Plaintiffs,

v.

CONTINENTAL TIRE THE AMERICAS, LLC, et al.,

Defendants.

Case No. 23-cv-05748-JD

**ORDER RE PROVISIONALLY ADMITTED TRIAL EXHIBITS AND NEXT STEPS**

This order resolves the status of the sixteen provisionally admitted trial exhibits. The parties agree that they are Trial Exhibits 1, 2, 9, 25, 29, 32, 36, 39, 55, 56, 57, 59, 93, 98, 151, and 1215. *See* Dkt. No. 326 at 1.

The following exhibits are admitted on the basis of defendants' express stipulation to admission: Trial Exhibits 1, 2, 9, 25, 29, 32, 36, 39, 55, 56, 57, 59, and 1215. Defendants agreed that each of these documents could be admitted into evidence. *See* Dkt. No. 292 at 1, 2, 5, 6, 7, 8, 11, 12, 13, and 293. For each of these documents, defendants unequivocally stated "Stipulated" in response to the question, "Stipulated to Admission?" *See id*. The stipulations were made without any notation in adjoining columns for concerns such as: "Objection - Authenticity (rule and reason)"; "Obj. - Admissibility (rule and reason)"; "Obj. - Confidentiality"; "Supp. Objs."; and "Response to Obj."

Defendants try to backtrack from these plain stipulations by suggesting that "[t]he parties' admissibility stipulation was expressly limited to authenticity only." Dkt. No. 329 at 1. Not so. The Joint Exhibit List signed by all counsel for defendants is crystal clear that no such limitation was stated or even contemplated. *See* Dkt. No. 292. If defendants had wanted to limit their agreement in any way, they knew how to do so. *See, e.g.*, *id*. at 81 (for Ex. 165, no stipulation as

to admission, and noting in the "Obj. - Admissibility" column, an objection under "FRE 802 (reports hearsay from USTMA)"). Consequently, the documents defendants stipulated to are admitted into the trial record irrespective of any objections defendants might now proffer. *See United States Mezzanatto*, 513 U.S. 196, 203 (1995) ("agreements to waive evidentiary rules are generally enforceable even over a party's subsequent objections," and "although hearsay is inadmissible except under certain specific exceptions, we have held that agreements to waive hearsay objections are enforceable").

The same is not true for Trial Exhibits 93, 98, and 151. For Trial Exhibits 93 and 98, defendants stipulated to the admissibility conditioned upon the statement in the Joint Exhibit List that "Plaintiffs will introduce through a sponsoring witness." Dkt. No. 292 at 21, 22. Plaintiffs did not introduce these documents through a sponsoring witness, which is why the documents were admitted on a provisional basis only. For Trial Exhibit 151, defendants did not stipulate to admission at all, and noted in the Joint Exhibit List a relevance objection. *See id*. at 68.

These three exhibits were not admitted by agreement of the parties, and so the Court will independently determine admissibility over defendants' objection. The documents are not admissible under Rule 803(18), as plaintiffs urge. *See* Dkt. No. 327 at 8-10. The Rule pertains only to "statement[s] contained in a treatise, periodical, or pamphlet," and in any event, provides that even "[i]f admitted, the statement may be read into evidence but not received as an exhibit." Fed. R. Evid. 803(18). The Rule provides no basis for the wholesale admission of these three scientific studies in their entirety.

Plaintiffs' rather cursory suggestion that "all provisionally admitted exhibits are also admissible under Federal Rule of Evidence 807," Dkt. No. 327 at 10, is misdirected. The "Residual Exception" for this rule allows a hearsay statement to be admitted if "the statement is supported by sufficient guarantees of trustworthiness -- after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement," and "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). The scientific studies offered as

United States District Court
Northern District of California

Trial Exhibits 93, 98, and 151 do not meet either prerequisite, and plaintiffs have not demonstrated otherwise. Admission is denied for these documents.

For next steps, the parties are directed to file by October 20, 2026, proposed findings of fact and conclusions of law. Each side may make one filing of up to 35 pages. The proposed findings of fact must be tied to the trial record, with specific cites to the page and line numbers of the trial transcript and admitted exhibits, as warranted. Statements of fact unsupported by the citations required here will be disregarded for all purposes. Each side may file by October 30, 2026, a response of up to 12 pages to the other side's proposed findings of fact and conclusions of law.

The parties will file by October 30, 2026, a joint compendium of trial exhibits consisting of a de-duplicated, complete set of all trial exhibits that were referenced in either side's proposed findings of fact and conclusions of law. The compendium should include the exhibits in full and not merely the pages within the exhibit that were cited.

The parties are directed to lodge by November 2, 2026, a chambers copy of the compendium. Only one chambers copy is needed, and the chambers copy should be presented on double-sided paper in three-ring binders.

The case will be administratively closed pending the parties' filing of their proposed findings of fact and conclusions of law.

**IT IS SO ORDERED.**

Dated: August 21, 2026

JAMES DONATO
United States District Judge